FRANCIS M. GREGOREK (144785)
gregorek@whafh.com
BETSY C. MANIFOLD (182450)
manifold@whafh.com
RACHELE R. RICKERT (190634)
rickert@whafh.com
WOLF HALDENSTEIN ADLER
   FREEMAN & HERZ LLP
750 B Street, Suite 2770
San Diego, CA 92101
Telephone:  619/239-4599
Facsimile:  619/234-4599

Attorneys for Plaintiff General Retirement System of the City of Detroit
and [Proposed] Lead Counsel for Plaintiff(s)

[Additional Counsel Appear On Signature Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENERAL RETIREMENT SYSTEM OF THE CITY OF DETROIT, Individually And On Behalf Of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE WELLS FARGO MORTGAGE BACKED SECURITIES 2006-AR18 TRUST, et al.<br><br>Defendants. | CASE NO.  09-CV-01376 SI<br><br>CLASS ACTION<br><br>**NOTICE OF MOTION AND MOTION TO APPOINT THE GENERAL RETIREMENT SYSTEM OF THE CITY OF DETROIT AS LEAD PLAINTIFF PURSUANT TO SECTION 27(a)(3)(B) OF THE SECURITIES ACT OF 1933 AND TO APPROVE LEAD PLAINTIFF'S CHOICE OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THERETO**<br><br>DATE:  July 10, 2009<br>TIME:  9:00 a.m.<br>CRTRM:  10, 19th  Floor<br>JUDGE:  Hon. Susan Illston |

**TO: ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on July 10, 2009, at 9:00 a.m. or as soon thereafter as this matter may be heard, before the Honorable Susan Illston, of the above-captioned Court, located at 450 Golden Gate Avenue, San Francisco, California 94102, Courtroom 10, 19th Floor, The General Retirement System of the City of Detroit ("City of Detroit" or "Movant")[1] will, and hereby does, move this Court for the appointment of the City of Detroit as Lead Plaintiff to represent the proposed class and for approval of its choice of counsel pursuant to section 27(a)(3)(B)(v) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77z-1(a)(3)(B)(v).

This motion is made on the following grounds: (i) the City of Detroit is the most adequate plaintiff having suffered losses of approximately $1,393,282 (Movant believes it has the largest financial interest in the litigation of those who have or will apply for appointment as Lead Plaintiff); (ii) the City of Detroit satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure because its claims are typical of class members' claims and it will fairly and adequately represent the class; and (iii) the City of Detroit has selected and retained counsel, Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein") and Kohn, Swift, & Graf, P.C. ("Kohn Swift"), with substantial experience in prosecuting securities class actions to serve as lead counsel and asks the Court to approve its choice of counsel.[2] The motion is based on this Notice

---

[1] Movant purchased or otherwise acquired Wells Fargo Mortgage Backed Securities Pass-Through Certificates (the "Certificates") issued by certain Wells Fargo Mortgage Backed Securities Trusts pursuant to a registration statement dated September 2006 and various prospectus supplements dated thereafter (collectively, the "Offering Documents" or "Offering"). Movant's signed Declaration, as required by section 27(a)(2)(A)(i)-(vi) of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 77z-1(a)(2)(A)(i)-(vi), is attached as Exhibit ("Ex.") 1 to the Declaration of Francis M. Gregorek in support of this motion ("Gregorek Decl."), filed concurrently herewith.

[2] A copy of the firm resume of Wolf Haldenstein is attached to the Gregorek Declaration as Ex. 2. Wolf Haldenstein is recognized by courts throughout the country as highly experienced in complex litigation, particularly with respect to federal securities laws, class actions and shareholder litigation. A copy of the firm resume of Kohn Swift is attached to the Gregorek Declaration as Ex. 3. Kohn Swift is also recognized by courts throughout the country as highly experienced in complex litigation, particularly with respect to federal securities laws, class actions and shareholder litigation.

NOTICE OF MOTION AND MOTION TO APPOINT THE GENERAL RETIREMENT SYSTEM OF THE CITY OF DETROIT AS LEAD PLAINTIFF PURSUANT TO SECTION 27(a)(3)(B) OF THE SECURITIES ACT OF 1933 AND TO APPROVE LEAD PLAINTIFF'S CHOICE OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THERETO – CASE NO. 09-CV-01376 SI

of Motion and Motion, Memorandum of Points and Authorities in support thereof, the Declaration of Francis M. Gregorek, Esq., in support thereof, the pleadings and other files herein, and such other written or oral argument as may be presented to the Court.

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THERETO

### I.   STATEMENT OF ISSUES TO BE DECIDED

The following issues are to be decided by this Court:

(1)   Whether the City of Detroit is the most capable of adequately representing the interests of the class members;

(2)   Whether pursuant to section 27(a)(3)(B) of the Securities Act, as amended by the PSLRA,[3] the City of Detroit should be appointed Lead Plaintiff; and

(3)   Whether the City of Detroit's selection of Wolf Haldenstein and Kohn Swift as lead counsel should be approved by the Court.

### II.   STATEMENT OF FACTS

#### A.   Procedural Background

Presently pending in this district is at least one other related securities class action lawsuit.[4] That action and this action both allege claims for violations of sections 11, 12 and 15 of the Securities Act on behalf of investors who purchased or otherwise acquired the Certificates.

The Securities Act, as amended by the PSLRA, requires prompt publication of notice advising class members of their right to move within sixty (60) days of publication to be appointed lead plaintiff.  On March 31, 2009, pursuant to section 27(a)(3)(A)(i) of the Securities Act, the

---

[3]   These amendments to the Securities Act, codified at Pub. L. No. 104-67, §101 entitled the Private Securities Litigation Reform Act of 1995.

[4]   *See New Orleans Employees' Ret. Sys. v. Wells Fargo Asset Sec. Corp. et al.*, 3:09-cv-01620-CRB ("*New Orleans* Action").  The New Orleans Action alleges similar facts and asserts similar claims, and names as defendants, *inter alia*, certain Wells Fargo Mortgage Backed Securities issuing trusts that issued certificates pursuant to registration statements dated July 2005, October 2005 and September 2006.  On May 28, 2009, the Court related the *New Orleans* Action to this action and transferred the *New Orleans* Action to Judge Illston.  Movant and its counsel seek Lead Plaintiff and lead counsel designation with respect to the claims set forth in the *New Orleans* Action as well as the present action.

NOTICE OF MOTION AND MOTION TO APPOINT THE GENERAL RETIREMENT SYSTEM OF THE CITY OF DETROIT AS LEAD PLAINTIFF PURSUANT TO SECTION 27(a)(3)(B) OF THE SECURITIES ACT OF 1933 AND TO APPROVE LEAD PLAINTIFF'S CHOICE OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THERETO – CASE NO. 09-CV-01376 SI

- 2 -

City of Detroit caused to be published a Notice of Pendency of this action on the *Business Wire*. *See* Gregorek Decl., Ex. 4. That notice advised class members of the existence of the lawsuit and described the claims asserted. This motion is timely filed within sixty (60) days from the publication of that notice.

**B.    Summary Of The Action**

This action alleges a common course of conduct by Defendants in violation of sections 11, 12 and 15 of the Securities Act. This action is a securities class action on behalf of all persons or entities that purchased or otherwise acquired the Certificates. The Defendants in this action are:

(i)     Wells Fargo Bank, N.A.;

(ii)    Wells Fargo Asset Securities Corporation ("WFASC");

(iii)   Wells Fargo Mortgage Backed Securities Trusts ("WFMBS Trusts") (entity issuing the Certificates);

(iv)    the underwriters of the Offerings of the Certificates;

(v)     those individuals who signed the WFASC registration statements pursuant to which the Certificates were offered; and

(vi)    the entities that assigned credit ratings for each tranche of the Offerings.

**Background**

The United States is experiencing a financial crisis due to trillions of dollars of debt securities "collateralized" or securitized by underlying mortgages which were recklessly underwritten and originated. Plaintiff and the class, as purchasers of the Certificates, are victims of such practices, having purchased the Certificates pursuant to the Offering Documents that contained misstatements and omissions concerning the mortgage collateral securitizing the Certificates. The WFMBS Trusts and other entities related to the Offering, *i.e.*, the depositor and underwriter defendants, had enormous financial incentives to consummate the Offerings of the Certificates as quickly as possible since they were paid, upon completion, a percentage of the total dollar amount of the Offerings sold to investors. Since the risk of the underlying collateral failing was not assumed by the defendants, there was also an incentive not to conduct full, complete and meaningful due diligence of the statements in the Offering Documents, including those relating to

NOTICE OF MOTION AND MOTION TO APPOINT THE GENERAL RETIREMENT SYSTEM OF THE CITY OF DETROIT AS LEAD PLAINTIFF PURSUANT TO SECTION 27(a)(3)(B) OF THE SECURITIES ACT OF 1933 AND TO APPROVE LEAD PLAINTIFF'S CHOICE OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THERETO – CASE NO. 09-CV-01376 SI

- 3 -

the underlying mortgage collateral. ¶ 44.[5]

**Background of the Offerings**

The structure of each Offering was substantially similar: WFASC filed a Registration Statement followed by a supplemental Form S-3/A Registration Statement in connection with the issuance of various series and classes of debt securities which would be governed by the Registration Statement. Either at or subsequent to each Offering, an "Issuing Entity" Trust was then formed under the laws of the State of New York, *e.g.,* WFMBS 2007-11 Trust. A prospectus was subsequently filed on behalf of such trust, as the entity responsible for issuing the Certificates. ¶¶ 50-51.

The underlying mortgage loans were originated by lenders wishing to sell them to third parties. Wells Fargo, as sponsor of the Offerings, worked with underwriters and rating agencies to select the pool of mortgage loans and structure the securitization transactions. On the closing date of the Offerings, the sponsor conveyed the initial mortgage loans and the related mortgage insurance policies to a depositor, who in turn conveyed the initial mortgage loans and the related mortgage insurance policies to the Trusts. The Certificates consist of, *inter alia*, the mortgage loans, collections of principal and interest on the mortgage loans, and the amounts on deposit in the collection account, including the payment account in which amounts were deposited prior to payment to the Certificate holders. These securities are designed such that the Certificate holders would receive payments from the trustees on the payment dates of the particular tranches purchased. The available funds for each distribution date should equal the amount received by the trustee and available in the payment account on that distribution date, including interest which differs depending upon the tranche held. ¶ 52.

**The Offering Documents Contained Material Misstatements of Fact and Omitted Facts Necessary to Make the Facts Stated Not Misleading**

In connection with the Offerings, WFASC, the trusts and the various underwriter

---

[5]    All paragraph references are to the Class Action Complaint For Violation Of The Federal Securities Laws ("Complaint") filed in this action: *General Retirement System of the City of Detroit v. The Wells Fargo Mortgage Backed Securities 2006-AR18 Trust, et al.*, 3:09-cv-01376-SI filed on March 27, 2009.

NOTICE OF MOTION AND MOTION TO APPOINT THE GENERAL RETIREMENT SYSTEM OF THE CITY OF DETROIT AS LEAD PLAINTIFF PURSUANT TO SECTION 27(a)(3)(B) OF THE SECURITIES ACT OF 1933 AND TO APPROVE LEAD PLAINTIFF'S CHOICE OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THERETO – CASE NO. 09-CV-01376 SI

- 4 -

1   defendants prepared and disseminated the Offering Documents that contained material

2   misstatements of fact and/or omitted facts necessary to make the facts stated therein not

3   misleading.  Those members of the class who acquired the Certificates after the issuance of any

4   annual report relied upon the untrue statements in the Offering Documents, or relied upon the

5   Offering Documents and did not know of such omissions, and have been damaged thereby.  ¶ 53.

6         The Complaint alleges that the Offering Documents contained material misstatements and

7   omissions of fact as follows:

8         •     The Offering Documents represented that all of the loans which made up the pool
            of mortgages used to support the Certificates were subject to certain underwriting
9           guidelines which assessed the borrower's creditworthiness, including multi-level
            reviews of loan applications and appraisals with only "case by case" exceptions to
10          guidelines.    In fact, the statements concerning such practices contained
            misstatements and material omissions including statements made in connection
11          with the underwriting of the collateral mortgages.  For example, credit risk and
            quality control were materially disregarded, whether manually or via modifying the
12          criteria of the automated system, in favor of generating sufficient loan volume to
            complete the massive Certificate securitizations.  ¶¶ 54-61.
13

14        •     The Offering Documents represented that the price of the Certificates were tied to
            credit ratings.  In fact, the rating agencies issued the ratings based on an outdated
15          credit rating methodology designed in or about 2002.  Furthermore, the rating
            agencies presumed that the loans were of high credit quality issued in compliance
16          with the stated underwriting guidelines when, in fact, Wells Fargo Bank had
            systematically disregarded its stated underwriting guidelines.  ¶¶ 62-64.
17

18        •     Beginning in 2005, Wells Fargo Bank expanded its program of "discretionary
            underwriting,"  providing  incentives  to  employees  for  more  aggressive
19          underwriting, resulting in the underwriting of significantly more risky mortgage
            loans in spite of Wells Fargo Bank's stated underwriting guidelines.  Throughout
20          2005-2007, Wells Fargo Bank continued pushing ever-increasing subprime
            mortgage loan volume through its system by loosening the Company's
21          underwriting practices and introducing a growing percentage of higher risk
            mortgage products, including adjustable-rate, interest-only loans and "stated
22          income" loans, where even W-2 wage earners did not have to bother verifying their
            stated income levels.  The Offering Documents failed to disclose the true nature of
23          these practices and failed to disclose that loan originators did not adhere to Wells
            Fargo Bank's stated underwriting guidelines.    Since the Offerings were
24          consummated, the truth about Wells Fargo Bank's deficient lending practices has
            come to light.  ¶¶ 65-67.
25        By the end of 2008, Wells Fargo Bank's true underwriting practices had been partially

26  exposed.  During this time, the company was forced to take significant write-downs due to its

27  exposure to the subprime market.  Moody's, S&P and Fitch have revised their ratings on a

28

NOTICE OF MOTION AND MOTION TO APPOINT THE GENERAL RETIREMENT SYSTEM OF THE CITY
OF DETROIT AS LEAD PLAINTIFF PURSUANT TO SECTION 27(a)(3)(B) OF THE SECURITIES ACT OF
1933 AND TO APPROVE LEAD PLAINTIFF'S CHOICE OF LEAD COUNSEL; MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT THERETO – CASE NO. 09-CV-01376 SI

- 5 -

significant portion of the Certificates due to the massive write-downs and exposure to subprime mortgage markets, and the now-exposed underwriting practices of Wells Fargo. As a result of these disclosures and rating changes, the value of the Certificates has collapsed. ¶¶ 68-70.

## III.   ARGUMENT

### A.   The City Of Detroit Should Be Appointed Lead Plaintiff

Section 27 of the Securities Act, as amended by the PSLRA, sets forth the procedure for the selection of lead plaintiff to oversee class actions brought under the federal securities laws.[6] Specifically, section 27(a)(3)(A)(i) provides that, within twenty (20) days after the date on which a class action is filed under the PSLRA,

> the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class --
>
>     (I)    of the pendency of the action, the claims asserted therein, and the purported class period; and
>
>     (II)    that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 77z-1(a)(3)(A)(i). Such a notice has been published in this case. *See* Gregorek Decl., Ex. 4.

Further, §27(a)(3)(B)(i) of the Securities Act directs this Court to consider any motions to appoint lead plaintiff, brought by plaintiffs or purported class members filed in response to any such notice, by not later than ninety (90) days after the date of publication, or as soon as practicable after this Court decides any pending motion to consolidate any actions asserting substantially the same claim or claims. Under this provision of the Securities Act, this Court "shall" appoint the "most adequate plaintiff" to serve as lead plaintiff as described in detail below.

The City of Detroit has suffered substantial losses exceeding $1.3 million.[7] *See* Gregorek

---

[6]    In December 1995, Congress amended the Securities Act by enactment of the PSLRA. These amendments are contained in section 27 of the Securities Act, 15 U.S.C. §77z-1.

[7]    The losses suffered by the City of Detroit, as detailed herein, are not necessarily the same as their legally compensable damages, measurement of which is often a complex legal question

NOTICE OF MOTION AND MOTION TO APPOINT THE GENERAL RETIREMENT SYSTEM OF THE CITY OF DETROIT AS LEAD PLAINTIFF PURSUANT TO SECTION 27(a)(3)(B) OF THE SECURITIES ACT OF 1933 AND TO APPROVE LEAD PLAINTIFF'S CHOICE OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THERETO – CASE NO. 09-CV-01376 SI

- 6 -

Decl., Ex. 5.  The City of Detroit believes that it has the largest financial interest in the relief sought by the class and is "the most capable" of adequately representing the interests of the class members.  Movant also seeks the Court's approval of its selection of counsel as provided by the statute.

### 1. The City of Detroit Believes That It Has The Largest Financial Interest In The Relief Sought By The Class And That It Is The Most Adequate Plaintiff Under The Securities Act

The Securities Act contains a presumption that the "most adequate plaintiff" is to serve as lead plaintiff.

The PSLRA provides that this Court:

> shall appoint as lead plaintiff the member  ... of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members (hereafter in this paragraph referred to as the "most adequate plaintiff") in accordance with this subparagraph.

15 U.S.C. §77z-1(a)(3)(B)(i).  Moreover, the statute establishes a rebuttable presumption that:

> [T]he most adequate plaintiff in any private action arising under this subchapter is the person or group of persons that
>
> *   *   *
>
> (bb)  in the determination of the court, has the largest financial interest in the relief sought by the class ....

15 U.S.C. §77z-1(a)(3)(B)(iii)(I).

The City of Detroit has a significant financial interest in the outcome of this litigation.  The City of Detroit (1) purchased the Certificates, (2) pursuant to the Offering Documents that contained material untrue statements or omitted statements of material fact, and (3) suffered losses on its holdings in the amount of approximately $1,393,282.  Therefore, the City of Detroit believes that it has the largest financial interest in the outcome of this litigation, and, therefore, is presumptively entitled to appointment as lead plaintiff. 15 U.S.C. §77z-1(a)(3)(B)(iii)(I)(bb).

which cannot be determined at this stage of the litigation.  The approximate losses can, however, be determined from its executed certificate required under section 27 of the Securities Act and based upon reference to information concerning the market for the Certificates.  The losses set forth in this motion represent the difference between Movant's purchase prices of the Certificates and the value of the Certificates as of March 31, 2009.

NOTICE OF MOTION AND MOTION TO APPOINT THE GENERAL RETIREMENT SYSTEM OF THE CITY OF DETROIT AS LEAD PLAINTIFF PURSUANT TO SECTION 27(a)(3)(B) OF THE SECURITIES ACT OF 1933 AND TO APPROVE LEAD PLAINTIFF'S CHOICE OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THERETO – CASE NO. 09-CV-01376 SI

- 7 -

## 2.   The City of Detroit Is Qualified Under Rule 23

Section 27(a)(3)(B)(iii)(I)(cc) of the Securities Act provides that at the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." With respect to the qualifications of the class representative, Rule 23(a) requires generally that the claims be typical of the claims of the class and that the representative will fairly and adequately protect the interests of the class. As detailed below, the City of Detroit satisfies the typicality and adequacy requirements under Rule 23(a) and is qualified to be appointed lead plaintiff.

### a.   The Claims Of The City of Detroit Are Typical Of The Claims Of The Class

The typicality requirement of Rule 23(a)(3) is satisfied when the named plaintiff has: (1) suffered the same injuries as the absent class members, (2) as a result of the same course of conduct by defendants, and (3) its claims are based on the same legal issues. *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992); *Haley v. Medtronic, Inc.*, 169 F.R.D. 643, 649 (C.D. Cal. 1996); *Schwartz v. Harp*, 108 F.R.D. 279, 282 (C.D. Cal. 1985). The questions of law and fact common to the members of the class predominate over questions which may affect individual class members include the following:

      a.   whether the Offering Documents contained materially untrue statements or omitted statements of material fact;

      b.   whether the provisions of the Securities Act were violated by the Defendants as alleged in the Complaint; and

      c.   to what extent the members of the class have sustained damages pursuant to the statutory measure of damages.

As a result, there is a well-defined community of interest in the questions of law and fact involved in this case, and the claims asserted by the City of Detroit are typical of the claims of the members of the proposed class. As detailed above, Movant's claims are typical because it purchased the Certificates pursuant or traceable to the Offering Documents and has suffered substantial injury as a result of Defendants' wrongful conduct. Because the claims asserted by the

NOTICE OF MOTION AND MOTION TO APPOINT THE GENERAL RETIREMENT SYSTEM OF THE CITY OF DETROIT AS LEAD PLAINTIFF PURSUANT TO SECTION 27(a)(3)(B) OF THE SECURITIES ACT OF 1933 AND TO APPROVE LEAD PLAINTIFF'S CHOICE OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THERETO – CASE NO. 09-CV-01376 SI

- 8 -

City of Detroit are based on the same legal theories and arise "from the same event or course of conduct giving rise to the claims of other class members," typicality is satisfied. *In re United Energy Corp. Solar Power Modules Tax Shelter Inv. Sec. Litig.*, 122 F.R.D. 251, 256 (C.D. Cal. 1988); *accord Blackie v. Barrack*, 524 F.2d 891, 902-03 & n.19 (9th Cir. 1975).

### b.    The City Of Detroit Will Fairly And Adequately Represent The Interests Of The Class

The interests of the City of Detroit are clearly aligned with those of the members of the proposed class and there is no evidence of any antagonism between its interests and the proposed class members' interests.  As detailed above, the City of Detroit shares substantially similar questions of law and fact with the members of the proposed class and its claims are typical of the members of the class.  Movant has amply demonstrated its adequacy as class representative by signing a sworn Declaration affirming its willingness to serve as, and assume the responsibilities of, class representative. *See* Gregorek Decl., Ex. 1.

Therefore, the City of Detroit satisfies the requirements of all of the PSLRA's prerequisites for appointment as Lead Plaintiff in this action and should be appointed Lead Plaintiff pursuant to 15 U.S.C. section 77z-1(a)(3)(B).

### 3.    This Court Should Approve The City Of Detroit's Choice Of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. § 77z-1(a)(3)(B)(v).  This Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class."  15 U.S.C. §77z-1(a)(3)(B)(iii)(II)(aa).  The City of Detroit has selected the law firms of Wolf Haldenstein and Kohn Swift to serve as lead counsel for the class.  Both firms have extensive experience litigating securities class actions and have successfully prosecuted numerous securities class actions on behalf of injured investors. *See* Gregorek Decl., Ex. 2 - 3.  Accordingly, the Court may be assured that, in the event the instant motion is granted, the members of the class will receive the highest caliber of legal representation available.

NOTICE OF MOTION AND MOTION TO APPOINT THE GENERAL RETIREMENT SYSTEM OF THE CITY OF DETROIT AS LEAD PLAINTIFF PURSUANT TO SECTION 27(a)(3)(B) OF THE SECURITIES ACT OF 1933 AND TO APPROVE LEAD PLAINTIFF'S CHOICE OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THERETO – CASE NO. 09-CV-01376 SI

1

## IV.     CONCLUSION

2       For the foregoing reasons, the City of Detroit respectfully requests that this Court:

3  (1) appoint the City of Detroit as Lead Plaintiff pursuant to Section 27(a)(3)(B) of the Securities

4  Act; and (2) approve its selection of lead counsel.

5  DATED:   June 1, 2009                          WOLF HALDENSTEIN ADLER
                                                      FREEMAN & HERZ LLP
6                                                  FRANCIS M. GREGOREK
                                                   BETSY C. MANIFOLD
7                                                  RACHELE R. RICKERT

8

9                                                      /s/ Francis M. Gregorek
                                                   FRANCIS M. GREGOREK
10
                                                   750 B. Street, Suite 2770
11                                                 San Diego, California 92101
                                                   Telephone:  619/239-4599
12                                                 Facsimile:  619/234-4599

13                                                 WOLF HALDENSTEIN ADLER
                                                      FREEMAN & HERZ LLP
14                                                 LAWRENCE P. KOLKER
                                                   MATTHEW M. GUINEY
15                                                 270 Madison Avenue
                                                   New York, NY 10016
16                                                 Telephone: 212/545-4600
                                                   Facsimile: 212/545-4653
17

18                                                 KOHN, SWIFT, & GRAF, P.C.
                                                   JOSEPH C. KOHN
19                                                 DENIS F. SHEILS
                                                   WILLIAM E. HOESE
20                                                 NEIL GLAZER
                                                   One South Broad Street, Suite 2100
21                                                 Philadelphia, PA 19107
                                                   Telephone: 215/238-1700
22                                                 Facsimile:  215/238-1968
23
                                                   Attorneys for Plaintiff
24                                                 General Retirement System of the City of Detroit
                                                   and [Proposed] Lead Counsel for Plaintiff(s)
25

26

27
   WELLS FARGO:16822.BRF
28
   NOTICE OF MOTION AND MOTION TO APPOINT THE GENERAL RETIREMENT SYSTEM OF THE CITY
   OF DETROIT AS LEAD PLAINTIFF PURSUANT TO SECTION 27(a)(3)(B) OF THE SECURITIES ACT OF
   1933 AND TO APPROVE LEAD PLAINTIFF'S CHOICE OF LEAD COUNSEL; MEMORANDUM OF POINTS
   AND AUTHORITIES IN SUPPORT THERETO – CASE NO. 09-CV-01376 SI