PILLSBURY WINTHROP SHAW PITTMAN LLP
BRUCE A. ERICSON (SBN 76342)
bruce.ericson@pillsburylaw.com
ANDREW D. LANPHERE (SBN 191479)
andrew.lanphere@pillsburylaw.com
50 Fremont Street
Post Office Box 7880
San Francisco, California 94120-7880
Telephone:     (415) 983-1000
Facsimile:      (415) 983-1200

William G. McGuinness (pro hac vice)
william.mcguinness@friedfrank.com
Stephanie J. Goldstein (pro hac vice)
stephanie.goldstein@friedfrank.com
Shahzeb Lari (pro hac vice)
shahzeb.lari@friedfrank.com
FRIED, FRANK, HARRIS, SHRIVER
   & JACOBSON LLP
One New York Plaza
New York, New York 10004
Telephone:     (212) 859-8000
Facsimile:      (212) 859-4000

Attorneys for Defendants Goldman, Sachs & Co., JP Morgan Securities, Inc. *as successor-in-interest to* Bear, Stearns & Co., Inc., Bear, Stearns & Co., Inc., Deutsche Bank Securities, Inc., UBS Securities, LLC, Credit Suisse Securities (USA) LLC, RBS Securities, Inc., Banc of America Securities, LLC, Citigroup Global Markets, Inc. and Merrill Lynch, Pierce, Fenner & Smith, Inc.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| IN RE WELLS FARGO MORTGAGE-BACKED CERTIFICATES LITIGATION | Case No. C-09-1376 (LHK)<br><br>**CONSOLIDATED CLASS ACTION ECF**<br><br>**REPLY MEMORANDUM IN FURTHER SUPPORT OF UNDERWRITERS' MOTION TO DISMISS THE AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**<br><br>Date:          September 7, 2010<br>Time:         1:30 p.m.<br>Courtroom: 4<br>Judge:        Hon. Lucy H. Koh |

# MEMORANDUM OF POINTS AND AUTHORITIES

## PRELIMINARY STATEMENT

Plaintiffs concede that, absent tolling of the statute of limitations, New Plaintiffs' claims are time-barred by both the one-year statute of limitations and the three-year statute of repose set forth in Section 13 of the '33 Act.[1]  However, in an attempt to avoid this dispositive barrier and belatedly infuse into this action ten Offerings for which they lack standing, Plaintiffs predictably contend that the tolling principles established by *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538 (1974), render New Plaintiffs' claims timely.

As demonstrated in the Underwriter Defendants' opening brief, and further addressed below, Plaintiffs' reliance on *American Pipe* is misplaced:

- Plaintiffs identify no controlling authority establishing that *American Pipe* tolling applies where, as here, the original plaintiffs' claims were dismissed for *lack of standing*, and numerous courts have held otherwise.  It is a fundamental principle — expressly recognized by courts in the Ninth Circuit — that a court's subject matter jurisdiction is never invoked as to those claims that a plaintiff lacked standing to assert, and thus, it is as though the claim had never been filed.  *See* D. Mem. Sec. II.A.; *infra* Sec. I.A.

- Even if New Plaintiffs were entitled to the benefit of *American Pipe* tolling (they are not), the Opposition does not cogently explain how, under the Ninth Circuit's decision in *Robbin v. Fluor Corp.*, 835 F.2d 213, 214 (9th Cir. 1987), they would be entitled to pursue class (as opposed to individual) claims.  *See* D. Mem. Sec. II.B.; *infra* Sec. I.B.

Plaintiffs also insinuate that the Court's April 22, 2010 Order granting leave to amend *sub silentio* authorized New Plaintiffs' claims.  *See* P. Mem. at 6-7.  That suggestion is frivolous. The timeliness issue was not before the Court, and the Court certainly never granted blanket leave to add claims that were already time-barred.  Rather, the question of whether any amendment was viable, including as to the statute of limitations, was left for this stage.

---

[1] Capitalized terms have the same meaning as in the Underwriter Defendants' memorandum in support of their dismissal motion, dated June 25, 2010, Dkt. 212 (cited to herein as "D. Mem."). "P. Mem." refers to Plaintiffs' opposition memorandum, dated July 16, 2010, Dkt. 218 (the "Opposition").

- 1 -

REPLY IN SUPPORT OF MOTION TO DISMISS
Case No. C-09-1376 (LHK)

# ARGUMENT[2]

## I. PLAINTIFFS CANNOT RELY ON *AMERICAN PIPE* TO SALVAGE NEW PLAINTIFFS' UNTIMELY CLAIMS

Plaintiffs concede that, absent tolling, New Plaintiffs' claims — which were not asserted by actual purchasers of the relevant securities until the Amended Complaint was filed on May 28, 2010 — are barred by the statute of limitations set forth in Section 13 of the '33 Act. *See* P. Mem. at 6-7. Specifically: (i) New Plaintiffs' claims based on the seven Offerings between May 26, 2006 and February 26, 2007 are barred by Section 13's three-year statute of repose (D. Mem. Sec. I.A); and (ii) *all* of New Plaintiffs' claims are barred by Section 13's one-year statute of limitations. *See* D. Mem. Sec. I.B.[3]

Nonetheless, Plaintiffs assert that the statute of limitations was tolled by Plaintiffs' filing of the initial Complaint on March 27, 2009, pursuant to *American Pipe*. Plaintiffs essentially argue that, once an initial class action complaint has been filed and irrespective of the merits of any claim or the plaintiffs' standing to assert it, *American Pipe* tolling *always* preserves claims by all investors until there has been a decision on class certification. *See* P. Mem. at 6. Plaintiffs read *American Pipe* far too broadly and contrary to the weight of authority.

### A. *American Pipe* Tolling Does Not Apply To New Plaintiffs' Claims Because Lead Plaintiffs Lacked Standing To Pursue Those Claims

The Opposition does not even attempt to contend with the numerous courts, including within this Circuit, that have found that *American Pipe* tolling is inapplicable where, as here, the underlying claims were initially asserted by plaintiffs that lacked standing to bring those claims

---

[2] In addition to the arguments set forth herein, the Underwriter Defendants also adopt the arguments in favor of dismissal contained in the Wells Fargo Defendants' reply memorandum of law in support of their motion to dismiss the Amended Complaint, which are incorporated herein by reference.

[3] Plaintiffs also do not dispute that New Plaintiffs' claims do not relate back to the Complaint. *See* D. Mem. Sec. I.C. Plaintiffs cursorily assert that the "relation back analysis is irrelevant" because New Plaintiffs' claims relate to Offerings challenged in the Complaint. P. Mem. at 9. But Plaintiffs ignore the governing law. Specifically, an amendment adding a new plaintiff — such as the Amended Complaint — does not relate back to the original complaint where, as here, (i) the potential new plaintiffs purchased different securities, based on different disclosures, than the original plaintiffs; and (ii) the original plaintiffs lacked standing to pursue the claims asserted by the new plaintiffs. *See* D. Mem. Sec. I.C; *In re Syntex Corp. Sec. Litig.*, 95 F.3d 922, 935 (9th Cir. 1996); *Howard v. Hui*, No. C 92-3742, 2001 U.S. Dist. LEXIS 15443, at *19-20 (N.D. Cal. Sept. 24, 2001).

- 2 -

— regardless of whether there has been a class certification determination. *See* D. Mem. at Sec. II.A.; *Palmer v. Stassinos,* 236 F.R.D. 460, 463-66 (N.D. Cal. 2006) (class action complaint did not toll statute of limitations on claims for which the original putative class representatives lacked standing to sue); *Kruse v. Wells Fargo Home Mortgage, Inc.*, No. 02-CV-3089, 2006 WL 1212512, at *4-5 (E.D.N.Y. May 3, 2006) (new plaintiffs cannot "resuscitate a suit in which the original named plaintiffs never had standing to sue"); *In re Colonial Ltd. P'ship Litig.*, 854 F. Supp. 64, 82 (D. Conn. 1994) ("if the original plaintiffs lacked standing to bring their claims in the first place, the filing of a class action complaint does not toll the statute of limitations for other members of the purported class") (citation omitted).

Instead, arguing that Lead Plaintiffs' lack of standing is irrelevant to *American Pipe*, Plaintiffs rely exclusively on a few district court cases from outside the Ninth Circuit — primarily, *In re Flag TelecomHoldings, Ltd. Sec. Litig.*, 352 F. Supp. 2d 429, 455-56 (S.D.N.Y. 2005) — that have held that the filing of a class action triggers *American Pipe* tolling for putative class members, even if the original plaintiffs lack standing, if there has been no decision on class certification. *See* P. Mem. at 7-8 (collecting cases). That argument does not withstand scrutiny for several independent reasons.

*First*, it is inconsistent with Ninth Circuit law, which clearly holds that if a plaintiff lacked standing to assert certain claims, the reviewing court had no jurisdiction over those claims and therefore their filing cannot operate to toll the statute of limitations for a new plaintiff who later asserts those claims. *See* D. Mem. at Sec. II.C.; *Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018, 1023-24 (9th Cir. 2003); *Palmer*, 236 F.R.D. at 466 n.6 ("it would be beyond the constitutional power of a federal court to toll a period of limitations based on a claim that failed because the claimant had no power to bring it"); *Almeida v. Google, Inc.*, No. C-08-02088, 2009 U.S. Dist. LEXIS 110780, at *6 (N.D. Cal. Nov. 13, 2009) ("where the original named plaintiff lacks standing, a new plaintiff with standing cannot step in to save the lawsuit from dismissal") (footnote omitted); *see also Walters v. Edgar*, 163 F.3d 430, 432-33 (7th Cir. 1998).[4]

---

[4] *See also Dietrich v. Bauer*, 76 F. Supp. 2d 312, 326 (S.D.N.Y. 1999) (denying motion to intervene by new class representative who had standing when named plaintiff did not, and noting

- 3 -

Trying to avoid these precedents, Plaintiffs attempt to distinguish the Ninth Circuit's decision in *Lierboe* and the Seventh Circuit's decision in *Walters* by noting that they are not PSLRA cases. *See* P. Mem. at 9, n.5. But they make no attempt to explain why that matters or how the PSLRA could abrogate the fundamental constitutional principles of standing articulated by the *Lierboe* line of cases. It, of course, does not. Accordingly, the reasoning of the *Lierboe* line of cases applies with full force here. As this Court has already found, Lead Plaintiffs never had standing to pursue New Plaintiffs' claims. Therefore, there was never any case or controversy relating to New Plaintiffs' claims before the Court until the Amended Complaint was filed, and the statute of limitations was not tolled under *American Pipe* based on Lead Plaintiffs' filing of claims they had no standing to pursue.

There is no merit to Plaintiffs' suggestion that other cases in the Ninth Circuit call that conclusion into question. *See* P. Mem. at 7-8. The first case Plaintiffs cite, *Employers-Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Anchor Capital Advisors*, 498 F.3d 920, 925 (9th Cir. 2007), did not address the impact of a plaintiff's lack of standing under *American Pipe* tolling at all; it simply noted that *American Pipe*'s prohibition on filing successive class actions does not prevent a class member from filing individual claims. *See also infra* Sec. I.B. Likewise, the other case Plaintiffs cite, *Schur v. Friedman & Shaftan, P.C.*, 123 F.R.D. 611 (N.D. Cal. 1988), addressed whether lead plaintiffs satisfied the typicality and adequacy requirements of Fed. R. Civ. P. 23 at the class certification stage; *American Pipe* was discussed solely in that context. *Schur* did not, as Plaintiffs incorrectly assert, involve a motion to dismiss on statute of limitations grounds where lead plaintiffs attempted to pursue claims that were not viable as a matter of law.

---

that "[i]t is well established that a named plaintiff must have standing in order to sustain a claim, and as this Court has stated, 'a plaintiff may not use the procedural device of a class action to bootstrap himself into standing he lacks under the express terms of the substantive law'") (citation omitted)); *In re Elscint Sec. Litig.*, 674 F. Supp. 374, 378 (D. Mass. 1987) (noting "the potential abuse of a rule extending class action tolling to all cases in which certification is denied for lack of standing" because it "may condone or encourage attempts to circumvent the statute of limitation by filing a lawsuit without an appropriate plaintiff and then searching for one who can later intervene with the benefit of the tolling rule. . . . [T]his practice is an impermissible use of intervention, akin to the improper use of intervention to manufacture jurisdiction.").

- 4 -

*Second*, the notion that *American Pipe* tolling inexorably applies absent a class certification decision is inconsistent with the concerns expressed by the Supreme Court — and echoed by numerous courts — regarding the potential abuse of *American Pipe* tolling, given the possibility of "lawyers in a case of this kind [framing] their pleadings as a class action, intentionally, to attract and save members of the purported class who have slept on their rights." *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 354 (1983) (Powell J., concurring) (citations omitted).

Specifically, Plaintiffs' theory would allow the indefinite tolling of the statute of limitations by the mere assertion of plainly inadequate class claims — precisely the result warned *against* by the Supreme Court. *See Korwek v. Hunt*, 827 F.2d 874, 879 (2d Cir. 1987) ("the tolling rule established by *American Pipe*, and expanded upon by *Crown, Cork*, was not intended to be applied to suspend the running of statutes of limitations for class action suits filed after a definitive determination of class certification; such an application of the rule would be inimical to the purposes behind statutes of limitations and the class action procedure"). This concern exists whether or not there has been a ruling on a motion for class certification. As the court in *In re Crazy Eddie Sec. Litig.* explained:

> While *Korwek* involved a class action brought by persons excluded from a previous class certification for lack of common issues of fact or law or typical claims, . . . the court's reasoning is equally applicable to a class action brought after a previous class action has been dismissed for lack of standing. In fact the concern is perhaps more acute where the dismissal of the first action is for lack of standing. *There appears to be no good reason to encourage bringing of a suit merely to extend the period in which to find a class representative.*

747 F. Supp. 850, 856 (E.D.N.Y. 1990) (emphasis added, citation omitted). Thus, allowing *American Pipe* tolling under the circumstances presented here would "condone or encourage attempts to circumvent the statute of limitation by filing a lawsuit without an appropriate plaintiff and then searching for one who can later intervene with the benefit of the tolling rule." *Elscint*, 674 F. Supp. at 378.

*Third*, *Flag Telecom*, 352 F. Supp. 2d at 455, is inconsistent with the weight of cases in the Second Circuit.[5] Moreover, its reasoning — that it would be unfair to bar a class member's claims because he or she was unable to anticipate that the lead plaintiff lacked standing to pursue those claims — has no application here. New Plaintiffs are institutional investors with experienced counsel who were all on notice from the face of the Complaint and the PSLRA certifications submitted by Lead Plaintiffs that Lead Plaintiffs had purchased Certificates in only 17 of the Offerings.  *See* Compl. ¶ 45.  By the time the Complaint was filed, it was no secret that defendants in numerous mortgage-backed securities cases, including cases filed by certain of New Plaintiffs, had moved to dismiss claims based on offerings in which lead plaintiffs had not purchased securities for lack of standing.[6] That virtually every court to address the issue agreed that such lead plaintiffs lacked standing to pursue those claims confirms that Plaintiffs should have been aware of the infirmities of their position.[7] New Plaintiffs cannot now claim to have been unaware of the likelihood that a sizeable portion of Lead Plaintiffs' claims would be dismissed for standing.

---

[5]  *See* D. Mem. at 14; *Kruse*, 2006 WL 1212512, at *4-5; *Colonial Ltd.*, 854 F. Supp. at 82; *Crazy Eddie*, 747 F. Supp. at 856; *Dietrich*, 76 F. Supp. 2d at 326.

[6]  *See, e.g.*, *Plumbers' Union Local No. 12 Pension Fund v. Nomura Asset Acceptance Corp.*, No. 08-cv-10446 (D. Mass.) (standing argument raised on March 13, 2009); *In re Lehman Bros. Mortgage-Backed Sec. Litig.*, No. 08-cv-6762 (S.D.N.Y.) (standing argument raised on April 27, 2009); *Tsereteli v. Residential Asset Securitization Trust 2006-A8*, No. 08-cv-10637 (S.D.N.Y.) (standing argument raised on May 22, 2009).

[7]  *See, e.g.*, *City of Ann Arbor Employees' Ret. Sys. v. Citigroup Mortgage Loan Trust, Inc.*, No. CV 08-1418, 2010 WL 1371417, at *7-8 (E.D.N.Y. Apr. 6, 2010); *Mass. Bricklayers & Masons Funds v. Deutsche Alt-A Sec.*, No. CV 08-3178, 2010 WL 1370962, at *1 (E.D.N.Y. Apr. 6, 2010); *N.J. Carpenters Health Fund v. Residential Capital, LLC*, No. 08-cv-8781, 2010 WL 1257528, at *3-4 (S.D.N.Y. Mar. 31, 2010); *N.J. Carpenters Vacation Fund v. Royal Bank of Scotland Group*, No. 08-cv-5093, 2010 WL 1172694, at *8 (S.D.N.Y. Mar. 26, 2010); *In re Lehman Bros. Mortgage-Backed Sec. Litig.*, 684 F. Supp. 2d 485, 490-91 (S.D.N.Y. Feb. 17, 2010); *Plumbers' Union Local No. 12 Pension Fund v. Nomura Asset Acceptance Corp.*, 658 F. Supp. 2d 299, 304 (D. Mass. 2009); *see also Mortgage-backed securities litigation dismissed*, SECURITIES CLASS ACTION REPORTER, Oct. 31, 2009, at 23; Kevin LaCroix, *Subprime Lawsuit Against Mortgage Securitizer Dismissed*, The D & O Diary, Oct. 7, 2009, http://www.dandodiary.com/2009/10/articles/subprime-litigation/subprime-lawsuit-against-mortgage-securitizer-dismissed (observing that plaintiffs in similar cases "will face the same 'standing' hurdles that confounded the plaintiffs in the Nomura case").

### B. *American Pipe* Does Not Apply To Class Claims

Even if the Court were to find that *American Pipe* tolling applied to New Plaintiffs' claims, the Opposition presents no persuasive basis to apply such tolling beyond the New Plaintiffs' *individual* claims to their putative *class* claims. As detailed in the Underwriter Defendants' opening brief, Ninth Circuit law is clear that *American Pipe* tolling only applies to individual claims, not to class claims. *See* D. Mem. Sec. II.B; *Robbin*, 835 F.2d at 214 ("to extend tolling to class actions 'tests the outer limits of the *American Pipe* doctrine and … falls beyond its carefully crafted parameters into the range of abusive options'"); *Newport v. Dell Inc.*, No. CV-08-0096, 2008 U.S. Dist. LEXIS 89381, at *20-22 (D. Ariz. Aug. 20, 2008) ("A related class action tolls the statute of limitations for individual claims only, not for subsequently-filed class actions") (citing *Robbin*, 835 F.2d at 214).

Plaintiffs — apparently recognizing that they cannot dispute black-letter law — ignore this well-established principle. Plaintiffs, however, cannot unilaterally overrule the express limitations placed on *American Pipe* tolling by the Ninth Circuit. Therefore, even if New Plaintiffs were able to avail themselves of *American Pipe* tolling (which they cannot), they certainly cannot assert claims on behalf of a class.

### **CONCLUSION**

For the reasons set forth in the Underwriter Defendants' opening brief, and in the Wells Fargo Defendants' dismissal papers, the Underwriter Defendants respectfully request that the claims against them be dismissed with prejudice.

Dated:  August 24, 2010

                PILLSBURY WINTHROP SHAW PITTMAN LLP

                By:   /s/   Bruce A. Ericson
                         Bruce A. Ericson

50 Fremont Street
San Francisco, California  94105-2228
Telephone:  (415) 983-1000
Facsimile:  (415) 983-1200
bruce.ericson@pillsbury.com

FRIED, FRANK, HARRIS, SHRIVER
  & JACOBSON LLP

William G. McGuinness
Stephanie J. Goldstein
Shahzeb Lari
One New York Plaza
New York, New York  10004
Telephone:  (212) 859-8000
Facsimile:  (212) 859-4000
william.mcguinness@friedfrank.com
stephanie.goldstein@friedfrank.com
shahzeb.lari@friedfrank.com

*Attorneys for Underwriter Defendants*

7784781