MARC T.G. DWORSKY (SBN 157413)
Marc.Dworsky@mto.com
KATHLEEN M. MCDOWELL (SBN 115976)
Kathleen.McDowell@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, 25th floor
Los Angeles, CA  90071-1560
Telephone:    (213) 683-9100
Facsimile:    (213) 687-3702

DAVID H. FRY (SBN 189276)
David.Fry@mto.com
JENNY H. HONG (SBN 251751)
Jenny.Hong@mto.com
CAROLYN V. ZABRYCKI (SBN 263541)
Carolyn.Zabrycki@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th floor
San Francisco, CA 94105-2907
Telephone:    (415) 512-4000
Facsimile:    (415) 512-4077

Attorneys for Defendants
WELLS FARGO DEFENDANTS AND THE
INDIVIDUAL DEFENDANTS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE WELLS FARGO MORTGAGE-BACKED CERTIFICATES LITIGATION | Civil Action No. 09-01376 (LHK)<br><br>**CONSOLIDATED CLASS ACTION ECF**<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF WELLS FARGO DEFENDANTS' AND INDIVIDUAL DEFENDANTS' MOTION TO DISMISS THE AMENDED CONSOLIDATED COMPLAINT**<br><br>DATE:    September 7, 2010<br>TIME:    1:30 p.m.<br>CTRM:    4 (Hon. Lucy H. Koh) |

**REQUEST FOR JUDICIAL NOTICE**

Pursuant to Federal Rule of Evidence 201, defendants Wells Fargo Asset Securities Corporation and Wells Fargo Bank, N.A. (collectively, the "Wells Fargo Defendants") and David Moskowitz, Franklin Codel, Thomas Neary, and Douglas K. Johnson (collectively, the "Individual Defendants," and with the Wells Fargo Defendants, the "Defendants") respectfully request that the Court take judicial notice of the following document filed herewith to this request:

Exhibit A: A true and correct copy of the complaint in *Plumbers' & Pipefitters' Local #562 Supplemental Plan & Trust, et al., v. J.P. Morgan Acceptance Corp. I, et al.*, No. 5675/08 (Nassau Sup. Ct. Mar. 26, 2008), subsequently removed, No. 08 Civ 1713 (E.D.N.Y.).

Federal Rule of Evidence 201 authorizes federal courts to take judicial notice of documents that are "not subject to reasonable dispute [and] . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Federal courts routinely consider matters subject to judicial notice in ruling on motions to dismiss—especially in federal securities actions. *See In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996) (matters subject to judicial notice may be considered on a motion to dismiss without converting it into a motion for summary judgment).

It is well settled that courts may take judicial notice of court filings and other matters of public record. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006); *see also U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("[W]e 'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'"). In *Scognamillo v. Credit Suisse First Boston LLC*, 2005 WL 2045807 (N.D. Cal. Aug. 25, 2005), the court ruled that plaintiffs' claim against one defendant, Quattrone, was barred by the statute of limitations where plaintiffs filed a complaint more than one year earlier alleging wrongdoing by

other defendants and "news articles and court documents from other cases plainly [made] clear that Quattrone" worked with those defendants. *Id*. at *10. The court ruled that while it could not "take judicial notice of the accuracy of the facts contained in the articles and documents submitted by Quattrone, the Court can take judicial notice that the statements were made and that they were made much earlier than" one year before the claim against Quattrone. *Id*.

DATED: September 7, 2010

MUNGER, TOLLES & OLSON LLP
MARC T.G. DWORSKY
KATHLEEN M. MCDOWELL
DAVID H. FRY
JENNY H. HONG
CAROLYN V. ZABRYCKI

By: */s/ David H. Fry*
DAVID H. FRY

Attorneys for Defendants
WELLS FARGO DEFENDANTS AND THE
INDIVIDUAL DEFENDANTS