MARC T.G. DWORSKY (SBN 157413)
Marc.Dworsky@mto.com
KATHLEEN M. MCDOWELL (SBN 115976)
Kathleen.McDowell@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, 25th floor
Los Angeles, CA  90071-1560
Telephone:     (213) 683-9100
Facsimile:      (213) 687-3702

DAVID H. FRY (SBN 189276)
David.Fry@mto.com
JENNY H. HONG (SBN 251751)
Jenny.Hong@mto.com
CAROLYN V. ZABRYCKI (SBN 263541)
Carolyn.Zabrycki@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street,  27th floor
San Francisco, CA 94105-2907
Telephone:     (415) 512-4000
Facsimile:      (415) 512-4077

Attorneys for Defendants
WELLS FARGO DEFENDANTS AND THE
INDIVIDUAL DEFENDANTS

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| IN RE WELLS FARGO MORTGAGE-BACKED CERTIFICATES LITIGATION | Civil Action No. 09-01376 (LHK)<br><br>**CONSOLIDATED CLASS ACTION ECF**<br><br>**SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF WELLS FARGO DEFENDANTS' AND INDIVIDUAL DEFENDANTS' MOTION TO DISMISS THE AMENDED CONSOLIDATED COMPLAINT**<br><br>DATE:   September 7, 2010<br>TIME:    1:30 p.m.<br>CTRM:   4 (Hon. Lucy H. Koh) |

**SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE**

Pursuant to Federal Rule of Evidence 201, defendants Wells Fargo Asset Securities Corporation and Wells Fargo Bank, N.A. (collectively, the "Wells Fargo Defendants") and David Moskowitz, Franklin Codel, Thomas Neary, and Douglas K. Johnson (collectively, the "Individual Defendants," and with the Wells Fargo Defendants, the "Defendants") respectfully request that the Court take judicial notice of the following documents filed herewith to this request:

Exhibit B: A true and correct copy of the docket, as of September 6, 2010, in *Plumbers' & Pipefitters' Local #562 Supplemental Plan & Trust, et al., v. J.P. Morgan Acceptance Corp. I, et al.*, No. 08 Civ 1713 (E.D.N.Y.).  As set forth on page 2, plaintiff Public Employees' Retirement System of Mississippi is represented by the firm of Bernstein Litowitz Berger & Grossmann LLP, including David R Stickney, Timothy A. DeLange, and Matthew P. Jubenville, who are also counsel of record in this action.

Exhibit C: A true and correct of a Report and Recommendation, dated November 5, 2009, in *Plumbers' & Pipefitters' Local #562 Supplemental Plan & Trust, et al., v. J.P. Morgan Acceptance Corp. I, et al.*, No. 08 Civ 1713 (E.D.N.Y.), recommending that Public Employees' Retirement System of Mississippi be appointed as lead plaintiff and Bernstein Litowitz Berger & Grossmann LLP be appointed as co-lead counsel.  As set forth on page 13 of Exhibit B, this Report and Recommendation was adopted on November 24, 2009.

Federal Rule of Evidence 201 authorizes federal courts to take judicial notice of documents that are "not subject to reasonable dispute [and] . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201.  Federal courts routinely consider matters subject to judicial notice in ruling on motions to dismiss—especially in federal securities actions. *See In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996) (matters subject to judicial notice may be considered on a

1  motion to dismiss without converting it into a motion for summary judgment).

2      It is well settled that courts may take judicial notice of court filings and other matters of

3  public record. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006);

4  *see also U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th

5  Cir. 1992) ("[W]e 'may take notice of proceedings in other courts, both within and without the

6  federal judicial system, if those proceedings have a direct relation to matters at issue.'").

8  DATED: September 8, 2010

    MUNGER, TOLLES & OLSON LLP
      MARC T.G. DWORSKY
      KATHLEEN M. MCDOWELL
      DAVID H. FRY
      JENNY H. HONG
      CAROLYN V. ZABRYCKI

By:    */s/ David H. Fry*
      DAVID H. FRY

Attorneys for Defendants
WELLS FARGO DEFENDANTS AND THE
INDIVIDUAL DEFENDANTS