PILLSBURY WINTHROP SHAW PITTMAN LLP
BRUCE A. ERICSON (SBN 76342)
bruce.ericson@pillsburylaw.com
ANDREW D. LANPHERE (SBN 191479)
andrew.lanphere@pillsburylaw.com
50 Fremont Street
Post Office Box 7880
San Francisco, California 94120-7880
Telephone:    (415) 983-1000
Facsimile:    (415) 983-1200

FRIED, FRANK, HARRIS, SHRIVER
  & JACOBSON LLP
WILLIAM G. MCGUINNESS (pro hac vice)
william.mcguinness@friedfrank.com
STEPHANIE J. GOLDSTEIN (pro hac vice)
stephanie.goldstein@friedfrank.com
SHAHZEB LARI (pro hac vice)
shahzeb.lari@friedfrank.com
One New York Plaza
New York, New York 10004
Telephone:    (212) 859-8000
Facsimile:    (212) 859-4000

Attorneys for Defendants Goldman, Sachs & Co., JP Morgan Securities, Inc. *as successor-in-interest to* Bear, Stearns & Co., Inc., Bear, Stearns & Co., Inc., Deutsche Bank Securities, Inc., UBS Securities, LLC, Credit Suisse Securities (USA) LLC, RBS Securities, Inc., Banc of America Securities, LLC, Citigroup Global Markets, Inc. and Merrill Lynch, Pierce, Fenner & Smith, Inc.

[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| IN RE WELLS FARGO MORTGAGE-BACKED CERTIFICATES LITIGATION | Case No. C-09-1376 (LHK)<br><br>**CONSOLIDATED CLASS ACTION ECF**<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO INTERVENE**<br><br>Date:    October 7, 2010<br>Time:    1:30 P.M.<br>Courtroom: 4, 5th Floor<br>Judge:    Hon. Lucy H. Koh |

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ..................................................................................................ii

PRELIMINARY STATEMENT ............................................................................................1

BACKGROUND .....................................................................................................................3

ARGUMENT ...........................................................................................................................5

I. GRCD'S INTERVENTION MOTION IS A BELATED ATTEMPT TO PURSUE CLAIMS THAT WERE NEVER PROPERLY BEFORE THE COURT ..........................................................................................5

    A. GRCD Has No Interests in this Action .................................................5

    B. GRCD's Motion to Intervene Is Untimely............................................7

II. INTERVENTION BY GRCD WOULD BE FUTILE BECAUSE GRCD'S CLAIMS ARE STALE ........................................................................9

    A. GRCD's Claims Are Time-Barred........................................................9

        1. GRCD's Claims Are Barred by the Three-Year Statute of Repose .......................................................................9

        2. GRCD's Claims Are Barred by the One-Year Statute of Limitations.................................................................9

    B. The Statute of Limitations Has Not Been Tolled.................................11

CONCLUSION......................................................................................................................12

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*American Pipe & Constr. v. Utah*,
    414 U.S. 538 (1974)..................................................................................................2, 11

*Benak v. Alliance Capital Mgmt. LP*,
    349 F. Supp. 2d 882 (D.N.J. 2004) .............................................................................10

*Cal. Dep't of Toxic Substances Control v. Commercial Realty Projects, Inc.*,
    309 F.3d 1113 (9th Cir. 2002) ......................................................................................7

*City of Ann Arbor Employees' Ret. Sys. v. Citigroup Mortgage Loan Trust, Inc.*,
    2010 WL 1371417 (E.D.N.Y. Apr. 6, 2010) ..........................................................4, n.3

*Dietrich v. Bauer*,
    76 F. Supp. 2d 312 (S.D.N.Y. 1997) ...........................................................................12

*Greer v. Blum*,
    462 F. Supp. 619 (S.D.N.Y. 1978).................................................................................7

*Haddock v. Nationwide Fin. Svcs. Inc.*,
    262 F.R.D. 97 (E.D. Conn. 2009) .................................................................................7

*In re American Funds Secs. Litig.*,
    556 F. Supp. 2d 1100 (C.D. Cal. 2008) .................................................................10, 11

*In re Colonial Ltd. P'ship Litig.*,
    854 F. Supp. 64 (D. Conn. 1994) ................................................................................11

*In re Crazy Eddie Sec. Litig.*,
    747 F. Supp. 850 (E.D.N.Y. 1990) .........................................................................6, 12

*In re Indymac Mortgage-Backed Sec. Litig.*,
    2010 WL 2473243 (S.D.N.Y. June 21, 2010) ........................................................4, n.3

*In re Lehman Bros. Mortgage-Backed Sec. Litig.*,
    684 F. Supp. 2d 485 (S.D.N.Y. Feb. 17, 2010)........................................................4, n.3

*In re Stac*,
    89 F.3d 1399 (9th Cir. 1996) .........................................................................................9

*Krim v. PcOrder.com*,
    402 F.3d 489 (5th Cir. 2005) ........................................................................................5

*Kruse v. Wells Fargo Home Mort., Inc.*,
    2006 WL 1212512 (E.D.N.Y. May 3, 2006) ...............................................................11

```
```

*La. Mun. Police Employees Ret. Sys. v. Merrill Lynch & Co.*,
   No. 08-9063 (S.D.N.Y. Feb. 19, 2009) (Transcript of Oral Argument at 7-9, 62) ............. 4, n.3

*League of United Latin American Citizens v. Wilson*,
   131 F.3d 1297 (9th Cir. 1997) ............................................................................................ 7, 8

*Lidie v. State of California*,
   478 F.2d 552 (9th Cir. 1973) .................................................................................................. 5

*Lierboe v. State Farm Mut. Auto. Ins. Co.*,
   350 F.3d 1018 (9th Cir. 2003) ................................................................................................ 5

*Mass. Bricklayers & Masons Funds v. Deutsche Alt-A Sec.*,
   2010 WL 1370962 (E.D.N.Y. Apr. 6, 2010) .................................................................... 4, n.3

*N.J. Carpenters Vacation Fund v. Royal Bank of Scotland Group*,
   2010 WL 1172694 (S.D.N.Y. Mar. 26, 2010) .................................................................. 4, n.3

*NECA-IBEW Health & Welfare Fund v. Goldman, Sachs & Co.*,
   No. 08-cv-10783 (S.D.N.Y. May 27, 2010) ........................................................................... 7

*Newport v. Dell*,
   2008 U.S. Dist. LEXIS 89381 (C.D. Cal. Aug. 20, 2008) ................................................... 12

*Palmer v. Stassinos*,
   236 F.R.D. 460 (N.D. Cal. 2006) ..................................................................................... 5, 11

*Panzirer v. Wolf*,
   1980 U.S. Dist. LEXIS 11146 (S.D.N.Y. 1980) .................................................................... 6

*Pfeiffer v. Goldman, Sachs & Co.*,
   2003 U.S. Dist. LEXIS 11120 (S.D.N.Y. June 30, 2003), *aff'd w/o op.*, 2004 U.S.
   App. LEXIS 156111 (2d Cir. April 1, 2004) ....................................................................... 10

*Plumbers' Union Local No. 12 Pension Fund v. Nomura Asset Acceptance Corp.*,
   658 F. Supp. 2d 299 (D. Mass. Sept. 30, 2009) ............................................................... 4, n.3

*Robbin v. Fluor*,
   835 F.2d 213 (9th Cir. 1987) ................................................................................................ 12

*Sanford v. Memberworks*,
   2008 U.S. Dist. LEXIS 79189 (S.D. Cal. 2008) ..................................................................... 5

*SEC v. Seaboard Corp.*,
   677 F.2d 1301 (9th Cir. 1982) ................................................................................................ 9

*Tombs v. Leone*,
   777 F.2d 465 (9th Cir. 1985) .................................................................................................. 9

*United States v. Alisal Water Corp.*,
    370 F.3d 915 (9th Cir. 2006) ...................................................................................................7

*Velazquez v. GMAC Mortgage Corp.*,
    2009 U.S. Dist. LEXIS 88574 (C.D. Cal. 2009) .......................................................................5

*Washington v. Wyman*,
    54 F.R.D. 266 (S.D.N.Y. 1971) ................................................................................................7

*Weinberger v. Kwiker*,
    1986 U.S. Dist. LEXIS 22470 (C.D. Cal. 1986) .......................................................................6

*Williams v. Boeing*,
    2005 U.S. Dist. LEXIS 27491 (W.D. Wash. 2005) ..................................................................6

**STATUTES**

15 U.S.C. § 77m ................................................................................................................................9

Securities Act of 1933 ("'33 Act") ......................................................................................... passim

**OTHER AUTHORITIES**

Fed. R. Civ. P. 24 ................................................................................................................1, 2, 5, 6

Defendants respectfully submit this memorandum of law in opposition to the Motion of General Retirement System of the City of Detroit ("GRCD") to permit GRCD to intervene as an additional named plaintiff in this action ("Intervention Motion"), Dkt. 224-29.

## PRELIMINARY STATEMENT

Pursuant to the Intervention Motion, GRCD seeks belatedly and improperly to assert putative class claims under the Securities Act of 1933 ("'33 Act") relating to a separate and distinct offering (the "Offering") of mortgage-backed pass-through certificates (the "Certificates") issued by certain of the Wells Fargo Defendants on September 22, 2006. This Court, pursuant to its April 22, 2010 Opinion and Order (the "Opinion"), dismissed that Offering (and thirty-six other offerings) from this action because none of the Lead Plaintiffs purchased Certificates in the Offering, and thus Lead Plaintiffs lacked standing to pursue claims relating to it. *See* Opinion (Dkt. 198), at 5-6. Additionally, although the Court, in the Opinion, permitted Lead Plaintiffs to amend the complaint to cure its deficiencies, no plaintiff was named who purchased in the Offering as to which GRCD now seeks to intervene.

Now — almost seventeen months after GRCD filed a complaint raising '33 Act claims involving Wells Fargo mortgage-backed securities offerings (but not the Offering), almost sixteen months after the initial complaint was filed, almost twelve months after the amended complaint was filed, almost ten months after the standing issue was specifically raised by defendants, and almost four months after the Court issued its Opinion — GRCD seeks to "intervene" under Fed. R. Civ. P. 24. Specifically, GRCD, who claims to have invested in the Offering, urges that this Court permit it to intervene to pursue claims on behalf of itself and all other purchasers of Certificates in the Offering notwithstanding that GRCD did not act to be added as a named plaintiff, as the Opinion — that GRCD admits knowing of — allowed.

GRCD's belated effort to now prosecute claims as to which Lead Plaintiffs lacked standing is a wholly improper use of Rule 24. As a threshold matter, GRCD cannot credibly assert, as required by Rule 24, that this Offering is the subject of this action. The Offering was improvidently asserted in the first place and thus dismissed, and is not currently the subject of

the action. Moreover, as this Court explicitly recognized here, each offering was separate and distinct, containing unique disclosures that were based on the particular underlying pool of mortgages that were being securitized, and therefore no common question of fact exists between the offerings that remain in the case and the Offering that GRCD now seeks to add. *See infra* Sec. I.

Additionally, GRCD's attempt to intervene at this stage of the proceeding plainly fails for two independent reasons. Under Rule 24, a motion to intervene must be timely, but GRCD's motion clearly is not. GRCD had reason to know for well over a year that, because Plaintiffs did not make any purchases in the Offering, claims as to that Offering would likely be dismissed, and its interests impaired. Nonetheless, GRCD — a seasoned plaintiff, who raised substantively identical factual allegations about Wells Fargo mortgage-backed securities offerings in March 2009 — chose not to join this action earlier even once the Court's Opinion invited that opportunity. GRCD's delay should not be rewarded.

Last, even if GRCD was entitled to intervene, it no longer has any interest to pursue. Any claim relating to the Offering is time barred by both the three-year statute of repose and the one-year statute of limitations set forth in Section 13 of the '33 Act: the Intervention Motion was filed (i) more than three years after the Offering was made to the public on September 22, 2006, and (ii) more than one year after GRCD was on inquiry notice of all of its claims. *See infra* Sec. II. Accordingly, for GRCD to pursue its claims would require tolling of the applicable limitations and repose periods, but the Intervention Motion makes absolutely no attempt to justify any such tolling. Nor is there any basis for tolling under *American Pipe & Construction v. Utah*, 414 U.S. 538 (1974), as explained in detail in the Underwriter Defendants' motion to dismiss the amended complaint.[1]  Dkt. 212, 240.

The Intervention Motion should be denied.

---

[1] To eliminate the need to repeat those arguments, which are already before the Court, Defendants hereby incorporate those memoranda of law by reference herein. Defendants' Notice of Motion and Memorandum of Law in Support of Motion to Dismiss, Dkt. 212 (cited herein as "D. Mem."); Defendants' Reply Memorandum of Law in Support of Motion to Dismiss Dkt. 240 (cited herein as D. Reply Mem.").

- 2 -

## BACKGROUND

On March 27, 2009, GRCD commenced a putative securities class action in this district, alleging violations of Sections 11, 12(a)(2) and 15 of the '33 Act directed to twenty-one separate offerings of Wells Fargo mortgage-backed securities. *See* Dkt. 1. GRCD's complaint — which raised substantively identical factual allegations as those here, i.e., that the offering documents contained allegedly misleading disclosures about underwriting guidelines for the collateral — did not raise any claims in respect of the Wells Fargo Mortgage Backed Securities 2006-AR15 Trust Offering, the Offering that GRCD now seeks to challenge through intervention. Dkt. 1, ¶ 1, at 1-3.

On April 13, 2009, General Employees' Retirement Systems of New Orleans ("GERO") filed another putative securities class action in this district raising '33 Act claims relating to a slew of Wells Fargo mortgage-backed securities offerings. Unlike the earlier filed GRCD complaint, the GERO complaint purported to include claims directed to the Offering, even though the certification GERO filed with its pleading established that it did not purchase any Certificates in the Offering. *See* Dkt. 1 in No. C-09-1620.

GRCD, the proposed intervenor, sought to be named as lead plaintiff to pursue claims relating to Wells Fargo mortgage-backed securities offerings, but subsequently withdrew its motion, while noting it was still prepared to serve as lead plaintiff if the other candidates proved incapable of doing so. *See* Dkt. 43-46, 101. On July 16, 2009, the Court appointed GERO, along with three other funds, as Lead Plaintiffs in this action. Dkt. 133, ¶ 45, at 14. Lead Plaintiffs filed the Consolidated Class Action Complaint ("Consolidated Complaint") on August 31, 2009, in which they asserted claims in respect of fifty-four offerings, including the 2006-AR15 Offering. However, none of the Lead Plaintiffs, as their certifications conclusively demonstrated, purchased any Certificates in the Offering or in thirty-six other offerings as to which they sought to pursue claims.

On October 30, 2009, Defendants moved to dismiss the Amended Complaint on a number of grounds, including that Plaintiffs lacked standing to assert claims with respect to the thirty-seven offerings in which they did not purchase certificates, including the Offering. *See*

Dkt. 156-68. Similar motions had been made in the dozens of other '33 Act cases involving mortgage-backed securities.[2] On April 22, 2010, the Court dismissed all claims relating to those offerings for lack of standing, finding that Plaintiffs could not prosecute claims relating to them. *See* Ex. A, Opinion at 5-6. The Court's decision was fully in line with a multitude of other decisions specifically rejecting efforts by class action plaintiffs to create standing by conflating separate and distinct securitization offerings.[3]

Nonetheless, without considering the viability of any newly added plaintiffs' claims, the Court permitted Plaintiffs to amend their pleadings to name new plaintiffs who made purchases in offerings in which Plaintiffs did not invest. When the Consolidated Amended Class Action Complaint was filed on May 28, 2010, Lead Plaintiffs added five additional named plaintiffs who purportedly purchased in offerings in which Lead Plaintiffs did not purchase. Nonetheless, no purchaser was named for the Offering.[4] Dkt. 203, ¶¶ 16-20. Notwithstanding GRCD's filing

---

[2]  *See, e.g.*, *Plumbers' Union Local No. 12 Pension Fund v. Nomura Asset Acceptance Corp.*, No. 08-cv-10446 (D. Mass.) (standing argument raised on March 13, 2009); *In re Lehman Bros. Mortgage-Backed Sec. Litig.*, No. 08-cv-6762 (S.D.N.Y.) (standing argument raised on April 27, 2009); *NJ Carpenters Health Fund v. DLJ Mortgage Capital, Inc.,* No. 1:08-CV-05653 (PAC) (standing argument raised on June 24, 2009); *N.J. Carpenters Vacation Fund v. Royal Bank of Scotland Group* (standing argument raised on July 15, 2009); *N.J. Carpenters Health Fund v. RALI* Series 2006-Q01 Trust (standing argument raised on July 17, 2009).

[3]  *See Plumbers' Union Local No. 12 Pension Fund v. Nomura Asset Acceptance Corp.*, 658 F. Supp. 2d 299, 304 (D. Mass. Sept. 30, 2009) ("noting the "overwhelming weight of authority" that required dismissal for lack of standing); *See also In re Indymac Mortgage-Backed Sec. Litig.*, 2010 WL 2473243, at *3 (S.D.N.Y. June 21, 2010); *MissPERS*, *2010 U.S. Dist. LEXIS 53047*, at *10-11 (S.D.N.Y. June 1, 2010); *City of Ann Arbor Employees' Ret. Sys. v. Citigroup Mortgage Loan Trust, Inc.*, 2010 WL 1371417, at *7-8 (E.D.N.Y. Apr. 6, 2010); *Mass. Bricklayers & Masons Funds v. Deutsche Alt-A Sec.*, 2010 WL 1370962, at *1 (E.D.N.Y. Apr. 6, 2010); *N.J. Carpenters Vacation Fund v. Royal Bank of Scotland Group,* 2010 WL 1172694, at *8 (S.D.N.Y. Mar. 26, 2010); *In re Lehman Bros. Mortgage-Backed Sec. Litig.*, 684 F. Supp. 2d 485, 490-91 (S.D.N.Y. Feb. 17, 2010); *NECA-IBEW Health & Welfare Fund v. Goldman, Sachs & Co.,* No. 08-cv-10783, Tr. at 41 (S.D.N.Y. Jan. 28, 2010); *See also* Subprime Lawsuit Against Mortgage Securitizer Dismissed, The D & O Diary (Oct. 7, 2009); http://www.dandodiary.com/2009/10/articles/subprime-litigation/subprime-lawsuit-against-mortgage-securitizer-dismissed (observing that plaintiffs in similar cases "will face the same 'standing' hurdles that confounded the plaintiffs in the Nomura case"); *See also* Ex. F, *La. Mun. Police Employees Ret. Sys. v. Merrill Lynch & Co.*, No. 08-9063 (S.D.N.Y. Feb. 19, 2009) (Transcript of Oral Argument at 7-9, 62) (Judge Rakoff specifically indicated that he was highly skeptical that plaintiff could pursue claims for offerings where plaintiff made no purchases).

[4]  Nor were any of those additional offerings properly added to the Amended Complaint. As detailed in Defendants' motion to dismiss, Plaintiffs are time barred from pursuing claims in respect of the newly added offerings, and not preserved by any applicable tolling principle.

- 4 -

of a complaint relating to Wells Fargo mortgage backed securities and its effort to be named lead plaintiff to pursue claims relating to those offerings, GRCD never sought to assert any claims in respect of the Offering until its Intervention Motion was filed on August 13, 2010.  Dkt. 224-29.

## ARGUMENT

### I. GRCD'S INTERVENTION MOTION IS A BELATED ATTEMPT TO PURSUE CLAIMS THAT WERE NEVER PROPERLY BEFORE THE COURT

To intervene, a person must either have "an interest relating to the . . . transaction that is the subject of the action" (in the case of intervention as of right) or "a claim or defense that shares with the main action a common question of law or fact" (in the case of permissive intervention).  *See* Fed. R. Civ. P. 24(a)(2); *Id.* 24(b)(1)(B).  Additionally, Rule 24 requires that a motion be timely — a requirement that has been interpret to mean that a person must act to intervene as soon as it knows or has reason to know that its interests might be impaired.  *See infra* Sec. I.B.  These requirements are not met here.

#### A. GRCD Has No Interests in this Action

GRCD asserts that its participation as a class representative will ensure that its interests as well as the interests of other investors who purchased in the 2006-AR15 Offering are protected. Int. Motion at 5; *Id.* at 4 (GRCD's interests would be impaired without intervention). But that contention presumes that the Offering is before this Court even though nobody who actually purchased a Certificate in the Offering has ever asserted a claim as to the Offering in this case. *Palmer v. Stassinos*, 236 F.R.D. 460, 466 n.6 (N.D. Cal. 2006); *Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018, 1023 (9th Cir. 2003).  GRCD thus has absolutely no basis to seek intervention as of right, as the weight of authority conclusively demonstrates. *See Krim v. PcOrder.com*, 402 F.3d 489, 503 (5th Cir. 2005) (affirming denial of motion to intervene to add plaintiff with standing to assert section 11 claim "in the absence of viable individual claims"); *Lidie v. State of California*, 478 F.2d 552, 555 (9th Cir. 1973) ("where the original plaintiffs were never qualified to represent the class, a motion to intervene represents a back-door attempt to begin the action anew, and need not be granted"); *Velazquez v. GMAC Mortgage Corp.*, 2009 U.S. Dist. LEXIS 88574, at *12 (C.D. Cal. 2009) (quoting *Lidie*); *Sanford v. Memberworks*,

2008 U.S. Dist. LEXIS 79189, at *15 (S.D. Cal. 2008) ("Because Plaintiffs were never qualified to represent the putative class, the Court would not grant a motion to intervene at this point even if the proceedings were stayed to allow such a motion to be filed."); *Weinberger v. Kwiker*, 1986 U.S. Dist. LEXIS 22470, at *33 (C.D. Cal. 1986) ("A third party cannot intervene pursuant to Fed. R. Civ. P. 24 in a class action suit 'to save a claim as to which the original plaintiff never had a claim, for the intervenors cannot possibly have a claim or defense in common with a plaintiff who never had a claim.'") (internal quotations omitted); *Williams v. Boeing*, 2005 U.S. Dist. LEXIS 27491, at *33 (W.D. Wash. 2005) ("Plaintiffs have not demonstrated standing in the first instance to maintain such claims. Under these circumstances … intervention would not be appropriate… 'A motion for intervention under Rule 24 is not an appropriate device to cure a situation in which plaintiffs may have stated causes of action that they have no standing to litigate.'") (citation omitted).

Nor does GRCD have a basis for permissive intervention under Rule 24(b). As the Court specifically recognized, each offering was separate, based on a distinct set of offering materials which contained unique and specific disclosures directed to the particular mortgages comprising each trust. *See* Opinion at 5 ("different offerings stemming from distinct offering documents."); *Id.* ("each offering was associated with a separate prospectus and prospectus supplement."). Thus, the Court, consistent with "overwhelming" authority, "held that the lead plaintiffs named in the complaint lack standing to challenge any offering through which no lead plaintiff actually purchased a security." Ex. A, Opinion at 7. GRCD's attempt to create some connection between those offerings that Plaintiffs are pursuing and the Offering in which it made purchases is wholly illusory and attempts precisely the conflation previously rejected by the Court.

In similar circumstances, where a plaintiff's claims were dismissed, whether for lack of standing or otherwise, courts have rejected a person's attempt to intervene on grounds of commonality. *See, e.g.*, *Weinberger v. Kwiker*, 1986 U.S. Dist. LEXIS 22470 (C.D. Cal. 1986) ("intervenors cannot possibly have a claim or defense in common with a plaintiff who never had a claim.); *Crazy Eddie Secs. Litig.*, 747 F. Supp. 850, 859 (E.D.N.Y. 1990) (same); *Panzirer v.*

*Wolf*, 1980 U.S. Dist. LEXIS 11146, at *29 (S.D.N.Y. 1980) ("the intervenors cannot possibly have a claim or defense in common with a plaintiff who never had a claim"); *Greer v. Blum*, 462 F. Supp. 619, 625 (S.D.N.Y. 1978) ("Surely the intervenors cannot have a claim common to one that does not exist."); *Washington v. Wyman*, 54 F.R.D. 266, 271-72 (S.D.N.Y. 1971) (there can be no common question of law or fact where there was no claim); *see also* Transcript of Oral Argument at 27, *NECA-IBEW Health & Welfare Fund v. Goldman, Sachs & Co.*, No. 08-cv-10783 (S.D.N.Y. May 27, 2010) (rejecting a motion to intervene to pursue offerings as to which plaintiffs' claims were dismissible on the grounds that it was not an appropriate use of intervention).[5]

### B. GRCD's Motion to Intervene Is Untimely

To satisfy the requirements for intervention, whether permissive or as of right, an applicant must also make a timely motion. "While the length of time that has passed since a suit was filed is not, in and of itself, determinative of timeliness, '[a] party seeking to intervene must act as soon as he knows or has reason to know that his interests might be adversely affected by the outcome of litigation.'" *Cal. Dep't of Toxic Substances Control v. Commercial Realty Projects, Inc.*, 309 F.3d 1113, 1119 (9th Cir. 2002); *Alisal*, 370 F.3d 915, 923 (9th Cir. 2006) (holding that "[a] party must intervene when he 'knows or has reason to know that his interests might be adversely affected by the outcome of litigation'" and finding that a ten month delay in moving to intervene from date when applicant was on constructive notice of adverse interest was untimely) (internal citations omitted); *see also League of United Latin American Citizens v. Wilson*, 131 F.3d 1297, 1308 (9th Cir. 1997) (in the context of permissive intervention, the court "analyze[s] the timeliness element more strictly [than it does] with intervention as of right").[6]

---

[5]  Nor are the cases GRCD cites to the contrary. None of those cases addresses intervention in a suit where as here it was objectively clear from the outset of the action that a standing deficiency existed. *See, e.g., Haddock v. Nationwide Fin. Svcs. Inc.*, 262 F.R.D. 97 (E.D. Conn. 2009) (only issue was timeliness as other criteria were conceded).

[6]  The factors considered in determining timeliness are: (1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay. *See Alisal*, 370 F.3d at 921.

- 7 -

Here, although GRCD had reason to know that Plaintiffs had no standing to pursue claims as to the Offering, it has no good reason for having waited until after the Amended Complaint was filed to first move to intervene. GRCD asserts that it was not on notice that its interests would be impaired until Lead Plaintiffs filed the Amended Complaint on May 28, 2010, almost three months before it moved to intervene. But that is absurd here on multiple fronts. First, GRCD itself raised issues with respect to Wells Fargo mortgage-backed securities offerings in the complaint it filed in April 2009. Had GRCD actually been concerned about any of the disclosures in the Offering, it certainly could have asserted a claim at the time when it was acutely focused on purchases of mortgage-backed securities from Wells Fargo. GRCD did not, and the unattested notion that GRCD is now so concerned about protecting its rights as to the Offering must be taken with the proverbial "grain of salt."

Second, both when the Amended Complaint was filed on August 31, 2009 and Defendants' dismissal motions were filed on October 30, 2009, defendants in mortgage-backed securities cases uniformly had moved to dismiss claims for lack of standing where plaintiffs had made no purchases in the offerings. *See supra* at 4, n.2. GRCD is a seasoned plaintiff, and cannot dispute that standing was a threshold issue being raised in a multitude of mortgage-backed securities cases. *Id.* And, since September 2009, courts have repeatedly confirmed the obvious, dismissing Securities Act claims for lack of standing in mortgage-backed securities cases based on longstanding precedent in this and other circuits. *Id.* at 4, n.3. Given these circumstances, GRCD cannot credibly claim that it had no reason to know well over a year ago that it would have to take action to protect the claims that it now is attempting to pursue.

Third, GRCD acknowledged that it was aware of the Opinion, but nonetheless took a "wait and see" approach to whether Lead Plaintiffs would assert a claim as to the Offering. Its conduct is inexcusable. The Court made clear that the proper procedure was to proceed by amendment, not intervention. But notwithstanding the suggestion to this Court in withdrawing its lead plaintiff motion that it would act if Lead Plaintiffs proved inadequate (*see supra* at 3), GRCD apparently never sought to be identified as a named plaintiff in the Amended Complaint.

- 8 -

GRCD offers no explanation for why it took an additional four months — as additional rounds of briefing directed to the Amended Complaint were filed — to attempt to intervene.

In sum, GRCD has known for over a year of the issues that it now is attempting to cure, and its delay in acting is wholly unjustified.

## II. INTERVENTION BY GRCD WOULD BE FUTILE BECAUSE GRCD'S CLAIMS ARE STALE

### A. GRCD's Claims Are Time-Barred

Pursuant to Section 13 of the '33 Act, a plaintiff alleging a Section 11 or 12(a)(2) claim must assert its claim (i) within one year from the time the challenged statement was discovered or should have been discovered, and (ii) within three years after the underlying security was first offered to the public. 15 U.S.C. § 77m; *see also Tombs v. Leone*, 777 F.2d 465, 468 (9th Cir. 1985) (plaintiff must plead compliance with the statute of limitations in the context of '33 Act claims); *In re Stac*, 89 F.3d 1399, 1410 (9th Cir. 1996) ("The statute of limitations governing Section 11 requires filing a complaint within three years of offer or sale of a security or within one year of actual notice or inquiry notice of an untrue of misleading statement.") (citing 15 U.S.C. § 77m). As discussed below, GRCD's claims are barred.

#### 1. GRCD's Claims Are Barred by the Three-Year Statute Of Repose

As the Intervention Motion establishes, the Certificates in the Offering underlying GRCD claims were first offered to the public for sale on September 22, 2006. *See* Int. Motion at 1. However, GRCD did not present its claims until almost four years later in August 2010. Therefore, GRCD's claims based on the Offering is subject to an absolute bar under Section 13's three-year statute of repose. *See*, *e.g.*, *SEC v. Seaboard Corp.*, 677 F.2d 1301, 1308 (9th Cir. 1982) (dismissing Section 11 and 12(a) claims as barred by the three-year statute of repose).

#### 2. GRCD's Claims Are Barred by the One-Year Statute of Limitations

It is indisputable that GRCD, in the exercise of reasonable diligence, should have known about the alleged misstatements — *i.e.*, GRCD was on inquiry notice of its claims — more than one year before the Amended Complaint was filed on May 28, 2010.

*First*, GRCD's claims are based on an Offering that was first challenged more than one year before the Amended Complaint was filed. Specifically, the Offering was first challenged in the complaint that GERO filed on April 13, 2009. Dkt. 1 in No. 09-1620, ¶ 35 at 10. Moreover, GRCD, on March 29, 2009, separately challenged twenty-one offerings of Wells Fargo mortgage-backed securities based on virtually identical factual allegations directed to the disclosures about underwriting practices.

The existence of these prior complaints, including the one filed by GRCD, clearly establishes that there was enough information available in the public sphere to place GRCD on inquiry notice of its purported claims. *See*, *e.g.*, *In re American Funds Sec. Litig.*, 556 F. Supp. 2d 1100, 1108-10 (C.D. Cal. 2008) ("The very existence of the Corbi complaint – which clearly demonstrates that sufficient information existed to provide a basis for asserting claims that are factually indistinguishable from those presented in the later-filed lawsuits – is nearly dispositive evidence that there was sufficient information in the public sphere to impart inquiry notice on reasonable investors of the existence of a claim against *American Funds* for securities law violations."); *Pfeiffer v. Goldman, Sachs & Co.*, 2003 U.S. Dist. LEXIS 11120, at *13 (S.D.N.Y. June 30, 2003) (complaint filed fourteen months before later filed action that "contained markedly similar allegations" put plaintiff on notice of its claims), *aff'd w/o op.*, 2004 U.S. App. LEXIS 156111 (2d Cir. April 1, 2004); *Benak v. Alliance Capital Mgmt. LP*, 349 F. Supp. 2d 882, 892 (D.N.J. 2004) (dismissing securities action as time-barred because earlier-filed complaint indicated that there were sufficient storm warnings to place plaintiffs on inquiry notice). That conclusion has even greater force, where, as here, GRCD was a plaintiff in one of those actions, and sought to be named Lead Plaintiff. *See* Exs. Dkt. 43, 101.

*Second*, Lead Plaintiffs have already conceded that publicly available facts and circumstances about the Certificates placed them on inquiry notice of their claims relating to the Offerings by *May 20, 2008* or — at the very latest — by *December 16, 2008*. *See* P. Mem. at 24. Thus, Lead Plaintiffs have acknowledged that publicly available information would have put a reasonable investor on inquiry notice of claims relating to the Offering more than one year

- 10 -

before GRCD filed its intervention motion.  GRCD cannot viably contend that it was not equally on notice of its claims.  *See*, *e.g.*, *In re American Funds*, 556 F. Supp. 2d at 1104-05 (dismissing Section 12(a)(2) claims where "Plaintiffs acknowledged the existence of facts that put them on inquiry notice more than a year before the filing of their complaint").[7]

B. The Statute of Limitations Has Not Been Tolled

GRCD, in an effort to resuscitate its claims, may seek to rely on the tolling rule set forth in *American Pipe & Constr. v. Utah*, 414 U.S. 538 (1974).  However, any such attempt would be unavailing for three reasons:

- Given that the claims GRCD now tries to pursue have never properly been before this (or any) Court, none of Lead Plaintiffs' filings tolled the statute of limitations for GRCD's claims.  "Lack of standing is a constitutional limitation on the power of federal courts," and "it would be beyond the constitutional power of a federal court to toll a period of limitations based on a claim that failed because the claimant had no power to bring it."  *Palmer v. Stassinos*, 236 F.R.D. 460, 466 n.6 (N.D. Cal. 2006).  *See* D. Mem. at 9-11; D. Reply Mem. at 2-6.

- *American Pipe* specifically noted that the tolling rule it established was not addressed to the situation where class certification is denied for "lack of standing of the representative."  414 U.S. at 553.  Consistent with that express limitation the overwhelming weight of authority holds that *American Pipe* tolling does not apply to claims asserted by an original plaintiff that lacked standing to assert those claims.[8]  Because Lead Plaintiffs lacked standing to

---

[7] Although Lead Plaintiffs' admission itself mandates dismissal, as explained in the Wells Fargo Defendants' dismissal brief, Plaintiffs should have been on inquiry notice of their claims no later than March 2008.

[8] *See Kruse v. Wells Fargo Home Mort., Inc.*, 2006 WL 1212512, at *4-5 (E.D.N.Y. May 3, 2006) (new plaintiffs "can resuscitate a suit in which the original named plaintiffs never had standing to sue"); *Palmer*, 236 F.R.D. at 463-66 (class action complaint did not toll statute of limitations on claims for which the original putative class representatives lacked standing to sue); *In re Colonial Ltd. P'ship Litig.*, 854 F. Supp. 64, 82 (D. Conn. 1994) ("if the original plaintiffs lacked standing to bring their claims in the first place, the filing of a class action complaint does

- 11 -

> pursue claims related to the Offering in which they did not invest, the limitations period for GRCD's claims was not tolled under *American Pipe*. *See* D. Mem. at 9-10; D. Reply Mem. at 2-3.

- Even if *American Pipe* tolling applied, *American Pipe* tolling is limited to individual, not class claims. *See Robbin v. Fluor*, 835 F.2d 213, 214 (9th Cir. 1987) ("to extend tolling to class actions 'tests the outer limits of the *American Pipe* doctrine and . . . falls beyond its carefully crafted parameters into the range of abusive options'") (citing *Korwek v. Hunt*, 827 F.2d 874, 879 (2d Cir. 1987)); *Newport v. Dell*, 2008 U.S. Dist. LEXIS 89381, at *20-22 (C.D. Cal. Aug. 20, 2008) ("A related class action tolls SOL for individual claims only, not for subsequently filed class actions"). *See* D. Mem. at 11; D. Reply Mem. at 7.

Because GRCD's claims are time-barred, and are not entitled to the benefit of tolling, any intervention by GRCD would be futile.

## CONCLUSION

For all the foregoing reasons, Defendants respectfully request that the Intervention Motion be denied.

---

not toll the statute of limitations for other members of the purported class"); *In re Crazy Eddie Sec. Litig.*, 747 F. Supp. 850, 856 (E.D.N.Y. 1990) (same). *See also Dietrich v. Bauer,* 76 F. Supp. 2d 312, 326 (S.D.N.Y. 1997) (a plaintiff may not use intervention in a class action as a procedure to "bootstrap" itself into standing it lacks under substantive law).

Dated: September 16, 2010

                PILLSBURY WINTHROP SHAW PITTMAN LLP

                By:   /s/   Bruce A. Ericson
                       Bruce A. Ericson

bruce.ericson@pillsbury.com

FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP

By:   /s/
       William G. McGuinness

william.mcguinness@friedfrank.com
stephanie.goldstein@friedfrank.com

*Attorneys for Underwriter Defendants*

MUNGER, TOLLES & OLSON LLP

By: _____
       David H. Fry

560 Mission Street
San Francisco, CA  94105
(415) 512-4000

DavidFry@mto.com

*Attorneys for Wells Fargo Defendants*