Reed R. Kathrein (139304)
Peter E. Borkon (212596)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Ave., Suite 202
Berkeley, CA  94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
reed@hbsslaw.com
peterb@hbsslaw.com

Steve W. Berman
Sean R. Matt
Karl P. Barth
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com
sean@hbsslaw.com
karlb@hbsslaw.com

Joseph W. Cotchett (363241)
Nanci Nishimura (152621)
Mark C. Molumphy (#168009)
Matthew K. Edling (#250940)
COTCHETT, PITRE & McCARTHY
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA  94010
Telephone:  (650) 697-6000

*Counsel for Plaintiff First Star Bank*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| IN RE WELLS FARGO MORTGAGE-BACKED CERTIFICATES LITIGATION | No. 09-cv-01376-LHK<br>CONSOLIDATED CLASS ACTION<br>ECF<br><br>FIRST STAR BANK'S MEMORANDUM IN OPPOSITION TO PLAINTIFF DETROIT RETIREMENT'S MOTION TO INTERVENE<br><br>Date:  October 7, 2010<br>Time:  1:30 p.m.<br>Courtroom:  4<br>Judge:  Hon. Lucy H. Koh |

FIRST STAR BANK'S MEMORANDUM IN OPPOSITION TO
PLAINTIFF DETROIT RETIREMENT'S MOTION TO
INTERVENE - 09-cv-01376-LHK
010194-11  395553 v1

1    First Star Bank, plaintiff in the related action *First Star Bank v. The Wells Fargo Mortgage*

2    *Backed Securities 2006-AR15 Trust*, Civil Action No. 10-CV-03508-LHK, submits this memoran-

3    dum opposing the so-called motion to intervene (Dkt. No. 224) filed by the General Retirement

4    System of the City of Detroit ("Detroit Retirement"), which is already a plaintiff in the above-

5    captioned action.[1]

### I.    INTRODUCTION

7    Plaintiff Detroit Retirement moves to intervene in its own lawsuit under Fed. R. Civ. P.

8    24(a)(2) in order to assert a claim it could have brought from the beginning but declined to do so.

9    The claim relates to Detroit Retirement's purchases of Wells Fargo Mortgage Backed Securities

10   2006-AR15 Trust ("2006-AR15 bonds").  The motion is untimely, however, because Detroit

11   Retirement had 14 months to assert the claim before (i) Judge Illston dismissed the lead plaintiffs'

12   same claim for lack of standing and (ii) the Court's five-week deadline for naming new plaintiffs

13   expired.  Nor does Detroit Retirement have a "significant protectable interest relating to the

14   property … that is the subject of the action" because the 2006-AR15 bond claims, having been

15   irretrievably dismissed from this lawsuit, are no longer a "subject of the action."  Third, disposition

16   of this action will not impair Detroit Retirement's ability to protect its interest in 2006-AR15 bonds

17   because the bonds were already irretrievably dismissed from this lawsuit.  Detroit Retirement can

18   protect its interests by looking to First Star Bank's separate action, which asserts the same 2006-

19   AR15 bond claims that Detroit Retirement improperly seeks to resurrect here.

### II.    BACKGROUND

21   On March 27, 2009, Detroit Retirement filed a complaint against the Wells Fargo Mortgage

22   Backed Securities 2006-AR18 Trust and 21 other Issuing Trusts, Wells Fargo Bank and other

23   parties related to Wells Fargo, underwriters and ratings agencies.  This complaint did *not* assert

24   claims on behalf of purchasers of bonds issued by the Wells Fargo Mortgage Backed Securities

25   2006-AR15 Trust (Dkt. No. 1).

---

[1] First Star Bank, while an interested and related party to this litigation, was never served with Detroit Retirement's motion.  First Star Bank learned of the motion belatedly and thus asks the Court to accept the filing of this memorandum three court days after the filing deadline for opposing briefs by parties that were actually served with the motion.

1    On April 13, 2009, Plaintiff New Orleans Employees' Retirement System ("New Orleans")

2    filed a related action on behalf of acquirers of 54 different Wells Fargo mortgage pass-through

3    Certificates, including bonds issued by the Wells Fargo Mortgage Backed Securities 2006-AR15

4    Trust.  On July 16, 2009, Judge Illston consolidated the New Orleans action and others into the

5    Detroit Retirement action.

6    On June 1, 2009, competing motions to be appointed lead plaintiff were filed by (i) Detroit

7    Retirement; (ii) the Institutional Investor Group (the Employees' Retirement System of the Virgin

8    Islands and the City of Sterling Heights Police & Fire Retirement System); and (iii) the "Public

9    Funds" (New Orleans, the Louisiana Sheriffs' Pension and Relief Fund, the Government of Guam

10   Retirement  Fund, and the Alameda County Employees' Retirement Association) (Dkt. Nos. 43, 47

11   and 52).

12   Detroit Retirement's lead-plaintiff motion was accompanied by the Declaration of

13   Francis M. Gregorek in Support of Motion to Appoint Lead Plaintiff and Lead Counsel (Dkt. No.

14   44).  Attached as Exhibit 1 thereto was the Declaration of Walter Stampor in Support of the

15   General Retirement System of the City of Detroit's Motion to Consolidate All Actions, and for

16   Appointment as Lead Counsel.  The Stampor Declaration identified three transactions that Detroit

17   Retirement had made in a bond issued by a Wells Fargo mortgage-backed securities trust, but did

18   *not* mention any transactions in bonds issued by the Wells Fargo Mortgage Backed Securities

19   2006-AR15 Trust.  On June 26, 2009, Detroit Retirement withdrew its lead-plaintiff motion (Dkt.

20   No. 101) and threw its support behind the Public Funds.  On July 16, 2009, the Court appointed the

21   "Public Funds" as lead plaintiff (Dkt. No. 124).

22   On August 31, 2009, the Public Funds, now the lead plaintiffs, filed a Consolidated Class

23   Action Complaint purporting to assert claims related to bonds issued by 54 different offering trusts,

24   including Wells Fargo Mortgage Backed Securities 2006-AR15 Trust (Dkt. No. 133).

25   On October 30, 2009, the various defendants filed motions to dismiss the Consolidated

26   Complaint (Dkt. Nos. 157, 160, 161).  One of the grounds for these motions was that the lead

27   plaintiffs lacked standing to pursue claims related to most of the bonds at issue in the Consolidated

28

1   Complaint.  *See* Memorandum of Points and Authorities in Support of Wells Fargo Defendants'

2   and Individual Defendants' Motion to Dismiss the Consolidated Complaint (Dkt. No. 162), at 23.

3         On April 22, 2010, Judge Illston issued an order granting in part and denying in part the

4   dismissal motions (Dkt. No. 198).  Pertinent here, the Court ruled that lead plaintiffs could not

5   assert claims relating to bonds they had not purchased:

6               Plaintiffs' Section 11 claims challenging the thirty-seven offerings
                through which they did not purchase securities are DISMISSED.

7               [Order at 7].

8   *See also id.* at 8 (dismissing § 12(a)(2) claims for lack of standing).  Judge Illston granted lead

9   plaintiffs leave to amend the complaint and revive the dismissed claims by "designat[ing]

10   additional named plaintiffs who purchased securities through those offerings," but ordered that any

11   such designation must be made no later than May 7, 2010.  Order at 7, 19.

12         On May 4, 2010, defendants and lead plaintiffs filed a stipulation and proposed order that

13   extended the deadline for designating new named plaintiffs and filing the amended complaint to

14   May 28, 2010 (Dkt. No. 200).  On May 28, 2010, the lead plaintiffs filed their amended consoli-

15   dated complaint (Dkt. No. 203), which alleges claims on behalf of purchasers of 27 of the Wells

16   Fargo Issuing Trusts.  The lead plaintiffs designated four additional named plaintiffs, who alleged

17   standing with respect to an additional ten Issuing Trusts, bringing the total to 27 Issuing Trusts in

18   the Amended Consolidated Class Action Complaint.  The complaint did *not*, however, name a

19   2006-AR15 bond purchaser as a plaintiff.  *See id.* at 12-14.  Thus, while Detroit Retirement now

20   asserts it purchased bonds issued by the 2006-AR15 Trust in January 2007, the amended complaint

21   did not name it as a plaintiff with standing to assert 2006-AR15 claims.

22         On August 10, 2010, months after Judge Illston's expired deadline barred adding new

23   plaintiffs in this action with standing to revive a dismissed claim, First Star Bank filed a separate

24   action entitled *First Star Bank v. The Wells Fargo Mortgage Backed Securities 2006-AR15 Trust,*

25   *et al.*, No. 10-cv-03508-LHK (N.D. Cal.), which asserts claims on behalf of all purchasers of bonds

26   issued by the Wells Fargo 2006-AR15 Trust.  A week later, First Star Bank moved for an admini-

27   strative order relating the two actions (Dkt. No. 235), which the Court granted on September 2,

28

1   2010 (Dkt. No. 252).

2       On August 13, 2010, Detroit Retirement, despite having been a party in this action from the

3   beginning but failing to respond to Judge Illston's April 22, 2010 Order to designate new named

4   plaintiffs by May 28, 2010, filed a Notice of Motion and Motion to Intervene (Dkt. No. 224) to

5   appear as a plaintiff in this action based on its purchases of Wells Fargo 2006-AR15 Trust

6   certificates.  Detroit Retirement did not serve its motion on First Star Bank.

7       On September 2, 2010, lead plaintiffs moved to consolidate First Star Bank's action with

8   this action (Dkt. No. 255), which First Star Bank opposed on September 16 (Dkt. No. 265).

9                              **III.    ARGUMENT**

10  **A.    Detroit Retirement's Motion Falls Short of Rule 24(a)(2)'s Requirements**

11      Detroit Retirement acknowledges it must meet four Fed. R. Civ. P. 24(a)(2) factors to

12  intervene as a named plaintiff in this action[2]:

13          (1) the intervention application is timely; (2) the applicant has a
            significant protectable interest relating to the property or transaction
14          that is the subject of the action; (3) the disposition of the action may,
            as a practical matter, impair or impede the applicant's ability to
15          protect its interest; and (4) the existing parties may not adequately
            represent the applicant's interest.
16
17  Br. at 3-4 (quoting *Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006)) (Dkt. No. 224).  But

    Detroit Retirement cannot meet three of those factors:  Its motion is untimely; it has no protectable
18
    interest in the subject of this action; and disposition of this action will not impair its ability to
19
    protect its interest.
20
21          1.      **Detroit Retirement's motion is untimely**

22      Detroit Retirement's attempt to intervene is untimely, as Defendants already addressed

23  (Dkt. No. 263, filed September 16, 2010, at 2, 7-9).  Judge Illston allowed five weeks to name new

24  plaintiffs with standing to assert claims dismissed in her April 22, 2010 Order (Dkt. No. 198).  Not

25  only did Detroit Retirement fail to identify its 2006-AR15 bond purchase in its initial March 27,

26  2009 complaint (Dkt. No. 1), it had only to notify lead plaintiff that it had purchased those bonds

27      [2] We set aside that Detroit Retirement already *is* a plaintiff in this action – indeed, it filed the
    first action, and the later-filed actions were then consolidated into it.  The consolidated complaint
28  was filed under the Detroit Retirement action's cause number.

and possessed standing to assert claims based on them.  But after sitting on its hands for 14 months, Detroit Retirement's opportunity to appear as a named plaintiff in that case ended when Judge Illston's deadline expired on May 28, 2010.  As the result of Detroit Retirement's delay, there is no 2006-AR15 claim left in this case in which Detroit Retirement could intervene.

> **2.      Detroit Retirement has no protectable interest supporting intervention because the 2006-AR15 bonds are not a subject of this action**

Second, Rule 24(a)(2) requires that the proposed intervener have a "significant protectable interest relating to the property … that is the subject of the action."  Defendants argue that Detroit Retirement's motion falls short of this factor as well, and First Star Bank agrees.  The 2006-AR15 bond is no longer a subject of this action.  The door closed on any opportunity to add new named plaintiffs in this action with standing to assert bond claims that Judge Illston dismissed in her April 22 Order.  The deadline thus passed for reviving 2006-AR15 claims in this action.  Detroit Retirement must go elsewhere.  It cannot intervene here.

> **3.      Disposition of this action will not impair Detroit Retirement's ability to protect its interest in 2006-AR15 bonds**

Next, because the 2006-AR15 claims are irretrievably dismissed from this action, resolving the remainder of the claims cannot impair Detroit Retirement's ability to protect its interest in 2006-AR15 bonds.  No future activity in this action can protect Detroit Retirement's interest.  Rather, another 2006-AR15 action has been filed, and Detroit Retirement must look to it.  That matter, filed by First Star Bank, which purchased $900,000 worth of 2006-AR15 bonds, will protect Detroit Retirement's interest.

**B.      Unlike Its Motion, Detroit Retirement's Claims Are Timely**

First Star Bank disagrees with defendants that Detroit Retirement's claims are not timely.  For the moment, however, we defer to Detroit Retirement and the lead plaintiffs to argue that the 14-month pendency of the 2006-AR15 and other dismissed claims tolled the statute of limitations under *American Pipe & Construction v. Utah*, 414 U.S. 538 (1974), and its progeny.

## IV.      CONCLUSION

For these reasons, the Court should deny Detroit Retirement's motion to intervene.

1    DATED:  September 21, 2010.

2                                              HAGENS BERMAN SOBOL SHAPIRO LLP

3

4                                                     /s/ Steve W. Berman
                                               Steve W. Berman
5                                              Sean R. Matt
                                               Karl P. Barth
6                                              1918 Eighth Avenue, Suite 3300
                                               Seattle, WA  98101
7                                              Telephone: (206) 623-7292
                                               Facsimile:  (206) 623-0594
8                                              steve@hbsslaw.com
                                               sean@hbsslaw.com
9                                              karlb@hbsslaw.com

10                                             Reed R. Kathrein (139304)
                                               Peter E. Borkon (212596)
11                                             HAGENS BERMAN SOBOL SHAPIRO LLP
                                               715 Hearst Ave., Suite 202
12                                             Berkeley, CA  94710
                                               Telephone: (510) 725-3000
13                                             Facsimile:  (510) 725-3001
                                               reed@hbsslaw.com
14                                             peterb@hbsslaw.com

15                                             Joseph W. Cotchett (363241)
                                               Nanci Nishimura (152621)
16                                             Mark C. Molumphy (#168009)
                                               Jordanna G. Thigpen (#232642)
17                                             Matthew K. Edling (#250940)
                                               COTCHETT, PITRE & McCARTHY
18                                             San Francisco Airport Office Center
                                               840 Malcolm Road, Suite 200
19                                             Burlingame, CA  94010
                                               Telephone:  (650) 697-6000
20                                             jcotchett@cpmlegal.com
                                               mmolumphy@cpmlegal.com
21                                             nnishimura@cpmlegal.com
                                               jthigpen@cpmlegal.com
22                                             medling@cpmlegal.com

23                                             Andrew Levetown
                                               John D. Jenkins
24                                             LEVETOWN & JENKINS, LLP
                                               700 12th Street, NW, Suite 700
25                                             Washington, DC  20005
                                               Telephone:  (202) 379-4899
26
                                               *Counsel for Plaintiff First Star Bank*
27

28
     FIRST STAR BANK'S MEMORANDUM IN OPPOSITION TO
     PLAINTIFF DETROIT RETIREMENT'S MOTION TO
     INTERVENE - 09-cv-01376-LHK                          - 6 -
     010194-11  395553 v1