GOODIN, MACBRIDE, SQUERI, DAY & LAMPREY, LLP
ROBERT A. GOODIN, State Bar No. 061302
   rgoodin@goodinmacbride.com
FRANCINE T. RADFORD, State Bar No. 168269
   fradford@goodinmacbride.com
ANNE H. HARTMAN, State Bar No. 184556
   ahartman@goodinmacbride.com
505 Sansome Street, Suite 900
San Francisco, California 94111
Telephone:   (415) 392-7900
Facsimile:   (415) 398-4321

THE CHARLES SCHWAB CORPORATION
LOWELL HAKY, State Bar No. 178526
211 Main Street
San Francisco, California 94105
Telephone:   (415) 667-0622
Facsimile:   (415) 6671638

GRAIS & ELLSWORTH LLP
DAVID J. GRAIS
   dgrais@graisellsworth.com
KATHRYN C. ELLSWORTH
   kellsworth@graisellsworth.com
OWEN L. CYRULNIK
   ocyrulnik@graisellsworth.com
LEANNE M. WILSON
   lwilson@graisellsworth.com
40 East 52nd Street
New York, New York 10022
Telephone:   (212) 755-0100
Facsimile:   (212) 755-0052

Attorneys for Plaintiff
The Charles Schwab Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE WELLS FARGO MORTGAGE BACKED CERTIFICATES LITIGATION | No. 09-cv-01376-LHK<br><br>**THE CHARLES SCHWAB CORPORATION'S NOTICE OF MOTION AND MOTION FOR RECONSIDERATION; MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT OF SAME**<br><br>Date:   October 7, 2010<br>Time:   1:30 p.m.<br>Dept.:   Courtroom 4, 5th Floor |

|   |   |
|---|---|
| THE CHARLES SCHWAB CORPORATION, Plaintiff, v. BANC OF AMERICA SECURITIES LLC, et al., Defendants. | No. 10-CV-3489 LHK<br><br>Hon. Lucy H Koh |

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT, on October 7, 2010, or as soon thereafter as the matter may be heard, in the above-captioned Court, located at 280 South First Street, in San Jose, California, plaintiff, The Charles Schwab Corporation, will and hereby does move the Court for an order pursuant to Local Rules 3-12 and 7-9 and reconsidering its Related Case Order of September 2, 2010, with respect to the relation of *The Charles Schwab Corporation v. Banc of America Securities LLC*, No. 10-cv-03489 to *General Retirement System of the City of Detroit v. The Wells Fargo Mortgage Backed Securities 2006-AR18 Trust*, No. 09-cv-01376-LHK. For the reasons set forth herein, the cases are not related.

Dated: September 22, 2010

GOODIN, MACBRIDE, SQUERI,
DAY & LAMPREY, LLP

By: /s/ Robert A. Goodin
      Robert A. Goodin

LOWELL HAKY

GRAIS & ELLSWORTH LLP

Attorneys for Plaintiff
The Charles Schwab Corporation

## MEMORANDUM OF POINTS AND AUTHORITIES

On August 17, 2010, Wells Fargo filed an administrative motion to relate *The Charles Schwab Corporation v. Banc of America Securities LLC*, No. 10-cv-03489, to *General Retirement System of the City of Detroit v. The Wells Fargo Mortgage Backed Securities 2006-AR18 Trust*, No. 09-cv-01376-LHK. This Court granted the motion on September 2, 2010. Schwab was not served with notice of Wells Fargo's motion and did not have an opportunity to file an opposition brief. Schwab therefore respectfully requests that this Court reconsider its ruling. For two reasons, these cases should not be related. Although there are some common defendants in both actions, there are important differences between the cases that Wells Fargo failed to mention in its administrative motion. Moreover, Schwab could be unfairly prejudiced by the relation of the two actions.

First, Wells Fargo noted correctly that the two actions share one securitization trust in common and involve some of the same defendants. But far less unites these two actions than divides them. The parties are different, the facts are different, the legal claims are different, and the actions were filed at difference times and are in different procedural postures.

- *Parties*. There are 13 defendants in the *General Retirement System* class action. Only four of these 13 (UBS, Banc of America Securities, and two wells Fargo entities) also are defendants in the *Schwab* action.[1]

- *Facts*. There are 27 securitization trusts in the *General Retirement System* class action. Only one of those securitizations also appears in the *Schwab* action. Moreover, the vast majority of the loans in the *General Retirement System* action were originated or acquired by Wells Fargo. Although many of the loans in one of the securitizations in the Schwab action were also originated or acquired by Wells Fargo, the Schwab action also includes loans originated by Bank of America, Countrywide Home Loans, IndyMac, and GreenPoint Mortgage Funding. (Amended Complaint, Sched. 1, Item 33(b).) These loans will require different evidence and discovery, including form many additional third parties.

- *Legal Claims*. Although they share a few common claims, the two cases also involve very different legal claims. Schwab has pleaded claims under section 25501 and 25504 of the California Securities Act, and claims under

---

[1] Moreover, one of those defendants (Banc of America Securities) is not even sued on the same securitization in both actions, Banc of America Securities is a defendant in the General Retirement System case based on the Wells Fargo Mortgage Backed Securities 2006-20 Trust. (Amended Consolidated Class Action Complaint ¶43), and in the *Schwab* case based on the Banc of America Funding Trust 2006-D, (Amended Complaint, Sched.1).

SCHWAB'S MOTION FOR RECONSIDERATION -3-

No. 09-CV-01376-LHK
No. 10-CV-03489 LHK

California common law. None of state law claims are present in the class action. Moreover, by its nature, a class action presents legal issues and procedural complexities – including class certification and court approval of settlements – that would not apply to an individual action like Schwab's.

- *Procedural Posture.* The *General Retirement System* action was filed in March 2009. It has already been though a full round of briefing and a decision on motions to dismiss. In contract, the Schwab case was filed more than a year later, in June 2010, and motions to dismiss have yet even to be filed.

Local Civil Rule 3-12 provides that tow cases are related when: "(1) The actions concern substantially the same parties, property, transaction or event; and (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Neither of those two necessary conditions applies here. Although some of the parties and transactions are "the same," most are not. And it is quite possible that, for the reasons discussed above, relating these two cases will generate more inefficiency and delay than permitting them to proceed separately. Indeed, in *Hodges v. Akeen Solar, Inc.*, Judge Ware recently denied an *unopposed* motion to relate for reason that re almost identical to those described above. No. 09-cv-02147, 2010 WL 2756536, at *1 (N.D. Cal. July 9, 2010). Judge Ware concluded that relating the cases was inappropriate because "although the two actions concern substantially the same transaction and events, the legal claims, named defendants, and procedural posture are different." *Id.* Precisely the same reasoning should apply here.

Second, an order relating the cases could prejudice Schwab. Although contrary to the obvious intent of the statute, Defendants may argue that Schwab's action has become a "covered class action" under the Securities Litigation Uniform Standards Act of 1998 (SLISA), Pub. L. No. 105-353, because it is now "related to" and pending together with a class action.[2] If its action were deemed to be a "covered class action," then Schwab's claims under the California

---

[2] SLUSA defines a "covered class action" as "any group of lawsuits filed in or pending in the same court and involving common questions of law or fact, in which (I) damages are sought on behalf of more than 50 persons; and (II) the lawsuits are joined, consolidated, or otherwise proceed as a single action for any purpose." 15 U.S.C. §78bb9f)(5)(B)(ii).

SCHWAB'S MOTION FOR
RECONSIDERATION                                    -4-                          No. 09-CV-01376-LHK
                                                                                No. 10-CV-03489 LHK

1  Securities Act and California common law may be preempted.[3] Similar arguments have been
2  made by defendant in other lawsuits. See <u>In re Adelphia Communications Corp. Securities and
3  Derivative Litigation</u>, 03 MDL 1529 (LMM), 2009 WL 2407835, at *2 (S.D.N.Y. Aug 5, 2009);
4  <u>American National Insurance Co. v. J.P. Morgan Chase & Co.</u>, No. MDL-1446, 2002 WL
5  32107216, at *2-*5 (S.D. Tex. Aug. 12, 2002). Although several courts have rejected these
6  arguments, still Schwab respectfully submits that it should not needlessly be subjected to a risk
7  (no matter how small) that its claims will be preempted.

## CONCLUSION

For all of these reasons, Schwab respectfully request this Court reconsider its decision to relate the two actions.

Dated: September 22, 2010

             GOODIN, MACBRIDE, SQUERI,
             DAY & LAMPREY, LLP

             THE CHARLES SCHWAB CORPORATION

             GRAIS & ELLSWORTH LLP


             By: /s/ Robert A. Goodin
                Robert A. Goodin
                Attorneys for Plaintiff
                THE CHARLES SCHWAB CORPORATION

3435/001/X122459.v1

---

[3] SLUDA provides that "No covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by an private party alleging – (a) a misrepresentation or omission of a material fact in connection with the purchase or sale of a covered security; or (b) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase ore sale of a covered security." 15 U.S.C. §78bb(f)(1).

SCHWAB'S MOTION FOR RECONSIDERATION    -5-    No. 09-CV-01376-LHK
                                          No. 10-CV-03489 LHK