Joseph J. Tabacco, Jr. (75484)
jtabacco@bermandevalerio.com
Christopher T. Heffelfinger (118058)
cheffelfinger@bermandevalerio.com
Anthony D. Phillips (259688)
aphillips@bermandevalerio.com
**BERMAN DEVALERIO**
One California Street, Suite 900
San Francisco, CA 94111
Telephone: (415) 433-3200
Facsimile: (415) 433-6382

*Local Counsel for the General Retirement*
*System of the City of Detroit*

Robin F. Zwerling (admitted *pro hac vice*)
Jeffrey C. Zwerling
Justin M. Tarshis
**ZWERLING, SCHACHTER & ZWERLING, LLP**
41 Madison Avenue, 32nd Floor
New York, NY 10010
Telephone:  (212) 223-3900
Facsimile:  (212) 371-5969

*Counsel for the General Retirement*
*System of the City of Detroit*

[Additional counsel on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| IN RE WELLS FARGO MORTGAGE-BACKED CERTIFICATES LITIGATION | Civil Action No.  09-cv-01376-LHK<br><br>CLASS ACTION<br><br>**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO INTERVENE BY THE GENERAL RETIREMENT SYSTEM OF THE CITY OF DETROIT**<br><br>Date:        October 7, 2010<br>Time:        1:30 p.m.<br>Courtroom:  4, 5th Floor<br>Before:      Hon. Lucy H. Koh |

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT ........................................................................................................................... 3

   I.   DGRS Satisfies The Requirements  for Intervention ................................................. 3

     A.  The Requirements of Rule 24(a)(2) Are Satisfied ................................................ 3

     B.  The Requirements of Rule 24(b) Are Satisfied ................................................... 5

   II.   DGRS WAS NOT REQUIRED TO ANTICIPATE THE COURT'S STANDING RULING AND MOVE TO INTERVENE EARLIER ............................................... 6

   III.   DGRS' CLAIMS ARE TIMELY ............................................................................ 7

     A.  *American Pipe* Tolled the Statute of Limitations for Purchasers on the 2006-AR15 Offering. 7

   IV.   DGRS' Claims "Relate Back" to the *New Orleans* Complaint .................................. 10

     A.  Defendants Were on Notice of DGRS' Claims and Will Suffer No Prejudice ...................... 11

     B.  DGRS Is Similarly Situated to the Current Plaintiffs ............................................. 12

CONCLUSION ..................................................................................................................... 13

# TABLE OF AUTHORITIES

**Authority**                                                                                                      **Page(s)**

**Cases**

*Almeida v. Google, Inc.,* No. C-08-02088 RMW, 2009 WL 3809808 (N.D. Cal. Nov. 13, 2009)........... 9

*Am. Pipe & Constr. Co. v. Utah,* 414 U.S. 538 (1974) ................................................................. 2, 6, 7, 8

*Besig v. Dolphin Boating & Swimming Club*, 683 F.2d 1271 (9th Cir. 1982) ................................. 11, 12

*Bromley v. Mich. Educ. Ass'n-NEA*, 178 F.R.D. 148 (E.D. Mich. 1998) ........................................... 5

*Cal. Pub. Emps. Ret. Sys. v. Chubb Corp.,* No. Civ. No. 00-4285(GEB), 2002 WL 33934282
   (D.N.J. June 26, 2002), *aff'd*, 394 F.3d 126 (3d Cir. 2004) ......................................................... 8, 10

*Diduck v. Kaszycki & Sons Contractors, Inc.*, 149 F.R.D. 55 (S.D.N.Y. 1993) ....................................... 3

*Dietrich v. Bauer*, 76 F. Supp. 2d 312 (S.D.N.Y. 1999) ................................................................. 10

*Emp'rs-Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Anchor Capital Advisors,*
   498 F.3d 920 (9th Cir. 2007)............................................................................................................ 10

*Greer v. Blum*, 462 F. Supp. 619 (S.D.N.Y. 1978) ............................................................................. 6

*Griffin v. Singletary,* 17 F.3d 356 (11th Cir. 1994)............................................................................. 9

*Haas v. Pittsburgh Nat'l Bank*, 526 F.2d 1083 (3d Cir. 1975)............................................................ 8

*Hatfield v. Halifax PLC*, 564 F.3d 1177 (9th Cir. 2009) ..................................................................... 10

*Hicks v. Morgan Stanley & Co*., No. 01 Civ. 1007(HB), 2003 WL 21672085
   (S.D.N.Y. July 16, 2003) ................................................................................................................. 7

*Howard v. Hui*, No. C 92-3742-CRB, 2001 WL 1159780 (N.D. Cal. Sept. 24, 2001)......................... 13

*Hoxworth v. Blinder, Robinson & Co*., 980 F.2d 912 (3d Cir. 1992) .................................................... 6

*Immigrant Assistance Project of the L.A. County Fed'n of Labor v. INS*, 306 F.3d 842
   (9th Cir. 2002) ............................................................................................................................. 11, 12

*In re Am. Funds Sec. Litig.*, 556 F. Supp. 2d 1100 (C.D. Cal. 2008)..................................................... 10

*In re Citigroup Inc. Bond Litig.,* No. 08 Civ. 9522(SHS), 2010 WL 2772439
   (S.D.N.Y. July 12, 2010) ................................................................................................................. 6

*In re Colonial Ltd. P'ship Litig.*, 854 F. Supp. 64 (D. Conn. 1994) ..................................................... 10

*In re Countrywide Fin. Corp. Sec. Litig.,* 588 F. Supp. 2d 1132 (C.D. Cal. 2008).............................. 6

*In re Crazy Eddie Sec. Litig.*, 747 F. Supp. 850 (E.D.N.Y. 1990) ..................................... 5, 10

*In re Enron Corp. Sec. Derivative & ERISA Litig.*, 529 F. Supp. 2d 644 (S.D. Tex. 2006) ................. 10

*In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 352 F. Supp. 2d 429 (S.D.N.Y. 2005),
    *abrogated on other grounds*, 574 F.3d 29 (2d Cir. 2009) ......................................... 6, 8, 10

*In re IndyMac Mortg.-Backed Sec. Litig.*, No. 09 Civ. 4583(LAK), 2010 WL 2473243
    (S.D.N.Y. June 21, 2010) ..................................................................... 9

*In re Initial Pub. Offering Sec. Litig.*, No. 21 MC 92SAS, 01 Civ. 9741, 01 Civ. 10899,
    2004 WL 3015304 (S.D.N.Y. Dec. 27, 2004) ..................................................... 6

*In re Nat'l Austl. Bank Sec. Litig.*, No. 03 Civ. 6537(BSJ), 2006 WL 3844463
    (S.D.N.Y. Nov. 8, 2006) ..................................................................... 6, 8

*In re Syntex Corp. Sec. Litig.*, 95 F.3d 922 (9th Cir. 1996) .................................... 12

*In re Wells Fargo Mortg.-Backed Certificates Litig.*, No. C 09-01376 SI, 2010 WL 1661534
    (N.D. Cal. Apr. 22, 2010) ................................................................. 1, 3, 5

*Korwek v. Hunt*, 827 F.2d 874 (2d Cir. 1987) ................................................... 9

*Krim v. pcOrder.com, Inc.*, 402 F.3d 489 (5th Cir. 2005) ....................................... 4

*Kruse v. Wells Fargo Home Mortg., Inc.*, No. 02-CV-3089 (ILG), 2006 WL 1212512
    (E.D.N.Y. May 3, 2006) ..................................................................... 9

*Lidie v. Cal.*, 478 F.2d 552 (9th Cir. 1973) .................................................. 4

*Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018 (9th Cir. 2003) ..................... 4

*Mortg. Lenders Network, Inc. v. Rosenblum*, 218 F.R.D. 381 (E.D.N.Y. 2003) ................... 3

*N.J. Carpenters Vacation Fund v. Royal Bank of Scot. Group, PLC*, No. 08 CV 5093(HB),
    2010 WL 1172694 (S.D.N.Y. Mar. 26, 2010) ................................................. 11, 12

*NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, No. 08-cv-10783
    (S.D.N.Y. Jan. 28, 2010) ................................................................... 6

*Newport v. Dell, Inc.*, No. CV-08-0096-TUC-CKJ(JCG), 2008 WL 4347311
    (D. Ariz. Aug. 21, 2008) ................................................................... 10

*Palmer v. Stassinos*, 236 F.R.D. 460 (N.D. Cal. 2006) ....................................... 4, 9

*Panzirer v. Wolf*, No. 79 Civ. 3445, 1980 WL 1395 (S.D.N.Y. Apr. 21, 1980) ................... 5

*Popoola v. MD-Individual Practice Ass'n*, 230 F.R.D 424 (D. Md. 2005) ...................... 8, 10

*Prete v. Bradbury*, 438 F.3d 949 (9th Cir. 2006) ............................................ 3

*Robbin v. Fluor Corp.*, 835 F.2d 213 (9th Cir. 1987) ........................................................ 9

*Sanford v. Memberworks, Inc.*, No.02CV0601-LAB (JFS), 2008 WL 4482159
　(S.D. Cal. Sept. 30, 2008) ............................................................................................ 4

*Trief v. Dun & Bradstreet Corp.*, 144 F.R.D. 193 (S.D.N.Y. 1992) ...................................... 5

*Velazquez v. GMAC Mortg. Corp.*, No. CV 08-5444 DDP (PLAx), 2009 WL 2959838
　(C.D. Cal. Sept. 10, 2009) ............................................................................................ 4

*Washington v. Wyman*, 54 F.R.D. 266 (S.D.N.Y. 1971) ........................................................ 6

*Weinberger v. Kwiker*, Nos. CV 85-6995 PAR (Bx), CV 86-0376 PAR (Bx),
　1986 U.S. Dist. LEXIS 22470 (C.D. Cal. July 21, 1986) ............................................. 4

*Williams v. Boeing Co.*, No. C98-761P, 2005 WL 2921960 (W.D. Wash. Nov. 4, 2005) ...................... 4


**Other Authorities**

6A WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 1501 (3d ed. 2004) ................................ 11


**Rules and Statues**

15 U.S.C. § 78u-4 ................................................................................................................ 6

15 U.S.C. § 78u-4(3)(B) ..................................................................................................... 4

FED. R. CIV. P. 15(c)(1)(C)(i) ............................................................................................ 11

FED. R. CIV. P. 24(b)(1)(B) ................................................................................................. 5

**PRELIMINARY STATEMENT**

DGRS seeks to represent its interests and those of other investors in the 2006-AR15 Offering through its motion to intervene.[1]  This motion is consistent with this Court's Decision and Order on April 22, 2010 (Dkt. No. 198), in which the Court permitted the addition of plaintiffs with standing to assert violations of the securities laws in connection with Offerings no longer represented by the Lead Plaintiffs.  *See In re Wells Fargo Mortg.-Backed Certificates Litig.*, No. C 09-01376 SI, 2010 WL 1661534, at *5 (N.D. Cal. Apr. 22, 2010) (the "Order").  The Court thus contemplated that plaintiffs with standing would join the action to assert the claims sustained, albeit pertaining to other Offerings.  Whether by amendment or through intervention, the addition of DGRS as a plaintiff serves that goal.  Defendants' arguments ignore the Order and its conclusions, elevating form (amendment versus intervention) over substance (adding plaintiffs with standing).

As to the intervention motion itself, Defendants wrongly assert that DGRS has neither interest in the case nor shares a common question of law or fact with the extant complaint and, in any event, that the motion is simply too little, too late.  Defendants' arguments have no merit, particularly in light of the Court's Order.

*First*, Defendants conveniently ignore the Order's conclusion there exists a common set of misrepresentations and omissions across the Offerings.  Order, at *10-13.  The 2006-AR15 Offering Documents share the same misrepresentations and omissions.  *See* Heffelfinger Decl., Ex. B (Dkt. No. 225).  Moreover, the Prospectus for the 2006-AR15 Offering was issued pursuant to the same registration statement addressed in the Order.  *Id.*  The commonality found between and among the claims on the Offerings sustained in the Order also exists between those Offerings and the 2006-AR15 Offering.  Indeed, the ruling on the pending motion to dismiss would apply equally to the 2006-AR15 Offering as it would to the Offerings that are encompassed within the Amended Consolidated Complaint (Dkt. No. 203).  Thus, DGRS has demonstrated that its intervention will cure the absence of an unrepresented "direct, substantial, and legally protectable" interest, as required under Rule 24(a),

---

[1]  Unless otherwise noted, all capitalized terms have the same meaning as in the Motion to Intervene by the General Retirement System of the City of Detroit (Dkt. No. 224) ("DGRS Opening Br.").

1   and contemplated by the Order, and that its claims share common questions of law and fact justifying

2   permissive intervention under Rule 24(b).

3       *Second*, Defendants incredulously suggest that DGRS delayed filing its intervention motion by

4   waiting until four months after the Court's Order and that this relatively short lapse of time somehow

5   constitutes a delay.  Even if the four month period constituted a delay—and plainly it did not—

6   Defendants **never** assert **any** prejudice resulting from DGRS' motion, let alone from its timing.  In

7   comparison, DGRS and other investors in the approximately $400 million 2006-AR15 Offering will

8   suffer prejudice if their claims are excluded from this litigation.

9       Moreover, Defendants erroneously suggest that even if DGRS meets the prerequisites for

10  intervention, DGRS' claims are time-barred, ignoring the application of tolling under *American Pipe &*

11  *Construction Co. v. Utah,* 414 U.S. 538 (1974).  Courts have held in circumstances such as those

12  here—where courts have sustained some, although not all, putative class claims against the

13  defendants—that the statute of limitations is tolled to permit additional representation on dismissed

14  claims against the same defendants.  *American Pipe* tolling would have little meaning if it would not

15  apply to intervention motions such as DGRS', but would where the claims are amended to add

16  plaintiffs, as the Court allowed here.

17      *Finally*, even without the benefit of *American Pipe* tolling, DGRS' claims are timely because

18  they relate back to the date of the filing of the complaint in *New Orleans Employees' Retirement*

19  *System v. Wells Fargo Asset Securities Corp.*, 3:09-01620-SI (N.D. Cal.) (the "*New Orleans* action")

20  on April 13, 2009 for statute of limitations purposes under Fed. R. Civ. P. 15(c).[2]  As Defendants have

21  been on notice of these claims since the inception of the *New Orleans* action, they will suffer no

22  prejudice by DGRS' prosecution of its claims, nor do they claim prejudice.

23      Accordingly, DGRS respectfully requests that the Court grant its motion to intervene as an

24  additional named plaintiff.

25

26

27

28

---

[2]  By order dated July 16, 2009 (Dkt. No. 124), the Court consolidated the *New Orleans* action with the present action.

1

## ARGUMENT

2  **I.   DGRS SATISFIES THE REQUIREMENTS  FOR INTERVENTION**

3      Intervention is clearly warranted here under either Fed. R. Civ. P. 24(a)(2) or 24(b)(1)(B).

4      **A.      The Requirements of Rule 24(a)(2) Are Satisfied**

5      DGRS' claims with respect to this offering were specifically included in both the *New Orleans*

6  complaint and the Consolidated Complaint (Dkt. No. 133).  The Court has already found those claims

7  sufficient to state a cause of action, but dismissed them based solely on Lead Plaintiffs' lack of

8  standing to assert them.  Indeed, the Court explicitly contemplated the addition of plaintiffs who

9  purchased in the dismissed Offerings upon the filing of the Amended Consolidated Complaint.  *See*

10  Order, at *5.

11      Yet, in light of these facts, and in disregard of the liberal interpretation afforded to intervention

12  under Rule 24, *see Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006), Defendants argue that DGRS

13  has no interest in the action that warrants intervention.  *See* Opp. at 5.  DGRS purchased Certificates in

14  the 2006-AR15 Offering with a total face value of approximately $376,820 pursuant to false or

15  misleading Offering Documents and suffered damages as a result of Defendants' misconduct.  The

16  interest that DGRS seeks to protect, therefore, is the *exact same interest* that had already been pled in

17  the CAC.  The fact that the 2006-AR15 Offering was dismissed on standing grounds solely for lack of

18  a named plaintiff does not negate DGRS' interest in this action; to the contrary, it actually provides the

19  necessary predicate to justify intervention as a matter of right under Rule 24(a)(2).  *See, e.g., Diduck v.*

20  *Kaszycki & Sons Contractors, Inc.*, 149 F.R.D. 55, 58 (S.D.N.Y. 1993) ("[T]o satisfy Rule 24(a)(2),

21  the interest 'must be significant, must be direct rather that [sic] contingent, and must be based on *a*

22  *right which belongs to the proposed intervenor rather than an existing party to the suit*.'") (emphasis

23  added) (citation omitted); *see also Mortg. Lenders Network, Inc. v. Rosenblum*, 218 F.R.D. 381, 384

24  (E.D.N.Y. 2003) ("[W]hen 'a proposed intervenor's interests are otherwise unrepresented in an action,

25  the standard for intervention is no more burdensome than the standing requirement.'") (citation

26  omitted).

27      Defendants rely on a host of cases (Opp. at 5-6) that are easily distinguishable:

28

First, Defendants rely upon cases where the named plaintiffs either had ***no standing for any claim*** or were ***not members of the class*** they sought to represent. *See Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018, 1023 (9th Cir. 2003) (vacating class certification where sole named plaintiff never had standing to bring claims and, as a result, was never a member of the purported class); *Lidie v. Cal.*, 478 F.2d 552, 555 (9th Cir. 1973) (denying motion to amend where the original plaintiffs were improper representatives at the time action was commenced and proposed new plaintiffs "could not enhance the common cause").[3]

Next, Defendants rely upon cases where ***none of the claims remained*** in the action into which new plaintiffs tried to intervene. *See Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 502 (5th Cir. 2005) (intervention denied where "none of the individual claims remained viable . . . when the motion to intervene was filed"); *Sanford v. Memberworks, Inc.*, No.02CV0601-LAB (JFS), 2008 WL 4482159, at *6 (S.D. Cal. Sept. 30, 2008) (dismissing class action complaint where the sole named plaintiffs failed to state any claims).

Third, Defendants erroneously rely upon cases—unlike here—where proposed intervention would ***add new defendants or claims*** to the already pending action. *See Velazquez v. GMAC Mortg. Corp.*, No. CV 08-5444 DDP (PLAx), 2009 WL 2959838, at *4 (C.D. Cal. Sept. 10, 2009) (denying motion to amend after "extensive discovery" where proposed complaint was "against new defendants on behalf of new plaintiffs for business practices that were never mentioned, let alone at issue, in the [original pleadings]"); *Palmer v. Stassinos*, 236 F.R.D. 460, 465 (N.D. Cal. 2006) (denying motion for class certification and disallowing tolling for a newly added state law claim that neither original plaintiff could assert); *Weinberger v. Kwiker*, Nos. CV 85-6995 PAR (Bx), CV 86-0376 PAR (Bx), 1986 U.S. Dist. LEXIS 22470, at *33 (C.D. Cal. July 21, 1986) (denying request to use class notice device of Rule 23(c)(2) to solicit a class representative to intervene who could bring Section 11 claims in a class action alleging claims brought solely under the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(3)(B) ("Securities Act")).

---

[3]  Similarly, *Williams v. Boeing Co.*, No. C98-761P, 2005 WL 2921960, at *9 (W.D. Wash. Nov. 4, 2005) is inapposite where the court granted partial summary judgment and decertified the class with respect to claims that named plaintiffs never had standing to assert and which did "not arise out of the same operative facts" as the claim for which they did have standing.

1    Unlike the aforementioned cases, DGRS' intervention is not a "back-door" attempt to begin the

2    action anew or inject new causes of action or legal theories into the action.  Because DGRS' claims

3    would be part of this action but for standing, DGRS has the requisite interest pursuant to Rule 24(a).[4]

4    **B.      The Requirements of Rule 24(b) Are Satisfied**

5    Alternatively, DGRS' claims share common questions of law or fact with the present action

6    justifying permissive intervention under Rule 24(b).  *See* DGRS Opening Br. at 7.  Defendants do not

7    even contest whether DGRS' *claims* involve common questions of law or fact.  Instead, Defendants

8    simply focus on purported differences among the offerings.  Opp. at 6.  However, permissive

9    intervention requires only "a claim . . . that shares with the main action a common question of law *or*

10   fact."  FED. R. CIV. P. 24(b)(1)(B) (emphasis added).

11   The Order sustained three categories of misrepresentations or omissions common to the

12   offerings.  Order, at *10-13.  Those same misrepresentations and omissions exist with respect to the

13   2006-AR15 Offering.  *See* Heffelfinger Decl., Ex. B (Dkt. No. 225).  Once the standing deficiency is

14   cured, there is nothing preventing the claims of DGRS from proceeding in-step with the claims of the

15   other named plaintiffs.  Thus, intervention under Rule 24(b) is clearly warranted here.  *See, e.g.,*

16   *Bromley v. Mich. Educ. Ass'n-NEA*, 178 F.R.D. 148,156-60 (E.D. Mich. 1998) (granting class

17   member's motion to intervene under Rule 24(b) to serve as an additional class representative with

18   standing to assert claims against certain named defendants); *Trief v. Dun & Bradstreet Corp*., 144

19   F.R.D. 193, 202 (S.D.N.Y. 1992) (granting class member's motion to intervene under Rule 24(b) to

20   serve as an additional class representative with standing to assert claims later in the class period that

21   original class representatives arguably could not assert).[5]

---

[4]  Defendants' claim that DGRS delayed in filing its motion is entirely without merit.  DGRS' claims were part of this lawsuit and were being represented by Lead Plaintiffs until April 22, 2010.  *See infra* § II.  DGRS filed its motion to intervene less than four months later.  Even assuming this brief period can be considered a delay, Defendants do not claim any resulting prejudice.  No additional motion practice will arise from joining DGRS in this action because resolution of the issues in Defendants' pending motion to dismiss will be equally applicable to DGRS' claims.

[5]  None of the cases cited by Defendants (Opp. at 6) are to the contrary.  *In re Crazy Eddie Sec. Litig.*, 747 F. Supp. 850, 859 (E.D.N.Y. 1990) (discussed in n.9, *infra*); *Panzirer v. Wolf*, No. 79 Civ. 3445, 1980 WL 1395 (S.D.N.Y. Apr. 21, 1980) (denying intervention where *no* claims remained before the court, having dismissed the case on summary judgment); *Greer v. Blum*, 462 F. Supp. 619, 625

## II. DGRS WAS NOT REQUIRED TO ANTICIPATE THE COURT'S STANDING RULING AND MOVE TO INTERVENE EARLIER

Defendants argue that the Court's ruling on standing should have been obvious at the time the motion to dismiss was filed, if not earlier, and DGRS, therefore, should have acted earlier.  *See* Opp. at 7-9.  However, neither the PSLRA, 15 U.S.C. § 78u-4, nor *American Pipe* requires class members to anticipate defendants' arguments on a motion to dismiss and then predict how a court will then rule on those arguments; rather, they encourage reliance upon the putative representative of the Class.  *See Am. Pipe*, 414 U.S. at 553.  As the court explained in *In re Initial Public Offering Securities Litigation* in rejecting a similar argument, "[s]uch a policy would punish class members for relying on the very thing Rule 23 is intended to provide: an efficient method for resolving claims common to a class of individuals without the need for wasteful and duplicative litigation."  No. 21 MC 92SAS, 01 Civ. 9741, 01 Civ. 10899, 2004 WL 3015304, at *5 (S.D.N.Y. Dec. 27, 2004); *see also In re Flag Telecom Holdings, Ltd. Sec. Litig.,* 352 F. Supp. 2d 429, 456 (S.D.N.Y. 2005) ("[A class member] should not be punished simply because he failed to anticipate that [the original] plaintiff's § 12(a)(2) claims would be dismissed because none of the named plaintiffs in the action had standing to sue on those claims.") (*abrogated on other grounds*, 574 F.3d 29 (2d Cir. 2009)); *accord In re Nat'l Austl. Bank Sec. Litig.,* No. 03 Civ. 6537(BSJ), 2006 WL 3844463, at *4 (S.D.N.Y. Nov. 8, 2006).

DGRS' interests were being protected by the named plaintiffs until the Court ruled otherwise.  Indeed, several courts confronting standing issues in similar cases have reached a different conclusion than espoused by Defendants.  *See, e.g., In re Countrywide Fin. Corp. Sec. Litig.,* 588 F. Supp. 2d 1132, 1164-65 (C.D. Cal. 2008); *In re Citigroup Inc. Bond Litig.,* No. 08 Civ. 9522(SHS), 2010 WL 2772439, at *13-14 (S.D.N.Y. July 12, 2010).  Similarly, courts have certified classes without a representative for each security or claim at issue.  *See, e.g., Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 923 (3d Cir. 1992); *Hicks v. Morgan Stanley & Co.*, No. 01 Civ. 1007(HB), 2003 WL

(S.D.N.Y. 1978) (proposed intervenors sought to intervene as to claims which the court already determined failed to state a claim or were moot); *Washington v. Wyman*, 54 F.R.D. 266, 271 (S.D.N.Y. 1971) (finding that the only named plaintiff "never was, even at the time the complaint was filed, a proper representative of the purported class"); *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.,* No. 08-cv-10783, Tr. of Oral Arg. at 32 (S.D.N.Y. Jan. 28, 2010) (denying intervention as futile given that the court believed the action would be dismissed on the merits).

1  21672085, at *2-4 (S.D.N.Y. July 16, 2003).  Thus, existing authority validated DGRS' reliance upon

2  Lead Plaintiffs' standing to assert all alleged claims.  It was only after the Order, when DGRS's

3  interests became impaired and were no longer represented, adequately or otherwise, by the Lead

4  Plaintiffs, that intervention became necessary.

5  **III.   DGRS' CLAIMS ARE TIMELY**

6       Both the *New Orleans* complaint and the Consolidated Complaint asserted claims under

7  Sections 11, 12(a)(2) and 15 of the Securities Act on behalf of a class of persons or entities who

8  acquired the certificates identified therein.  The 2006-AR15 Offering is included within the scope of

9  each complaint.  *See New Orleans* compl. ¶ 35; Consolidated Compl. ¶ 45.  Defendants do not contest

10 the timeliness of either of those complaints. Accordingly, when the *New Orleans* complaint was filed

11 on April 14, 2009, it tolled the statute of limitations with respect to DGRS' claims on the 2006-AR15

12 Offering.

13      **A.   *American Pipe* Tolled the Statute of Limitations for Purchasers on the**
           **2006-AR15 Offering**[6]

14

15      In *American Pipe*, the Supreme Court held that "the commencement of a class action suspends

16 the applicable statute of limitations as to all asserted members of the class who would have been

17 parties had the suit been permitted to continue as a class action."  414 U.S. at 554. The Supreme Court

18 noted a contrary rule "would deprive Rule 23 class actions of the efficiency and economy of litigation

19 which is a principal purpose of the procedure" because:

20          [p]otential class members would be induced to file protective motions to intervene or to
           join in the event that a class was later found unsuitable.  In cases such as this one, where
21          the determination to disallow the class action was made upon considerations that may
           vary with such subtle factors as experience with prior similar litigation or the current
22          status of a court's docket, *a rule requiring successful anticipation of the determination
           of the viability of the class would breed needless duplication of motions.*
23

24
_____

25 [6]  Defendants incorporate by reference their arguments against *American Pipe* tolling that were raised
   in their motion to dismiss briefs.  *See* Opp. at 2 n.1.  Accordingly, DGRS hereby adopts and
26 incorporates by reference the arguments raised in Plaintiffs' Opposition to: (1) The Wells Fargo
   Defendants' and Individual Defendants' Motion to Dismiss the Amended Complaint; and (2) the
27 Underwriter Defendants' Motion to Dismiss the Amended Complaint ("MTD Mem.") (Dkt. No. 218)
   at 6-9, and makes the following additional arguments.

28

*Id.* at 553-54 (emphasis added) (internal footnote omitted). Defendants misquote *American Pipe* to suggest that it rejected tolling when faced with an issue as to a plaintiff's standing.  However, it did not do so.  The entirety of the quote from which Defendants excerpt the phrase "lack of standing" is as follows:

> As the Court of Appeals was careful to note in the present case, "maintenance of the class action was denied not for failure of the complaint to state a claim on behalf of the members of the class (the court recognized the probability of common issues of law and fact respecting the underlying conspiracy)[,] not for lack of standing of the representative, or for reasons of bad faith or frivolity."

*Am. Pipe*, 414 U.S. at 553 (alteration in original) (citation omitted).

"Several courts have held that *American Pipe* is appropriately applied to motions to intervene or amended complaints filed to substitute a proper class representative with standing prior to a [final] decision on class certification."  *See Cal. Pub. Emps. Ret. Sys. v. Chubb Corp.,* No. Civ. No. 00-4285(GEB), 2002 WL 33934282, at *29 (D.N.J. June 26, 2002) ("*CalPERS*") (citations omitted), *aff'd*, 394 F.3d 126 (3d Cir. 2004); *see also Flag Telecom*, 352 F. Supp. 2d at 455 n.20 (holding that "the failure to apply the *American Pipe* rule to cases where a class action complaint was dismissed for lack of standing undermines the policies underlying Rule 23 and is inconsistent with the Court's reasoning in *American Pipe*."); *Haas v. Pittsburgh Nat'l Bank*, 526 F.2d 1083, 1096-97 (3d Cir. 1975) (holding that where timely action filed by plaintiff without standing as to all defendants, *American Pipe* tolling applied to addition of new plaintiff with standing against other defendants); *Nat'l Austl. Bank*, 2006 WL 384463, at *5 (finding that where a motion to dismiss has been granted based on lead plaintiff's lack of standing, the statute of limitations remains tolled for an intervening potential class member to continue the class action); MTD Mem. at 7-8.

*CalPERS, Flag Telecom*, *Nat'l Australia Bank*, and *Haas*, among other cases,[7] make clear that ***prior to*** an adverse finding at the class certification stage, previously filed class action complaints will toll the statute of limitations as to both class and individual claims where a named plaintiff has standing to bring some of the claims asserted.

---

[7]  *See also Popoola v. MD-Individual Practice Ass'n*, 230 F.R.D 424, 430 (D. Md. 2005).

Defendants' citations are inapposite as they reject tolling for proposed intervenors where the original plaintiff did not have a claim to assert, and thus, intervention could not save the dismissed action. *See Kruse v. Wells Fargo Home Mortg., Inc.*, No. 02-CV-3089 (ILG), 2006 WL 1212512, at *5-6 (E.D.N.Y. May 3, 2006); *Palmer*, 236 F.R.D. at 465.[8]  Those cases, therefore, do not apply where, as here, the initial/Lead Plaintiff(s) have standing to assert the claims, albeit only as to certain offerings.   Thus, *American Pipe* tolling continues to operate to toll the statute of limitations for proposed intervenor DGRS.

Defendants also rely on *Robbin v. Fluor Corp.*, 835 F.2d 213 (9th Cir. 1987) (quoting *Korwek v. Hunt*, 827 F.2d 874 (2d Cir. 1987)), suggesting that DGRS' intervention would essentially allow piggybacking of subsequent class actions even where the court has not yet determined class status. Defendants read too much into *Robbin* and *Korwek*.  In *In re IndyMac Mortg.-Backed Sec. Litig.*, No. 09 Civ. 4583(LAK), 2010 WL 2473243 (S.D.N.Y. June 21, 2010)—another mortgage-backed securities class action—Judge Kaplan recently explained why the concerns present in *Robbin* and *Korwek* did not exist there, and his reasoning is equally applicable here:

> [D]efendants read *Korwek* too broadly.   The Second Circuit there held that the *American Pipe* rule does not apply to the filing of a "subsequent class action *following a definitive determination of the inappropriateness of class certification*."   It ruled that such filings abuse the careful balance struck in *American Pipe* between the values underlying statutes of limitation and the economies and efficiencies of the Rule 23 class action procedure by permitting successive class representatives to relitigate endlessly the district judge's class certification denial.   **The concerns about repose, inefficiency, and wasteful litigation expressed in *Korwek*, however, are inapposite where, as here, there never has been a definitive class certification determination**.   Consequently, the *Korwek* limitation on *American Pipe* does not apply.

*IndyMac*, 2010 WL 2473243, at *4 (second emphasis added) (internal footnotes and citations omitted). The Ninth Circuit concurs with this reasoning.  *See, e.g., Hatfield v. Halifax PLC*, 564 F.3d 1177, 1189

---

[8]  Defendants' motion to dismiss cites to other inapposite cases.  *See Almeida v. Google, Inc.,* No. C-08-02088 RMW, 2009 WL 3809808, at *3 (N.D. Cal. Nov. 13, 2009) (court did not address tolling, but rather court denied amendment to add plaintiff with standing where initial plaintiff could not demonstrate its own standing to assert *any* of the claims in the complaint); *Griffin v. Singletary,* 17 F.3d 356, 359 (11th Cir. 1994) (court rejected attempted piggybacking of new class action in a case where the parties had litigated the class issues for fifteen years); *see also* MTD Mem. at 8-9.  Here, Lead Plaintiffs and other named plaintiffs have standing to represent some in the class and DGRS has standing to represent others.

n.8 (9th Cir. 2009) (recognizing Ninth Circuit has applied *American Pipe* tolling where plaintiffs did not seek to re-litigate the denial of class certification); *see also Emp'rs-Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Anchor Capital Advisors,* 498 F.3d 920, 925 (9th Cir. 2007) (quoting from *Korwek*'s limitation on the scope of the piggybacking prohibition, upon which *Robbin* and the Defendants rely, the prohibition occurs only "'***following a definitive determination of the inappropriateness of class certification***.'").[9]   Nor does Defendants' citation to *Newport v. Dell, Inc.*, No. CV-08-0096-TUC-CKJ(JCG), 2008 WL 4347311 (D. Ariz. Aug. 21, 2008), support denial of intervention here.  In *Newport*, plaintiff asserted that as an absent class member in a prior class action, *American Pipe* tolled the statute of limitations for her later filed class action.  The court held the *American Pipe* toll inapplicable because the prior class action was dismissed in favor of arbitration and that dismissal under those circumstances constituted the equivalent of a denial of class certification. *Id.*, at *6.  Thus, in *Newport*, unlike here, a concern existed over piggybacking class actions.

## IV.  DGRS' CLAIMS "RELATE BACK" TO THE *NEW ORLEANS* COMPLAINT

Even without the benefit of *American Pipe* tolling, the amendment of the operative complaint simply to add DGRS as a named plaintiff relates back to the filing of the *New Orleans* complaint or the Consolidated Complaint for statute of limitations purposes pursuant to Fed. R. Civ. P. 15(c).[10]  The

---

[9]   Defendants rely on other cases that are similarly inapplicable or which have been rejected in later cases. *See, e.g.*, *Dietrich v. Bauer*, 76 F. Supp. 2d 312, 326 (S.D.N.Y. 1999) (court denied amendment to add plaintiffs because sole named plaintiff had no standing at all to assert Section 12 claim for which he sought to add plaintiffs with standing).  While *Crazy Eddie*, 747 F. Supp. 850, followed *Korwek*, both cases upon which Defendants rely, "[b]y now it should be clear that *Korwek* and *Crazy Eddie* are inapposite" where the substitute class representative "[does] not file a subsequent class action, but [is] added as a named plaintiff in the instant, pending case" and "there has been no 'definitive' denial of class certification."  *Popoola*, 230 F.R.D at 430.

Similarly, *In re Colonial Ltd. Partnership Litigation*, 854 F. Supp. 64 (D. Conn. 1994), has fallen into disrepute because of its misapplication of *Korwek*.  *See Flag Telecom*, 352 F. Supp. 2d at 455 n.20; *In re Enron Corp. Sec. Derivative & ERISA Litig.*, 529 F. Supp. 2d 644, 709 (S.D. Tex. 2006); *CalPERS*, 2002 WL 33934282, at *29. Defendants' citation to *In re American Funds Securities Litigation*, 556 F. Supp. 2d 1100, 1111 (C.D. Cal. 2008), is similarly inapposite.  There, the court found that an earlier filed class action did not toll the statute of limitations for a subsequent class action filed two years later because it raised different claims than those previously asserted.

[10]  Rule 15(c)(1)(b) provides that "[a]n amendment to a pleading relates back to the date of the original pleading when    the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading."  When an amendment

---

Ninth Circuit has held that an amended pleading adding a plaintiff will relate back where "1) the original complaint gave the defendant adequate notice of the claims of the newly proposed plaintiff; 2) the relation back does not unfairly prejudice the defendant; and 3) there is an identity of interests between the original and newly proposed plaintiff." *Immigrant Assistance Project of the L.A. County Fed'n of Labor v. INS*, 306 F.3d 842, 857 (9th Cir. 2002) (citations omitted).

### A.   Defendants Were on Notice of DGRS' Claims and Will Suffer No Prejudice

The proposed additions to the Amended Consolidated Complaint set forth in the Heffelfinger Decl., Ex. B (Dkt. No. 225), do not add any new defendants or causes of action, nor do they change the substance of any of the claims previously asserted; they simply reflect the addition of DGRS as a named plaintiff with standing as to the previously included 2006-AR15 Offering.  As such, Defendants were on notice of DGRS' claims at the time the *New Orleans* complaint was filed, and then again when the Consolidated Complaint was filed.  *See Immigrant Assistance Project*, 306 F.3d at 857-58 (finding notice requirement met where both pleadings were brought on behalf of the same class and challenged the same conduct).

Because both complaints specifically included within each class claims with respect to the 2006-AR15 Offering, Defendants cannot possibly be prejudiced, and do not assert any prejudice, by the addition of DGRS as a named plaintiff.  *See Besig v. Dolphin Boating & Swimming Club*, 683 F.2d 1271, 1278 (9th Cir. 1982) ("Relation back imposes no prejudice when an amendment restates a claim with no new facts."); 6A WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 1501 (3d ed. 2004) ("As long as defendant is fully apprised of a claim arising from specified conduct and has prepared to defend the action, defendant's ability to protect itself will not be prejudicially affected if a new plaintiff is added, and defendant should not be permitted to invoke a [statute of] limitations defense.").

*New Jersey Carpenters Vacation Fund v. Royal Bank of Scotland Group, PLC*, No. 08 CV 5093(HB), 2010 WL 1172694 (S.D.N.Y. Mar. 26, 2010) ("*RBS*"), another case arising out of mortgage-backed securities offerings, recently confronted similar issues.  In *RBS*, plaintiffs filed an

---

changes a party, Rule 15(c)(1)(C) requires that the defendant have "received such notice of the action that it will not be prejudiced in defending on the merits."  FED. R. CIV. P. 15(c)(1)(C)(i).

initial complaint alleging material misstatements and omissions with respect to certain offerings. Later, plaintiffs included additional offerings to a consolidated amended complaint. *RBS* held that the addition of *entirely new* offerings to the operative pleading relates back to the original pleading for statute of limitations purposes, explaining:

> ***The Consolidated Amended Complaint does not allege new causes of action***. Although Plaintiffs included more Harborview Trusts that had Offering Documents that allegedly contained material misstatements and omissions, it ***shares the same core factual allegations contained in the initial, state court complaint*** with regard to the central issues of the claim: misstatements about the underwriting guidelines, conflicts of interest with the rating agencies, and outdated credit rating models. ***Defendants had adequate notice of the nature of this action sufficient to relate back the added offerings in the Consolidated Amended Complaint***.

*Id.*, at *9 (emphasis added) (internal citation omitted).

Here, Defendants had specific notice of the 2006-AR15 Offering because both the *New Orleans* complaint and the Consolidated Complaint identified it.

## B.   DGRS Is Similarly Situated to the Current Plaintiffs

The "identity-of-interest" requirement of Rule 15(c) is satisfied where the original plaintiffs and the proposed additional plaintiffs are "similarly situated." *See Immigrant Assistance Project*, 306 F.3d at 858. Here, DGRS seeks to bring the same legal claims premised on the same wrongdoing as alleged by the named plaintiffs in the Consolidated Complaint and the current plaintiffs in the Amended Consolidated Complaint. The proposed amendments do not allege any new causes of action, legal theories, substantive facts, or name any additional defendants that were not included in the Consolidated Complaint. In other words, "the circumstances giving rise to the claim remain[] the same [under the amended complaint] as under the original complaint." *Immigrant Assistance Project*, 306 F.3d at 858 (second alteration in original) (citation omitted) (quotation marks omitted); *see also Besig*, 683 F.2d at 1278 ("An amendment changing plaintiffs may relate back when the relief sought in the amended complaint is identical to that demanded originally.").[11]

---

[11]   The authority cited by the Underwriter Defendants in their Motion to Dismiss regarding a purported lack of "identity of interest" (MTD Mem. at 8-9) does not advance their argument and is not remotely analogous to the present facts. *See In re Syntex Corp. Sec. Litig.*, 95 F.3d 922, 935 (9th Cir. 1996) (plaintiffs sought to expand the class to add new plaintiffs and have those plaintiffs' claims relate back to the original pleading, despite the fact that the proposed new plaintiffs were never members of the asserted class in the original pleading); *Howard v. Hui*, No. C 92-3742-CRB, 2001 WL 1159780 (N.D.

## CONCLUSION

For the foregoing reasons, DGRS respectfully requests that the Court grant its motion to intervene.

Dated:  September 23, 2010

**BERMAN DEVALERIO**

By:   s/ Christopher T. Heffelfinger
CHRISTOPHER T. HEFFELFINGER

Joseph J. Tabacco, Jr.
Anthony D. Phillips
One California Street, Suite 900
San Francisco, CA 94111
Telephone: (415) 433-3200
Facsimile: (415) 433-6382

*Local Counsel for the General Retirement
System of the City of Detroit*

**ZWERLING, SCHACHTER
  & ZWERLING, LLP**
Robin F. Zwerling (admitted *pro hac vice*)
Jeffrey C. Zwerling
Justin M. Tarshis
41 Madison Avenue, 32nd Floor
New York, NY 10010
Telephone:  (212) 223-3900
Facsimile:   (212) 371-5969
rzwerling@zsz.com
jzwerling@zsz.com
jtarshis@zsz.com

- and -

Dan Drachler  (admitted *pro hac vice*)
1904 Third Avenue, Suite 1030
Seattle, WA 98101
Telephone:  (206) 223-2053
Facsimile:  (206) 343-9636
ddrachler@zsz.com

*Counsel for the General Retirement System
of the City of Detroit*

Cal. Sept. 24, 2001) (finding relation back inappropriate where plaintiff attempted to assert an entirely new claim that was not asserted in original complaint and where original complaint did not notify defendants that such a claim may be asserted against them).

**CERTIFICATE OF SERVICE**

I, Katie P. Umpierre, hereby declare as follows:

I am employed by Berman DeValerio, One California Street, Suite 2100, San Francisco, California, 94111. I am over the age of 18 years and am not a party to this action. On September 23, 2010, using the Northern District of California's Electronic Case Filing System ("ECF"), with the ECF ID registered to Christopher T. Heffelfinger, and at his direction, I filed and served true and correct copies of the forgoing **REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO INTERVENE BY THE GENERAL RETIREMENT SYSTEM OF THE CITY OF DETROIT**.

The ECF System is designed to automatically generate an e-mail message to all parties in the case, which constitutes service. According to the ECF/PACER system, for this case, following are those who are currently on the list to receive e-mail notices for this case:

**SEE ATTACHED MAILING INFORMATION**
**FOR A CASE 5:09-CV-01376-LHK**

I further declare that on September 23, 2010, I served a true and correct copy of foregoing document listed above on the following attorneys and/or parties, who are not on the list to receive e-mail notices for this case, by placing a true copy thereof enclosed in a sealed envelope, addressed as shown below, affixing proper first class postage, and depositing the envelope in the United States Mail at San Francisco, California, in accordance with Berman DeValerio's ordinary business practices:

**SEE ATTACHED MAILING INFORMATION**
**FOR A CASE 5:09-CV-01376-LHK**

I declare under penalty of penalty of perjury pursuant to the laws of the United States that the foregoing is true and correct.

Executed at San Francisco, California, on September 23, 2010.

_Katie P. Umpierre._

Katie P. Umpierre

## Mailing Information for a Case 5:09-cv-01376-LHK

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Floyd Abrams**
  FAbrams@cahill.com,FAbrams@cahill.com

- **Steve W. Berman**
  steve@hbsslaw.com,robert@hbsslaw.com,heatherw@hbsslaw.com

- **David T. Biderman**
  dbiderman@perkinscoie.com,docketsflit@perkinscoie.com

- **Peter E. Borkon**
  peterb@hbsslaw.com

- **Stephen McGeorge Bundy**
  sbundy@tcolaw.com,cdunbar@tcolaw.com,cwoodrich@tcolaw.com,mcianfrani@tcolaw.com

- **Timothy Alan DeLange**
  timothyd@blbglaw.com,kayem@blbglaw.com,kristinas@blbglaw.com,takeok@blbglaw.com

- **Dan Drachler**
  ddrachler@zsz.com

- **Marc T. Dworsky**
  Marc.Dworsky@mto.com,phillip.signey@mto.com

- **Andrew J. Ehrlich**
  aehrlich@paulweiss.com

- **Bruce A. Ericson**
  bruce.ericson@pillsburylaw.com,docket@pillsburylaw.com

- **Farschad Farzan**
  ffarzan@perkinscoie.com,docketsflit@perkinscoie.com,callen@perkinscoie.com

- **Martin Flumenbaum**
  mflumenbaum@paulweiss.com

- **David H. Fry**
  frydh@mto.com,lauren.larocca@mto.com,julie.lunsford@mto.com

- **Robert A. Goodin**
  rgoodin@gmssr.com,dalbano@gmssr.com

- **Francis M. Gregorek**
  gregorek@whafh.com

- **Christopher T. Heffelfinger**
  cheffelfinger@bermandevalerio.com,ysoboleva@bermandevalerio.com

- **Jayesh Sanatkumar Hines-Shah**
  hinesshahj@howrey.com,vossm@howrey.com,chicagolitdocket@howrey.com

- **Jenny Huang Hong**
  jenny.hong@mto.com,lauren.larocca@mto.com,milvi.giesinger@mto.com

- **Thomas Octavian Jacob**
  tojacob@wellsfargo.com,Merredith.Lloyd@wellsfargo.com

- **Takeo Austin Kellar**
  takeok@blbglaw.com,kristid@blbglaw.com

- **Joel P Laitman**
  jlaitman@cohenmilstein.com,efilings@cohenmilstein.com

- **Andrew Dale Lanphere**
  andrew.lanphere@pillsburylaw.com

- **Christopher Lometti**
  clometti@cohenmilstein.com,efilings@cohenmilstein.com

- **Betsy Carol Manifold**
  manifold@whafh.com

- **David Andrew McCarthy**
  dmccarthy@wsgr.com,vmendoza@wsgr.com

- **Kathleen Marie McDowell**
  kathleen.mcdowell@mto.com,denise.olguin@mto.com

- **Jonathan Alan Patchen**
  jpatchen@tcolaw.com,cwoodrich@tcolaw.com,mcianfrani@tcolaw.com

- **Erik David Peterson**
  epeterson@csgrr.com

- **Anthony David Phillips**
  aphillips@bermandevalerio.com,ysoboleva@bermandevalerio.com

- **Daniel B. Rehns**
  drehns@cohenmilstein.com,efilings@cohenmilstein.com

- **Rachele R. Rickert**
  rickert@whafh.com

- **Darren Jay Robbins**
  e_file_sd@csgrr.com

- **Tammy L. Roy**
  TRoy@cahill.com,TRoy@cahill.com

- **Tobias J. Stern**
  tstern@paulweiss.com

- **David Ronald Stickney**
  davids@blbglaw.com

- **Joseph J. Tabacco , Jr**
  jtabacco@bermandevalerio.com,ysoboleva@bermandevalerio.com

- **Stephen E. Taylor**
  staylor@tcolaw.com,cdunbar@tcolaw.com,cwoodrich@tcolaw.com,mcianfrani@tcolaw.com,jpatchen@tcolaw.com,sbundy@tcolaw.com

- **Shawn A. Williams**
  shawnw@rgrdlaw.com,khuang@rgrdlaw.com,e_file_sd@rgrdlaw.com,jdecena@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Carolyn Veronica Zabrycki**
  carolyn.zabrycki@mto.com,laurie.stoker@mto.com

- **Adam Zurofsky**
  AZurofsky@cahill.com,AZurofsky@cahill.com

- **Robin F. Zwerling**
  rzwerling@zsz.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
James J. Coster
Satterlee Stephen Burke & Burke LLP
230 Park Avenue
New York, NY 10169
```

**Stephanie J. Goldstein**
Fried Frank Harris Shriver & Jacobson LLP
One New York Plaza
New York, NY 10004

**Takeo A. Kellar**
Bernstein Litwitz Berger & Grossmann LLP
12481 High Bluff Drive, Suite 300
San Diego, CA 92130

**Shahzeb Lari**
Fried Frank Harris Shriver & Jacobson LLP
One New York Plaza
New York, NY 10004

**William G. McGuinness**
Fried Frank Harris Shriver & Jacobson LLP
One New York Plaza
New York, NY 10004

**James Regan**
Satterlee Stephen Burke & Burke LLP
230 Park Avenue
Ne wYork, NY 10169

**Joshua M. Rubins**
Satterlee Stephens Burke & Burke
230 Park Ave
New York, NY 10169-0079

**David Andrew Thorpe**
Bernstein Litowitz Berger & Grossmann LLP
12481 High Bluff Drive
Suite 300
San Diego, CA 92130