MARC T.G. DWORSKY (SBN 157413)
Marc.Dworsky@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, 25th floor
Los Angeles, CA  90071-1560
Telephone:     (213) 683-9100
Facsimile:     (213) 687-3702

JEROME C. ROTH (SBN 159483)
Jerome.Roth@mto.com
DAVID H. FRY (SBN 189276)
David.Fry@mto.com
JENNY H. HONG (SBN 251751)
Jenny.Hong@mto.com
CAROLYN V. ZABRYCKI (SBN 263541)
Carolyn.Zabrycki@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street,  27th floor
San Francisco, CA 94105-2907
Telephone:     (415) 512-4000
Facsimile:     (415) 512-4077

Attorneys for Defendants
WELLS FARGO DEFENDANTS AND THE
INDIVIDUAL DEFENDANTS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE WELLS FARGO MORTGAGE-BACKED CERTIFICATES LITIGATION | Civil Action No. 09-01376 (LHK)<br><br>**CONSOLIDATED CLASS ACTION ECF**<br><br>**OPPOSITION TO MOTION FOR RECONSIDERATION** |

Wells Fargo Asset Securities Corporation and Wells Fargo Bank, N.A. (collectively "Wells Fargo") respectfully submit this opposition to Plaintiff Charles Schwab Corporation's ("Schwab") motion for reconsideration of this Court's September 2, 2010 order granting Wells Fargo's administrative motion to relate *Charles Schwab Corp. v. Banc of America Securities LLC*, Case No. 10-03489-LHK ("*Schwab*"), to the above-captioned case, *In re Wells Fargo Mortgage-Backed Certificates Litigation* ("*In re Wells Fargo*").[1]

Schwab's attempt to characterize *Schwab* and *In re Wells Fargo* as unrelated by highlighting any difference between the two cases misses the mark. For two cases to be related under Local Civil Rule 3-12, they need not be identical in all respects but "concern the same parties, property, transaction or event . . . ." Here, the two complaints allege the same claims against the same parties for the same exact security. Schwab does not dispute that these two cases concern the same parties: Wells Fargo Asset Securities Corporation, Wells Fargo Bank, N.A. and UBS Securities, LLC. Schwab does not dispute that these two cases concern the same transaction: the issuance and sale of certificates from Wells Fargo Mortgage-Backed Securities Trust 2007-10. Furthermore, Schwab does not dispute that these two cases concern the same allegations: that Wells Fargo violated Section 11, Section 12, and Section 15 of the Securities Act of 1933 on the theory that the offering documents for Trust 2007-10 contain misleading statements about underwriting standards, appraisals, and credit ratings. In fact, while Schwab in this motion seeks to distinguish its case from *In re Wells Fargo*, it simultaneously seeks to align itself with this case in its complaint in order to avoid the applicable statute of limitations. (*See* Schwab's Am. Compl. at ¶ 32 (alleging that statute of limitations has been tolled because Schwab "is a putative member of the proposed class in *In re Wells Fargo*").

Schwab cannot dispute that one of the two trusts over which it sues is exactly the same trust involved in the above-captioned litigation. At least half of the *Schwab* case, therefore,

---

[1] Schwab's motion does not appear to comport with the Local Rules in that it notices a hearing date less than 35 days from the filing of the motion. If the motion is a motion for administrative relief, then a hearing will be held only pursuant to a court order. Civil L.R. 7-11(c). If it is a noticed motion, it must be filed not less than 35 days before the hearing date. Civil L.R. 7-2(a). Wells Fargo has treated the motion as one for administrative relief.

- 1 -

OPPOSITION TO MOTION FOR RECONSIDERATION
NO. 09-01376-LHK

1  will involve substantially the same legal and factual issues as *In re Wells Fargo*. Permitting cases
2  asserting the same claims against the same parties over the same security to proceed before two
3  Judges is, as described in Rule 3-12, likely to create "unduly burdensome duplication of labor and
4  expense or conflicting results."

5  Because Schwab cannot dispute that these cases involve the same parties,
6  transaction, and allegations, it instead draws a baseless comparison to *Hodges v. Akeena Solar,*
7  *Inc*. The analogy to *Hodges* lacks any merit as Judge Ware's decision expressly depended on the
8  fact that the cases, unlike those here, did not assert the same claim, and that a defendant in one
9  case was a nominal *plaintiff* in the second case. Case No. CV-09-02147, 2010 WL 2756536, at
10 *1 (N.D. Cal. July 9, 2010).

11 Schwab's contention that it will be "prejudiced" by the Securities Litigation
12 Uniform Standards Act ("SLUSA") if the cases are related also fails. As an initial matter,
13 Schwab's expressed concern that Wells Fargo might make an argument in the future is purely
14 hypothetical, as Wells Fargo has not made such an argument. Moreover, if Wells Fargo did make
15 an argument under SLUSA and the Court adopted it, that would not constitute "prejudice"; rather,
16 it would merely be an application of the law to the facts of the case. In any event, it is irrelevant
17 to the determination whether the cases are, in fact, related.

18 To avoid conflict, discourage forum/judge-shopping, conserve judicial resources,
19 and promote efficient determination of these actions, *The Charles Schwab Corporation v. Banc of*
20 *America Securities LLC, et al.*, No. CV-10-3489-SI should be related to this first-filed case, *In re*
21 *Wells Fargo Mortgage-Backed Certificates Litigation*. Schwab's Motion for Reconsideration
22 should therefore be denied.

- 2 -

OPPOSITION TO MOTION FOR RECONSIDERATION
NO. 09-01376-LHK

| | | |
|---|---|---|
| 1 | DATED: September 27, 2010 | MUNGER, TOLLES & OLSON LLP<br>  MARC T.G. DWORSKY<br>  JEROME C. ROTH<br>  DAVID H. FRY<br>  JENNY H. HONG<br>  CAROLYN V. ZABRYCKI |

By:      */s/ David. H. Fry*
                DAVID H. FRY

Attorneys for Defendants
WELLS FARGO DEFENDANTS AND THE INDIVIDUAL DEFENDANTS

- 3 -

OPPOSITION TO MOTION FOR RECONSIDERATION
NO. 09-01376-LHK