**E-Filed 10/05/2010**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In Re WELLS FARGO MORTGAGE-BACKED CERTIFICATES LITIGATION | Case No.: 09-CV-01376-LHK<br><br>TENTATIVE ORDER GRANTING UNDERWRITER DEFENDANTS' MOTION TO DISMISS |

On September 7, 2010, the Court heard oral argument on a Motion to Dismiss brought by the Underwriter Defendants.[1] Based on the parties' arguments and the papers submitted, the Court tentatively GRANTS the Underwriter Defendants' Motion. This Order will likely be dispositive of claims asserted in other matters in which plaintiffs have relied upon tolling from this case to establish that their claims are timely. *See First Star Bank v. Wells Fargo Mortg. Backed Sec. 2006-AR15 Trust*, No. 10-cv-3508 LHK, Dkt. No. 1 (Compl.) at ¶95; *Charles Schwab Corp. v. Banc of America Sec. LLC*, No. 10-cv-03489 LHK, Dkt. No. 1, Ex. B at ¶ 32; *Charles Schwab Corp. v. BNP Paribas Sec. Corp.*, No. 10-cv-04030 SI, Dkt. No. 1 (Am. Compl.) ¶ 54; Reply ISO Mot. to Intervene filed by General Retirement System of the City of Detroit (Dkt. No. 279) at 7-10.

---

[1] Defendants Goldman, Sachs & Co., JP Morgan Securities, Inc., Bear, Stearns & Co., Inc., Deutsche Bank Securities, Inc., UBS Securities, LLC, Credit Suisse Securities (USA) LLC, RBS Securities, Inc., Banc of America Securities, LLC, Citigroup Global Markets, Inc., and Merrill Lynch, Pierce, Fenner & Smith, Inc.

1

Case No.: 09-CV-01376-LHK
TENTATIVE ORDER GRANTING MOTION TO DISMISS

1    Moreover, some parties have already submitted briefing on the tolling issue discussed here, and the

2    Court has reviewed those papers.² In light of the foregoing, the following parties are invited to

3    argue this issue at the hearing scheduled for October 7, 2010: the General Retirement System of the

4    City of Detroit, First Star Bank, and the Charles Schwab Corporation.

### I. BACKGROUND

This putative class action was initially filed on March 27, 2009, in a complaint styled *General Retirement System of the City of Detroit v. The Wells Fargo Mortgage Backed Securities 2006-AR18 Trust*, *et al.*, No. 09-CV-1376 ("*Detroit*"). Another action bringing overlapping and related claims, titled *New Orleans Employees' Retirement System v. Wells Fargo Asset Securities Corp.*, *et al.*, No. 09-CV-01620 ("*New Orleans*"), was filed April 13, 2009. Judge Illston (to whom this case was previously assigned) consolidated these two cases and granted lead plaintiff status to the Louisiana Sheriffs' Pension and Relief Fund, Alameda County Employees' Retirement Association, New Orleans Employees' Retirement System, and the Government of Guam Retirement Fund, on July 16, 2009. Lead Plaintiffs filed a Consolidated Complaint on August 31, 2009. Generally, the Consolidated Complaint alleged violations of Sections 11, 12(a)(2) and 15 of the Securities Act of 1933 (15 U.S.C. §§ 77k, 77l(a)(2), and 77o) based on sales of mortgage pass-through certificates ("Certificates") sold through fifty-four separate offerings ("Offerings"). Defendants moved to dismiss the Consolidated Complaint on a number of grounds. On April 22, 2010, Judge Illston granted-in-part and denied-in-part Defendants' motions. The April 22, 2010 Order provides factual background on the nature of the claims brought in the Consolidated Complaint. The Court will not re-state this background here. *See* Dkt. No. 198 (April 22, 2010 Order) at 1-3.

Judge Illston found that the Plaintiffs had stated claims under Sections 11 and 15 of the Securities Act of 1933. However, Judge Illston dismissed claims based on 37 Offerings, because the named Plaintiffs had not invested in them and therefore lacked standing to bring claims regarding those Offerings. *Id*. at 7. Plaintiffs were granted "leave to amend to designate additional

---

² Reply ISO Mot. to Intervene filed by General Retirement System of the City of Detroit (Dkt. No. 279); Pls.'s Mot. to Remand, Dkt. No. 18 filed in *Charles Schwab Corp. v. Bank of America Sec. LLC*, No. 10-cv-3489 LHK.

2

Case No.: 09-CV-01376-LHK
TENTATIVE ORDER GRANTING MOTION TO DISMISS

1  named plaintiffs who purchased securities through those offerings." *Id*. On May, 28, 2010,
2  Plaintiffs filed an Amended Consolidated Complaint (ACC). The ACC identifies five new named
3  Plaintiffs ("New Plaintiffs"). The New Plaintiffs allege that they invested in ten of the 37
4  Offerings previously dismissed for lack of standing. Dkt. No. 203. The Underwriter Defendants
5  moved to dismiss the New Plaintiffs' claims on the ground that no named plaintiffs had standing to
6  bring these claims previously, and therefore the statute of limitations has run on these claims.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). In deciding whether the plaintiff has stated a claim, the Court must assume the plaintiff's allegations are true and draw all reasonable inferences in the plaintiff's favor. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

## III. DISCUSSION

At the hearing on these motions, Plaintiffs admitted that they must rely on tolling of the three-year statute of repose regarding seven of these revived Offerings. Regarding the other three, Plaintiffs argue that it is a question of fact when the one-year statute of limitations began to run. The three-year statute of repose bars claims relating to any Offering first sold before May 28, 2007 (which is three years before the ACC was filed); the statute would thus bar Plaintiffs from suing under seven of the revived Offerings.[3] *See* Section 13, 15 U.S.C. §77m. The one-year statute of limitations bars claims brought more than a year after discovery of the challenged statement was

---

[3] These include the Wells Fargo Mortgage-Backed Securities (WFMBS) 2006-7, 2006-10, 2006-AR16, 2006-AR19, 2006-18, 2006-20, and the Wells Fargo Alternative Loan 2007-PA1 Trusts.

3
Case No.: 09-CV-01376-LHK
TENTATIVE ORDER GRANTING MOTION TO DISMISS

1   made or "should have been made by the exercise of reasonable diligence." 15 U.S.C. § 77m. The

2   Underwriters argue that the original complaints in the pre-consolidation cases identify the same

3   bases for Plaintiffs' claims, but were filed more than a year before the Consolidated Complaint.

4   Therefore, the Underwriters urge that the New Plaintiffs should have known about these claims at

5   least as of the time the previous complaints were filed, and that this bars the remaining revived

6   Offerings.[4]

7   Plaintiffs argue that the statutes of repose and of limitations should be tolled for the New

8   Plaintiffs' claims based on the assertion of these claims by the plaintiff in the original *Detroit*

9   complaint. However, the *Detroit* plaintiff did not have standing to bring claims regarding these

10  Offerings. Plaintiffs principally rely on the Supreme Court's decision in *American Pipe &*

11  *Construction Co. v. Utah*, 414 U.S. 538, 554 (1974), as well as a Southern District of New York

12  case, *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 352 F. Supp. 2d 429, 455 (S.D.N.Y. 2005).

13  In *American Pipe*, the Supreme Court held that when a class action is dismissed for failure

14  to certify the class, the statute of limitations is tolled for class members who then intervene to

15  assert the same claims individually. The holding was limited to situations "[W]here class action

16  status has been denied solely because of failure to demonstrate that 'the class is so numerous that

17  joinder of all members is impracticable. . . .'" *American Pipe*, 414 U.S. at 552 (internal citations

18  omitted). In affirming the Ninth Circuit's decision to toll the claims of individual class members,

19  the Supreme Court remarked that the Ninth Circuit was "careful to note" that "maintenance of the

20  class action was denied *not* for . . . *lack of standing* of the representative . . . ." *American Pipe*, 414

21  U.S. at 553 (emphasis added). Thus, *American Pipe* did not address the precise situation presented

22  here.[5] In this case, unlike in *American Pipe*, the *Detroit* and *New Orleans* plaintiffs lacked

23  standing to bring claims regarding the ten revived Offerings.

---

[4] These include the WFMBS 2007-10, 2007-13, and 2007-AR4 Trusts.

[5] Some of the cases cited by Plaintiffs apply *American Pipe* where standing was not determined, and are therefore not on point. *See Employers-Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Anchor Capital Advisors*, 498 F.3d 920, 925 (9th Cir. 2007) held that *American Pipe* tolling applies to individual claims of putative class members when a putative class action complaint is voluntarily dismissed; the case did not involve a determination that the original named plaintiffs lacked standing to bring the claims.

4

Case No.: 09-CV-01376-LHK
TENTATIVE ORDER GRANTING MOTION TO DISMISS

Plaintiffs rely on *Flag Telecom* to argue that *American Pipe* provides for tolling claims dismissed for lack of standing when another named plaintiff subsequently appears to assert them. In *Flag Telecom*, the Southern District of New York tolled the statute of limitations to allow the addition of a new plaintiff with standing to assert Section 12(a)(2) claims regarding Flag securities. *Flag Telecom*, 352 F. Supp. 2d at 454-56.  These claims were initially dismissed, because the original named plaintiff had not purchased the Flag securities at an Initial Public Offering (IPO), required for Section 12(a)(2) claims.  *Flag Telecom*, 352 F. Supp. 2d at 454.   The original named plaintiff, Loftin, *had* purchased the Flag securities otherwise, however, and had standing to assert Section 11 claims on that basis.  *Flag Telecom*, 352 F. Supp. 2d at 453.  In this context, the court noted that the newly-added plaintiff "would probably have concluded that he had little chance of becoming lead plaintiff after Loftin, who appears to have invested a substantial amount of capital in Flag, filed his May 2002 Complaint." *Id*. at 456.  The court concluded that failure to extend *American Pipe* tolling would undermine Rule 23's encouragement to investors to "refrain" from filing separate actions, or intervening, when those investors "feel their interests are adequately protected in a proposed class action that has already been filed." *Id*. *See also In re Enron Corp. Sec. Deriv. & ERISA Litig*., 529 F. Supp. 2d 644, 709 (S.D. Tex. 2006) (tolling Section 12(a)(2) claims where named plaintiffs had standing only as to Section 11 claims).

Defendants counter that because the original named Plaintiffs had no standing as to *any* claims relating to the dismissed Offerings, jurisdiction over these claims never attached.  Thus, the Court is simply without power to toll the statutes of limitations or repose over those claims.  While there is no Supreme Court or Ninth Circuit authority on this point, the Seventh Circuit has found that if the named plaintiffs to a class action lack standing to bring a claim, no putative class members can "step in to the [standing] breach."  *Walters v. Edgar*, 163 F.3d 430, 432 (7th Cir. 1998).  Following *Walters*, Judge Whyte (of this District) similarly found that the court could not toll claims that the original named plaintiffs had no standing to bring.  *Palmer v. Stassinos*, 236 F.R.D. 460, 465 (N.D. Cal. 2006).  Judge Whyte noted that "it would be beyond the constitutional power of a federal court to toll a period of limitations based on a claim that failed because the claimant had no power to bring it."  *Palmer*, 235 F.R.D. at 466.  Other district courts have reached

5

Case No.: 09-CV-01376-LHK
TENTATIVE ORDER GRANTING MOTION TO DISMISS

the same conclusion. *See In re Crazy Eddie Sec. Litig.*, 747 F. Supp. 850, 856 (E.D.N.Y. 1990); *In re Elscint, Ltd. Sec. Litig.*, 674 F. Supp. 374, 382 (D. Mass. 1987) (same); *Boilermakers National Annuity Trust Fund v. WAMU Mortg. Pass Through Certificates*, No. 09-cv-00037, slip op. at 15-16 (W.D. Wash. Sept. 28, 2010).

In *American Pipe* itself, the Supreme Court expressed concern that a failure to toll claims after certification has been denied would induce individuals to file duplicative suits (or risk giving up their claims) in situations where class certification is difficult to predict. *American Pipe*, 414 U.S. at 554. Some courts have relied on this rationale to toll the statute of limitations for putative class members, but where special circumstances apply. For example, the Third Circuit determined that tolling should permit substitution of a new plaintiff with standing where intervening law required the district court to reverse its certification order because the named plaintiff had no standing as to one claim. *Haas v. Pittsburgh Nat'l Bank*, 526 F.2d 1083, 1097 (3d Cir. 1975). The Ninth Circuit has allowed putative class members to re-assert class claims after their initial claims were dismissed based on an intervening change in the law. *Catholic Social Servs. v. INS*, 232 F.3d 1139, 1149 (9th Cir. 2000). On the other hand, the court in *Crazy Eddie* found no tolling when the named plaintiffs lacked standing to bring their claims, and noted that "there appears to be no good reason to encourage bringing of a suit merely to extend the period in which to find a class representative." 747 F. Supp. at 856.

Consistent with the analysis in *American Pipe* and its progeny, the Court finds that the facts in this case counsel against tolling the statute for the revived claims of the New Plaintiffs. Unlike the new plaintiffs in *Flag Telecom* or *Enron*, the New Plaintiffs here had no reason to rely on the filing of the *Detroit* and *New Orleans* complaints to protect their claims. The original complaints did not allege that the named plaintiffs had *any* ownership interest in the 37 dismissed Offerings. Thus, review of these complaints would have revealed that the plaintiffs in the *Detroit* and *New Orleans* actions lacked standing to bring claims as to many identified Certificates. Likewise, there are no unusual circumstances, such as an intervening change in the law affecting the standing

6

Case No.: 09-CV-01376-LHK
TENTATIVE ORDER GRANTING MOTION TO DISMISS

analysis, that render this decision unfair.[6] This conclusion is in accord with the Ninth Circuit's decision in *Lierboe v. State Farm Mut. Auto. Ins.* Co., 350 F.3d 1018, 1023-24 (9th Cir. 2003). Here, the Ninth Circuit ordered dismissal of a putative class action brought by a named plaintiff without standing, expressly denying an opportunity to substitute in a new named plaintiff. The Ninth Circuit relied on a Seventh Circuit decision in which leave to substitute a named plaintiff with standing was similarly denied. In so holding, the court noted that this outcome could easily have been avoided because "[i]t was apparent from the face of her complaint that Foster [the named plaintiff] never had standing." *Foster v. Ctr. Twp. of La Porte Cnty*, 798 F.2d 237, 245 (7th Cir. 1986).

While the Court finds the *Walters* and *Palmer* decisions instructive, it is unnecessary to decide today that it is beyond the power of the Court to toll the statute of limitations where the lead plaintiff lacks standing. Rather, the Court finds that *American Pipe* and the cases interpreting it support the declination to extend tolling to claims over which the original named Plaintiffs asserted no facts supporting standing.

As a result, the Court must dismiss the ten revived Offerings. As to the seven Offerings that were sold before May 28, 2007, Plaintiffs concede that they must rely on tolling of the three year statute of repose to bring claims relating to these securities. Thus, there is no dispute as to the impact of the Court's decision on those Offerings, and they must be dismissed.

As to the remaining three Offerings, Plaintiffs contend that it is an issue of fact when the one-year statute of limitations regarding those claims began to run. However, the March 27, 2009 *Detroit* complaint and the April 13, 2009 *New Orleans* complaint stated many of the same factual bases now alleged in the ACC regarding these Offerings. Specifically, these complaints cite to the same Registration Statements, and many of the same alleged misrepresentations and omissions within those Registration Statements, as cited in the May 28, 2010 ACC. *Compare Detroit* Complaint ¶¶ 54-70 and *New Orleans* Complaint ¶¶ 104-112 with ACC ¶¶ 57-67; 86-90; 100-103. Although the ACC expands upon the allegations, principally by adding statements by confidential

---

[6] In dismissing claims regarding Offerings Plaintiffs had not purchased, Judge Illston noted that other courts had "overwhelmingly held" that a purchase in the challenged offering is required for standing. April 22, 2010 Order at 5.

7
Case No.: 09-CV-01376-LHK
TENTATIVE ORDER GRANTING MOTION TO DISMISS

witnesses, the information in the original *Detroit* and *New Orleans* Complaints was at least sufficient to put the New Plaintiffs on notice of their claims. In addition, in opposing this motion, Plaintiffs argue that they were first "plausibly" on notice of their claims as of May 20, 2008. *See* Dkt. No. 218 (Opp.) at 21.

In light of these facts, the Court finds that New Plaintiffs either knew of the basis for the revived claims, or, through diligence, should have known of them more than a year before the ACC was filed on May 28, 2010. *See In re Syntex Corp. Sec. Litig.*, 95 F.3d 922, 935 (9th Cir. 1996) (finding that filing of a first complaint evidenced that plaintiffs had discovered the facts underlying their Securities Act of 1934 Section 10(b) claim, triggering the statute of limitations); *see also In re American Funds Sec. Litig.*, 556 F. Supp. 3d 1100, 1105 (C.D. Cal. 2008) (dismissing Section 12 claims based on facts admittedly known by plaintiffs, triggering statute of limitations).[7] The one-year statute of limitations for WFMBS 2007-10 thus expired on March 27, 2010 (one year after the *Detroit* complaint was filed), at the latest. The one-year statute of limitations for WFMBS 2007-13 and 2007-AR4 likewise expired on April 13, 2010 (one year after the *New Orleans* complaint was filed) at the latest. The May 28, 2010 filing of the ACC was therefore past the one-year statute of limitations for all three remaining revived Offerings. Accordingly, all ten revived Offerings brought by New Plaintiffs are hereby DISMISSED WITH PREJUDICE.

## IV. CONCLUSION

Accordingly, the ten revived Offerings brought by New Plaintiffs (WFMBS 2007-10, 2007-13, 2007-AR4, 2006-7, 2006-10, 2006-AR16, 2006-AR19, 2006-18, 2006-20 Trusts, and the Wells Fargo Alternative Loan 2007-PA1 Trust) are hereby DISMISSED with prejudice.

**IT IS SO ORDERED.**

Dated: October 5, 2010

_____
LUCY H. KOH
United States District Judge

---

[7] Although *In re Syntex* deals with inquiry notice of a Section 10(b) claim, a similar "inquiry notice" standard triggers the statute of limitations for Section 10(b) claims and Section 11 or 12 claims, and for purposes of this analysis, the Court finds the *In re Syntex* analysis applicable.

8
Case No.: 09-CV-01376-LHK
TENTATIVE ORDER GRANTING MOTION TO DISMISS