MARC T.G. DWORSKY (SBN 157413)
Marc.Dworsky@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, 25th floor
Los Angeles, CA 90071-1560
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

JEROME C. ROTH (SBN 159483)
Jerome.Roth@mto.com
DAVID H. FRY (SBN 189276)
David.Fry@mto.com
JENNY H. HONG (SBN 251751)
Jenny.Hong@mto.com
CAROLYN V. ZABRYCKI (SBN 263541)
Carolyn.Zabrycki@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th floor
San Francisco, CA 94105-2907
Telephone: (415) 512-4000
Facsimile: (415) 512-4077

Attorneys for Defendants
WELLS FARGO DEFENDANTS AND THE
INDIVIDUAL DEFENDANTS

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| IN RE WELLS FARGO MORTGAGE-BACKED CERTIFICATES LITIGATION | Civil Action No. 09-01376 (LHK) <br><br> **CONSOLIDATED CLASS ACTION** <br> **ECF** <br><br> **DEFENDANTS' REPLY TO FIRST STAR BANK'S RESPONSE TO THE COURT'S TENTATIVE ORDER GRANTING UNDERWRITER DEFENDANTS' MOTION TO DISMISS** |

The Court's Tentative Order correctly determined that *American Pipe* tolling does not apply in this circumstance. First Star Bank's Response errs in each argument it asserts.

*First*, First Star's contention that it and other potential class members could not have known that a plaintiff lacks standing to sue over securities it never bought is fanciful. Contrary to First Star's intimation, Judge Illston hardly broke new ground in holding that Lead Plaintiffs lack standing, but rather, followed cases from 2004 and 2006. (Dkt. No. 198 at 5.) Further, the suggestion at the recent hearing that it took the *Nomura* decision to make clear that a plaintiff cannot sue over securities it never bought makes no sense. The *Nomura* court (like Judge Illston) followed what it aptly called the "overwhelming weight of authority" – authority that has been around for years. *Plumbers' Union Local No. 12 Pension Fund v. Nomura Asset Acceptance Corp.*, 658 F. Supp. 2d 299, 303-304 (D. Mass. 2009); *accord Siemers v. Wells Fargo & Co.*, 2006 WL 3041090, at *7 (N.D. Cal. Oct. 24, 2006).[1]

*Second*, First Star's Response fails in asserting that it could not have known of the standing failure because the PSLRA-mandated notice described a class that included First Star. First Star (which, like all purchasers of mortgage-backed securities, is a sophisticated institutional investor) was fully capable of reading the PSLRA certifications attached to Lead Plaintiff's complaint, determining from the face of them that Lead Plaintiffs never bought the securities First Star bought, and filing its own case to litigate over those securities. Indeed, First Star's argument would eviscerate all the cases in which the courts rejected *American Pipe* tolling because the class plaintiffs lacked standing to sue over securities they never bought; there, as here, the class definitions purported to include purchasers of such certificates. Yet in all those cases, the courts held that *American Pipe* tolling did not apply, and rejected the notion that a would-be plaintiff can rely on the named plaintiffs' aspirational class definition when the named plaintiffs' lack of standing is manifest from their sworn PSLRA certifications.

---

[1] Even if investors could be said to have been justifiably oblivious to the standing problem despite many previous precedents involving other types of securities, and that investors were free to sleep on their rights until there was a decision directly on point involving exactly the same kind of security, *Nomura* was issued on September 30, 2009. There is no justification for any of these plaintiffs to have hesitated at that point to take action to protect their interests.

*Third*, the Court's tentative ruling is consistent with *American Pipe*, which, as the Supreme Court noted, did not involve a named plaintiff who lacked standing. *American Pipe & Const. Co. v. Utah*, 414 U.S. 538, 553 (1974). Courts repeatedly have held that *American Pipe* tolling cannot apply where the named plaintiff lacked standing, did not present a bona fide "case or controversy," and thus did not properly invoke Article III jurisdiction of the court in the first place—jurisdiction that is constitutionally necessary before any event in federal court, such as the filing of a complaint, can result in tolling. *Walters v. Edgar*, 163 F.3d 430, 432 (7th Cir. 1998); *Palmer v. Stassinos*, 236 F.R.D. 460, 464-66 (N.D. Cal. 2006); *Boilermakers Nat. Annuity Trust Fund v. WAMU Mortg. Pass Through Certs.*, 2010 WL 3815796 (W.D. Wash. Sept. 27, 2010).[2] Moreover, *American Pipe* simply does not apply when the later-filed action is a class action—it only applies to individual claims. *Robbin v. Fluor Corp.*, 835 F. 2d 213, 214 (9th Cir. 1987).

*Fourth*, the Court's tentative ruling is fully consistent with the PSLRA, which contains no provision purporting to bar a plaintiff from filing a class action after a lead plaintiff has been appointed. The lone case First Star cites, *In re Bank of America Corp. Securities, Derivative and ERISA Litigation*, 2010 WL 1438980 (S.D.N.Y. April 9, 2010), does not say that such cases are barred, but rather, contemplates that such cases may be filed and observes that they might be consolidated with the main case (which, ironically, First Star opposes here). *Id.* at *1. Nothing stopped First Star from filing its own individual or class action and, if Lead Plaintiffs attempted to block its case, pointing out that Lead Plaintiffs lacked standing to pursue those claims.

At bottom, the position of First Star and each of the other plaintiffs that seeks to assert untimely claims here is that, until Judge Illston actually determined that Lead Plaintiffs lacked standing to sue over certificates they did not purchase, purchasers of all those certificates were entitled to wait to see what happened. That is mistaken. As Judge Illston noted, courts had "overwhelmingly held" that a plaintiff has no standing with respect to securities it did not purchase. Judge Illston's order did not represent or reflect a change in the law. First Star's obligation was to take action to protect its rights. Instead, it chose to sit on those rights.

---

[2] *Accord Pub. Emp. Ret. Sys. of Miss. v. Merrill Lynch & Co.*, 2010 WL 2175875, at *3 (S.D.N.Y. June 1, 2010); *In re Elscint, Ltd. Sec. Litig.*, 674 F. Supp. 374, 377-79 (D. Mass. 1987); Doc. 212, at 9:23-11:9 (collecting cases).

| | | |
|---|---|---|
| 1 | DATED: October 8, 2010 | MUNGER, TOLLES & OLSON LLP |
| | |   MARC T.G. DWORSKY |
| 2 | |   JEROME C. ROTH |
| | |   DAVID H. FRY |
| 3 | |   JENNY H. HONG |
| | |   CAROLYN V. ZABRYCKI |

By:     */s/ David. H. Fry*
           DAVID H. FRY

Attorneys for Defendants
WELLS FARGO DEFENDANTS AND THE
INDIVIDUAL DEFENDANTS

DATED: October 8, 2010

WILLIAM G. MCGUINNESS (pro hac vice)
STEPHANIE J. GOLDSTEIN (pro hac vice)
SHAHZEB LARI (pro hac vice)
FRIED, FRANK, HARRIS, SHRIVER
& JACOBSON LLP
One New York Plaza
New York, New York 10004

PILLSBURY WINTHROP SHAW PITTMAN LLP
BRUCE A. ERICSON
ANDREW D. LANPHERE
50 Fremont Street
Post Office Box 7880
San Francisco, California 94120-7880

By:     */s/ Bruce A. Ericson*
           BRUCE A. ERICSON

Attorneys for Defendants
UNDERWRITER DEFENDANTS

**GENERAL ORDER 45 ATTESTATION**

I, David Fry, am the ECF user whose ID and password was used to file this Defendants' Reply to First Star Bank's Response to the Court's Tentative Order Granting Underwriters Defendants' Motion to Dismiss. In compliance with General Order 45, Section X.B, I hereby attest that concurrence in the filing of the document has been obtained from each of the other signatories.

DATED: October 8, 2010          MUNGER, TOLLES & OLSON LLP

                                By:      */s/ David H. Fry*
                                         DAVID H. FRY