\*\*E-Filed 10/19/2010\*\*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In Re WELLS FARGO MORTGAGE-BACKED CERTIFICATES LITIGATION | Case No.: 09-CV-01376-LHK<br><br>ORDER GRANTING UNDERWRITER DEFENDANTS' MOTION TO DISMISS |

This Order supersedes the Court's Tentative Order of October 5, 2010, Dkt. No. 289.

On September 7, 2010, the Court heard oral argument on a Motion to Dismiss brought by the Underwriter Defendants[1] in the above-captioned case ("Consolidated Case"). The Underwriters moved to dismiss certain claims on statute of limitations grounds.

Complaints in other cases have relied upon the Consolidated Case to establish that their claims are timely. *See First Star Bank v. Wells Fargo Mortg. Backed Sec.* 2006-AR15 Trust ("*First Star*"), No. 10-cv-3508 LHK, Dkt. No. 1 (Compl.) at ¶95; *Charles Schwab Corp. v. Banc of America Sec. LLC* ("*Schwab I*"), No. 10-cv-03489 LHK, Dkt. No. 1, Ex. B (Am. Compl.) at ¶ 32; *Charles Schwab Corp. v. BNP Paribas Sec. Corp.* ("*Schwab II*"), No. 10-cv-04030 SI, Dkt. No. 1, Ex. A (Am. Compl.) ¶ 54; Reply ISO Mot. to Intervene filed by General Retirement System of the City of Detroit (Dkt. No. 279) at 7-10. As a result, some parties have already briefed the tolling

---

[1] Defendants Goldman, Sachs & Co., JP Morgan Securities, Inc., Bear, Stearns & Co., Inc., Deutsche Bank Securities, Inc., UBS Securities, LLC, Credit Suisse Securities (USA) LLC, RBS Securities, Inc., Banc of America Securities, LLC, Citigroup Global Markets, Inc., and Merrill Lynch, Pierce, Fenner & Smith, Inc.

1

Case No.: 09-CV-01376-LHK
ORDER GRANTING MOTION TO DISMISS

United States District Court
For the Northern District of California

1   issue discussed here.[2] In order to provide an opportunity for all parties to be heard, the Court
2   issued a Tentative Order on October 5, 2010, and invited the parties in these other actions to
3   address tolling at the hearing set for October 7, 2010. First Star filed a brief opposing the Tentative
4   Order on October 6, 2010. *See* First Star Resp. (Dkt. No. 291). At the October 7, 2010 hearing,
5   the Court heard further oral argument from all parties on the issues. Finally, with the Court's
6   permission, the Defendants in this case filed a response to First Star's October 6 filing on October
7   8, 2010. *See* Defs.' Reply (Dkt. No. 292).

In addition to the Underwriter's Motion, a number of other motions have been filed in the various cases listed above, as follows:

On August 13, 2010, the named Plaintiff in the first-filed action in the Consolidated Case (General Retirement System of the City of Detroit, "General Retirement") moved to intervene in the Consolidated Case in order to bring claims relating to the Wells Fargo Mortgage-Backed Securities (WFMBS) 2006-AR15 Trust. Dkt. No. 224. General Retirement did not bring claims relating to this trust in its initial complaint, nor did it otherwise attempt to raise these claims until its Motion to Intervene.

On August 17, 2010, Wells Fargo[3] submitted an administrative motion asking the Court to determine that the *Schwab I* case is related to the Consolidated Case under Local Rule 3-12. Dkt. No. 233. No opposition was filed to this motion, and the Court found the cases related on September 2, 2010. Dkt. No. 252. On September 9, 2010, Wells Fargo submitted notice to the Court that it had inadvertently failed to serve the plaintiff in the *Schwab I* case (The Charles Schwab Corporation, "Schwab") with the Motion to Relate; subsequently, Schwab moved for leave to seek reconsideration of the Court's decision to relate the cases. The Court granted Schwab leave to seek reconsideration. Dkt. No. 271.

On September 2, 2010, the Lead Plaintiffs in the Consolidated Case moved to consolidate the *First Star* action with the Consolidated Case, and to enforce the Lead Plaintiffs determination

---

[2] Reply ISO Mot. to Intervene filed by General Retirement System of the City of Detroit (Dkt. No. 279); Pls.' Mot. to Remand, Dkt. No. 18 filed in *Schwab I*.
[3] Wells Fargo Bank, N.A., Wells Fargo Asset Securities Corporation and the Individual Defendants

2
Case No.: 09-CV-01376-LHK
ORDER GRANTING MOTION TO DISMISS

1   so that after consolidation, counsel for Lead Plaintiffs would represent the putative class identified
2   in the *First Star* complaint. Dkt. No. 255. First Star opposed. Dkt. No. 265.
3         On September 22, 2010, Wells Fargo submitted another administrative motion asking the
4   Court to determine that the *Schwab II* case is related to the Consolidated Case. Dkt. No. 272.
5   Schwab opposed. Dkt. No. 281.
6         Based on the arguments and the papers submitted, the Court GRANTS the Underwriters'
7   Motion to Dismiss; DENIES Wells Fargo's Motion to Relate the *Schwab II* action to the
8   Consolidated Case; GRANTS Schwab's Motion for Reconsideration of the Court's decision o
9   relate the *Schwab I* action to the Consolidated Case, and deems *Schwab I* unrelated; and deems
10  General Retirement's Motion to Intervene and the Plaintiffs' Motion to Consolidate the *First Star*
11  action moot because the claims asserted by both General Retirement and First Star are barred by
12  the statute of limitations.

### I. BACKGROUND

This putative class action was initially filed on March 27, 2009, in a complaint styled *General Retirement System of the City of Detroit v. The Wells Fargo Mortgage Backed Securities 2006-AR18 Trust*, et al., No. 09-CV-1376 ("*Detroit*"). Another action bringing overlapping and related claims, titled *New Orleans Employees' Retirement System v. Wells Fargo Asset Securities Corp.*, et al., No. 09-CV-01620 ("*New Orleans*"), was filed April 13, 2009. Judge Illston (to whom this case was previously assigned) consolidated these two cases and granted lead plaintiff status to the Louisiana Sheriffs' Pension and Relief Fund, Alameda County Employees' Retirement Association, New Orleans Employees' Retirement System, and the Government of Guam Retirement Fund, on July 16, 2009. Plaintiffs filed a Consolidated Complaint on August 31, 2009. Generally, the Consolidated Complaint alleged violations of Sections 11, 12(a)(2) and 15 of the Securities Act of 1933 (15 U.S.C. §§ 77k, 77l(a)(2), and 77o) based on sales of mortgage pass-through certificates ("Certificates") sold through fifty-four separate offerings ("Offerings"). Defendants moved to dismiss the Consolidated Complaint on a number of grounds. On April 22, 2010, Judge Illston granted-in-part and denied-in-part Defendants' motions. The April 22, 2010 Order provides factual background on the nature of the claims brought in the Consolidated

3

Case No.: 09-CV-01376-LHK
ORDER GRANTING MOTION TO DISMISS

1   Complaint. The Court will not re-state this background here. *See* April 22, 2010 Order (Dkt. No.
2   198) at 1-3.

3   Judge Illston found that the Lead and named Plaintiffs had stated claims under Sections 11
4   and 15 of the Securities Act of 1933. However, Judge Illston dismissed claims based on 37
5   Offerings, because the named Plaintiffs had not invested in them and therefore lacked standing to
6   bring claims regarding those Offerings. *Id*. at 7. Lead Plaintiffs were granted "leave to amend to
7   designate additional named plaintiffs who purchased securities through those offerings." *Id*. On
8   May, 28, 2010, Lead Plaintiffs filed an Amended Consolidated Complaint (ACC). The ACC
9   identifies five new named Plaintiffs ("New Plaintiffs"). The New Plaintiffs allege that they
10  invested in ten of the 37 Offerings previously dismissed for lack of standing. Dkt. No. 203. The
11  Underwriter Defendants moved to dismiss the New Plaintiffs' claims on the ground that no named
12  plaintiffs had standing to bring these claims previously, and therefore the statute of limitations has
13  run on these claims. *See* Mot. to Dismiss ACC (Dkt. No. 212) ("Underwriter Motion"). Lead
14  Plaintiffs opposed. Mem. in Opp'n re Mot. to Dismiss ACC (Dkt. No. 218) ("Opposition").

15  One of the Offerings dismissed by Judge Illston's April 22, 2010 Order was the 2006-AR15
16  Trust, now the subject of General Retirement's Motion to Intervene and the *First Star* complaint.
17  Another dismissed Offering, the 2007-10 Trust, is the basis of several causes of action in the
18  *Schwab I* case.

19  **II. LEGAL STANDARD**

20  Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if
21  it fails to state a claim upon which relief can be granted. To survive a motion to dismiss, the
22  plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl*.
23  *Corp*. *v*. *Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the
24  plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted
25  unlawfully." *Ashcroft v*. *Iqbal*, 129 S.Ct. 1937, 1949 (2009). In deciding whether the plaintiff has
26  stated a claim, the Court must assume the plaintiff's allegations are true and draw all reasonable
27  inferences in the plaintiff's favor. *Usher v*. *City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).
28  However, the court is not required to accept as true "allegations that are merely conclusory,

4

unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

### III. DISCUSSION

#### a. Tolling of Additional Class Claims

At the September 7, 2010 hearing on these motions, Plaintiffs admitted that they must rely on tolling of the three-year statute of repose regarding seven of these revived Offerings. Regarding the other three, Plaintiffs argued at the hearing that it is a question of fact when the one-year statute of limitations began to run. The three-year statute of repose bars claims relating to any Offering first sold or offered for sale before May 28, 2007 (which is three years before the ACC was filed). Therefore, absent tolling, the statute would bar Plaintiffs from suing under seven of the revived Offerings.[4] *See* Section 13, 15 U.S.C. §77m. The one-year statute of limitations bars claims brought more than a year after discovery of the challenged statement was made or "should have been made by the exercise of reasonable diligence." 15 U.S.C. § 77m. The Underwriters argue that the original complaints in the pre-consolidation cases identify the same bases for Plaintiffs' claims, but were filed more than a year before the Consolidated Complaint. Therefore, the Underwriters urge that the New Plaintiffs knew or should have known about these claims at least as of the time the previous complaints were filed, and that this bars the remaining revived Offerings.[5]

Plaintiffs argue that the statutes of repose and of limitations should be tolled for the New Plaintiffs' claims based on the assertion of these claims by the plaintiffs in the original *Detroit* and *New Orleans* complaints. However, the *Detroit* and *New Orleans* plaintiffs did not allege facts to show they had standing to bring claims regarding these Offerings. In fact, the complaints themselves showed that no named plaintiff had made any investment in the securities now asserted by the New Plaintiffs. In arguing that the statute of limitations on these claims should be tolled, Plaintiffs principally rely on the Supreme Court's decision in *American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 554 (1974), as well as a Southern District of New York case, *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 352 F. Supp. 2d 429, 455 (S.D.N.Y. 2005).

---

[4] These include the WFMBS 2006-7, 2006-10, 2006-AR16, 2006-AR19, 2006-18, 2006-20, and the Wells Fargo Alternative Loan 2007-PA1 Trusts.
[5] These include the WFMBS 2007-10, 2007-13, and 2007-AR4 Trusts.

5
Case No.: 09-CV-01376-LHK
ORDER GRANTING MOTION TO DISMISS

In *American Pipe*, the Supreme Court held that when a class action is dismissed for failure to certify the class, the statute of limitations is tolled for class members who then intervene to assert the same claims individually. The holding was limited to situations "[W]here class action status has been denied solely because of failure to demonstrate that 'the class is so numerous that joinder of all members is impracticable. . . .'" *American Pipe*, 414 U.S. at 552 (internal citations omitted). In affirming the Ninth Circuit's decision to toll the claims of individual class members, the Supreme Court remarked that the Ninth Circuit was "careful to note" that "maintenance of the class action was denied *not* for . . . *lack of standing* of the representative . . . ." *American Pipe*, 414 U.S. at 553 (emphasis added). Thus, *American Pipe* did not address the precise situation presented here.[6] In this case, unlike in *American Pipe*, the *Detroit* and *New Orleans* plaintiffs lacked standing to bring claims regarding the ten revived Offerings.

Plaintiffs rely on *Flag Telecom* to argue that *American Pipe* provides for tolling securities claims dismissed for lack of standing when another named plaintiff subsequently appears to assert them. In *Flag Telecom*, the Southern District of New York tolled the statute of limitations to allow the addition of a new plaintiff with standing to assert Section 12(a)(2) claims regarding Flag securities. *Flag Telecom*, 352 F. Supp. 2d at 454-56. These claims were initially dismissed, because the original named plaintiff had not purchased the Flag securities at an Initial Public Offering (IPO), as required for Section 12(a)(2) claims. *Flag Telecom*, 352 F. Supp. 2d at 454. The original named plaintiff, Loftin, *had* purchased the Flag securities otherwise, however, and had standing to assert Section 11 claims on that basis. *Flag Telecom*, 352 F. Supp. 2d at 453. In this context, the court noted that the newly-added plaintiff "would probably have concluded that he had little chance of becoming lead plaintiff after Loftin, who appears to have invested a substantial amount of capital in Flag, filed his May 2002 Complaint." *Id*. at 456. The court concluded that failure to extend *American Pipe* tolling would undermine Rule 23's encouragement to investors to

---

[6] Some of the cases cited by Plaintiffs apply *American Pipe* where the issue of standing was not determined, and are therefore not on point. *See Employers-Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Anchor Capital Advisors*, 498 F.3d 920, 925 (9th Cir. 2007) (holding that *American Pipe* tolling applies to individual claims of putative class members when a putative class action complaint is voluntarily dismissed). *Anchor Capital* did not involve a determination that the original named plaintiffs lacked standing to bring the claims.

6
Case No.: 09-CV-01376-LHK
ORDER GRANTING MOTION TO DISMISS

1  "refrain" from filing separate actions, or intervening, when those investors "feel their interests are
2  adequately protected in a proposed class action that has already been filed." *Id*. *See also In re*
3  *Enron Corp. Sec. Derivative & ERISA Litig.*, 529 F. Supp. 2d 644, 709 (S.D. Tex. 2006) (tolling
4  Section 12(a)(2) claims where named plaintiffs had standing only as to Section 11 claims).
5    Defendants counter that because the original named Plaintiffs had no standing as to *any*
6  claims relating to the dismissed Offerings, jurisdiction over these claims never attached. Thus, the
7  Court is simply without power to toll the statutes of limitations or repose over those claims. While
8  there is no Supreme Court or Ninth Circuit authority on this point, the Seventh Circuit has found
9  that if the named plaintiffs to a class action lack standing to bring a claim, no putative class
10 members can "step in to the [standing] breach." *Walters v. Edgar*, 163 F.3d 430, 432-33 (7th Cir.
11 1998). Following *Walters*, Judge Whyte (of this District) similarly found that the court could not
12 toll claims that the original named plaintiffs had no standing to bring. *Palmer v. Stassinos*, 236
13 F.R.D. 460, 465 (N.D. Cal. 2006). Judge Whyte noted that "it would be beyond the constitutional
14 power of a federal court to toll a period of limitations based on a claim that failed because the
15 claimant had no power to bring it." *Palmer*, 236 F.R.D. at 466. Other district courts have reached
16 the same conclusion. *Boilermakers Nat'l Annuity Trust Fund v. WAMU Mortg. Pass Through*
17 *Certificates*, No. 09-cv-00037, slip op. at 15-16 (W.D. Wash. Sept. 28, 2010).
18   In *American Pipe* itself, the Supreme Court expressed concern that a failure to toll claims
19 after certification has been denied would induce individuals to file duplicative suits (or risk giving
20 up their claims) in situations where class certification is difficult to predict. *American Pipe*, 414
21 U.S. at 553-54. Some courts have relied on this rationale to toll the statute of limitations on the
22 claims of putative class members even when no original named plaintiff had standing to bring the
23 claims, but where special circumstances apply. For example, the Third Circuit determined that
24 tolling should permit substitution of a new plaintiff with standing where intervening law required
25 the district court to reverse its certification order because the named plaintiff had no standing as to
26 one claim. *Haas v. Pittsburgh Nat'l Bank*, 526 F.2d 1083, 1097 (3d Cir. 1975). The Ninth Circuit
27 has also allowed putative class members to re-assert class claims after their initial claims were
28

7

Case No.: 09-CV-01376-LHK
ORDER GRANTING MOTION TO DISMISS

1    dismissed based on an intervening change in the law. *Catholic Soc. Servs. v. INS*, 232 F.3d 1139,
2    1149 (9th Cir. 2000).

3          On the other hand, various district courts have expressed concerns that extending *American*
4    *Pipe* tolling to class action claims the original named plaintiffs had no standing to bring will
5    encourage filings made "merely to extend the period in which to find a class representative." *See*
6    *In re Crazy Eddie Sec. Litig.*, 747 F. Supp. 850, 856 (E.D.N.Y. 1990) (declining to toll class claims
7    originally asserted without standing); *Cal. Pub. Emps.' Ret. Sys. v. Chubb Corp.*, No. 00-4285
8    (GEB), 2002 U.S. Dist. LEXIS 27189 at *85-*86 (D.N.J. June 26, 2002) (noting that "the
9    possibility of abuse" is "acute" in the context of standing, where "the potential exists to circumvent
10   the statute of limitations by filing putative class actions on behalf of nominal plaintiffs without
11   standing solely to toll the limitations period until a suitable plaintiff can be found;"); *In re Elscint*,
12   *Ltd. Sec. Litig.*, 674 F. Supp. 374, 382 (D. Mass. 1987) ("I am not aware of any authority that
13   would support the application of the tolling rule to allow a timely filed claim of persons who are
14   not themselves members of an appropriate class to toll the statute of limitation for later filing and
15   certification of a class that could not properly include them.").

16         Consistent with the analysis in *American Pipe* and cases applying it, the Court finds that the
17   facts in this case counsel against tolling the statute for the revived claims of the New Plaintiffs.
18   Unlike the new plaintiffs in *Flag Telecom* or *Enron*, the New Plaintiffs here had no reason to rely
19   on the filing of the *Detroit* and *New Orleans* complaints to protect their claims. The original
20   complaints did not allege that the named plaintiffs had *any* ownership interest in the 37 dismissed
21   Offerings. Thus, review of these complaints would have revealed that the Plaintiffs in the *Detroit*
22   and *New Orleans* actions had no standing to bring claims as to the 37 dismissed Offerings. At the
23   October 7, 2010 hearing, Plaintiffs in the various cases argued that when the initial *Detroit* and
24   *New Orleans* complaints were filed, the law was unclear as to whether or not the named Plaintiffs
25   in those actions would have standing to assert claims for securities in which they did not invest.
26   *See In re Countrywide Fin. Corp. Sec. Litig.*, 588 F. Supp. 2d 1132, 1166 (C.D. Cal. 2008) (finding
27   Section 11 standing for all securities based on investment in only some when "(1) the securities are
28   traceable to the same initial shelf registration and (2) the registration statements share common

8

Case No.: 09-CV-01376-LHK
ORDER GRANTING MOTION TO DISMISS

1   'parts' that (3) were false and misleading at each effective date."). But the authority Plaintiffs cite

2   on this point is distinguishable. As the Southern District of New York recently held, finding

3   standing based on purchases made under a common registration is appropriate only when "all of

4   the relevant claims [are] premised on statements or alleged omissions in company reports that had

5   been incorporated by reference in each of the registration statements at issue." *In re Am. Int'l*

6   *Group, Inc.*, No. 08 Civ. 4772(LTS), 2010 U.S. Dist. LEXIS 101263 at *65 (S.D.N.Y. Sept. 27,

7   2010).

8        Multiple courts have rejected an extension of this "common registration" theory to

9   situations where, as here, Plaintiffs' claims rely on separate disclosures or omissions made for each

10  Offering. These courts have found that such an extension would be against the "overwhelming"

11  weight of authority. *See* April 22, 2010 Order at 5; *Plumbers' Union Local No. 12 Pension Fund v.*

12  *Nomura Asset Acceptance Corp.*, 658 F. Supp. 2d 299, 303-304 (D. Mass. 2009); *In re Mortgage*,

13  No. 09 Civ. 2137 (LTS)(MHD), 2010 U.S. Dist. LEXIS 84146 at *15-16 (S.D.N.Y. Aug. 17,

14  2010). In the present case, as Judge Illston previously held, the Plaintiffs' claims depend on

15  different statements in the separate Prospectus Supplements made for each Offering. In short, the

16  Court rejects Plaintiffs' contention that there was a reasonable basis to believe that the original

17  *Detroit* and *New Orleans* named plaintiffs had standing to bring claims regarding the 37 Offerings

18  in which they did not invest. There are no unusual circumstances, such as an intervening change in

19  the law affecting the standing analysis, or reversal of a previous class certification, that render this

20  decision unfair.[7]

---

[7] In concluding that Plaintiffs had no standing to sue regarding securities in which they did not invest, Judge Illston relied on older, controlling authority, applying standing rules outside the Mortgage Backed Securities (MBS) context. *See*, *e.g.*, *Hertzberg v. Dignity Partners, Inc.*, 191 F.3d 1076, 1080 (9th Cir. 1999). Counsel for both the Lead Plaintiffs and for Schwab argued at the October 7, 2010 hearing that until *Nomura*, which they identify as the first decision applying the traditional standing rule to MBS investments, they could not have been reasonably on notice that the original *Detroit* and *New Orleans* plaintiffs might not have standing to bring all of their asserted claims. *See Nomura*, 658 F. Supp. 2d at 303-304. But neither Lead Plaintiffs nor Schwab explain why they continued to delay asserting their claims after this alleged sea-change. *Nomura* was decided in September, 2009; the *First Star*, *Schwab I* and *Schwab II* actions were filed between June and August, 2010.

1  This conclusion is in accord with the Ninth Circuit's decision in *Lierboe v. State Farm Mut.*
2  *Auto. Ins. Co.*, 350 F.3d 1018, 1023-24 (9th Cir. 2003). Here, the Ninth Circuit ordered dismissal
3  of a putative class action brought by a named plaintiff without standing, expressly denying an
4  opportunity to substitute in a new named plaintiff. The Ninth Circuit relied on a Seventh Circuit
5  decision in which a putative class action was dismissed because the named plaintiff lacked
6  standing. The court noted that this outcome could easily have been avoided because "[i]t was
7  apparent from the face of her complaint that Foster [the named plaintiff] never had standing."
8  *Foster v. Ctr. Twp. of La Porte Cnty.*, 798 F.2d 237, 245 (7th Cir. 1986).

9  While the Court finds the *Walters* and *Palmer* decisions instructive, it is unnecessary to
10 decide today that it is beyond the power of the Court to toll the statute of limitations where the lead
11 plaintiff lacks standing. Rather, the Court finds that *American Pipe* and the cases interpreting it
12 support the declination to extend tolling to claims over which the original named Plaintiffs asserted
13 no facts supporting standing.

14 As a result, the Court must dismiss the ten revived Offerings. As to the seven Offerings that
15 were sold before May 28, 2007, Plaintiffs concede that they must rely on tolling of the three year
16 statute of repose to bring claims relating to these securities. Thus, there is no dispute as to the
17 impact of the Court's decision on those Offerings, and they must be dismissed.

18 As to the remaining three Offerings, Plaintiffs contended at the September 7, 2010 hearing
19 that it is an issue of fact when the one-year statute of limitations regarding those claims began to
20 run, but raised no facts in briefing or at the hearing indicating that the previous complaints did not
21 actually put the New Plaintiffs on notice of their claims. The statute begins running when an
22 investor actually discovers the misleading or omitted statement, or when a diligent investor should
23 have discovered it. 15 U.S.C. § 77m. The March 27, 2009 *Detroit* complaint and the April 13,
24 2009 *New Orleans* complaint stated many of the same factual bases now alleged in the ACC
25 regarding these Offerings. Specifically, these complaints cite to the same Registration Statements
26 and Prospectuses (Offering Documents), and many of the same alleged misrepresentations and
27 omissions within those Offering Documents, as cited in the May 28, 2010 ACC. *Compare Detroit*
28 Complaint ¶¶ 54-70 and *New Orleans* Complaint ¶¶ 104-112 with ACC ¶¶ 57-67; 86-90; 100-103;

10
Case No.: 09-CV-01376-LHK
ORDER GRANTING MOTION TO DISMISS

1   115-117. Although the ACC expands upon the allegations, principally by adding statements by

2   confidential witnesses, the Court finds that the information in the original *Detroit* and *New Orleans*

3   Complaints was sufficient to make New Plaintiffs aware of the basis for their claims. In addition,

4   in opposing this motion, Plaintiffs argue that they were first "plausibly" on notice of their claims

5   nearly a year before this, as of May 20, 2008. *See* Dkt. No. 218 (Opposition) at 21.

6   In light of these facts, the Court finds that New Plaintiffs knew or should have known of the

7   basis for the revived claims more than a year before the ACC was filed on May 28, 2010.[8] *See In*

8   *re Syntex Corp. Sec. Litig.*, 95 F.3d 922, 935 (9th Cir. 1996) (finding that filing of a first complaint

9   evidenced that plaintiffs had discovered the facts underlying their Securities Act of 1934 Section

10  10(b) claim, triggering the statute of limitations).[9] If the *Detroit* and *New Orleans* plaintiffs were

11  first "plausibly" on notice as of May 2008, and were able to file complaints alleging the basis for

12  their claims as of March and April the following year, this indicates that a reasonably diligent

13  investor should have been able to do the same. The one-year statute of limitations for the 2007-10

14  Trust thus expired on March 27, 2010 (one year after the *Detroit* complaint was filed), at the very

15  latest. The one-year statute of limitations for the 2007-13 and 2007-AR4 Trusts likewise expired

16  on April 13, 2010 (one year after the *New Orleans* complaint was filed) at the very latest. The May

17  28, 2010 filing of the ACC was therefore past the one-year statute of limitations for all three

18  remaining revived Offerings. Accordingly, all ten revived Offerings brought by New Plaintiffs are

19  hereby DISMISSED WITH PREJUDICE.

---

[8] At the hearing, Schwab argued that this determination is inconsistent with recent Supreme Court authority regarding inquiry notice. *Merck & Co. v. Reynolds*, 130 S. Ct. 1784, 1795-99 (2010). The Court in *Merck* was applying the statute of limitations for fraud claims. Such claims include an element of scienter not required for the claims asserted in this case; the Court noted that it is often difficult for plaintiffs to "discover" facts supporting the scienter element. *Merck*, 130 S. Ct. at 1793-94. This Court's determination that the New Plaintiffs were or should have been aware of the factual basis for their claims as of the filing of the *Detroit* and *New Orleans* actions is based on what the record shows the Plaintiffs actually knew, based on their own public filings and admissions. While the Court's use of the term "inquiry notice" in the Tentative Order was perhaps unclear in light of *Merck*'s rejection of "inquiry notice" as the standard for triggering the statute of limitations for Section 10(b) claims, the substance of the Court's ruling is consistent with *Merck*.

[9] Although *In re Syntex* deals with inquiry notice of a Section 10(b) claim, a similar "knew or should have known" standard triggers the statute of limitations for Section 10(b) claims and Section 11 or 12 claims, and for purposes of this analysis, the Court finds the *In re Syntex* analysis applicable.

11
Case No.: 09-CV-01376-LHK
ORDER GRANTING MOTION TO DISMISS

### b. Relation Back

At the October 7, 2010 hearing, General Retirement argued that its claims based on its investments in the 2006-AR15 Trust should relate back to the original claims based on this Trust asserted by the *New Orleans* plaintiffs. General Retirement principally relies on a Ninth Circuit case setting forth the rule for relation back. *Immigrant Assistance Project of the L.A. County Fed'n of Labor v. INS*, 306 F.3d 842, 857-58 (9th Cir. 2002). In order to show that claims brought by a new plaintiff should relate back to an earlier filing, General Retirement must show that "1) the original complaint gave the defendant adequate notice of the claims of the newly proposed plaintiff; 2) the relation back does not unfairly prejudice the defendant; and 3) there is an identity of interests between the original and newly proposed plaintiff." *Id*. Here, under Ninth Circuit authority cited in the *Immigrant Assistance* decision itself, General Retirement cannot show an identity of interests with the *New Orleans* plaintiffs regarding 2006-AR15 Trust, because no *New Orleans* plaintiff invested in that Trust. In other words, no *New Orleans* plaintiff had any interest in the 2006-AR15 Trust at all. The Ninth Circuit has held that there is no identity of interests between plaintiffs who "bought stock at different values and after different disclosures and statements were made by Defendants and analysts." *In re Syntex*, 95 F.3d at 935. General Retirement argued at the October 7, 2010 hearing that a recent Supreme Court decision supported its relate back argument. *Krupski v. Costa Crociere S. p. A.*, 130 S. Ct. 2485, 2496 (2010). However, the *Krupski* case did not address the "identity of interests" issue, as it involved a single plaintiff asserting her original claims against an additional defendant. *Id*. Nothing in the *Krupski* decision changes the fact that General Retirement has failed to show an identity of interests with the *New Orleans* plaintiffs regarding the 2006-AR15 Trust.

### c. Relation of *Schwab I* and *Schwab II* to the Consolidated Case

Local Rule 3-12 requires that cases be found related to one another if they concern "substantially the same parties, property, transaction or event" and "it appears likely that there will be an unduly burdensome duplication of labor or conflicting results if the cases are conducted before different Judges." When the Court initially determined that the *Schwab I* case was related to the Consolidated Case, the 2007-10 Trust was asserted in both cases. In light of today's Order,

12
Case No.: 09-CV-01376-LHK
ORDER GRANTING MOTION TO DISMISS

however, it is being dismissed from the Consolidated Case.  Given the fact that each Offering has a separate Prospectus Supplement, and that both Schwab and Lead Plaintiffs' claims regarding each distinct Offering depend on these separate Supplements, the Court finds that there is no common Offering at issue in these cases.  Thus, there is no basis to find them related.  Therefore, in light of these changed circumstances, the Court finds that these matters are no longer related and GRANTS Schwab's Motion for Reconsideration.

Regarding *Schwab II*, the complaint alleges securities violations based on over 30 different offerings, only 3 of which have any relationship to Wells Fargo.  As to these three Wells Fargo-related trusts, they are no longer at issue in the Consolidated Case; they were dismissed for lack of standing, and Lead Plaintiffs did not attempt to re-assert them in the ACC.  Thus, the Court concludes that these cases do not concern "substantially the same" parties, property, transaction or event, as the differences between them far outweigh the similarities.  Accordingly, the Court declines to find these cases related and DENIES Wells Fargo's Motion to Relate.

### d. General Retirement's Motion to Intervene

General Retirement has moved to intervene in this case in order to assert claims based on its investments in the WFMBS 2006-AR15 Trust.  Though it appears that General Retirement had standing to assert these claims all along, it did not raise them or state the factual basis for them in its initial complaint, or at any other time until its Motion to Intervene.  At the October 7, 2010 hearing, counsel for General Retirement could not explain the reason for this delay.  General Retirement alleges that it purchased this security January 1, 2007, so absent tolling, the three-year statute of repose bars claims filed after January 1, 2010.  *See* Dkt. No. 225 (Heffelfinger Decl.), Ex. A.  General Retirement did not file its motion to intervene until August 13, 2010.  In light of the Court's decision that, under the circumstances of this case, tolling will not apply to class claims that no named Plaintiff had standing to bring, the Court finds that General Retirement's claims are time-barred.  Therefore, General Retirement's Motion to Intervene is DENIED.

### e. Lead Plaintiffs' Motion to Consolidate *First Star*

The Court's determination of the tolling issue is likewise dispositive of the *First Star* action.  In its complaint, First Star relied on tolling, based on the filing of the *New Orleans* complaint, to

13

Case No.: 09-CV-01376-LHK
ORDER GRANTING MOTION TO DISMISS

1    assert that its claims were timely. Given that the 2006-AR15 Trust was sold more than three years
2    before the First Star complaint was filed, First Star is correct that without tolling, its claims are
3    barred. As explained above, the Court finds that the initial complaints in the Consolidated Case did
4    not toll First Star's claims.

5    First Star argues that this decision is contrary to the lead-plaintiff provisions of the PSLRA.
6    First Star claims it was *prohibited* from bringing its claims in a class action (which First Star refers
7    to as "the only effective means of obtaining legal representation") so long as there was any
8    potential that the Lead Plaintiffs could successfully resurrect the 2006-AR15 Trust claim and
9    thereby control the litigation regarding that claim. *See* First Star Response at 2. However, the
10   authority First Star cites on this point shows that First Star was free to file an individual action, or
11   even another class action, at any time. While those cases would very likely have been related to, or
12   consolidated with, the Consolidated Case, there was nothing preventing First Star from protecting
13   its interests by filing suit. *In re Bank of Am. Corp. Sec. Derivative and ERISA Litig.*, No. 09 MDL
14   2058 (DC), 2010 U.S. Dist. LEXIS 37799 at *6-*8 (S.D.N.Y. April 9, 2010). First Star's
15   arguments are directed more toward determining lead plaintiff status. Thus, they are not persuasive
16   regarding the tolling issues presented here.

17   In light of the Court's decision that, under the circumstances of this case, tolling will not
18   apply to class claims that no named Plaintiff had standing to bring, the Court finds that First Star's
19   claims are time-barred. *See Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 687 (9th Cir. 1993)
20   (holding that the court may dismiss claims on statute-of-limitations grounds *sua sponte*, so long as
21   the defendant has not waived the defense, and the plaintiff has had an opportunity to argue the
22   question). Therefore, the Lead Plaintiffs' Motion to Consolidate is DENIED as moot, and First
23   Star's complaint is hereby DISMISSED WITH PREJUDICE.

24       **f. Tolling of Individual Claims**

25   Regarding Schwab's claims based on its investment in the 2007-10 Trust, asserted in
26   *Schwab I*, the parties' briefing to date has focused almost entirely on *American Pipe* tolling for
27   class action claims. Before determining that Schwab's individual claims as to the 2007-10 Trust
28   are time-barred, the Court would appreciate briefing from Wells Fargo and Schwab specifically

14
Case No.: 09-CV-01376-LHK
ORDER GRANTING MOTION TO DISMISS

regarding the tolling of individual claims. The Court understands Wells Fargo's position that it is without jurisdiction to toll such claims, but asks that the parties both address authority regarding *American Pipe* tolling of individual claims based on an original class claim asserted without standing. Therefore, Wells Fargo may submit a brief, not to exceed seven pages, by November 1, 2010, and Schwab may submit a responsive brief, not to exceed seven pages, by November 15, 2010. It would be helpful to the Court if Schwab could address when it became aware of the *New Orleans* and *Detroit* actions and its claims, and why it delayed in bringing its individual claims on the 2007-10 Trust.

In light of the fact that *Schwab I* is no longer related to the Consolidated Case, Schwab need not attend the Case Management Conference set for October 20, 2010. A case management conference will be held in *Schwab I* after the hearing on Schwab's Motion to Remand (Dkt. No. 19), set for December 9, 2010.

### IV. CONCLUSION

Accordingly, the ten revived Offerings brought by New Plaintiffs (WFMBS 2007-10, 2007-13, 2007-AR4, 2006-7, 2006-10, 2006-AR16, 2006-AR19, 2006-18, 2006-20 Trusts, and the Wells Fargo Alternative Loan 2007-PA1 Trust) are hereby DISMISSED with prejudice. Schwab's Motion for Reconsideration of the Court's previous order relating the Schwab I case to this one is GRANTED, and the cases are deemed unrelated. Wells Fargo's Motion to Relate *Schwab II* to this case is DENIED. General Retirement's Motion to Intervene is DENIED as moot. The Lead Plaintiffs' Motion to Consolidate the *First Star* action is DENIED as moot, and First Star's complaint is DISMISSED WITH PREJUDICE. The hearing on First Star's Motion to Appoint Lead Plaintiffs' Counsel, currently set for November 18, 2010, is hereby VACATED.

**IT IS SO ORDERED.**

Dated: October 19, 2010

_____
LUCY H. KOH
United States District Judge

15

Case No.: 09-CV-01376-LHK
ORDER GRANTING MOTION TO DISMISS