# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

IN RE MORGAN STANLEY
MORTGAGE PASS-THROUGH
CERTIFICATES LITIGATION

Master File No. 09 Civ. 2137 (LTS)(MHD)

------------------------------------------------------------x

This Document Relates to All Actions

------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2 2 NOV 2010

## MEMORANDUM ORDER

Before the Court is Co-Lead Plaintiff West Virginia Investment Management Board's ("WVIMB") motion requesting certification and entry of final judgment under Federal Rule of Civil Procedure 54(b). WVIMB moves for certification and entry of judgment under Rule 54(b) so that it may appeal the standing and timeliness rulings of the Court's August 17, 2010, memorandum opinion and order. The parties' familiarity with the prior proceedings in this matter and the submissions in connection with WVIMB's motion is presumed. For the following reasons, the motion is denied.

Federal Rule of Civil Procedure 54(b) provides, in pertinent part, that "[w]hen an action presents more than one claim for relief . . . the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." The decision to direct entry of judgment under Rule 54(b) "is left to the sound judicial discretion of the district court and is to be exercised in the interest of sound judicial administration." Ginett v. Computer Task Group, Inc. 962 F.2d 1085, 1092 (2d Cir. 1992) (internal quotations and citations omitted). The decision whether to direct the entry of a partial final judgment in advance of the final adjudication of all of the claims in a suit must be

made in light of the goal of judicial economy as served by the "'historic federal policy against piecemeal appeals.'" Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 8 (1980) (quoting Sears, Roebuck & Co v. Mackey, 351 U.S. 427, 438 (1956)).

The circumstances of this case do not warrant Rule 54(b) certification. The dismissed and remaining claims here arise from many of the same factual allegations; judicial economy will best be served if multiple appellate panels do not have to familiarize themselves with this case in piecemeal appeals. See Cullen v. Margiotta, 618 F.2d 226, 228 (2d Cir.1980). A court should use its discretion to enter a Rule 54(b) final judgment "only in the infrequent harsh case . . . where there exists some danger or hardship or injustice through delay which would be alleviated by immediate appeal." Citizens Accord, Inc. v. Town of Rochester, N.Y., 235 F.3d 126, 129 (2d Cir. 2000) (internal quotations and citations omitted). WVIMB has made no such showing. Accordingly, WVIMB's motion for Rule 54(b) certification is denied.

This order resolves docket entry no. 93.

SO ORDERED.

Dated: New York, New York
November 22, 2010

LAURA TAYLOR SWAIN
United States District Judge