1    MARC T.G. DWORSKY (SBN 157413)
     Marc.Dworsky@mto.com
2    KATHLEEN M. McDOWELL
     kathleen.mcdowell@mto.com
3    MUNGER, TOLLES & OLSON LLP
     355 South Grand Avenue, 35th floor
4    Los Angeles, CA  90071-1560
     Telephone:     (213) 683-9100
5    Facsimile:     (213) 687-3702

6    DAVID H. FRY (SBN 189276)
     David.Fry@mto.com
7    JENNY H. HONG (SBN 251751)
     Jenny.Hong@mto.com
8    CAROLYN V. ZABRYCKI (SBN 263541)
     Carolyn.Zabrycki@mto.com
9    MUNGER, TOLLES & OLSON LLP
     560 Mission Street, 27th floor
10   San Francisco, CA 94105-2907
     Telephone:     (415) 512-4000
11   Facsimile:     (415) 512-4077

12   Attorneys for Defendants
     WELLS FARGO DEFENDANTS AND THE
13   INDIVIDUAL DEFENDANTS

14

15                    UNITED STATES DISTRICT COURT

16                   NORTHERN DISTRICT OF CALIFORNIA

17                          SAN JOSE DIVISION

18   IN RE WELLS FARGO MORTGAGE-          Civil Action No. 09-01376-LHK (PVT)
     BACKED CERTIFICATES
19   LITIGATION
                                          CONSOLIDATED CLASS ACTION ECF
20
                                          **JOINT STATEMENT RE PROPOSED**
21                                        **MODIFICATIONS TO MODEL**
                                          **PROTECTIVE ORDER**
22

23

24

25

26

27

28

1    Pursuant to the November 22, 2010 Order re Parties' Proposed Form of Protective Order

2    ("November 22 Order") (Docket #309), counsel for the parties submit this Joint Statement Re

3    Proposed Modifications to Model Protective Order.  In accordance with the Court's order,

4    attached hereto as Exhibit A is a proposed stipulated protective order ("Stipulated Protective

5    Order"), which has been marked to show the location and content of the proposed modifications

6    and which otherwise uses the wording of the Court's model Stipulated Protective Order for

7    Litigation Involving Patents, Highly Sensitive Confidential Information And/or Trade Secrets

8    ("Model Protective Order").  The Stipulated Protective Order contains proposed modifications

9    which Defendants believe are reasonably necessary for the present action in light of federal and

10   state borrower and consumer privacy rights.  The parties met and conferred regarding these

11   proposed modifications and Plaintiffs do not object to the inclusion of the modifications in the

12   Stipulated Protective Order.

13   Defendants' Prefatory Statement:

14   The proposed Stipulated Protective Order has been crafted to address unique challenges

15   expected to confront the parties during discovery in this case.  In particular, there will be, at a

16   minimum, documents and data pertaining to the more than 49,000 borrowers whose loans were

17   pooled together in 17 separate trusts through which the mortgage-backed securities at issue in

18   this case were offered.  Defendants expect that many of these documents will contain

19   information which is ordinarily protected from disclosure under federal and/or state law.  For

20   example, Title V of the Gramm-Leach-Bliley Act (GLBA), 15 U.S.C. § 6801-6809 contains a

21   number of provisions intended to protect the privacy of "nonpublic personal information" that

22   consumers provide to financial institutions.  *See also* 16 C.F.R. § 313.3(o).  State law also

23   provides bank customers with rights of privacy in their financial information.  *See, e.g.,*

24   California Financial Information Privacy Act, Cal. Fin. Code § 4052.5; *Valley Bank of Nevada v.*

25   *Superior Court*, 15 Cal. 3d 652, 658 (1975).  Monetary sanctions can be imposed for violations

26   of these statutes.  *See, e.g.,* Cal. Fin. Code § 4057 (a)-(b), (e) (up to $2500 per violation).

27   Some of these statutory prohibitions against disclosures of borrowers' personal financial

28   information contain exceptions for disclosures made pursuant to "judicial process."  *E.g.,* GLBA,

- 1 -

15 U.S.C. § 6802(e)(8); Cal. Fin. Code § 4056(b)(7).  Courts interpreting the GLBA have found that, notwithstanding these exceptions, "Congress has expressed a strong interest in protecting the privacy of consumers' financial information" and therefore "it is appropriate for a court to exercise its broad discretion to fashion protective orders" when such information is sought. *Marks v. Global Mortgage Group Inc.*, 218 F.R.D. 492, 497 (S.D. W.Va. 2003).

The proposed Stipulated Protective Order – like the Model Protective Order – creates two levels of protection:  1) "Confidential" information -- for information qualifying for protection under Fed. R. Civ. Proc. 26(c); and 2) "Sensitive Highly Confidential" information -- for sensitive, nonpublic personal information relating to borrowers, consumers or other persons, such as the information protected under the GLBA.  The Stipulated Protective Order is structured to restrict further the use and disclosure of Sensitive Highly Confidential information and to impose greater protections to minimize the risk of its inadvertent disclosure.

The proposed Stipulated Protective Order also contains provisions intended to lessen the burden on all parties and facilitate the production of the expected large volume of documents, for example, by not requiring page-by-page redactions, or partial redactions within specific pages. Other specific modifications and additions are described below.

Modified Paragraphs:

*Paragraph 1*:  This paragraph has been modified to identify the particular type of information, specifically relating to borrowers' privacy rights and including citation to the GLBA, that is in need of protection and addressed in the proposed Stipulated Protective Order.

*Paragraphs 2.5, 2.8, 2.8.1, 2.16, 11(b)*:  Terminology has been defined and standardized to reflect the heightened protection afforded to "Sensitive Highly Confidential" information.

*Paragraph 2.13*:  Defendants do not believe it is appropriate to allow any and all employees of a Party access to protected information, particularly Sensitive Highly Confidential information, when there may be no justification or need for such a wide distribution, and the wider the distribution, the more risk exists for an inadvertent unauthorized disclosure. Defendants therefore propose that the definition of Party be limited to only those employees of a Party who are responsible for overseeing this Action.  The reference to "retained experts" has

- 2 -

1  been deleted as it is dealt with separately elsewhere (*e.g.,* paragraphs 2.7 and 7.2(c)).  Plaintiffs

2  do not object to the requested modifications.

3      *Paragraph 3.1*:  Changed "Stipulation and Order" to "Stipulated Protective Order" for

4  sake of consistency with the term as used in paragraph 1.  Immaterial modification.

5      *Paragraphs 5.1, 5.2, 5.2(c)*:  Document production in this case is expected to be massive.

6  At a minimum, Defendants expect to produce each of the loan files plus underwriting guidelines

7  for 49,000 loans, which were originated through three separate channels (retail, wholesale, and

8  correspondent).  The parties have attempted to balance the burdens of discovery in this context

9  with the need to get access to the information in a reasonably efficient and timely manner.  To

10  that end, Defendants propose that appropriate measures be taken to designate and mark

11  particular categories of information, in light of the practical limitations created by the volume

12  and nature of the materials at issue (e.g., loan files).  By adding the term "unless otherwise

13  agreed" to the end of paragraph 5.2, unique production challenges may be addressed as

14  discovery proceeds.  Plaintiffs do not object to this modification.

15      *Paragraph 5.2(a)*:  The requirement to produce documents in partly redacted form has

16  been eliminated given the volume and nature of the documents expected to be produced.  This

17  modification allows parties to redact if circumstances warrant, but does not require redaction.

18  Eliminating this requirement enables documents to be produced more expeditiously than if

19  redaction were required.

20      *Paragraph 5.2(b)*:  The Stipulated Protective Order describes a specific time frame

21  within which to designate protected information disclosed during testimony, and allows for

22  adjustment of that time frame if a deadline to submit particular testimony is looming.

23      *Paragraph 6.3*:  The modification to this paragraph adds a reference to Civil Local Rule

24  37, governing filings of discovery motions, and clarifies that until the Court rules on a discovery

25  motion challenging a designation, the material shall continue to be treated as protected.

26      *Paragraph 7.2*:  The description of the persons to whom "Confidential" information has

27  been slightly modified, primarily to eliminate the need for each person to sign an

28  Acknowledgment.  Rather, the signing of the Acknowledgment will be reserved for those

- 3 -

persons who are allowed access to "Sensitive Highly Confidential" information, so as to eliminate any confusion between the two categories of protected information.  This modification also eliminates the need for a court reporter to bind separately confidential portions of deposition transcripts, as that procedure has proved unwieldy in other cases.  The parties believe that they are sufficiently well versed in the handling of transcripts containing confidential portions to eliminate this burden on the court reporters and yet maintain the protected status of the transcript.

*Paragraph 7.3 (and new Paragraphs 7.3.1 & 7.3.2)*:  These paragraphs set out who may access "Sensitive Highly Confidential" information, and under what conditions such access may be allowed.  Defendants believe these provisions are necessary to restrict the disclosure of "Sensitive Highly Confidential" information while still balancing the parties' need for discovery and borrowers' privacy rights.  In particular, "personally identifiable information" may be disclosed to certain categories of persons only if that information is material and necessary to the resolution of a disputed issue.  In addition, but for outside counsel of record and court personnel, all persons receiving "Sensitive Highly Confidential" information must sign the Acknowledgment, agreeing to be bound by the terms of the Stipulated Protective Order. Plaintiffs do not object to this modification.

*Paragraphs 7.4, 8-9*:  These paragraphs from the Model Protective Order have not been incorporated in the Stipulated Protective Order as they are not applicable to discovery in this case.

*Paragraph 10*:  This paragraph has been slightly modified to clarify that its terms apply to discovery requests (not just subpoenas or court orders) in any legal proceeding (not just litigation), and that its terms extend to Secondary Recipients of Sensitive Highly Confidential information.  Subsections (a) and (b) have been modified to set out specific time frames within which receiving persons must notify Designating Parties and the parties issuing the subpoena or other discovery request.

*Paragraph 11(a)*:  This paragraph was modified to make it clearer that protected information can be designated by a Non-Party or a Party.  The Model Protective Order is

- 4 -

ambiguous on this point.  The modification also sets out a specific frame within which such designation must be made.

*Paragraphs 13.1-13.2*:  As suggested by the last sentence of paragraph 13 of the Model Protective Order, these modified paragraphs describe the effect of an inadvertent disclosure of protected or privileged information, and set out the time frame and procedure for giving notice of and remedying any inadvertent disclosure.

*Paragraph 14.1*:  This modification clarifies that the parties may agree to alter the provisions of the Stipulated Protective Order with respect to any specific protected material, and would not necessarily need to seek Court approval with respect to the treatment or handling of that material.

*Paragraph 14.4*:  The added language confirms the parties' consent to filing under seal without waiving objections to the substance of the material being filed under seal, and would allow the parties to seek to file materials under seal at the same time that accompanying motions or other documents containing the protected material would be filed.  Defendants have proposed the deletion of the final sentence of this paragraph in the Model Protective Order as its inclusion would run the risk that personally identifiable information (such as social security numbers) could become part of the public record if a sealing application were denied.  Plaintiffs do not object to this modification.

*Paragraph 15*:  This paragraph has been modified to provide a less onerous means of disposing or returning protected documents at the conclusion of the action, and extends the obligation to return or destroy to Secondary Recipients of Sensitive Highly Confidential information.

*Acknowledgment Form*:  Additional language has been added to the Acknowledgment to confirm the signors' understanding that federal and/or state law may prohibit the disclosure of personally identifiable information and other Sensitive Highly Confidential information.  A line for execution under penalty of perjury has also been added.

New Paragraphs:

*Paragraph 3.2*:  This paragraph was added at the request of the Defendants and specifies that all nonpublic information and documents provided as part of the discovery process shall be used only in connection with this litigation, and not for any competitive, business or other purpose.  This provision is intended to prevent any of the parties from being placed at a competitive or business disadvantage simply because that party is complying with discovery obligations.  Plaintiffs do not object to this modification.

*Paragraph 3.3*:  This paragraph confirms the substance of the "Acknowledgment and Agreement to Be Bound" regarding the Court's exercise of jurisdiction, and extends the exercise of jurisdiction to all parties and persons bound by the Stipulated Protective Order, not just those persons who sign the Acknowledgment.

*Paragraphs 12.1-12.2*:  These paragraphs were added, at the request of the Defendants, to provide specific structure and directions to the parties (and other persons who have been allowed access) should there be an inadvertent failure to mark or unauthorized disclosure of protected information, particularly "Sensitive Highly Confidential" information.  The first paragraph addresses the situation when protected information is inadvertently produced without a protected designation.  It simply provides additional specificity as to how to correct an inadvertent lack of designation.  As for unauthorized disclosures, given the nature of the personally identifiable information that may be at issue (e.g., social security numbers, bank account statements), the producing party may notify and involve regulatory authorities or law enforcement agencies so that appropriate measures can be taken to prevent further disclosure and/or identity theft.  Plaintiffs do not object to this modification.

*Paragraph 14.5*:  This paragraph governs how protected information may be used and protected in open court, a topic not specifically covered by the Model Protective Order.

*Paragraph 14.6*:  Defendants have requested this paragraph to confirm that their production of protected information in accordance with the Stipulated Protective Order is being made pursuant to exceptions to nondisclosure obligations contained in the GLBA, the Fair Credit Reporting Act, and other state and/or federal laws.  Plaintiffs do not object to this modification.

1    *Paragraph 14.7*:  This paragraph confirms that Plaintiffs' First Request for Documents

2    does not encompass two categories of information which the Wells Fargo Defendants contend

3    they are absolutely prohibited from disclosing, and which, if a request is made for such

4    information, would obligate the Wells Fargo Defendants to notify regulatory authorities.  *See* 31

5    CFR § 103.18(e) ("[A]ny person subpoenaed or otherwise requested to disclose a [suspicious

6    activity report or "SAR"] or the information contained in a SAR, except where such disclosure is

7    requested by FinCEN or an appropriate law enforcement or bank supervisory agency, shall

8    decline to produce the SAR or to provide any information that would disclose that a SAR has

9    been prepared or filed, citing this paragraph (e) and 31 U.S.C. 5318(g)(2), and shall notify

10   FinCEN of any such request and its response thereto."); 12 CFR § 4.37(b) (no person, national

11   bank, or other entity may disclose any nonpublic Office of the Comptroller information in any

12   manner, and, if served with a request for such information, must immediately notify the Director

13   of the OCC's Litigation Division).  Plaintiffs do not object to this modification.

14

15   Dated:  December 1, 2010                    MUNGER, TOLLES & OLSON, LLP
                                                  MARC T.G. DWORSKY (SBN 157413)
16                                                Marc.Dworsky@mto.com
                                                  KATHLEEN M. McDOWELL (SBN 115976)
17                                                Kathleen.McDowell@mto.com
                                                  355 South Grand Avenue, 25th floor
18                                                Los Angeles, CA 90071-1560
                                                  Tel:    (213) 683-9100
19                                                Fax:    (213) 687-3702

20                                                MUNGER, TOLLES & OLSON LLP
                                                  DAVID H. FRY (SBN 189276)
21                                                David.Fry@mto.com
                                                  JENNY H. HONG (SBN 251751)
22                                                Jenny.Hong@mto.com
                                                  560 Mission Street, 27th floor
23                                                San Francisco, CA 94105-2907

24                                                Tel:    (415) 512-4000
                                                  Fax:    (415) 512-4077
25

26                                                    */s/ Jenny H. Hong*
                                                  JENNY H. HONG
27
                                                  *Attorneys   for   the   Wells   Fargo   Defendants*
28                                                *and the Individual Defendants*

- 7 -

JOINT STATEMENT RE PROPOSED MODIFICATIONS TO MODEL PROTECTIVE ORDER

| | |
|---|---|
| 1 | Dated:  December 1, 2010 |

1  Dated:  December 1, 2010

PILLSBURY WINTHROP SHAW PITTMAN LLP
BRUCE A. ERICSON
bruce.ericson@pillsburylaw.com
ANDREW J. LANPHERE
andrew.lanphere@pillsburylaw.com
50 Fremont Street
Post Office Box 2880
San Francisco, CA 94120-7880
Tel:     (415) 983-1560
Fax:    (415) 983-1200

*/s/ Bruce A. Ericson*
BRUCE A. ERICSON

*Attorneys for the Underwriter Defendants*

Dated:  December 1, 2010

FRIED, FRANK, HARRIS, SHRIVER
   & JACOBSON LLP
William G. McGuinness (*pro hac vice*)
william.mcguinness@friedfrank.com
Stephanie J. Goldstein (*pro hac vice*)
stephanie.goldstein@friedfrank.com
Shahzeb Lari (*pro hac vice*)
Shahzeb.Lari@friedfrank.com
One New York Plaza
New York, New York 10004
Telephone:     (212) 859-8000
Facsimile:      (212) 859-4000

*/s/ Shahzeb Lari*
SHAHZEB LARI

*Attorneys for the Underwriter Defendants*

Dated:  December 1, 2010

BERNSTEIN LITOWITZ BERGER
   & GROSSMANN LLP

*/s/ David R. Stickney*
DAVID R. STICKNEY

DAVID R. STICKNEY
TIMOTHY A. DeLANGE
MATTHEW P. JUBENVILLE
TAKEO A. KELLAR
JONATHAN D. USLANER
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:     (858) 793-0070
Fax:    (858) 793-0323

*Attorneys for Lead Plaintiffs and the Class*

- 8 -

JOINT STATEMENT RE PROPOSED MODIFICATIONS TO MODEL PROTECTIVE ORDER

KLAUSNER & KAUFMAN, P.A.
ROBERT D. KLAUSNER
STUART A. KAUFMAN
10059 Northwest 1st Court
Plantation, FL 33324
Tel:    (954) 916-1202
Fax:    (954) 916-1232

*Additional Counsel for Lead Plaintiff Louisiana*
*Sheriffs' Pension and Relief Fund*

Filer's Attestation: Pursuant to General Order No. 45, Section X(B), regarding signatures, I attest under penalty of perjury that concurrence in the filing of the document has been obtained from David Stickney, Bruce A. Ericson and Shahzeb Lari.

                    */s/ Jenny H. Hong*
                    JENNY H. HONG

JOINT STATEMENT RE PROPOSED MODIFICATIONS TO MODEL PROTECTIVE ORDER