# Exhibit A

MARC T.G. DWORSKY (SBN 157413)
Marc.Dworsky@mto.com
KATHLEEN M. McDOWELL
kathleen.mcdowell@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, 35th floor
Los Angeles, CA  90071-1560
Telephone:     (213) 683-9100
Facsimile:     (213) 687-3702

DAVID H. FRY (SBN 189276)
David.Fry@mto.com
JENNY H. HONG (SBN 251751)
Jenny.Hong@mto.com
CAROLYN V. ZABRYCKI (SBN 263541)
Carolyn.Zabrycki@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th floor
San Francisco, CA 94105-2907
Telephone:     (415) 512-4000
Facsimile:     (415) 512-4077

Attorneys for Defendants
WELLS FARGO DEFENDANTS AND THE
INDIVIDUAL DEFENDANTS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE WELLS FARGO MORTGAGE-BACKED CERTIFICATES LITIGATION | Civil Action No. 09-01376-LHK (PVT) **CONSOLIDATED CLASS ACTION ECF** **STIPULATED [PROPOSED] PROTECTIVE ORDER GOVERNING CONFIDENTIAL AND SENSITIVE HIGHLY CONFIDENTIAL INFORMATION** [BASED ON MODEL PROTECTIVE ORDER, as modified] Judge:     Hon. Lucy H. Koh |

1   Modified       1.      PURPOSES AND LIMITATIONS

2          Disclosure and discovery activity in this action are likely to involve production of

3   confidential, proprietary, or private information for which special protection from public

4   disclosure and from use for any purpose other than prosecuting OR DEFENDING this litigation

5   may be warranted, INCLUDING, IN PARTICULAR, CONFIDENTIAL OR SENSITIVE

6   INFORMATION WHICH, IF NOT KEPT CONFIDENTIAL, COULD BE INJURIOUS TO THE

7   INTERESTS OF THE AFFECTED PERSONS, AND WHICH MAY COMPRISE OR INCLUDE

8   INFORMATION PROTECTED FROM DISCLOSURE UNDER FEDERAL AND/OR STATE

9   LAW, INCLUDING, BUT NOT LIMITED TO, THE FAIR CREDIT REPORTING ACT, 15

10  U.S.C. § 1681 ET SEQ. AND THE GRAMM-LEACH-BLILEY ACT, 15 U.S.C. § 6801 ET

11  SEQ.  Accordingly, the parties hereby stipulate to and petition the court to enter the following

12  Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket

13  protections on all disclosures or responses to discovery BUT RATHER only THOSE

14  DOCUMENTS AND INFORMATION entitled to confidential treatment under the applicable

15  legal principles.  The parties further acknowledge , as set forth in Section 14.4 below, that this

16  Stipulated Protective Order does not entitle them to file confidential information under seal; Civil

17  Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be

18  applied when a Party seeks permission from the court to file material under seal.

19              2.      DEFINITIONS

20              2.1     Challenging Party:  a Party or Non-Party that challenges the designation of

21  information or items under this Order.

22              2.2     "CONFIDENTIAL" Information or Items:  information (regardless of how

23  it is generated, stored or maintained) or tangible things that qualify for protection under Federal

24  Rule of Civil Procedure 26(c).

25              2.3     Counsel (without qualifier):  Outside Counsel of Record and House

26  Counsel (as well as their support staff).

27              2.4     [Not used]

28

1    ==Modified==    2.5    <u>Designating Party</u>:  a Party or Non-Party that designates information or

2    items PRODUCED IN disclosures or in responses to discovery as "CONFIDENTIAL" OR

3    "SENSITIVE HIGHLY CONFIDENTIAL."

4    2.6    <u>Disclosure or Discovery Material</u>:  all items or information, regardless of

5    the medium or manner in which it is generated, stored, or maintained (including, among other

6    things, testimony, transcripts, and tangible things), that are produced or generated in disclosures

7    or responses to discovery in this matter.

8    2.7    <u>Expert</u>:  a person with specialized knowledge or experience in a matter

9    pertinent to the litigation who (1) has been retained by a Party or its Counsel to serve as an expert

10   witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a

11   Party's competitor; and (3) at the time of retention, is not anticipated to become an employee of a

12   Party or of a Party's competitor.

13   ==Modified==    2.8    <u>"SENSITIVE HIGHLY CONFIDENTIAL" Information or Items</u>:

14   extremely sensitive, NON-PUBLIC PERSONAL INFORMATION RELATING TO

15   BORROWERS, CONSUMERS AND/OR OTHER PERSONS, disclosure of which to another

16   Party or Non-Party would create a substantial risk of serious harm that could not be avoided by

17   less restrictive means.

18   ==NEW==    2.8.1    <u>"Personally Identifiable Information" (PII)</u>:  SENSITIVE HIGHLY

19   CONFIDENTIAL Information or Items includes personally identifiable information, as defined in

20   16 C.F.R. § 313.3(o) and/or documents or data which may constitute "consumer reports," as

21   defined in the Fair Credit Reporting Act, 15 U.S.C. § 1681, etc.

22   2.9    [Not used]

23   2.10    <u>House Counsel</u>:  attorneys who are employees of a Party to this action.

24   House Counsel does not include Outside  Counsel of Record or any other outside counsel.

25   2.11    <u>Non-Party</u>:  any natural person, partnership, corporation, association, or

26   other legal entity not named as a Party to this action.

27   2.12    <u>Outside Counsel of Record</u>:  attorneys who are not employees of a Party to

28   this action but are retained to represent or advise a Party to this action and have appeared in this

1   action on behalf of that party or are affiliated with a law firm which has appeared on behalf of

2   that Party.

3   **Modified**   2.13   <u>Party</u>:  any party to this action, including THOSE officers, directors, or

4   OTHER employees OF THE PARTY responsible for overseeing this action and Outside Counsel

5   of Record (and their support staffs).

6   2.14   <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or

7   Discovery Material in this action.

8   2.15   <u>Professional Vendors</u>:  persons or entities that provide litigation support

9   services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and

10  organizing, storing, or retrieving data in any form or  medium) and their employees and

11  subcontractors.

12  **Modified**   2.16   <u>Protected Material</u>:  any Disclosure or Discovery Material that is

13  designated as "CONFIDENTIAL" or "SENSITIVE HIGHLY CONFIDENTIAL,"

14  2.17   <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material

15  from a Producing Party.

16  3.   <u>SCOPE</u>

17  **Modified**   3.1   The protections conferred by this STIPULATED PROTECTIVE ORDER

18  cover not only Protected Material (as defined above), but also (1) any information copied or

19  extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of

20  Protected Material; and (3) any testimony, conversations, or presentations by Parties or their

21  Counsel that might reveal Protected Material.  However, the protections conferred by this

22  STIPULATED PROTECTIVE ORDER do not cover the following information:  (1) any

23  information that is in the public domain at the time of disclosure to a Receiving Party or becomes

24  part of the public domain after its disclosure to a Receiving Party as a result of publication not

25  involving a violation of this Order, including becoming part of the public record through trial or

26  otherwise; and (2) any information known to the Receiving Party prior to the disclosure or

27  obtained by the Receiving Party after the disclosure from a source who obtained the information

28

1    lawfully and under no obligation of confidentiality to the Designating Party. Any use of

2    Protected Material at trial shall be governed by a separate agreement or order.

3    **NEW**      3.2      All non-public Disclosure or Discovery Material shall be used solely for

4    purposes of conducting this action and not for any other purpose whatsoever.

5    **NEW**      3.3      The Court shall retain jurisdiction over this Stipulated Protective Order

6    after the conclusion of the action, and any persons to whom Protected Material is disclosed shall

7    be subject to the jurisdiction of this Court concerning any issue relating to this Stipulated

8    Protective Order.

9              4.      <u>DURATION</u>

10    Even after final disposition of this litigation, the confidentiality obligations

11    imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing

12    or a court order otherwise directs. Final disposition shall be deemed to be the later of

13    (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final

14    judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or

15    reviews of this action, including the time limits for filing any motions or applications for

16    extension of time pursuant to applicable law.

17              5.      <u>DESIGNATING PROTECTED MATERIAL</u>

18    **Modified**      5.1      <u>Exercise of Restraint and Care in Designating Material for Production</u>.

19    Each Party or Non-Party that designates information or items for protection under this Order must

20    take appropriate measures to limit such designation to specific material that qualifies under the

21    appropriate standards. To the extent it is reasonably practical to do so, the Designating Party

22    must designate for protection only those parts of material, documents, items, or oral or written

23    communications that qualify -- so that other portions of the material, documents, items, or

24    communications for which protection is not warranted are not swept unjustifiably within the

25    ambit of this Order.

26    Mass, indiscriminate, or routinized designations are prohibited UNLESS

27    JUSTIFIED BY SPECIFIC CIRCUMSTANCES. Designations that are shown to be clearly

28    unjustified UNDER THE SPECIFIC CIRCUMSTANCES or that have been made for an

1    improper purpose (e.g., to unnecessarily encumber or retard the case development process or to

2    impose unnecessary expenses and burdens on other parties) expose the Designating Party to

3    sanctions.

4              If it comes to a Designating Party's attention that information or items that it

5    designated for protection do not qualify for protection at all or do not qualify for the level of

6    protection initially asserted, that Designating Party must promptly notify all other parties that it is

7    withdrawing the mistaken designation.

8    Modified        5.2       Manner and Timing of Designations.  Except as otherwise provided in this

9    Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for

10   protection under this Order must be clearly so designated before the material is disclosed or

11   produced unless otherwise agreed.

12             Designation in conformity with this Order requires:

13   Modified        (a)  for information in documentary form (OTHER THAN

14   TRANSCRIPTS OF TESTIMONY) THAT THE Producing Party affix the legend

15   "CONFIDENTIAL" OR "SENSITIVE HIGHLY CONFIDENTIAL" to each page that contains

16   protected material.

17             A Party or Non-Party that makes original documents or materials available

18   for inspection need not designate them for protection until after the inspecting Party has indicated

19   which material it would like copied and produced.  During the inspection and before the

20   designation, all of the material made available for inspection shall be deemed "SENSITIVE

21   HIGHLY CONFIDENTIAL."  After the inspecting Party has identified the documents it wants

22   copied and produced, the Producing Party must determine which documents qualify for protection

23   under this Order.  Then, before producing the specified documents, the Producing Party must

24   DESIGNATE THE SPECIFIED DOCUMENTS IN ACCORDANCE WITH THIS

25   STIPULATED PROTECTIVE ORDER.

26   Modified        (b)  for testimony given in deposition or other pretrial proceedings that the

27   Designating Party identify on the record, before the close of the deposition, hearing or other

28   proceeding all protected testimony and specify the level of protection being asserted, OR BY

- 5 -

1   WRITTEN NOTICE, SENT BY COUNSEL TO ALL PARTIES AND THE WITNESS WITHIN

2   TWENTY-ONE (21) DAYS AFTER RECEIVING A COPY OF THE FINAL TRANSCRIPT

3   THEREOF, UNLESS COUNSEL CONSENT TO A SHORTER REASONABLE TIME PERIOD

4   WITHIN WHICH TO DESIGNATE AND SUCH CONSENT SHALL NOT BE

5   UNREASONABLY WITHHELD IN LIGHT OF IMPENDING FILING DEADLINES.

6   TRANSCRIPTS OF ALL TESTIMONY SHALL BE TREATED AS "CONFIDENTIAL"

7   UNTIL EXPIRATION OF THIS DESIGNATED TIME FRAME.  Only those portions of the

8   testimony that are appropriately designated for protection WITHIN THIS DESIGNATED TIME

9   FRAME shall be covered by the provisions of this Stipulated Protective Order, AND SHALL BE

10  MARKED AS "CONFIDENTIAL" OR "SENSITIVE HIGHLY CONFIDENTIAL" BY THE

11  COURT REPORTER (IF DESIGNATION IS MADE ON THE RECORD) OR BY COUNSEL

12  (IF DESIGNATION IS MADE AFTER RECEIPT OF THE TRANSCRIPT).

13  ==Modified==                (c)  for information produced in some form other than documentary and for

14  any other tangible items, that the Producing Party affix in a prominent place on the exterior of the

15  container or containers in which the information or item is stored the legend "CONFIDENTIAL"

16  or 'SENSITIVE HIGHLY CONFIDENTIAL."  If only SOME of the information or items

17  warrant protection, the Producing Party shall, TO THE EXTENT IT IS REASONABLY

18  PRACTICAL TO DO SO, identify the protected portions and specify the level of protection being

19  asserted.

20          5.3     Inadvertent Failures to Designate.  If timely corrected, an inadvertent

21  failure to designate qualified information or items does not, standing alone, waive the Designating

22  Party's right to secure protection under this Order for such material.  Upon timely correction of a

23  designation, the Receiving Party must make reasonable efforts to assure that the material is

24  treated in accordance with the provisions of this Order.

25          6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

26          6.1     Timing of Challenges.  Any Party or Non-Party may challenge a

27  designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's

28  confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary

- 6 -

1  economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its

2  right to challenge a confidentiality designation by electing not to mount a challenge promptly

3  after the original designation is disclosed.

4      6.2    Meet and Confer.  The Challenging Party shall initiate the dispute resolution

5  process by providing written notice of each designation it is challenging and describing the basis

6  for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written

7  notice must recite that the challenge to confidentiality is being made in accordance with the

8  specific paragraph of the STIPULATED Protective Order.  The Parties shall attempt to resolve

9  each challenge in good faith and must begin the process by conferring directly (in voice to voice

10 dialogue; other forms of communication are not sufficient) within fourteen (14) days of the date

11 of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that

12 the confidentiality designation was not proper and must give the Designating Party an opportunity

13 to review the designated material, to reconsider the circumstances, and, if no change in

14 designation is offered, to explain the basis for the chosen designation.  A Challenging Party may

15 proceed to the next stage of the challenge process only if it has engaged in this meet and confer

16 process first or establishes that the Designating Party is unwilling to participate in the meet and

17 confer process in a timely manner.

18 Modified     6.3    Judicial Intervention.   If the Parties cannot resolve a challenge without

19 court intervention, the Designating Party shall file and serve a motion to retain confidentiality

20 under Civil Local Rules 7 AND 37 (and in compliance with Local Rule 79-5, if applicable) within

21 fourteen (14) days of the Parties agreeing that the meet and confer process will not resolve their

22 dispute.  Each such motion must be accompanied by a competent declaration affirming that the

23 movant has complied with the meet and confer requirements imposed in the preceding paragraph.

24 In addition, the Challenging Party may file a motion challenging a confidentiality designation at

25 any time if there is good cause for doing so, including a challenge to the designation of a

26 deposition transcript or any portion thereof.  Any motion brought pursuant to this provision must

27 be accompanied by a competent declaration affirming that the movant has complied with the meet

28 and confer requirements imposed in the preceding paragraph.

1          The burden of persuasion in any such challenge proceeding shall be on the

2  Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass

3  or impose unnecessary expenses and burdens) may expose a Party to sanctions.  ANY

4  PROTECTED MATERIAL AS TO WHICH SUCH AN APPLICATION IS MADE SHALL

5  CONTINUE TO BE TREATED AS "CONFIDENTIAL" OR "SENSITIVE HIGHLY

6  CONFIDENTIAL" UNTIL THE COURT'S DECISION ON SUCH AN APPLICATION IS

7  ISSUED.

8               7.      <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

9          7.1     <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is

10  disclosed or produced by another Party or by a Non-Party in connection with this case only for

11  prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be

12  disclosed only to the categories of persons and under the conditions described in this Order.

13  When the litigation has been terminated, a Receiving Party must comply with the provisions of

14  section 15 below (FINAL DISPOSITION).

15          Protected Material must be stored and maintained by a Receiving Party at a

16  location and in a secure manner that ensures that access is limited to the persons authorized under

17  this Order.

18          7.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise

19  ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

20  disclose any information or item designated "CONFIDENTIAL" only to:

21  ==Modified==        (a)  the Receiving Party's Outside  Counsel of Record in this action, as well

22  as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose

23  the information for this action;

24  ==Modified==        (b)  NAMED INDIVIDUAL PARTIES AND REPRESENTATIVES OF

25  THE NAMED ENTITY PARTIES RESPONSIBLE FOR OVERSEEING THE ACTION to

26  whom disclosure is reasonably necessary for this litigation;

27  ==Modified==        (c)  Experts (as defined in this Order) of the Receiving Party to whom

28  disclosure is reasonably necessary for this litigation;

1                (d)  the court and its personnel, including mediators and special masters;

2  **Modified**          (e)  court reporters and their staff, professional jury or trial consultants, and

3  Professional Vendors to whom disclosure is reasonably necessary for this litigation;

4  **Modified**          (f)  ANY PERSON WHOSE DEPOSITION IS NOTICED TO BE TAKEN

5  in the action AND ANY DEPONENT DURING A DEPOSITION to whom disclosure is

6  reasonably necessary;

7  **Modified**          (g)  ANY PERSON WHO IS IDENTIFIED, BY THE DISCLOSURE OR

8  DISCOVERY MATERIAL ITSELF, TESTIMONY, METADATA, OR OTHERWISE, AS the

9  author or recipient of the "CONFIDENTIAL" OR "SENSITIVE HIGHLY CONFIDENTIAL"

10  MATERIAL OR WHO IS REFERRED TO IN THE "CONFIDENTIAL" OR "SENSITIVE

11  HIGHLY CONFIDENTIAL" MATERIAL TO BE DISCLOSED TO THAT PERSON.

12  **Modified**    7.3     Disclosure of "SENSITIVE HIGHLY CONFIDENTIAL" Information or

13  Items (WITHOUT ACKNOWLEDGMENT).  Unless otherwise ordered by the court or permitted

14  in writing by the Designating Party, a Receiving Party may disclose any information or item

15  designated "SENSITIVE HIGHLY CONFIDENTIAL" only to:

16  **Modified**          (a)  the Receiving Party's Outside Counsel of Record in this action, as well

17  as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose

18  the information for this litigation;

19                (b)  the court and its personnel, including mediators and special masters;

20  **NEW**    7.3.1    Disclosure of "SENSITIVE HIGHLY CONFIDENTIAL" Information or

21  Items (WITH ACKNOWLEDGMENT).  Outside Counsel for the Receiving Party may disclose

22  "SENSITIVE HIGHLY CONFIDENTIAL" material to the following persons only as reasonably

23  necessary to the conduct of the action and only if:  1) Outside Counsel for the Receiving Party has

24  redacted from the "SENSITIVE HIGHLY CONFIDENTIAL" material what it believes in good

25  faith constitutes PII, or 2) Outside Counsel for the Receiving Party has a good faith basis to

26  believe that the PII itself is material and necessary to the resolution of a disputed issue in the

27  action ("Relevant PII Information"):

28

STIPULATED [PROPOSED] PROTECTIVE ORDER GOVERNING
CONFIDENTIAL AND SENSITIVE HIGHLY CONFIDENTIAL INFORMATION

1          (c)  NAMED INDIVIDUAL PARTIES AND REPRESENTATIVES OF

2   THE NAMED ENTITY PARTIES RESPONSIBLE FOR OVERSEEING THE ACTION to

3   whom disclosure is reasonably necessary for this litigation and who have signed the

4   "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

5          (d)  Experts (as defined in this Order) of the Receiving Party to whom

6   disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment

7   and Agreement to Be Bound" that is attached hereto as Exhibit A;

8          (e)  court reporters and their staff, professional jury or trial consultants, and

9   Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have

10  signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

11          (f)  ANY PERSON WHOSE DEPOSITION IS NOTICED TO BE TAKEN

12  in the action AND ANY DEPONENT DURING A DEPOSITION to whom disclosure is

13  reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

14  that is attached hereto as Exhibit A;

15          (g)  ANY PERSON WHO IS IDENTIFIED, BY THE DISCLOSURE OR

16  DISCOVERY MATERIAL ITSELF, TESTIMONY, METADATA, OR OTHERWISE, AS the

17  author or recipient of the "CONFIDENTIAL" OR "SENSITIVE HIGHLY CONFIDENTIAL"

18  MATERIAL OR WHO IS REFERRED TO IN THE "CONFIDENTIAL" OR "SENSITIVE

19  HIGHLY CONFIDENTIAL" MATERIAL TO BE DISCLOSED TO THAT PERSON.

20  NEW          7.3.2   Secondary Recipients.  All Parties and persons or entities receiving

21  "SENSITIVE HIGHLY CONFIDENTIAL" material through Outside Counsel under paragraph

22  7.3.1. ("Secondary Recipients") shall be provided with a copy of this Stipulated Protective Order,

23  shall hold "SENSITIVE HIGHLY CONFIDENTIAL" material in strict compliance with this

24  Stipulated Protective Order, and shall take appropriate measures to control and restrict access to

25  and/or use of such "SENSITIVE HIGHLY CONFIDENTIAL" material so as to limit the use

26  and/or disclosure of such "SENSITIVE HIGHLY CONFIDENTIAL" material in this action to

27  those situations authorized in this Stipulated Protective Order and to prevent the unauthorized

28  disclosure of such "SENSITIVE HIGHLY CONFIDENTIAL" material.

- 10 -

1         7.4, 8-9.  [Not used]

2  Modified     10.     <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED</u>

3 <u>PRODUCED IN OTHER LITIGATION</u>.  If a RECEIVING Party OR A SECONDARY

4 RECIPIENT is served with a subpoena, DISCOVERY REQUEST, or a court ordered issued in

5 ANOTHER PROCEEDING that SEEKS disclosure of any Protected Material, that RECEIVING

6 Party or SECONDARY RECIPIENT must:

7  Modified        (a)  notify in writing the Designating Party, AS PROMPTLY AS

8 REASONABLY POSSIBLE AND, ABSENT EXCEPTIONAL CIRCUMSTANCES, WITHIN

9 SEVEN (7) DAYS AFTER RECEIPT OF THE SUBPOENA, BUT IN ANY EVENT SUCH

10 NOTICE SHALL BE GIVEN PRIOR TO ANY VOLUNTARY PRODUCTION OF

11 PROTECTED MATERIAL.  Such notification shall include a copy of the subpoena or court

12 order;

13  Modified        (b)  notify in writing the party who caused the subpoena, DISCOVERY

14 REQUEST, or order to issue in the other PROCEEDING that some or all of the material covered

15 by the subpoena, DISCOVERY REQUEST, or order is subject to this Stipulated Protective

16 Order, AS PROMPTLY AS REASONABLY POSSIBLE AND, ABSENT EXCEPTIONAL

17 CIRCUMSTANCES, WITHIN SEVEN (7) DAYS AFTER RECEIPT OF THE SUBPOENA,

18 BUT IN ANY EVENT SUCH NOTICE SHALL BE GIVEN PRIOR TO ANY VOLUNTARY

19 PRODUCTION OF PROTECTED MATERIAL;

20           (c)  cooperate with respect to all reasonable procedures sought to be

21 pursued by the Designating Party whose Protected Material may be affected.

22  Modified     If the Designating Party timely seeks a protective order, the Party served with the

23 subpoena, DISCOVERY REQUEST, or court order shall not produce any information designated

24 in this action as "CONFIDENTIAL" or "SENSITIVE HIGHLY CONFIDENTIAL" before a

25 determination by the court from which the subpoena or order issued, unless the Party has obtained

26 the Designating Party's permission.  The Designating Party shall bear the burden and expense of

27 seeking protection in that forum of the PROTECTED MATERIAL -- and nothing in these

28

- 11 -

1  provisions should be construed as authorizing or encouraging a Receiving Party OR

2  SECONDARY RECIPIENT in this action to disobey a lawful directive from another court.

3            11.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE

4  PRODUCED IN THIS LITIGATION

5  **Modified**         (a)  The terms of this STIPULATED PROTECTIVE ORDER are

6  applicable to information produced by a Non-Party in this action and designated as

7  "CONFIDENTIAL" or "SENSITIVE HIGHLY CONFIDENTIAL" BY THE NON-PARTY OR

8  A PARTY.  A Party may designate such Protected Material as "CONFIDENTIAL" or

9  "SENSITIVE HIGHLY CONFIDENTIAL" for purposes of this Stipulated Protective Order by

10  delivering written notice of such designation to the Parties within thirty (30) days of receipt by

11  counsel for the Designating Party of the Non-Party's production of such Protected Material.  All

12  documents produced by a Non-Party in the action shall be treated as "SENSITIVE HIGHLY

13  CONFIDENTIAL" material until the expiration of the thirtieth day after receipt of that production

14  by counsel for the Party making the designation.  Information produced by Non-Parties in

15  connection with this litigation is protected by the remedies and relief provided by this Order.

16  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking

17  additional protections.

18  **Modified**         (b)  In the event that a Party is required, by a valid discovery request, to

19  produce a Non-Party's "CONFIDENTIAL" or "SENSITIVE HIGHLY CONFIDENTIAL"

20  information in its possession, and the Party is subject to an agreement with the Non-Party not to

21  produce the "CONFIDENTIAL" or "SENSITIVE HIGHLY CONFIDENTIAL" information, then

22  the Party shall:

23           1.  promptly notify in writing the Requesting Party and the Non-Party that

24  some or all of the information requested is subject to a confidentiality agreement with a Non-

25  Party;

26           2.  promptly provide the Non-Party with a copy of the Stipulated Protective

27  Order in this litigation, the relevant discovery request(s), and a reasonably specific description of

28  the information requested, and

- 12 -

1                 3.  make the information requested available for inspection by the Non-

2   Party.

3                 (c)  If the Non-Party fails to object or seek a protective order from this

4   court within 14 days of receiving the notice and accompanying information, the Receiving Party

5   may produce the Non-Party's confidential information responsive to the discovery request.  If the

6   Non-Party timely seeks a protective order, the Receiving Party shall not produce any information

7   in its possession or control that is subject to the confidentiality agreement with the Non-Party

8   before a determination by the court.  Absent a court order to the contrary, the Non-Party shall

9   bear the burden and expense of seeking protection in this court of its Protected Material.

10                12.        UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

11   ==New==         12.1    If Protected Material is disclosed to or comes into the possession of any

12   person other than in a manner authorized in this Stipulated Protected Order, whether intentionally,

13   negligently, or inadvertently ("Unauthorized Disclosure"), the Receiving Party or Secondary

14   Recipient from whose possession, custody or control the Protected Material was obtained shall,

15   upon discovery of any Unauthorized Disclosure, immediately inform the Producing Party of all

16   pertinent facts relating to the Unauthorized Disclosure and the nature and extent of the Protected

17   Material involved.  If an Unauthorized Disclosure occurs, the Receiving Party and Secondary

18   Recipient(s) shall take all necessary and appropriate actions to retrieve physically or otherwise

19   control all Protected Material that was part of the Unauthorized Disclosure and to prevent further

20   disclosure by each and every unauthorized person who may have received such Protected

21   Material.

22   ==New==         12.2    If an Unauthorized Disclosure of "SENSITIVE HIGHLY

23   CONFIDENTIAL" material occurs, the Producing Party shall be responsible for determining,

24   within its sole discretion, whether notification of law enforcement and/or regulatory authorities is

25   appropriate and for providing any such notification.  At the request of the Producing Party, the

26   Receiving Party and Secondary Recipient(s) shall cooperate and provide information so that the

27   Producing Party can make such determination, provide such notice, and comply with the

28   Producing Party's obligations following such notice.

1  New          13.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE

2  PROTECTED MATERIAL.

3  New          13.1    The Parties agree that Federal Rule of Civil Procedure 26(b)(5)(B) and

4  Federal Rules of Evidence 502(b) apply with respect to inadvertent production and claims of

5  privilege.  Upon written request of a Producing Party made within fourteen (14) days of discovery

6  that an inadvertent or mistaken production of information subject to a claim of privilege has

7  occurred, the 1) Receiving Party shall, within fourteen (14) days after receipt of the written

8  request, 1) return, sequester, or destroy the specified information and any copies it has, 2) not use

9  or disclose the information until the claim is resolved; 3) take reasonable steps to retrieve the

10  information from any Secondary Recipients who were sent such information or notify any

11  Secondary Recipients of their obligation to return, sequester, or destroy all such documents; and

12  4) may promptly present the information to the Court under seal for a determination of the claim.

13  New          13.2    If a Producing Party inadvertently produces Protected Material without

14  being marked as such, the Producing Party or a Designating Party may designate such material as

15  "CONFIDENTIAL" or "SENSITIVE HIGHLY CONFIDENTIAL" by delivering written notice

16  of such designation and properly marked copies of such Protected Material to the Receiving

17  Parties promptly after discovering that the Protected Material was inadvertently produced without

18  the "CONFIDENTIAL" or "SENSITIVE HIGHLY CONFIDENTIAL" marking.  Such Protected

19  Material will thereafter be treated as "CONFIDENTIAL" or "SENSITIVE HIGHLY

20  CONFIDENTIAL."

21          14.    MISCELLANEOUS

22  Modified      14.1    Right to Further Relief.  Nothing in this Order abridges the right of any

23  person to seek its modification by the court in the future, OR PREVENTS THE PARTIES FROM

24  AGREEING OR SEEKING TO ALTER OR WAIVE THE PROVISIONS OR PROTECTIONS

25  OF THIS STIPULATED PROTECTIVE ORDER WITH RESPECT TO ANY PARTICULAR

26  PROTECTED MATERIAL.

27          14.2    Right to Assert Other Objections.  By stipulating to the entry of this

28  Stipulated Protective Order no Party waives any right it otherwise would have to object to

- 14 -

1   disclosing or producing any information or item on any ground not addressed in this Stipulated

2   Protective Order.  Similarly, no party waives any right to object on any ground to use in evidence

3   of any of the material covered by this Stipulated Protective Order.

4          14.3    [Not used]

5   Modified        14.4    Filing Protected Material.  Without written permission from the

6   Designating Party or a court order secured after appropriate notice to all interested persons, a

7   Party may not file in the public record in this action any Protected Material.  A Party that seeks to

8   file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected

9   Material may only be filed under seal pursuant to a court order authorizing the sealing of the

10  specific Protected Material at issue.  Pursuant to Civil Local Rule 79-5, a sealing order will issue

11  only upon a request establishing that the Protected Material at issue is privileged, protectable as a

12  trade secret, or otherwise entitled to protection under the law.  THE PARTIES AGREE TO

13  CONSENT TO THE FILING OF ANY APPLICATION OR MOTION TO FILE DOCUMENTS

14  UNDER SEAL CONCERNING ANY PROTECTED MATERIAL, WITHOUT WAIVING ANY

15  OBJECTIONS TO THE RELEVANCE, ADMISSIBILITY OR DESIGNATION OF SUCH

16  MATERIAL.  THE COURT SHALL ALLOW THE PARTIES TO FILE AN APPLICATION

17  OR MOTION TO FILE DOCUMENTS UNDER SEAL SIMULTANEOUSLY WITH THE

18  FILING OF MOTIONS, MEMORANDA, OR AFFIDAVITS CONTAINING PROTECTED

19  MATERIAL.

20  NEW        14.5    Use In Open Court.  "CONFIDENTIAL" or "SENSITIVE HIGHLY

21  CONFIDENTIAL" material may be used in any court proceeding in this action as evidence, if

22  otherwise permissible, at any hearing or on appeal, without violation of this Stipulated Protective

23  Order, but only if counsel has a good faith basis to believe that such Protected Material is relevant

24  to a disputed issue before the Court.  Protected Material shall not lose its status as

25  "CONFIDENTIAL" or "SENSITIVE HIGHLY CONFIDENTIAL" material through such use,

26  and nothing in this Stipulated Protective Order precludes a Party from seeking relief or an

27  appropriate protective order from the Court to maintain the confidentiality of Protected Material

28  used in open court.

1    NEW           14.6   Effect of Entry of Order.  The Court's "so ordering" of this Stipulated

2    Protective Order shall mean that 1) the Court has found that the need for discovery in this case

3    outweighs affected individuals' privacy interests, such that good cause exists to disclose

4    "SENSITIVE HIGHLY CONFIDENTIAL" material as set forth in this Stipulation; 2) the

5    Producing Party's compliance with this Stipulated Protective Order shall satisfy and shall

6    constitute compliance with the Producing Party's obligations under the Gramm-Leach-Bliley Act

7    and the Fair Credit Reporting Act, including any rules or regulations promulgated thereunder, and

8    3) the disclosure of any "SENSITIVE HIGHLY CONFIDENTIAL" material in this action

9    pursuant to this Stipulated Protective Order shall constitute disclosure pursuant to 15 U.S.C.

10   § 6802(e)(8), 16 C.F.R. § 313.15(a)(7)(iii), and 15 U.S.C. § 1681b(a)(1).

11   NEW           14.7   Future Production.  The Parties agree that Lead Plaintiffs' First Request for

12   Production of Documents directed to the Wells Fargo Defendants shall be deemed not to include

13   a request to produce or identify any responsive material or information that is arguably prohibited

14   by law from being disclosed or identified under 31 U.S.C. § 5318(g), 31 CFR § 103.18(e), 12

15   CFR § 4.37(b) or any similar law, regulation, rule or court order.  Lead Plaintiffs reserve their

16   rights to seek the identification of such material or information and to include and/or move to

17   compel production of such material or information in the future.

18   Modified      15.    FINAL DISPOSITION

19            Within 60 days after the final disposition of this action, as defined in paragraph 4,

20   each Receiving Party AND SECONDARY RECIPIENT SHALL USE COMMERCIALLY

21   REASONABLE EFFORTS TO return or destroy (AT THE OPTION OF THE PERSON IN

22   RECEIPT OF THE Protected Material), AND CERTIFY THAT FACT TO COUNSEL FOR

23   THE PRODUCING PARTY.  TO THE EXTENT THAT COUNSEL FOR A RECEIVING

24   PARTY HAS PROVIDED "SENSITIVE HIGHLY CONFIDENTIAL" MATERIAL TO

25   SECONDARY RECIPIENTS, SUCH COUNSEL SHALL DIRECT THOSE SECONDARY

26   RECIPIENTS TO DESTROY ALL SUCH MATERIAL IN THOSE SECONDARY

27   RECIPIENTS' POSSESSION, CUSTODY OR CONTROL, SUCH SECONDARY

28   RECIPIENTS SHALL CERTIFY TO COUNSEL FOR THAT RECEIVING PARTY THAT

- 16 -

1   SUCH MATERIAL HAS BEEN DESTROYED, AND COUNSEL FOR THE RECEIVING

2   PARTY SHALL CONFIRM THAT RECEIPT TO OUTSIDE COUNSEL FOR THE

3   PRODUCING PARTY.  Notwithstanding this provision, Counsel are entitled to retain an archival

4   copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda,

5   correspondence, deposition and trial exhibits, expert reports, attorney work product, and

6   consultant and expert work product, even if such materials contain Protected Material.  Any such

7   archival copies that contain or constitute Protected Material remain subject to this Stipulated

8   Protective Order as set forth in Section 4 (DURATION).

Dated:  December 1, 2010                MUNGER, TOLLES & OLSON LLP
                                        MARC T.G. DWORSKY
                                        Marc.Dworsky@mto.com
                                        355 South Grand Avenue, 35th Floor
                                        Los Angeles, CA 90071-1560
                                        Tel:    (213) 683-9100
                                        Fax:    (213) 687-3702

                                        JEROME C. ROTH
                                        Jerome.Roth@mto.com
                                        DAVID H. FRY
                                        David.Fry@mto.com
                                        JENNY H. HONG
                                        Jenny.Hong@mto.com
                                        CAROLYN V. ZABRYCKI
                                        Carolyn.Zabrycki@mto.com
                                        560 Mission Street, 27th Floor
                                        San Francisco, CA 94105-2907
                                        Tel:    (415) 512-4000
                                        Fax:    (415) 512-4077

                                        _____
                                              */s/ Jenny H. Hong*
                                        JENNY H. HONG

                                        *Attorneys for the Wells Fargo Defendants and the
                                        Individual Defendants*

Dated:  December 1, 2010                PILLSBURY WINTHROP SHAW PITTMAN LLP
                                        BRUCE A. ERICSON
                                        bruce.ericson@pillsburylaw.com
                                        ANDREW J. LANPHERE
                                        andrew.lanphere@pillsburylaw.com
                                        50 Fremont Street
                                        Post Office Box 2880
                                        San Francisco, CA 94120-7880

- 17 -

1    Tel:    (415) 983-1560
     Fax:    (415) 983-1200

2

3                _/s/ Bruce A. Ericson_____
                  BRUCE A. ERICSON

4
     *Attorneys for the Underwriter Defendants*

5

6    Dated:  December 1, 2010         FRIED, FRANK, HARRIS, SHRIVER
                                         & JACOBSON LLP
7                                     William G. McGuinness (*pro hac vice*)
                                      william.mcguinness@friedfrank.com
8                                     Stephanie J. Goldstein (*pro hac vice*)
                                      stephanie.goldstein@friedfrank.com
9                                     Shahzeb Lari (*pro hac vice*)
                                      Shahzeb.Lari@friedfrank.com
10                                    One New York Plaza
                                      New York, New York 10004
11                                    Telephone:     (212) 859-8000
                                      Facsimile:     (212) 859-4000
12

13               _/s/ Shahzeb Lari_____
                  SHAHZEB LARI

14
     *Attorneys for the Underwriter Defendants*

15

16   Dated:  December 1, 2010         BERNSTEIN LITOWITZ BERGER
                                      & GROSSMANN LLP
17
                                      DAVID R. STICKNEY
18                                    TIMOTHY A. DeLANGE
                                      MATTHEW P. JUBENVILLE
19                                    TAKEO A. KELLAR
                                      JONATHAN D. USLANER
20                                    12481 High Bluff Drive, Suite 300
                                      San Diego, CA 92130
21                                    Tel:    (858) 793-0070
                                      Fax:    (858) 793-0323
22

23               _/s/ Timothy A. DeLange_____
                  TIMOTHY A. DeLANGE

24
     *Lead Counsel for the Class*

25

26

27

28

- 18 -

1

2          Filer's Attestation: Pursuant to General Order No. 45, Section X(B), regarding

3   signatures, I attest under penalty of perjury that concurrence in the filing of the document has

4   been obtained from each of the other signatories listed above.

5

6                              _____/s/ Jenny H. Hong_____
                                      JENNY H. HONG

7

8

9

10                              **[PROPOSED] ORDER**

11          PURSUANT TO STIPULATION, IT IS SO ORDERED.

12

13   DATED: _____, 2010      _____

14                              THE HONORABLE PATRICIA V. TRUMBULL
                                United States District Court Magistrate Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 19 -

1  <mark>Modified</mark> **Exhibit A**

2  **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

3      I, _____ [print or type full name], of

4  _____ [print or type full address], declare that I have read in its

5  entirety and understand the Stipulated Protective Order that was issued by the United States

6  District Court for the Northern District of California on December __, 2010 in the case of *In re*

7  *Wells Fargo Mortgage-Backed Certificates Litigation*, Civil Action No. 09-01376-LHK (CVT).  I

8  agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I

9  understand and acknowledge that failure to so comply could expose me to sanctions and

10  punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner

11  any information or item that is subject to this Stipulated Protective Order to any person or entity

12  except in strict compliance with the provision of this Order.  I ACKNOWLEDGE THAT

13  FEDERAL AND/OR STATE LAWS MAY PROHIBIT THE DISCLOSURE OF

14  PERSONALLY IDENTIFIABLE INFORMATION AND OTHER PROTECTED "SENSITIVE

15  HIGHLY CONFIDENTIAL" MATERIAL.

16      I further agree to submit to the jurisdiction of the United States District Court for the

17  Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

18  Order, even if such enforcement proceedings occur after termination of this action.

19      I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE

20  UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.

21      EXECUTED THIS ___ DAY OF _____ AT _____ [LOCATION].

22

23      Signature: _____

24      Name:      _____

25

26

27

28

- 20 -