1   MARC T.G. DWORSKY (SBN 157413)
    Marc.Dworsky@mto.com
2   KATHLEEN M. McDOWELL (SBN 115976)
    Kathleen.McDowell@mto.com
3   MUNGER, TOLLES & OLSON LLP
    355 South Grand Avenue, 25th floor
4   Los Angeles, CA  90071-1560
    Telephone:     (213) 683-9100
5   Facsimile:     (213) 687-3702

6
    DAVID H. FRY (SBN 189276)
7   David.Fry@mto.com
    JENNY H. HONG (SBN 251751)
8   Jenny.Hong@mto.com
    CAROLYN V. ZABRYCKI (SBN 263541)
9   Carolyn.Zabrycki@mto.com
    MUNGER, TOLLES & OLSON LLP
10  560 Mission Street,  27th floor
    San Francisco, CA 94105-2907
11  Telephone:     (415) 512-4000
    Facsimile:     (415) 512-4077
12
    Attorneys for Defendants
13  WELLS FARGO DEFENDANTS AND THE
    INDIVIDUAL DEFENDANTS
14
    [Additional counsel listed on signature page]
15

16              UNITED STATES DISTRICT COURT

17             NORTHERN DISTRICT OF CALIFORNIA

18                   SAN JOSE DIVISION

19  |                                    | Civil Action No. 09-01376 (LHK)
20  | IN RE WELLS FARGO MORTGAGE-        |
    | BACKED CERTIFICATES LITIGATION     | **CONSOLIDATED CLASS ACTION ECF**
21  |                                    |
    |                                    | **OPPOSITION TO PLAINTIFFS'**
22  |                                    | **MOTION FOR ENTRY OF RULE 54(B)**
    |                                    | **JUDGMENT BY WELLS FARGO**
23  |                                    | **DEFENDANTS, INDIVIDUAL**
    |                                    | **DEFENDANTS, AND UNDERWRITER**
24  |                                    | **DEFENDANTS**
    |                                    |
25  |                                    | Judge:      Hon. Lucy H. Koh

26

27

28

1    **I.      INTRODUCTION**

2              Following this Court's dismissal of claims relating to the majority of the offerings

3    initially challenged in this action, Movants joined this litigation as named plaintiffs, asserting

4    claims as to ten of the previously dismissed offerings.  This Court, in its October 19, 2010 order

5    of dismissal (the "October 19 Order"), properly dismissed those claims on statute of limitations

6    grounds.  Movants now seek the extraordinary relief of entry of a partial judgment under Rule

7    54(b) as to some (but not all) of the claims brought by some (but not all) of them, *i.e.*, as if they

8    had filed their own separate lawsuits.  Movants should not be able to have it both ways.  Having

9    elected to join the other Plaintiffs in this action, they must await its resolution, just like all the

10   other Plaintiffs and Defendants, before they can appeal from the October 19 Order.

11             Contrary to Movants' assertion, entry of a Rule 54(b) judgment is anything but a

12   routine act.  *See* Admin. Mot. at 3:9-10.[1]  The Ninth Circuit has made clear that Rule 54(b) is a

13   limited exception to the longstanding final judgment rule and should be used sparingly.  It is most

14   appropriate in the unusual case where, unlike here, there is a pressing need for an early and

15   separate judgment, on truly severable issues, as to some claims or parties.  Movants, who

16   belatedly joined this action in an attempt to resuscitate claims as to ten offerings that were

17   dismissed for lack of standing (the "Ten Offerings"), ironically are now purportedly concerned

18   about "delay."  But, they do not identify anything beyond the ordinary delay that follows from an

19   interlocutory ruling that disposes of some, but not all, of Plaintiffs' claims.  That is a generalized

20   concern that exists in every case and does not suffice under Rule 54(b).  Indeed, it was on that

21   basis that a court in a similar mortgage-backed securities case recently denied a Rule 54(b)

22   request for entry of judgment in an analogous context.  *In re Morgan Stanley Mortgage Pass-*

23

24   _____

     [1] The Wells Fargo Defendants, the Individual Defendants, and the Underwriter Defendants
25   (collectively, "Defendants") filed a joint opposition to Movant's Administrative Motion for Entry
     of Rule 54(b) Judgment on November 22, 2010.  Defendants argued in part that use of an
26   administrative motion to seek entry of a Rule 54(b) judgment was improper and that the issue
     warranted full briefing on regular notice.  On November 29, 2010, the Court entered an order
27   setting a briefing schedule on Movants' Administrative Motion "[s]o that all parties have an
     opportunity to be heard regarding the 54(b) Motion."  That order gave Defendants until December
28   10, 2010 to file an opposition brief and Movants until December 17, 2010 to file a reply brief.
     Pursuant to the Court's order, Defendants submit the instant brief.

                                                    - 1 -              OPPOSITION TO PLAINTIFFS' MOTION FOR
                                                                       ENTRY OF RULE 54(B) JUDGMENT
                                                                       CASE NO. 09-1376-LHK

*Through Certificates Litig.*, No. 09 Civ. 2137 (LTS), 2010 WL 4910229 (S.D.N.Y. Nov. 22, 2010).

An immediate appeal also does not promote administrative efficiency. Under the current schedule, Plaintiffs' motion for class certification will be heard on May 19, fact discovery must be completed by September 15, and expert discovery must be completed by December 14. Thus, it is a virtual impossibility that the appeal would be resolved prior to the completion of class certification and discovery — both of which would have to be expanded and repeated if the interlocutory appeal were to result in a reversal. Undoubtedly, this would necessarily entail many of the same witnesses having to be deposed twice. Accordingly, if the Court is inclined to enter a Rule 54(b) judgment, the balance of the action should be stayed pending resolution of the appeal, so that the issue on appeal can be resolved without the expenditure of duplicative, wasteful efforts. Stays are frequent companions to Rule 54(b) judgments where stays will promote the interests of efficiency and fairness. Those interests are heightened in the class action context where, as here, a reversal of the original ruling (*i.e.*, the October 19 Order) would result in the addition of the Ten Offerings (and the thousands of loans underlying each of the trusts formed for purposes of those offerings) to the action. As a result, the scope of the issues that would have to be addressed in the context of class certification would expand, and discovery and class certification on the 17 other trusts currently at issue necessarily would have to be reopened. *See, e.g., Stadler v. McCulloch*, 882 F. Supp. 1524, 1527 (E.D. Pa. 1995) (staying putative class action pending resolution of Rule 54(b) judgment dismissing one of named plaintiffs).

## II.     PLAINTIFFS DO NOT MEET THE REQUIREMENTS OF RULE 54(B).

Rule 54(b) provides an exception to the well-established, general rule that a final judgment is proper only after all claims in an action have been adjudicated. *Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627, 629 (2d Cir. 1991). Requests for a Rule 54(b) judgment should not be granted routinely or as a matter of course. *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 10 (1980) ("Plainly, sound judicial administration does not require that Rule 54(b) requests be granted routinely."); *Wood v. GCC Bend, LLC*, 422 F.3d 873, 879 (9th Cir. 2005) ("At least in our experience, requesting — or granting a request for — certification in

1   ordinary situations such as this is not routine.  We believe it should not become so."); *Gausvik v.*

2   *Perez*, 392 F.3d 1006, 1009 n.2 (9th Cir. 2004) ("[I]n the interest of judicial economy Rule 54(b)

3   should be used sparingly.").

4          The burden is on the party seeking entry of a Rule 54(b) judgment to convince the

5   court that its case is "*the unusual case* in which the costs and risks of multiplying the number of

6   proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the

7   litigants for an early and separate judgment as to some claims or parties."  *Morrison-Knudsen Co.*

8   *v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981) (emphasis added).  Further, a Rule 54(b) judgment

9   should be entered "only if there exists 'some danger of hardship or injustice through delay which

10  would be alleviated by immediate appeal.'"  *Burlington Northern R.R. Co. v. Bair*, 754 F.2d 799,

11  800 (8th Cir. 1985) (per curiam) (quoting *Hayden v. McDonald*, 719 F.2d 266, 268 (8th Cir.

12  1983)).  To prevail, Movants must persuade the Court that this is one of those unusual cases in

13  which the "judicial administrative interests" and "the equities involved" weigh in favor of a Rule

14  54(b) judgment.  *Wood*, 422 F.3d at 878.  Movants have missed that mark here by a wide margin.

15         A.      **The Federal Policy Against Piecemeal Appeals Weighs Against a Rule 54(b)**
16                 **Judgment.**

17             Judicial administrative interests require consideration of the "long established rule

18  prohibiting piecemeal litigation."  *CMAX, Inc. v. Drewry Photocolor Corp.*, 295 F.2d 695, 697

19  (9th Cir. 1961); *Gausvik*, 392 F.3d at 1009 n.2 ("[R]ule 54(b) was not meant to displace the

20  'historic federal policy against piecemeal appeals.'") (quoting *Sears, Roebuck & Co. v. Mackey*,

21  351 U.S. 427, 438 (1956)).  To guard against piecemeal appeals, "[a] similarity of legal or factual

22  issues will weigh heavily against entry of judgment under the rule, and in such cases a Rule 54(b)

23  order will be proper only where necessary to avoid a harsh and unjust result."  *Morrison-*

24  *Knudsen*, 655 F.2d at 965.  This is not a case where Movants' claims are "separable from the

25  others remaining to be adjudicated" such that "no appellate court would have to decide the same

26  issues more than once even if there were subsequent appeals."  *Curtiss-Wright Corp.*, 446 U.S. at

27  8.  There are overlapping factual and legal issues among Movants' claims as to the Ten Offerings

28  that they now want to appeal under the auspices of the October 19 Order and the remaining

OPPOSITION TO PLAINTIFFS' MOTION FOR
ENTRY OF RULE 54(B) JUDGMENT
CASE NO. 09-1376-LHK

1    claims (including the portions of those claims that were dismissed by the Court's October 5

2    Order).[2]

3              For instance, as to the statute of limitations, the factual issues are clearly similar,

4    *i.e.*, when were the original Plaintiffs — and Movants — first actually or constructively on notice

5    of the facts underlying their claims.  In their original motion to dismiss decided by Judge Illston,

6    Defendants argued that Plaintiffs were on notice of their claims more than a year before they filed

7    their complaints.  Defts.' Mot. to Dismiss, Docket No. 162, at 18-22 (Oct. 30, 2009).  That

8    argument applies to the Movants as well, but was not decided because, as this Court found, "the

9    information in the original *Detroit* and *New Orleans* Complaints was sufficient to make

10   [Movants] aware of the basis for their claims."  October 19 Order at 11.  Accordingly, if, as

11   Defendants expect, Plaintiffs' remaining claims are eventually dismissed on the ground that

12   Plaintiffs had notice of their claims more than a year before they filed suit, the dismissal of

13   Movants' claims would be supported by *two* independent grounds:  (1) the statute of limitations

14   and repose ruling embodied in the October 19 Order; and (2) any notice ruling disposing of

15   Plaintiffs' remaining claims (and, in equal measure, Movants' claims).

16             As another example, once a final appealable judgment is entered in this case,

17   Plaintiffs may appeal Judge Illston's order dismissing several of the offerings challenged initially

18   for lack of standing, including the Ten Offerings as to which Movants now seek to appeal.  Were

19   Plaintiffs to prevail on the standing issue, the sole issue that Movants want to appeal now would

20   be moot.  Similarly, after judgment, Plaintiffs may appeal the October 5 Order narrowing the

21   scope of the remaining claims — a narrowing which equally applies to the Ten Offerings.

22             Thus, an immediate appeal here is likely to result in inefficient, piecemeal appeals.

23   Even if the Ninth Circuit were to reverse this Court's ruling as to Movants' claims, those claims

24   would, on remand, be subject to the same challenges applicable to Plaintiffs' remaining claims.

25   The upshot is that the Movants' claims would be the subject of not one, but two, Ninth Circuit

26

27   _____

     [2] While the remaining claims and Movants' claims arise from the same core factual allegations,
     the evidence concerning whether those allegations are true is different for each offering at issue in
28   the Amended Consolidated Complaint.

- 4 -

1   appeals.  The better course is to proceed to judgment on Movants' claims and Plaintiffs'

2   remaining claims together, which would allow these interwoven limitations issues to be presented

3   to the Ninth Circuit in a single, streamlined appeal consistent with well-established, ordinary

4   practice.

5          As yet a third example, to the extent Movants would seek a broad-ranging appeal

6   that extends beyond the *American Pipe* and statute of limitations issues on which the Court ruled

7   against them in the October 19 Order, the issues on appeal would be even more truly

8   "[in]separable from the others remaining to be adjudicated."  *Curtiss-Wright Corp.*, 446 U.S. at 8.

9   Ninth Circuit authority weighs against consideration of any interlocutory orders not specifically

10  certified for review by the district court.  *Air-Sea Forwarders, Inc. v. Air Asia Co.*, 880 F.2d 176,

11  190 n.17 (9th Cir. 1989) (reviewing the district court's rulings on two of plaintiff's claims, but

12  declining to review the court's rulings on plaintiff's two other claims because the Rule 54(b)

13  order did not refer to the claims); *see also* Christopher A. Goelz et al., *Federal Ninth Circuit Civil*

14  *Appellate Practice*, Ch. 7-B, § 7:68 (Rutter Group 2009) ("Under FRCP 54(b), the appellate court

15  has jurisdiction to consider certain interlocutory orders certified for appeal by the district court.…

16  Normally, however, appellate court jurisdiction does not extend beyond review of the order

17  certified.").  But because a Rule 54(b) judgment is just that — a judgment — Movants could

18  conceivably argue that all interlocutory orders in this case should be embraced by their appeal,

19  opening the door to a broad-ranging review on issues such as the Court's prior Section 12,

20  standing, and subjective falsity rulings.  *Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*,

21  248 F.3d 892, 897 (9th Cir. 2001) ("A necessary corollary to the final judgment rule is that a

22  party may appeal interlocutory orders after entry of final judgment because those orders merge

23  into that final judgment.").  These issues apply broadly to other Plaintiffs' claims still pending

24  before this Court, underscoring the inseparability of Movants' claims from the others remaining

25  to be adjudicated here.

26          This interrelatedness may explain why no other court overseeing the many

27  mortgage-backed securities cases that were filed in the wake of the recent economic downturn has

28  seen fit to enter a Rule 54(b) judgment to permit the interlocutory appeal of standing, statute of

OPPOSITION TO PLAINTIFFS' MOTION FOR
ENTRY OF RULE 54(B) JUDGMENT
CASE NO. 09-1376-LHK

1    limitations, or tolling issues.  In a mortgage-backed securities case pending in the Southern

2    District of New York, *In re Morgan Stanley Mortgage Pass-Through Certificates Litig.*, 09-Civ-

3    2137 (LTS), the court recently denied a request for a Rule 54(b) judgment under circumstances

4    almost identical to those here.  The *In re Morgan Stanley* court had dismissed with prejudice the

5    plaintiff's claims for violations of Sections 11, 12, and 15 of the Securities Act of 1933 as they

6    related to a certain mortgage-backed securities offering.  *In re Morgan Stanley Mortgage Pass-*

7    *Through Certificates Litig.*, 09-Civ-2137 (LTS), 2010 WL 3239430 (Aug. 17, 2010).  The court

8    held, among other things, that these claims were barred by the statute of limitations because the

9    plaintiff was on inquiry notice of its claims well before the one-year limitations period.  *Id.* at *6-

10   *9.  With other claims remaining in the complaint, the plaintiff moved for a Rule 54(b) judgment

11   on the claims that had been dismissed with prejudice.  The court denied the request for a Rule

12   54(b) judgment, holding:

13           The circumstances of this case do not warrant Rule 54(b)
             certification.  The dismissed and remaining claims here arise from
14           many of the same factual allegations; judicial economy will best be
             served if multiple appellate panels do not have to familiarize
15           themselves with this case in piecemeal appeals. . . . A court should
             use its discretion to enter a Rule 54(b) final judgment "only in the
16           infrequent harsh case . . . where there exists some danger or
             hardship or injustice through delay which would be alleviated by
17           immediate appeal.  [Plaintiff] has made no such showing.

18   *In re Morgan Stanley*, 2010 WL 4910229, at *1.  The *In re Morgan Stanley* court's reasoning

19   applies with equal force here.[3]

20           Indeed, if a dismissal of claims as time-barred could, without more, invoke interlocutory

21   review, rulings on statute of limitations issues would be exempted from the final judgment rule.

22   But they are not.  *See Day v. NLO, Inc.*, 3 F.3d 153, 155 (6th Cir. 1993) (declining to review a

23   Rule 54(b) judgment certifying dismissal of some claims on statute of limitations grounds, in part

24   because "the claims certified for appeal are so closely related to those still pending before [the

25

26   [3]      In another mortgage-backed securities case, the parties there acknowledged in a
     stipulation, subsequently entered by the Court as an Order, that the Court's ruling on a Section 11
27   statute of limitations issue was <u>not</u> an entry of judgment under Rule 54.  *In re IndyMac*
     *Mortgage-Backed Sec. Litig.*, 09-Civ-04583 (LAK), Docket No. 262, at 2 (S.D.N.Y. Sept. 8,
28   2010).

OPPOSITION TO PLAINTIFFS' MOTION FOR
                                           ENTRY OF RULE 54(B) JUDGMENT
                                           CASE NO. 09-1376-LHK

district court]").

### B. A Generalized Concern Over "Delay" Cannot Support Entry of a Rule 54(b) Judgment.

Movants' main justification for interlocutory review here is that, absent an immediate appeal, they will have to await a final judgment on Plaintiffs' remaining claims. Admin. Mot. at 5:1-11. This is a manifestly inadequate reason for entry of a Rule 54(b) judgment — a generalized concern over "delay" falls far short of the "danger of hardship or injustice" that Movants are required to show. *Burlington Northern R.R. Co.*, 754 F.2d at 800; *Cullen v. Margiotta*, 618 F.2d 226, 228 (2d Cir. 1980). Movants have only themselves to blame for the "delay" in appellate review here, for, as this Court has noted, they could have brought their claims years ago. October 19 Order at 8, 11. Movants are not harmed by the current status quo; they still have a right to relief on appeal, after entry of final judgment, as recognized by the final judgment rule.

By contrast, opening the door to piecemeal appeals poses a serious risk of hardship to the remaining parties in the case. The parties are moving forward with discovery of Plaintiffs and third parties relating to class certification, as well as expert analysis and briefing directed at class certification. If Movants prevail on appeal and the putative class needs to be expanded to include them, the parties would be required to revisit class certification discovery, expert work, and briefing to account for the Ten Offerings in which Movants invested, and, in all likelihood, many of the same witnesses would have to be deposed again.

Further, discovery on the merits has also begun and could be disrupted by an interlocutory appeal. As one example, Plaintiffs have served over 20 third-party subpoenas seeking trading data and information about ratings for the certificates in the 17 trusts still at issue in this case. If Movants were permitted to appeal now and this Court's dismissal were to be reversed, Plaintiffs necessarily would serve additional subpoenas, imposing additional burdens on third parties who have no interest in the action.

### C. Authorizing This Piecemeal Appeal Would Crowd the Ninth Circuit's Already Overwhelmed Docket.

Further weighing against entry of a Rule 54(b) judgment here is the fact that the

OPPOSITION TO PLAINTIFFS' MOTION FOR
ENTRY OF RULE 54(B) JUDGMENT
CASE NO. 09-1376-LHK

statute of limitations issue is already before the Ninth Circuit in two separate appeals arising out

of the October 19 Order.  As Movants point out, First Star has appealed the dismissal of its

separate lawsuit.  Admin. Mot. at 2:23-24.  General Retirement System of Detroit ("Detroit") has

also appealed the denial of its motion to intervene to the Ninth Circuit.  *See* Notice of Appeal,

Docket No. 304 (Nov. 19, 2010).  There is no need to add a third — and interlocutory — appeal

to the Ninth Circuit's docket, especially when each of the already-pending appeals raises the same

basic legal issues.  Indeed, the Ninth Circuit has cautioned against adding piecemeal appeals to its

crowded docket "without a seriously important reason."  *Wood*, 422 F.3d at 882 ("The caseload

of this court is already huge.  More than fifteen thousand appeals were filed in the last year.  We

cannot afford the luxury of reviewing the same set of facts in a routine case more than once

without a seriously important reason."); *see also Morrison-Knudsen*, 655 F.2d at 965

("Judgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks

of multiplying the number of proceedings and *of overcrowding the appellate docket* are

outbalanced by pressing needs of the litigants for an early and separate judgment as to some

claims or parties.") (emphasis added).

III.    **IF A RULE 54(B) JUDGMENT IS TO BE ENTERED, IT SHOULD BE CONDITIONED ON A STAY OF THE ACTION PENDING APPEAL.**

        If the Court is inclined to enter a Rule 54(b) judgment, this action should be stayed

pending resolution of the appeal of that judgment.  The power to stay this action pending appeal

from any Rule 54(b) judgment is within the sound discretion of the Court.  *Stadler v. McCulloch*,

882 F. Supp. 1524, 1527 (E.D. Pa. 1995) ("The district court possesses the inherent power to stay

any proceeding in order to promote its fair and efficient adjudication.").  The Court should enter

such a stay where, as here, doing so will serve the interests of efficiency and fairness.  *Matek v.

Murat*, 638 F. Supp. 775, 784 (C.D. Cal. 1986) (certifying ruling as a Rule 54(b) judgment and

ordering that if "an appeal is taken, in the interests of efficiency and fairness, the Court will stay

all proceedings on the remaining RICO claims pending the Ninth Circuit's decision."); *Doe v.

Univ. of Cal.*, No. C-92-2284 SAW, 1993 WL 361540, *2 (N.D. Cal. Sept. 2, 1993) ("If a district

court certifies claims for appeal pursuant to Rule 54(b), it should stay all proceedings on the

OPPOSITION TO PLAINTIFFS' MOTION FOR
ENTRY OF RULE 54(B) JUDGMENT
CASE NO. 09-1376-LHK

1   remaining claims if the interests of efficiency and fairness are served by doing so.").

2             Here, a stay would serve the interests of efficiency and fairness by mitigating the

3   waste of resources and inherent unfairness that would result if Movants were to prevail on appeal,

4   thereby requiring class certification and discovery to be expanded and repeated to include them.

5   Faced with similar circumstances, federal district courts have frequently stayed the balance of an

6   action when entering a Rule 54(b) judgment on less than all claims.  *See, e.g.*, *Utah Power &*

7   *Light Co. v. Fed. Ins. Co.*, 983 F.2d 1549, 1551, 1553 (10th Cir. 1993) (noting that the trial court

8   had stayed the remaining proceedings when entering its Rule 54(b) judgment); *Harriscom*

9   *Svenska*, 947 F.2d at 628 (quoting the trial court's order that "a stay of this action, pending

10  resolution of the appeal from this entry of judgment pursuant to Fed. R. Civ. P. 54(b), is

11  appropriate"); *Davis v. Mann*, 882 F.2d 967, 972 n.14 (5th Cir. 1989) (noting that the trial court

12  had stayed the remaining proceedings when entering its Rule 54(b) judgment); *Digital Privacy,*

13  *Inc. v. RSA Sec., Inc.*, 199 F. Supp. 2d 457, 460-61 (E.D. Va. 2002) (certifying ruling as a Rule

14  54(b) judgment and staying further proceedings on the remaining counterclaims pending appeal);

15  *McLean v. Badger Equip. Co.*, 868 F. Supp. 258, 263 (E.D. Wis. 1994) (certifying ruling as a

16  Rule 54(b) judgment and, to avoid the possibility of two trials and "conserve judicial resources,"

17  staying proceedings on the remaining claim pending appeal); *Access Mediquip L.L.C. v.*

18  *UnitedHealth Group Inc.*, No. H-09-2965, 2010 WL 4812968, *4 (S.D. Tex. Nov. 19, 2010)

19  (certifying ruling as a Rule 54(b) judgment and holding that the judgment "together with a stay

20  pending appeal . . . is an efficient way to avoid duplicative, potentially unnecessary, discovery,

21  motion practice, and trials"); *Kumar v. Ovonic Battery Co.*, No. Civ.A.01 11247 MEL, 2002 WL

22  32705072, *2 (D. Mass. Sept. 24, 2002) (staying proceedings on remaining counterclaims

23  pending any appeal of a Rule 54(b) judgment), *vacated and remanded on other grounds*, 351 F.3d

24  1364 (Fed. Cir. 2003); *Las Vegas Sands, Inc. v. Culinary Workers Union*, No. CV-S-9700467-

25  PMP RKH, 2002 WL 32511175, *1 (D. Nev. July 3, 2002) (certifying ruling as a Rule 54(b)

26  judgment and holding that a "stay pending that appeal substantially reduces the risk of a second

27  trial, which would consume the valuable time and resources of this Court and the parties").

28

OPPOSITION TO PLAINTIFFS' MOTION FOR
ENTRY OF RULE 54(B) JUDGMENT
CASE NO. 09-1376-LHK

1      *Stadler v. McCulloch*, 882 F. Supp. at 1524, is particularly instructive. *Stadler*

2    was a putative class action in which the court granted summary judgment against one of two

3    named plaintiffs, Killian. *Id.* at 1526. The court certified the order against Killian as a Rule

4    54(b) judgment and held that a stay of the balance of the action was warranted. *Id.* at 1527. In so

5    doing, the court noted that the effect of its ruling against Killian was to limit the class size, and

6    any appellate ruling reversing its decision would impact the size of the class and the scope of the

7    litigation. *Id.* Thus, if the action were to progress simultaneously with the appeal, the appellate

8    ruling "might cause the parties to retrace a number of their steps, and could render meaningless

9    much of the work completed in the interim." *Id.* Under these circumstances, the court was

10   persuaded that a stay was warranted. These considerations are equally if not more significant

11   here, where a reversal of the Court's ruling dismissing Movants' claims would expand the

12   number of offerings, the potential size of the class, and the scope of discovery.

13   **IV.    CONCLUSION**

14          For the foregoing reasons, Defendants request that the Court deny Movants'

15   Administrative Motion for Entry of Rule 54(b) Judgment. In the alternative, if the Court grants

16   Movants' request, Defendants request that the Court stay this action pending appeal from the Rule

17   54(b) judgment.

18

19   Dated:  December 10, 2010              MUNGER, TOLLES & OLSON LLP
                                            KATHLEEN M. McDOWELL
20                                          Kathleen.McDowell@mto.com
                                            355 South Grand Avenue, 25th floor
21                                          Los Angeles, CA  90071-1560
                                            Telephone:     (213) 683-9100
22                                          Facsimile:     (213) 687-3702

23

24                                                /s/ *Kathleen M. McDowell*
                                            KATHLEEN M. McDOWELL
25
                                            Attorneys for the Wells Fargo Defendants and the
26                                          Individual Defendants

27

28

                             - 10 -

1

2    Dated:  December 10, 2010          PILLSBURY WINTHROP SHAW PITTMAN LLP
                                        BRUCE A. ERICSON
3                                       bruce.ericson@pillsburylaw.com
                                        ANDREW J. LANPHERE
4                                       andrew.lanphere@pillsburylaw.com
                                        50 Fremont Street
5                                       Post Office Box 2880
                                        San Francisco, CA 94120-7880
6                                       Tel:    (415) 983-1560
                                        Fax:    (415) 983-1200
7
                                        _____/s/ *Bruce A. Ericson*_____
8                                            BRUCE A. ERICSON

9                                       *Attorneys for the Underwriter Defendants*

10

11   Dated:  December 10, 2010          FRIED, FRANK, HARRIS, SHRIVER
                                           & JACOBSON LLP
12                                      William G. McGuinness (*pro hac vice*)
                                        william.mcguinness@friedfrank.com
13                                      Stephanie J. Goldstein (*pro hac vice*)
                                        stephanie.goldstein@friedfrank.com
14                                      Shahzeb Lari (*pro hac vice*)
                                        Shahzeb.Lari@friedfrank.com
15                                      One New York Plaza
                                        New York, New York 10004
16                                      Telephone:    (212) 859-8000
                                        Facsimile:    (212) 859-4000
17
                                        _____/s/ *Stephanie J. Goldstein*_____
18                                           STEPHANIE J. GOLDSTEIN

19                                      *Attorneys for the Underwriter Defendants*

20

21

22

23

24

25

26

27

28

- 11 -

1          Filer's Attestation: Pursuant to General Order No. 45, Section X(B), regarding

2    signatures, I attest under penalty of perjury that concurrence in the filing of the document has

3    been obtained from each of the other signatories listed above.

4

5    DATED: December 10, 2010                    MUNGER, TOLLES & OLSON LLP

6

7                                                By:_____ /s/ *Kathleen M. McDowell*_____
                                                         KATHLEEN MCDOWELL
8

9                                                *Attorney for the Wells Fargo Defendants and the*
                                                 *Individual Defendants*
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 12 -