UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

|  |  |
|---|---|
| In Re WELLS FARGO MORTGAGE-BACKED CERTIFICATES LITIGATION | Case No.: 09-CV-01376-LHK<br><br>ORDER ENTERING FINAL JUDGMENT AS TO CERTAIN DISMISSED OFFERINGS PURSUANT TO FED. R. CIV. P. 54(b) |

On October 19, 2010, this Court issued an order dismissing claims relating to certain mortgage-backed securities from this case, with prejudice, on the basis that they were not timely. *See* October 19, 2010 Order (Dkt. No. 299) at 5-11.  Specifically, the Court found that, in the existing circumstances, a complaint alleging claims on behalf of named plaintiffs who were without standing to bring those claims did not toll the statute of limitations for later assertions of those claims. *Id*.  The Ten Dismissed Offerings were the Wells Fargo Mortgage Backed Securities 2007-10, 2007-13, 2007-AR4, 2006-7, 2006-10, 2006-AR16, 2006-AR19, 2006-18, 2006-20 Trusts, and the Wells Fargo Alternative Loan 2007-PA1 Trust.  On November 18, 2010, certain Plaintiffs[1] in this putative class action (hereinafter, the "*In re Wells Fargo*" action) filed an

---

[1] The Vermont Pension Investment Committee, the Public Employees' Retirement System of Mississippi, the Policemen's Annuity & Benefit Fund of the City of Chicago, the Southeastern Pennsylvania Transportation Authority, and the Plumbers & Steamfitters Local 60 Pension Plan.

1
Case No.: 09-CV-01376-LHK
ORDER ENTERING FINAL JUDGMENT AS TO CERTAIN DISMISSED OFFERINGS
PURSUANT TO FED. R. CIV. P. 54(b)

administrative motion for entry of final judgment as to these Ten Dismissed Offerings pursuant to Fed. R. Civ. P. 54(b), so that they may pursue an appeal of this dismissal. *See* 54(b) Motion (Dkt. No. 302).

In addition to claims relating to the Ten Dismissed Offerings, the Order dismissed claims of additional parties relating to a different Offering, the 2006-AR15 Trust. *See* October 19, 2010 Order at 12-14 (denying Motion to Intervene by General Retirement System of the City of Detroit, "General Retirement," and dismissing claims brought in a separate action by First Star Bank). Claims relating to the 2006-AR15 Trust were dismissed for the same reason that the Ten Dismissed Offerings were dismissed, namely, that the statute of limitations on these claims had not been tolled by the assertion of claims ultimately dismissed for lack of standing. Accordingly, the separate action brought by First Star Bank was dismissed with prejudice, and General Retirement's Motion to Intervene to assert claims relating to the 2006-AR15 Trust in the instant case was denied. *See First Star Bank v. Wells Fargo Mortg. Backed Sec. 2006-AR15 Trust* ("First Star"), No. 10-cv-3508 LHK, Dkt. No. 36. Both First Star Bank and General Retirement have appealed these rulings. *See First Star* action Notice of Appeal (Dkt. No. 37); *In re Wells Fargo* action Notice of Appeal (Dkt. No. 304).

Defendants filed an opposition to Plaintiff's 54(b) Motion, objecting that the motion was not appropriate for briefing on an administrative motion schedule. Subsequently, the Court set an abbreviated briefing schedule, and Defendants submitted a further opposition. *See* Suppl. Opp'n. (Dkt. No. 322). The Plaintiffs replied. Dkt. No. 327. Based on the papers submitted, the Court finds that it is appropriate to enter the dismissal of the Ten Dismissed Offerings as a final judgment, pursuant to Fed. R. Civ. P. 54(b).

The October 19, 2010 Order did not dispose of all claims and issues in the *In re Wells Fargo* matter; therefore, the Order is not appealable without a further order from this Court directing "entry of a final judgment" as to the dismissed claims or parties. Fed. R. Civ. P. 54(b). Entry of final judgment is within the "sound judicial discretion" of this Court. *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 10 (1980). In determining whether to enter a final

2

Case No.: 09-CV-01376-LHK
ORDER ENTERING FINAL JUDGMENT AS TO CERTAIN DISMISSED OFFERINGS
PURSUANT TO FED. R. CIV. P. 54(b)

judgment, the Court must first determine if the judgment is final. *Curtiss*-Wright, 446 U.S. 1, 7-8 (1980). Claims relating to the Ten Dismissed Offerings were dismissed with prejudice. Therefore, judgment as to those claims was final.

Next, the Court must consider whether there is any just reason for delay. The Supreme Court has noted that "[n]ot all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims . . . in deciding whether there are no just reasons to delay the appeal of individual final judgments in a setting such as this, a district court must take into account judicial administrative interests as well as the equities involved. Consideration of the former is necessary to assure that application of the Rule effectively preserves the historic federal policy against piecemeal appeals." *Curtiss-Wright*, 446 U.S. at 8 (internal citations and quotations omitted).

Regarding the interests of judicial administration, the Court finds that there is no just reason to delay the appeal. As conceded by Defendants in their Oppositions to this Motion, the issue of whether or not the statute of limitations on Plaintiffs' claims was tolled by the filing of the *In re Wells Fargo* action is the same issue being appealed by First Star Bank and General Retirement in their separate appeals. *See* Opp'n. (Dkt. No. 308) at 4; Suppl. Opp'n (Dkt. No. 322) at 8. As discussed at length in the parties' briefing on the tolling issue and in the Court's October 19, 2010 Order, this legal question has not been decided by the Ninth Circuit and therefore appears ripe for appellate review. Entry of final judgment on the Ten Dismissed Offerings will permit the various appeals on this issue to proceed more or less at the same time, such that they might be consolidated and heard together if the Ninth Circuit chooses. *See* Fed. R. App. P. 3(b)(2). This way, the Plaintiffs as well as General Retirement and First Star Bank will have an opportunity to be heard on an issue dispositive of all their claims.

In addition, no further decisions in the *In re Wells Fargo* matter will alter the Court's dismissal of the Ten Dismissed Offerings, or create additional determinations on this issue potentially implicating additional appeals. *Curtiss-Wright*, 446 U.S. at 8. Contrary to Defendants' argument in their Oppositions, the Court will *not* decide whether or not the Ten Dismissed

3

Case No.: 09-CV-01376-LHK
ORDER ENTERING FINAL JUDGMENT AS TO CERTAIN DISMISSED OFFERINGS
PURSUANT TO FED. R. CIV. P. 54(b)

Offerings were barred by any additional statute of limitations, as these Offerings are no longer at issue in the *In re Wells Fargo* matter. As the Defendants have represented, each Offering is a separate event, with its own unique set of facts and circumstances, and therefore distinct factual issues. Thus, there is no reason to assume that future rulings made by this Court regarding the Offerings still at issue will have implications for the Ten Dismissed Offerings. Although the Plaintiffs may appeal previous decisions relating to both the Ten Dismissed Offerings and other Offerings at the conclusion of the litigation, this is not a good reason to prevent the Plaintiffs from being heard while the Ninth Circuit considers the statute of limitations issue now. Defendants' stated concern about crowding the Ninth Circuit's "overwhelmed" docket seems to ignore the fact that the Ninth Circuit will have to address this question anyway because the First Star and General Retirement appeals are properly before it. If the Court refuses to grant Plaintiffs' motion, it will only serve to prevent Plaintiffs from being heard on this issue.

Regarding the equities between the parties, the Defendants have not shown that it would be inequitable to allow the requested appeal to proceed now. Defendants argue that if Plaintiffs are successful on appeal, "the parties would be required to revisit class certification discovery, expert work, and briefing to account for the Ten Offerings . . . and . . . many of the same witnesses would have to be deposed again." Suppl. Opp'n. at 7. The problem with this argument is that the concerns Defendants highlight only worsen over time. If the Plaintiffs are made to wait until after this case is completely resolved before appealing the dismissal of the Ten Dismissed Offerings, and the dismissal is ultimately reversed, it will likely require an entirely new action, with another class certification motion and potentially a second trial. If Plaintiffs proceed with their appeal now, there is at least a chance that the Ten Dismissed Offerings can be addressed by the trial in this case.

The Court is not persuaded by Defendants' other arguments in opposition to this Motion. Defendants rely on a Ninth Circuit case reversing a 54(b) order giving final judgment status to a dismissal of a wrongful constructive discharge while claims of discrimination and retaliation based on the same factual allegations were not yet determined. *Wood v. GCC Bend LLC*, 422 F.3d 873, 882 (9th Cir. 2005). Unlike *Wood*, the tolling issue presented by the Ten Dismissed offerings is

4

Case No.: 09-CV-01376-LHK
ORDER ENTERING FINAL JUDGMENT AS TO CERTAIN DISMISSED OFFERINGS
PURSUANT TO FED. R. CIV. P. 54(b)

not a "routine case" and does not present the same set of facts that will be implicated by the ongoing claims in the *In re Wells Fargo* case. The stipulated order from the Southern District of New York, also relied upon by Defendants, is simply an agreement between the parties in that case that dismissal of certain claims will not be immediately appealable, and like the *Wood* case, bears little factual resemblance to this case. *In re IndyMac Mortgage-Backed Sec. Litig.*, 09-Civ.-04583 (LAK), Docket No. 262, at 2 (S.D.N.Y. Sept. 8, 2010). Finally, Defendants' reliance on a decision refusing to issue a Rule 54(b) Order regarding a dismissal based on statute of limitations, from another mortgage-backed securities case, is distinguishable. *In re Morgan Stanley Mortg. Pass-Through Certificates Litig.*, 09-Civ-2137(LTS), 2010 WL 3239430 (S.D.N.Y Aug. 17, 2010). It appears that in that case there were no co-pending appeals of the same judgment.

      Defendants also argue that if the Court grants the 54(b) Motion, it should stay the rest of the case pending the outcome of the appeal. *See* Suppl. Opp'n. at 8-10. A stay pending appeal may be granted in the Court's discretion, if it would serve the "interests of efficiency and fairness" to stay the case. *See Doe v. University of Cal.*, No. C-92-2284 SAW, 1993 U.S. Dist. LEXIS 12876 at *5 (N.D. Cal. Sept. 2, 1993).[2] In support of their request for a stay, Defendants cite many cases from outside the Ninth Circuit. Most of these cases simply report that a court ordered a stay in connection with entering final judgment pursuant to Rule 54(b), without providing analysis as to why this decision was reached. *See, e.g., Utah Power Light Co. v. Fed. Ins. Co.*, 983 F.2d 1549, 1551 (10th Cir. 1993) (reporting that district court stayed proceedings pending appeal, without discussing the reasons for this decision). Defendants particularly focus on an Eastern District of Pennsylvania decision where the court stayed a class action pending appeal of the final dismissal of one set of class members' claims. *Stadler v. McCulloch*, 882 F. Supp. 1524, 1527 (E.D. Pa. 1995). In *Stadler*, the court had already ruled on one motion for class certification, and granted the stay in

---

[2] Plaintiffs cite cases discussing the standard for staying an order pending appeal of that order, pursuant to Federal Rule of Appellate Procedure 8(a). *See, e.g.*, *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987) (discussing standards "to stay *an order* pending appeal") (emphasis added). However, these cases do not address the standard for staying an entire action while an order on distinct dismissed claims is appealed pursuant to Rule 54(b).

5
Case No.: 09-CV-01376-LHK
ORDER ENTERING FINAL JUDGMENT AS TO CERTAIN DISMISSED OFFERINGS
PURSUANT TO FED. R. CIV. P. 54(b)

part to avoid deciding multiple additional class certification motions and a new trial on related issues. *Id.*, 882 F. Supp. at 1527-28.

Given the circumstances of this case, the Court finds that a stay would not serve the interests of efficiency and fairness. If the Ninth Circuit reverses the Court's dismissal of the Ten Dismissed Offerings, the Court may amend the case schedule to allow discovery and trial relating to these Offerings. In the case of reversal, forcing the Plaintiffs to wait until final resolution of the remaining claims at issue to appeal will greatly increase the risk that a second action and trial on the Ten Dismissed Offerings will be needed.

Accordingly, the Court hereby GRANTS Plaintiffs' request and enters final judgment under Rule 54(b) as to the dismissal of claims relating to the Ten Dismissed Offerings on the grounds that the statute of limitations as to these claims was not tolled.

**IT IS SO ORDERED.**

Dated: December 27, 2010

_____
LUCY H. KOH
United States District Judge

Case No.: 09-CV-01376-LHK
ORDER ENTERING FINAL JUDGMENT AS TO CERTAIN DISMISSED OFFERINGS
PURSUANT TO FED. R. CIV. P. 54(b)