MARC T.G. DWORSKY (SBN 157413)
Marc.Dworsky@mto.com
KATHLEEN M. McDOWELL (SBN 115976)
Kathleen.McDowell@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, 35th floor
Los Angeles, CA  90071-1560
Telephone:     (213) 683-9100
Facsimile:     (213) 687-3702

DAVID H. FRY (SBN 189276)
David.Fry@mto.com
CAROLYN V. ZABRYCKI (SBN 263541)
Carolyn.Zabrycki@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street,  27th floor
San Francisco, CA 94105-2907
Telephone:     (415) 512-4000
Facsimile:     (415) 512-4077

Attorneys for Defendants
WELLS FARGO DEFENDANTS AND THE
INDIVIDUAL DEFENDANTS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE WELLS FARGO MORTGAGE-BACKED CERTIFICATES LITIGATION | Civil Action No. 09-01376 (LHK) (PSG)<br><br>**CONSOLIDATED CLASS ACTION ECF**<br><br>**DECLARATION OF KATHLEEN M. MCDOWELL IN SUPPORT OF OPPOSITION TO MOTION TO COMPEL**<br><br>Judge:     Hon. Paul S. Grewal<br>Date:      March 15, 2011<br>Time:      10:00 a.m.<br>Ctrm:      5 |

1  I, Kathleen M. McDowell, declare:

2      1.    I am an attorney in the law firm of Munger, Tolles & Olson LLP, counsel of record in the above-captioned action for Defendants Wells Fargo Bank, N.A., Wells Fargo Asset Securities Corp., Franklin Codel, Douglas Johnson, David Moskowitz, and Thomas Neary. I am admitted to practice law in the state of California. I have personal knowledge of the facts stated in this declaration and could testify to them competently if called upon to do so.

    2.    Attached hereto as **Exhibit A** is a true and correct copy of documents, with all borrower personally identifiable information redacted, from a loan file that has been produced by Wells Fargo Bank, N.A. ("Wells Fargo") to Plaintiffs' counsel as part of discovery in this action. These documents were produced in unredacted form to Plaintiffs' counsel pursuant to the terms of an agreed-upon confidentiality stipulation and [proposed] protective order.

    3.    Wells Fargo has agreed to produce or make available for inspection, among other documents, the following categories of documents as may be located after reasonable search: the loan files for the 49,939 loans underlying the 17 securitizations; underwriting guidelines, from January 1, 2002 through June 30, 2007, for the types of loans included in the 17 securitizations; communications with the underwriters and rating agencies for the offerings; drafts and final versions of the offering materials; final loan tapes (in imaged and native format) for each of the 17 securitizations, due diligence files; documents showing the work product and results of CQA reviews of each of the loans sampled from the pools underlying the 17 securitizations (which includes reviews of loans originated by correspondent lenders); documents concerning repurchase requests for the loans comprising the pools underlying the 17 securitizations; documents showing the registered owners of the securities; documents concerning the performance of the loans; records retention schedules; organizational charts for specified departments; group directories for specific areas; insurance policies; and certain job aids and checklists.

    4.    To date, Wells Fargo has produced 3,887,624 pages of documents in this action, including the approximately 7,200 loan files that had previously been scanned as part of Wells Fargo's normal course of business.

- 1 -

DECL. IN SUPPORT OF OPP. TO MOT. TO COMPEL
NO. 09-01376-LHK-PSG

5. Wells Fargo offered to produce the loan files in imaged format for the approximately 42,000 loan files that were not imaged as part of Wells Fargo's normal course of business if Plaintiffs agreed to pay one-half the cost of imaging those documents. Plaintiffs declined that offer. Wells Fargo then offered to make those loan files available for inspection, including offering to begin making them available as early as the week of December 20, 2010. Plaintiffs have not chosen to begin reviewing the documents yet. It is estimated that the loan files for these 42,000 loans total approximately 20 million pages.

6. Among the documents Wells Fargo has produced are many pages of email. Attached hereto as **Exhibit B** are examples of emails (redacted to delete any reference to personally identifiable information of borrowers) drawn from loan files that Wells Fargo has already produced in the action. Wells Fargo has also produced emails that were located in deal files or due diligence files from the Structured Finance group. Attached hereto as **Exhibit C** are examples of such emails (redacted to delete any reference to personally identifiable information of borrowers) that Wells Fargo has already produced in the action. Wells Fargo has agreed to produce additional responsive, non-privileged emails from certain custodians within the Structured Finance group to the extent they can be located after a reasonable search.

7. As of February 18, Plaintiffs had collectively produced 19,503 pages of documents. Of those, 302 pages have been produced by the Louisiana Sheriff's Pension and Relief Fund. Based on our review to date, it appears that none of the Plaintiffs has produced even one email.

8. Plaintiffs have served document requests on the Underwriters and subpoenas on the Rating Agencies for the offerings at issue in this case seeking, inter alia, all communications with Wells Fargo regarding the offerings, including specifically, all "communications between any of the Rating Agencies and any of the Defendants concerning whether the underwriting guidelines for the Mortgage Loans were, in fact, being met."

9. Plaintiffs make a number of assertions in their motion that are not correct. First, Plaintiffs claim that Wells Fargo "did not produce any documents" when it responded to Plaintiffs' document requests on December 7. Mot. at 4. In fact, Wells Fargo produced 5884

- 2 -

pages of documents on December 7, followed by an additional 25,000 pages the next week, and a rolling production (now amassing over 3.6 million pages) every week thereafter.  Second, Plaintiffs claim that Wells Fargo "refused to produce … underwriting guidelines (including documents related to any deviations from those guidelines)."  Mot. at 4.  Not only has Wells Fargo produced guidelines from each of the three origination channels, but it has produced hard copy files from the CQA group reflecting its work analyzing hundreds of loans selected for review for compliance with credit risk underwriting guidelines.  Third, Plaintiffs claim that Wells Fargo has failed to produce so-called "critical documents" (Mot. at 4) yet they admit that Wells Fargo has produced or made available the very documents — over three million pages' worth — that they need to prove their case:  loan files and underwriting guidelines.  Wells Fargo has also produced the loan tapes for each of the 17 trusts (listing all of the loan characteristics and features of the loans) in native format, which allows Plaintiffs to search, sort, consolidate, and analyze this extensive data.

      I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on February 22, 2011 at Los Angeles, California.

                                              */s/ Kathleen M. McDowell*
                                              Kathleen M. McDowell

- 3 -

DECL. IN SUPPORT OF OPP. TO MOT. TO COMPEL
NO. 09-01376-LHK-PSG

<u>Filer's Attestation</u>

I, David H. Fry, am the ECF user whose identification and password are being used to file this **DECLARATION OF KATHLEEN M. McDOWELL IN SUPPORT OF OPPOSITION TO MOTION TO COMPEL**. In compliance with General Order 45.X.B, I hereby attest that Kathleen M. McDowell concurs in this filing.

DATED:  February 22, 2011

*/s/ David H. Fry*
DAVID H. FRY

- 4 -

DECL. IN SUPPORT OF OPP. TO MOT. TO COMPEL
NO. 09-01376-LHK-PSG