# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x
:
IN RE INDYMAC MORTGAGE-BACKED : Master Docket No.
SECURITIES LITIGATION : 09 Civ. 04583 (LAK)
:
------------------------------------ :
:
THIS DOCUMENT RELATES TO: :
ALL ACTIONS :
:
------------------------------------x

# LEAD PLAINTIFFS' MOTION FOR PROTECTIVE ORDER AND TO QUASH SUBPOENAS ISSUED TO ABSENT CLASS MEMBERS

Lead Plaintiffs, Wyoming State Treasurer and Wyoming Retirement System, hereby move this Court, pursuant to Federal Rule of Civil Procedure ("Rule") 26,[1] for a protective order quashing nine subpoenas served by individual defendants Lynette Antosh and Raphael Bostic and John Olinski, Samir Grover, Simon Heyrick and Victor Woodworth (collectively, "Defendants") on absent class members. The targets of the subpoenas are neither plaintiffs nor parties seeking to intervene. They are simply absent class members, entitled to remain passive in this litigation under Rule 23. Defendants cannot, however, carry their burden of establishing a "strong showing" of *necessity* for this highly disfavored discovery tactic, the absence of burden on the absent class members subpoenaed, or a proper purpose for the subpoenas.

This case is brought as a class action on behalf of purchasers of certain IndyMac mortgage-backed securities (the "Certificates") under Sections 11, 12 and 15 of the Securities Act of 1933. On December 10, 2010, plaintiffs moved for class certification. Between December 30, 2010 and January 7, 2011, Defendants served nine identical Rule 45 subpoenas on absent class members. *See* Exhibits A-I, attached hereto.

Each subpoena seeks documents responsive to twenty-one requests covering a five year period. The subpoenas seek, among other things: organization charts and directories; details of transactions in and valuation of the Certificates; investment strategies, policies and procedures; contracts with outside advisors; market monitoring and hedging strategies; and documents relating to the mortgage lending and mortgage-backed securities ("MBS") industries in general.

The parties have corresponded and met and conferred twice regarding the subpoenas. Plaintiffs requested withdrawal of the subpoenas. Defendants refused.

---

[1] Fed. R. Civ. P. 26(c) provides, in part: "A party . . . may move for a protective order in the court where the action is pending. . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding the disclosure or discovery."

1

## ARGUMENT

Discovery of absent class members is highly disfavored and rare. *Teachers' Ret. Sys. of Louisiana v. ACLN, Ltd.*, 2004 WL 2997957, at *10 (S.D.N.Y. Dec. 27, 2004) ("courts are extremely reluctant to permit discovery of absent class members"). Attempts to obtain such discovery are generally denied, as subjecting absent class members to discovery "runs contrary to the general intention of Rule 23 to allow unnamed class members to remain passive." *In re Publication Paper Antitrust Litig.*, 2005 WL 1629633, at *1 (D. Conn. July 5, 2005). This standard applies to Defendants' pre-class certification subpoenas to absent class members. *See id.* at *2 (quashing Rule 45 subpoenas served prior to class certification); *In re FedEx Ground Package Sys., Inc. Employment Practices Litig.*, 2007 WL 733753, at *7 (N.D. Ind. Mar. 5, 2007) (quashing pre-class certification subpoenas, noting such discovery may "take undue advantage of" absent class members or try to "reduce the size of the class," and concluding these concerns "apply during pre-certification").[2] *See also* Ann. Manual for Complex Lit. (4th) §21.1 (Precertification Case Management) ("Discovery from absent class members is not warranted as a matter of course."); Manual for Complex Lit. (4th) §21.14 (Precertification Discovery) ("Discovery relevant to certification should generally be directed to the named parties.").[3]

Discovery of absent class members may proceed only if Defendants: "(1) make a strong showing of the need for the particular discovery and (2) narrowly tailor [the] requests to [the]

---

[2] Defendants are not entitled to a more permissive standard because they styled their discovery requests as third party subpoenas under Rule 45. *See Publication*, 2005 WL 1629633 at *2 (no distinction between Rule 23(d) and Rule 45 authority "on parties seeking third-party discovery from absent class members . . . [as] [a]ny other holding would allow Rule 45 to be used as an end-run around Rule 23"); *In re Worlds of Wonder Sec. Litig.*, 1992 WL 330411, at *3, *6 (N.D. Cal. July 9, 1992) (rejecting defendants' position that third-party discovery of absent class members was permissible and distinct from party discovery of absent class members).

[3] The subpoenas should also be quashed because Defendants failed to seek leave of court before taking discovery of absent class members, as is required. *See* Ann. Manual for Complex Lit. (4th) §21.1 ("A defendant must receive leave of court to conduct discovery of absent class members.").

particular need, so as not to burden the absent members." *Publication*, 2005 WL 1629633 at *1. *See also Town of New Castle v. Yonkers Contracting Co.*, 1991 WL 159848, at *1 (S.D.N.Y. Aug. 13, 1991) (requiring "strong showing" of need) (citing *Enterprise Wall Paper Mfg. Co. v. Bodman*, 85 F.R.D. 325, 327 (S.D.N.Y. 1980)). Defendants cannot meet these requirements.

First, Defendants take the position that the information sought from absent class members may enable Defendants to challenge the predominance of common questions over individual questions of knowledge, reliance and valuation at class certification. Relying on Judge Baer's opinion in *New Jersey Carpenters Health Fund v. Residential Capital, LLC*, 2011 WL 147735, at *9-11 (S.D.N.Y. Jan. 19, 2011), Defendants claim to be entitled to survey hand-picked absent class members about a broad range of issues including, among other things, their knowledge of loosening underwriting standards in the mortgage lending industry and general issues about MBS.[4] This does not, however, make the required showing that such discovery is *necessary*.[5]

Defendants' reliance on *Residential Capital* is misplaced. The key issue used to defeat predominance there, that "certain purchasers" knew of *general* "exceptions to underwriting guidelines" by mortgage lenders or otherwise had general "expertise" in MBS, *id.* at *8-9, is irrelevant here. Lead Plaintiffs' claims concern a narrower issue: that IndyMac was not following the *specific loan screening criteria described in the offering materials*. What purchasers or the market may have known about mortgage underwriting or MBS in general has no bearing on the claims here, and at best involves a class-wide issue tied to the materiality of

---

[4] Significantly, *Judge Baer's opinion* neither relies on discovery obtained from absent class members nor addresses whether such discovery may be used for Rule 23(b)(3) issues.

[5] Defendants have also justified their subpoenas to absent class members by citing *In re Aftermarket Filters*, 2010 WL 3909502, at *1-2 (N.D. Ill. Oct. 1, 2010). That case is, however, inapposite given that: (1) the relevance and necessity of the information sought by defendants was demonstrated by *plaintiffs'* prior subpoenas to the same parties; (2) plaintiff's subpoenas to the same targets undermined the argument that defendants' subpoenas were burdensome; and (3) the subpoena recipients "would not be members of the . . . class even if one is certified." *Id.*

3

the registration statement's untrue statements and omissions. *See*, *e.g.*, *Demaria v. Andersen*, 318 F.3d 170, 175 (2d Cir. 2003) (noting Section 11 claims require that purchasers did not know of the registration statement's false statements and omissions at the time of the purchase); *Worlds of Wonder*, 1992 WL 330411 at *6 (quashing subpoenas regarding absent class members' investment strategies to show market knowledge of risks because such information "is available elsewhere, from others than [sic] the absent class members"). Second, individual issues of knowledge potentially relevant to predominance would only arise here if purchasers knew specific facts indicating that statements in the offering documents were untrue at the time they purchased Certificates. There is no evidence to suggest this may be the case.[6]

Finally, the subpoenas here are not narrowly tailored and impose an undue burden on the absent class members targeted. Defendants' scattershot requests seek five years worth of documents on subjects much broader than the purposes Defendants purport to advance. Responding to the requests would involve an undue commitment of time and expense, including the involvement of counsel for the absent class members, who are otherwise exercising their right to not participate in this litigation, and for Lead Plaintiffs.

For the foregoing reasons, Lead Plaintiffs respectfully request that the Court issue a protective order quashing the nine outstanding subpoenas and ordering no further discovery of absent class members without prior Court approval.

---

[6] Similarly, Defendants cannot make the required showing that discovery of absent class members regarding valuation is necessary. Such information is most likely available from sources other than the absent class members. *See Worlds of Wonder*, 1992 WL 330411 at *6. With respect to Defendants' request for discovery on reliance, Defendants have not articulated why such discovery is necessary when reliance is not a required element of Lead Plaintiffs' claims involving Certificates acquired in the Offering and thus not necessary for class certification. *See In re Morgan Stanley Info. Fund Sec. Litig.*, 592 F.3d 347, 359 (2d Cir. 2010) (Section 11 and 12 claims do not require scienter, reliance, or loss causation).

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: January 26, 2011 | **BERMAN DEVALERIO** |
|  | /s/  Nicole Lavallee |
|  | Joseph J. Tabacco, Jr. (JT-1994) |
|  | Nicole Lavallee |
|  | One California Street, Suite 900 |
|  | San Francisco, CA 94111 |
|  | Telephone: (415) 433-3200 |
|  | Facsimile: (415) 433-6382 |
|  | Email:  jtabacco@bermandevalerio.com |
|  | nlavallee@bermandevalerio.com |
|  | -and- |
|  | Patrick T. Egan (PE-6812) |
|  | One Liberty Square |
|  | Boston , MA 02109 |
|  | Telephone:  (617) 542-8300 |
|  | Facsimile:  (617) 542-1194 |
|  | Email: pegan@bermandevalerio.com |
|  | *Lead Counsel for the Class and Lead Plaintiffs Wyoming State Treasurer and the Wyoming Retirement System* |

Case 5:09-cv-04583-LHK Document 272 Filed 03/26/11 Page 7 of 7