# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                  :

In re INDYMAC MORTGAGE-BACKED       :     Master Docket No.
SECURITIES LITIGATION                     :     09-Civ.-04583 (LAK)
                                  :
                                  :     ECF Case

This Document Relates To: All Actions     :
                                  :
                                  :
------------------------------------------------------------x

## DEFENDANTS LYNNETTE ANTOSH AND RAPHAEL BOSTIC'S
## NOTICE OF SUBPOENA TO NUVEEN ASSET MANAGEMENT, INC.

     **PLEASE TAKE NOTICE** that, pursuant to Rule 45 of the Federal Rules of Civil

Procedure, defendants Lynnette Antosh and Raphael Bostic will cause a subpoena to be

served upon the Keeper of Records of Nuveen Asset Management, Inc., c/o C T

Corporation System, commanding only the production of the documents and things set

forth in Schedule A attached hereto within its possession, custody or control on January

24, 2011, at 10:00 a.m., at the offices of Lakeside Investigations, PC, 6351 W. Montrose

Ave. #154, Chicago, Illinois 60634.

Dated: December 28, 2010

                              EISEMAN LEVINE LEHRHAUPT
                              & KAKOYIANNIS, P.C.
                                Eric R. Levine
                                Eric Aschkenasy
                            805 Third Avenue
                            New York, New York 10022
                            Tel: (212) 752-1000
                            Fax: (212) 355-4608

By:   _Eric Aschkenasy_          
             Eric Aschkenasy
             (easchkenasy@eisemanlevine.com)
             *Attorneys for Defendants*
             *Lynnette Antosh and Raphael Bostic*

## CERTIFICATE OF SERVICE

I, Eric Aschkenasy, hereby certify that I caused a true and correct copy of this

document to be served by mail and e-mail upon the attorney of record for each other

party, as listed below, on December 28, 2010.

Eric Aschkenasy

**SERVICE LIST:**

Patrick T. Egan
Nicole Lavallee
**BERMAN DEVALERIO**
One Liberty Square
Boston, MA 02109
Tel: (617) 542-8300
Fax: (617) 542-1194
pegan@bermandevalerio.com
nlavallee@bermandevalerio.com

Robert F. Serio
Aric H. Wu
Eric M. Creizman
**GIBSON DUNN & CRUTCHER LLP**
200 Park Avenue
New York, NY 10166
Tel: (212) 351-4000
Fax: (212) 351-4035
rserio@gibsondunn.com
awu@gibsondunn.com
ecreizman@gibsondunn.com

William R. Stein
Scott H. Christensen
**HUGHES HUBBARD & REED LLP**
1775 I Street, N.W., Suite 600
Washington, D.C. 20006-2401
Tel: (202) 721-4600
Fax: (202) 721-4646
stein@hugheshubbard.com
christen@hugheshubbard.com

Robert L. Corbin
Michael W. Fitzgerald
Joel M. Athey
**CORBIN FITZGERALD & ATHEY LLP**
610 West Fifth Street, Suite 1150
Los Angeles, CA 90071
Tel: (213) 612-0001
Fax: (213) 612-0061
rlcorb@corbfitz1aw.com
mwfitz@corbfitzlaw.com
iathey@corbfitzlaw.com

Robert H. Fairbank
Richard D. Gluck
Michael B. Norman
**FAIRBANK & VINCENT**
444 South Flower Street, Suite 3860
Los Angeles, CA 90071
Tel: (213) 891-9010
Fax: (213) 891-9011
rfairbank@fairbankvincent.com
rgluck@fairbankvincent.com
mnorman@fairbankvincent.com

John W. Spiegel
Kathleen M. McDowell
James C. Rutten
**MUNGER, TOLLES & OLSON LLP**
355 South Grand Avenue, 35th Floor
Los Angeles, CA 90071
Tel: (213) 683-9100
Fax: (213) 687-3702
john.spiegel@mto.com
kathleen.mcdowell@mto.com
james.rutten@mto.com

A

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Northern District of Illinois

| | | |
|---|---|---|
| In re Indymac Mortgage-Backed Securities Litigation | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   09 Civ. 04583 (LAK) |
| | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | Southern District of New York            ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Nuveen Asset Management, Inc., c/o C T Corporation System, 208 So. Lasalle Street, Suite 814, Chicago, Illinois
    60604-1101

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following
documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the
material:     See Exhibit "A" attached hereto.

| Place: Lakeside Investigations, PC | Date and Time: |
|---|---|
| 6351 W. Montrose Ave. #154 Chicago, Illinois 60634 | 01/24/2011 10:00 am |

   ☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or
other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party
may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

   The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule
45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are
attached.

Date:  12/28/2010

|   CLERK OF COURT | OR | |
|---|---|---|
| _____ | | *Eric Aschkenasy* |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*          defendants
Raphael Bostic and Lynnette Antosh                                    , who issues or requests this subpoena, are:
Eric Aschkenasy, Eiseman Levine Lehrhaupt & Kakoyiannis, P.C., 805 Third Avenue, New York, New York 10022
E-mail Address: easchkenasy@eisemanlevine.com
Telephone #: 212-752-1000

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   09 Civ. 04583 (LAK)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows:

_____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date:  _____        _____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*

 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

 **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

 **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

 **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

 **(i)** fails to allow a reasonable time to comply;

 **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

 **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

 **(iv)** subjects a person to undue burden.

 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

 **(i)** disclosing a trade secret or other confidential research, development, or commercial information;

 **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

 **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

 **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

 **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*

 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

 **(i)** expressly make the claim; and

 **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# EXHIBIT A

## SCHEDULE A TO SUBPOENA TO NUVEEN ASSET MANAGEMENT, INC.

INSTRUCTIONS AND DEFINITIONS

1.      "The term "CERTIFICATE" OR "CERTIFICATES" means, collectively and disjunctively, mortgage pass-through certificates offered or sold as part of the following offerings:

- IndyMac INDA Mortgage Loan Trust Series 2006-AR2;

- IndyMac INDA Mortgage Loan Trust Series 2007-AR7;

- IndyMac INDX Mortgage Loan Trust Series 2006-AR3;

- IndyMac INDX Mortgage Loan Trust Series 2006-AR7;

- IndyMac INDX Mortgage Loan Trust Series 2006-AR11;

- IndyMac INDX Mortgage Loan Trust Series 2006-AR14;

- IndyMac INDX Mortgage Loan Trust Series 2006-AR15;

- IndyMac INDX Mortgage Loan Trust Series 2006-AR29;

- IndyMac INDX Mortgage Loan Trust Series 2006-AR35;

- IndyMac INDX Mortgage Loan Trust Series 2006-FLX1;

- IndyMac Residential Mortgage Backed Trust Series 2006-L2;

- Residential Asset Securitization Trust Series 2006-A2; and

- IndyMac MBS Home Equity Mortgage Loan Asset Backed Trust, Series INABS 2006-D.

2.      "DOCUMENT" or "DOCUMENTS" has the same meaning as in Federal Rule of Civil Procedure 34 and Federal Rule of Evidence 1001 and includes, in the broadest sense possible, all writings and other tangible things upon which any form of communication is recorded or reproduced, and preliminary drafts and non-identical copies of the above (whether such copies differ from the original by reason of notation made on such copies or otherwise). Without limiting the generality of the foregoing, "DOCUMENT" or "DOCUMENTS" includes, but is not limited to, correspondence, memoranda, notes, records, letters, envelopes, messages, studies, analyses, contracts, agreements, accounts, analytical records, reports and/or summaries

12602537.1

of investigations, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes of minutes of meetings or of other communications of any type (including inter- and intra-office communications), questionnaires, surveys, charts, graphs, photographs, films, tapes, disks, data, e-mail and attachments, and all other data compilations from which information can be obtained, including, but not limited to, electromagnetically sensitive or optical storage media, and any preliminary versions, drafts or revisions of any of the foregoing. "DOCUMENT" or "DOCUMENTS" also includes each and every file folder or other material in which the above items are stored, filed, or maintained and the hierarchal folder structure in which the data is contained.

3.      "YOU" and "YOUR" means Nuveen Asset Management, Inc. and its present and former directors, officers, employees, affiliates, predecessors, successors, divisions, departments, bureaus, branch offices, agents, representatives, and all other persons or entities acting or purporting to act on its behalf.

4.       "INDYMAC ENTITY" means IndyMac Bancorp, Inc.; IndyMac Bank, F.S.B.; IndyMac MBS, Inc.; IndyMac Securities Corporation; any of the trusts that issued any of the CERTIFICATES; and any direct or indirect parent, subsidiary, other affiliate, successor, or predecessor of any of the foregoing.

5.      With respect to electronically stored information, such DOCUMENTS shall be produced on external hard disks, compact disks, or DVDs in the following format:

(a)      All responsive DOCUMENTS should be produced as TIFF (Tagged Image File) images, in monochrome single-page format at 300 dpi resolution with Group IV compression, named by the unique document identification number each image represents, and complete with full text extracts and all associated metadata. In addition to any other reasonable formatting, images should contain "speaker's notes" for MS PowerPoint

files, hidden pages/columns/rows/text with any substantive content for MS

Excel files, and "tracked changes" for any MS Word DOCUMENTS.

(b)    All responsive DOCUMENTS shall be produced with the metadata

normally contained within such DOCUMENTS, and the necessary

Concordance load files.  If such metadata is not available, each

DOCUMENT shall be accompanied by a listing of all file properties

concerning such DOCUMENT, including, but not limited to, all

information concerning the date(s) the DOCUMENT was last accessed,

created, modified or distributed, and the author(s) and recipient(s) of the

DOCUMENT.

(c)    Data deliveries should be on as few compact discs, DVDs or external hard

disks as appropriate and reasonable for the volume of material produced.

(d)    To the extent specific DOCUMENTS require redaction, Optical Character

Recognition ("OCR") may be provided as "text" for such DOCUMENTS.

(e)    To the extent necessary in order to produce DOCUMENTS in a

reasonably usable format, you shall also produce native files in connection

with the production specifications referenced above.  This format of

production shall be used for files such as spreadsheets, databases and

multimedia files where the TIFF images do not adequately communicate

the substantive content or context of the file.  In the case of any databases

and/or files created in proprietary applications, it should be provided in a

format where it can be accessed by software applications generally

available to the public.  When productions are made natively, you should

name the file consistent with the first unique identification number

represented by the DOCUMENT in the production, followed by any

applicable confidentiality legend (or abbreviation if the legend makes the

file name too long).  For example, MTO0000001_CONFIDENTIAL.xls.

(f) Notwithstanding the foregoing, if any electronically stored information is produced in a form that is not reasonably useable by the undersigned, the undersigned reserves the right to request specific and individual records to be delivered in a different form, including, but not limited to, native form.

6. If any responsive DOCUMENT is withheld, in whole or in part, pursuant to any claim of privilege, at the time of production you shall provide a list identifying each such DOCUMENT together with the information required to be identified by Federal Rules of Civil Procedure 26(b)(5) and 45(d)(2).

7. For each DOCUMENT responsive to this Subpoena withheld in part for any reason, including the assertion of privilege, a work product claim, or other objection, indicate the portion of the document so withheld by stamping the words "MATERIAL REDACTED" at an appropriate location on the DOCUMENT that does not obscure the remaining text. Any portion of an otherwise responsive DOCUMENT that is deleted or redacted must be included in the list of privileged documents as set forth in the preceding paragraph.

8. The documents sought by this subpoena are only those that were generated or transmitted during, or that relate to, the period February 1, 2006 through the present.

DOCUMENTS TO BE PRODUCED

1. Organizational charts, group directories, or other DOCUMENTS sufficient to identify YOUR departments, business units, officers, and employees involved in researching, evaluating, conducting due diligence on, communicating with underwriters or others about, contracting or agreeing to purchase or otherwise acquire, purchasing or otherwise acquiring, monitoring the performance of, valuing, marking, shopping for indicative or other bids on, contracting or agreeing to sell or otherwise dispose of, selling or otherwise disposing of, or making any investment decision of any kind whatsoever concerning the CERTIFICATES.

2. DOCUMENTS sufficient to identify all funds or portfolios that purchased or otherwise acquired any of the CERTIFICATES.

3.     All investment policies, guidelines, goals, objectives, and risk tolerances relating to investments in the CERTIFICATES, or relating to any fund or portfolio holding the CERTIFICATES.

4.     All DOCUMENTS constituting or relating to any investment models or criteria for transactions in, or decisions to hold, the CERTIFICATES.

5.     All DOCUMENTS relating to any transactions in the CERTIFICATES, including all contracts or other agreements to purchase, otherwise acquire, sell, or otherwise dispose of any of the securities, and all DOCUMENTS showing (1) the dates of all such contracts and agreements, (2) the securities that were the subject of the transactions, (3) the dates of the transactions, (4) the prices of the transactions, (5) the parties to the transactions, (6) the volume of the transactions, and (7) the reasons for entering into the transactions.

6.     All DOCUMENTS relating to any hedging position related, in whole or in part, to the CERTIFICATES, including (1) any hedging of any fund or portfolio that contained the CERTIFICATES; (2) any hedging of the CERTIFICATES specifically, either alone or in combination with other investments; and (3) any use of the CERTIFICATES to hedge any other investment or group of investments.

7.     All DOCUMENTS relating to any credit default swaps, credit insurance, or other credit or loss protection with respect to the CERTIFICATES.

8.     All DOCUMENTS relating to YOUR monitoring or analysis of the mortgage lending industry, the real estate industry, mortgage origination standards or practices at any INDYMAC ENTITY or any entity that originated loans that were included in the loan pools underlying the CERTIFICATES, the market for mortgage-backed securities, the CERTIFICATES, or default probabilities or loss severities for the pools underlying the CERTIFICATES.

9.     All DOCUMENTS concerning YOUR policies, practices, and procedures for obtaining and monitoring information about mortgage-backed securities, including (1) any internal practices or procedures for monitoring press releases or news articles concerning such

12602537 1

securities, (2) any internal practices or procedures for monitoring Securities and Exchange Commission filings relating to such securities, (3) DOCUMENTS concerning any contracts or other agreements between YOU and any other person or entity to monitor press releases, news articles, or Securities and Exchange Commission filings concerning such securities, (4) any contracts, subscriptions, or other agreements between YOU and any person or entity providing electronic research or other information monitoring services (including companies or services that send "e-mail alerts" or other electronic notifications when a news article or Securities and Exchange Commission filing about a particular security is filed or made public), and (5) DOCUMENTS sufficient to identify YOUR officers and employees with any responsibility for any of the foregoing.

10.     All DOCUMENTS relating to YOUR reasons for investing in, holding, or disposing of the CERTIFICATES.

11.     All DOCUMENTS reviewed, considered, or relied upon in connection with transactions in, or decisions to hold, the CERTIFICATES.

12.     All prospectus, offering circulars, private placement memoranda, or similar documents for any Funds or Portfolios that held the CERTIFICATES.

13.     All DOCUMENTS relating to research into, evaluation of, or due diligence concerning, the CERTIFICATES, including all DOCUMENTS relating to any models used in connection therewith.

14.     All DOCUMENTS constituting or relating to YOUR analysis of default probabilities or loss severities for the pools underlying the CERTIFICATES.

15.     All DOCUMENTS constituting or relating to any analysis of underwriting practices for the pools underlying the CERTIFICATES.

16.     All DOCUMENTS related to the performance of the CERTIFICATES.

17.     All DOCUMENTS related to any pass-through payments received, or which were due but not received, on the CERTIFICATES.

12602537.1

18.     All DOCUMENTS relating to the prices or value of the CERTIFICATES at any time, and the reasons for any changes in such prices or value.

19.     All DOCUMENTS relating to any indicative or other bids on the CERTIFICATES, or efforts to obtain the same.

20.     All DOCUMENTS relating to valuations of the CERTIFICATES for any purpose, including all DOCUMENTS relating to the bases of such valuations (*e.g.*, actual trades, indicative bids) and models or criteria used in connection with such valuations.

21.     All DOCUMENTS relating to marking of the CERTIFICATES to market, including all DOCUMENTS relating to the bases of such marks (*e.g.*, actual trades, indicative bids) and models or criteria used in connection with such marks.