# EXHIBIT D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
                                                                :
In re INDYMAC MORTGAGE-BACKED                                   :   Master Docket No.
SECURITIES LITIGATION                                           :   09-Civ.-04583 (LAK)
                                                                :
                                                                :   ECF Case
This Document Relates To:  All Actions                          :
                                                                :
                                                                :
---------------------------------------------------------------x


# THE INDIVIDUAL DEFENDANTS' OPPOSITION TO LEAD PLAINTIFFS' MOTION FOR PROTECTIVE ORDER AND TO QUASH

The Individual Defendants respectfully submit this opposition to Lead Plaintiffs' motion for protective order and to quash subpoenas.

## BACKGROUND

*Lead Plaintiffs' Motion for Class Certification.* On December 10, 2010, Lead Plaintiffs' filed a motion to certify a class consisting of "[a]ll persons or entities who purchased or otherwise acquired beneficial interests in Certificates offered to the public in 10 Offerings." Dkt. 279 at 1. There were 135 different securities issued in the 10 offerings, and Lead Plaintiffs contend that there are "at least 714" putative class members. *Id.* at 15.

*The Individual Defendants' Subpoenas.* Beginning in December 2010, the Individual Defendants served subpoenas on nine investment companies that Lead Plaintiffs claim are part of the putative class: Blackrock, Fortress Investment Group, Marathon Asset Management, Metropolitan West Asset Management, Montgomery Street Income Securities, Nuveen Asset Management, Och Ziff, Third Avenue Asset Management and Trust Company of the West. *See* Dkt. 282, Exs. A-I.

*Lead Plaintiffs' Motion to Quash.* None of these investment companies has moved to quash. Instead, on January 26, 2011 -- nearly a month after the Individual Defendants began serving the subpoenas -- Lead Plaintiffs filed a motion to quash. As a result, document productions from all nine investment companies are now on hold, despite the fact that Defendants' opposition to Lead Plaintiffs' class certification motion is due on February 28, 2011. For this reason, the Individual Defendants request an expedited resolution of this motion.

## ARGUMENT

The very cases on which Lead Plaintiffs purport to rely confirm that discovery from absent class members is appropriate "when necessary or helpful to the proper presentation and correct adjudication of the principal suit." *Town of New Castle v. Yonkers Contracting*, 1991 WL 159848 (S.D.N.Y. 1991) ("we deny plaintiff's motion to quash the subponae of absent class members").

*See also In re FedEx Litig.*, 2007 733753, at *2, *8-9 (N.D. Ind. 2007) (compelling deposition of an absent class member because "[w]hether Plaintiffs should be permitted to proceed as a class is relevant to the subject matter of litigation, and as a result, it is a proper subject of discovery").

Thus, courts have repeatedly rejected attempts by proposed class representatives to prevent discovery from putative class members that bears on the issue of whether a class should be certified. *See In re Aftermarket Filters*, 2010 WL 3909502, at *1-3 (N.D. Ill. Oct. 1, 2010) (rejecting plaintiffs' argument that defendants were "required to obtain prior approval before taking discovery of absent class members" and denying motion to quash subpoenas to putative class members who "have evidence relevant to the issue of certification"); *Laborers Local 17 v. Philip Morris*, 1998 WL 241279, at *3 (S.D.N.Y. 1998) (approving discovery by defendants "directed to ten non-plaintiff members for the purpose of preparing to respond to the certification motion"); *see also Kreuger v. N. Y. Tel. Co.*, 163 F.R.D. 446, 452 (S.D.N.Y. 1995) ("the Court finds it appropriate for defendants to take the depositions of the 14 [absent class members]").[1]

Here, the relevance of the discovery sought by the subpoenas to the class certification question could not be clearer. Indeed, Judge Baer held just this month in a similar MBS case that the information sought by the subpoenas is precisely the type of information that demonstrates why a class cannot be certified. That is why Plaintiffs want to quash the subpoenas.

In *N.J. Carpenters v. Residential Capital, LLC*, 2011 WL 147735 (S.D.N.Y. Jan. 18, 2011) ("*RALI/Harborview*") (Exhibit A hereto), Judge Baer explained that many purchasers of MBS are "sophisticated investors with significant experience in asset-backed securities markets" and which purchased certificates "at different times, and thus had the benefit of different levels of information about the lending practices relevant to investment in mortgage backed securities." *Id.* at *9-10.

---

[1] *See also* 7B Wright & Miller, Federal Practice and Procedure § 1796.1 (3d Ed. 2010) ("The first, and probably most basic, issue that has arisen is whether a party opposing a class can seek discovery of the absent class members as 'parties.' Although at least two district courts initially answered that question in the negative, most have recognized that discovery is proper.").

2

Because "investors' knowledge levels will vary depending on their level of sophistication and the timing of their purchase" and "[s]uch variance invites unique defenses . . . that require a great deal of individualized evidence," Judge Baer concluded that "individual issues predominate" and denied class certification. *Id.* at \*6-10. This is the same ground on which the Second Circuit denied class certification in *In re IPO Sec. Litig.*, 471 F.3d 24 (2d Cir. 2006): "Plaintiffs must show lack of knowledge to recover on their section 11 claims . . . [T]he predominance requirement is defeated because common questions of knowledge do not predominate over individual questions." *Id.* at 44.

In discussing examples of investors whose knowledge levels "invite unique defenses" and "require a great deal of individualized evidence," Judge Baer identified a number of sophisticated investment companies that "tout their expertise in mortgage backed securities," including two of the very investment companies from which Lead Plaintiffs seek to prevent discovery here – Blackrock and Fortress Investment Group. *RALI/Harborview*, 2011 WL 147735 at \*9. Judge Baer also identified sophisticated entities that were "extensively involved in the structuring" of the MBS offerings and participated in "the review and selection of the loans that backed the certificates," including one of the proposed class members identified by Lead Plaintiffs here – Fannie Mae. *Id.*

The decision in *RALI/Harborview* underscores that the Individual Defendants' targeted discovery concerns issues that are directly relevant to class certification. Lead Plaintiffs erroneously assert that the plaintiffs' claims in *RALI/Harborview* only concerned "general" exceptions to underwriting guidelines, whereas Lead Plaintiffs' claims in *IndyMac* concern "the specific loan screening criteria described in the offering materials." Not so. The allegations in *RALI/Harborview* and *IndyMac* are virtually identical:

| *RALI* | *Harborview* | *IndyMac* |
|---|---|---|
| "Plaintiffs allege that, contrary to the descriptions of the underwriting practices in the Offering Documents, the | "According to Plaintiffs, . . . each of the mortgage originators 'systematically disregarded the stated | "Plaintiffs allege that these statements [in the Offering Documents about loan underwriting guidelines] were |

3

| | | |
|---|---|---|
| mortgage originator for the RALI Securities 'systematically disregarded' the underwriting guidelines." *N.J. Carpenters v. Residential Capital*, 2010 WL 1257528, at *5 (S.D.N.Y. 2010). | underwriting guidelines set forth in the Offering Documents.'" *N.J. Carpenters v. Royal Bank of Scotland Group*, 720 F. Supp. 2d 254, 268 (S.D.N.Y. 2010). | false and misleading because IndyMac Bank had abandoned its underwriting standards completely." *In re IndyMac MBS Litig.*, 718 F. Supp. 2d 495, 509 (S.D.N.Y. 2010). |

As a fallback, Lead Plaintiffs proclaim (ironically) that there is "no evidence" in this case that purchasers "knew specific facts indicating that statements in the offering documents were untrue." Undoubtedly, Lead Plaintiffs would like that to be so, and it is the very issue the subpoenas are designed to explore. Moreover, Lead Plaintiffs ignore that their proposed class of "at least 714" members includes those who purchased certificates *after* the publication of the CRL Report in June 2008 that this Court held "put plaintiffs on inquiry notice" of their claims. *IndyMac*, 718 F. Supp. at 506. The investment companies that the Individual Defendants have subpoenaed are believed to be among these late purchasers.

Lead Plaintiffs are ultimately reduced to an argument for which they have "no evidence": that the subpoenas "impose an undue burden on the absent class members targeted." This speculation would be more apt in a case involving "mom-and-pop" investors than a case involving some of the most sophisticated financial institutions in the world – "entities [that] have the ability as well as the legal authority under Rule 45 to object to any undue burden imposed by the subpoenas." *Aftermarket*, 2010 WL 3909502, at *2 (denying motion to quash).[2] The investors have filed no motions for relief. In sum, the Individuals Defendants have served targeted discovery on a limited number of proposed class members concerning issues that are directly relevant to class certification. There is no basis for preventing access to this evidence. Lead Plaintiffs' motion should be denied.

---

[2] The Individual Defendants' subpoenas seek documents only. *See Laborers Local*, 1998 WL 241279, at *3 (approving document discovery from putative class members because "[t]he requirement of tailoring has also led a number of courts to deem document requests and interrogatories as preferable").

4

Dated: January 28, 2011  Respectfully submitted,

EISEMAN LEVINE LEHRHAUPT
& KAKOYIANNIS, P.C.

s/ Eric R. Levine
Eric R. Levine
(elevine@eisemanlevine.com)
Eric Aschkenasy
(easchkenasy@eisemanlevine.com)

805 Third Avenue, 10th Floor
New York, New York 10022
(212) 752-1000

Attorneys for the Individual Defendants


CORBIN, FITZGERALD & ATHEY LLP

s/ Michael W. Fitzgerald
Michael W. Fitzgerald
(mwfitz@corbfitzlaw.com)
Joel M. Athey
(jathey@corbfitzlaw.com)

601 West Fifth Street, Suite 1150
Los Angeles, CA 90071

Attorneys for Defendants John Olinski, Samir Grover, Simon Heyrick, and Victor H. Woodworth