PILLSBURY WINTHROP SHAW PITTMAN LLP
BRUCE A. ERICSON (SBN 76342)
bruce.ericson@pillsburylaw.com
ANDREW D. LANPHERE (SBN 191479)
andrew.lanphere@pillsburylaw.com
50 Fremont Street
Post Office Box 7880
San Francisco, California 94120-7880
Telephone: (415) 983-1000
Facsimile: (415) 983-1200

William G. McGuinness (pro hac vice)
william.mcguinness@friedfrank.com
Stephanie J. Goldstein (pro hac vice)
stephanie.goldstein@friedfrank.com
Shahzeb Lari (pro hac vice)
shahzeb.lari@friedfrank.com
FRIED, FRANK, HARRIS, SHRIVER
& JACOBSON LLP
One New York Plaza
New York, New York 10004
Telephone: (212) 859-8000
Facsimile: (212) 859-4000

Attorneys for Defendants Goldman, Sachs & Co., JP Morgan Securities LLC, Bear, Stearns & Co., Inc., Deutsche Bank Securities, Inc., UBS Securities, LLC, Credit Suisse Securities (USA) LLC, RBS Securities, Inc. and Citigroup Global Markets, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

| | |
|---|---|
| In Re WELLS FARGO MORTGAGE-BACKED CERTIFICATES LITIGATION | Case No. 09-CV-01376 (LHK)<br><br>**CONSOLIDATED CLASS ACTION ECF**<br><br>DECLARATION OF SHAHZEB LARI IN SUPPORT OF CONTINUED SEALING OF EXHIBITS CONTAINING BORROWER AND OTHER CONFIDENTIAL INFORMATION ON BEHALF OF RBS SECURITIES, INC. |

I, Shahzeb Lari, declare:

1. I am a partner in the New York office of Fried, Frank, Harris, Shriver & Jacobson LLP ("Fried Frank"), counsel of record in the above-captioned action for Goldman, Sachs & Co. ("Goldman Sachs"), J.P. Morgan Securities LLC ("J.P. Morgan"), Bear, Stearns & Co. ("Bear Stearns"), Deutsche Bank Securities, Inc. ("Deutsche Bank"), UBS Securities, LLC ("UBS"), Credit Suisse Securities (USA), LLC ("Credit Suisse"), RBS Securities, Inc. ("RBS") and Citigroup Global Markets, Inc. ("Citigroup") (collectively, the "Underwriter Defendants," and each an "Underwriter Defendant"). I am admitted to practice law in the state of New York and am admitted to practice law in the state of California *pro hac vice*. I have personal knowledge of the facts stated in this declaration and could testify to them competently if called upon to do so.

BACKGROUND:

2. On February 11, 2011, Plaintiffs' counsel filed an administrative motion to file under seal certain documents attached to Plaintiffs' Motion for Class Certification. One of these documents, Exhibit 3, had been attached to the Declaration of David Stickney (the "Stickney Declaration"), and had been produced by Underwriter Defendant RBS as part of a document production in this case. This document had been marked "Sensitive Highly Confidential" by RBS pursuant to a confidentiality stipulation that the parties had submitted for approval by the Court. Even though the proposed confidentiality/protective order has not yet been entered by the Court, the parties agreed to be bound by its terms prior to entry, so as not to hold up document production. The Underwriter Defendants, including RBS, have produced nearly 100,000 pages of documents, some of which have been designated as "Confidential" or "Sensitive Highly Confidential" pursuant to the agreed-upon provisions of the confidentiality stipulation/proposed order.

3. On March 10, 2011, counsel for the Underwriter Defendants received ECF notice of an order from Judge Koh addressing Plaintiffs' February 11 administrative application to seal documents that had been attached to the Stickney Declaration and produced by the Wells Fargo

[09-cv-01376-LHK] DECLARATION IN SUPPORT OF SEALING APPLICATION 1

Defendants and the Underwriter Defendants and designated as Confidential or Sensitive Highly Confidential. Judge Koh's Order gave the Underwriter Defendants until March 17 to submit declarations to support the continued sealing of the documents filed under seal.

EXHIBIT 3: A "SENSITIVE HIGHLY CONFIDENTIAL" DOCUMENT:

4. Many of the documents that RBS holds and has been asked to produce in this litigation contain sensitive information about the borrowers for the underlying mortgage loans securitized in the offerings at issue, including borrowers' names, addresses, FICO scores, other credit report information, mortgage loan balances and payment history, purchase price and appraisal value of their residences, monthly income and bank account balances, debt ratios, and other extremely personal and sensitive financial information.

5. This type of data constitutes private, personal identification, and/or other confidential or sensitive information which, if not kept confidential, could be injurious to the interests of the borrowers or others. Exhibit 3 also includes information protected from disclosure under federal and/or state law, including the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. and the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 et seq., (stating that "It is the policy of the Congress that each financial institution has an affirmative and continuing obligation to respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic personal information," and setting forth safeguards for financial institutions to abide by in protecting consumers' financial information), including personally identifiable financial information as defined in 16 C.F.R. § 313.3(o).

6. Exhibit 3 attached to the Stickney Declaration consists of documents that contain this type of protected personal financial information for sixteen different borrowers, including their last names, loan numbers, FICO scores, home loan amounts, LTV ratios, state of residency and other extremely personal financial and non-public information about the status of their loans.

7. If Exhibit 3 were to be unsealed and filed in the public record, it would deprive RBS of its ability to maintain the confidentiality of the underlying mortgage holders' personal and private financial information. The parties whose personal information is contained in Exhibit 3 would be irreparably damaged. On the other hand, no parties' interests would be prejudiced by maintaining the confidentiality, through sealing, of this sensitive borrower information.

AUTHORITY AND CASE LAW:

8. In order to seal documents produced in discovery, a showing of "good cause" is sufficient. Fed. R.Civ.P. 26(c) states that if "good cause" is shown in discovery, a district court may issue "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." A "good cause" standard, as opposed to the higher, "compelling reason" standard, applies to the sealed filing of documents attached to non-dispositive motions because those documents are often "'unrelated, or only tangentially related, to the underlying cause of action.'" *Phillips v. G.M. Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984)); *Nygren v. Hewlett-Packard Co.*, 2010 WL 2107434, *2, Case No. C07-05793 JW HRL (N.D. Cal. May, 25, 2010) ("a class certification motion is not dispositive in the context of a motion to seal because it involves procedural requirements, rather than the merits of the underlying claim"). Trial courts have been afforded the power to seal their records when, as here, interests of privacy outweigh the public's right to know. *Brown & Williamson*, 710 F.2d 1165, 1179 (6th Cir. 1983); *Nygren*, 2010 WL 2017434 at *3.

9. Good cause exists here for the continued sealing of Exhibit 3, designated as "Sensitive Highly Confidential," because that exhibit contains personal and private borrower information, and prejudice to these innocent third parties will result if such information is released to the public. Conversely, the public has no interest in the personal financial information of private citizens. Under these circumstances, courts have routinely permitted personal financial

information to be filed under seal. *See, e.g., Foltz v. States Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1130 n.4 (9th Cir. 2003) (financial information about third parties satisfies the "good cause" standard to justify protection from disclosure); *Labrador v. Seattle Mortg. Co.*, 2010 WL 3768378, *7 n.7, Case No. 08-2270 SC (N.D. Cal. Sept. 22, 2010) (noting that court had granted motion to file confidential financial information under seal); *Patriot Rail Corp. v. Sierra R. Co.*, 2010 WL 2179499, *1 n.2, Case No. CIV S-09-0009 MCE EFB (E.D. Cal. May 26, 2010) (granting motion to seal because exhibit contains confidential financial information).

ALTERNATIVE RELIEF:

10. If the Court is not inclined to permit the continued sealing of Exhibit 3, RBS respectfully requests that Exhibit 3 be returned to the submitting party, as set forth in N.D. Cal. Local Rule 79-5(e) ("If a request to file under seal is denied in part or in full, neither the lodged document nor any proposed redacted version will be filed. The clerk will notify the submitting party, hold the lodged document for three days for the submitting party to retrieve it ...").

11. If the Court is not inclined to allow the continued sealing of Exhibit 3 or permit its return to the submitting party (Lead Plaintiffs), RBS respectfully requests that Exhibit 3 be expunged and removed from the docket so as to protect the interests of the sixteen borrowers whose personal private financial information is at stake. This remedy has been allowed in other cases involving bank customers' information that was included in litigation filings not involving those customers. *See In re Knoxville News-Sentinel Co., Inc.*, 723 F. 2d 470, 476 (6th Cir. 1983) ("[A]llowing removal of Exhibits 3 and 4 from [the Court's] file properly protected the identity and privacy of customers of the bank whose names were included in the two exhibits.").

1  I declare under penalty of perjury that the forgoing is true and correct, and that this
2  declaration was executed on March 17, 2011 in New York, New York.
3
4
5                            ___*/s/ Shahzeb Lari*_____
                                  Shahzeb Lari
6
7
8  8028452

<u>Filer's Attestation</u>

I, Bruce A. Ericson, am the ECF user whose identification and password are being used to file this **DECLARATION OF SHAHZEB LARI IN SUPPORT OF CONTINUED SEALING OF EXHIBITS CONTAINING BORROWER AND OTHER CONFIDENTIAL INFORMATION ON BEHALF OF RBS SECURITIES, INC**.  In compliance with General Order 45.X.B, I hereby attest that Shahzeb Lari concurs in this filing.

Dated:  March 17, 2011

                                                 ____*/s/ Bruce A. Ericson*_____
                                                     Bruce A. Ericson