1  PILLSBURY WINTHROP SHAW PITTMAN LLP
   BRUCE A. ERICSON (SBN 76342)
2  bruce.ericson@pillsburylaw.com
   ANDREW D. LANPHERE (SBN 191479)
3  andrew.lanphere@pillsburylaw.com
4  50 Fremont Street
   Post Office Box 7880
5  San Francisco, California 94120-7880
   Telephone: (415) 983-1000
6  Facsimile: (415) 983-1200

7
   William G. McGuinness (pro hac vice)
8  william.mcguinness@friedfrank.com
   Stephanie J. Goldstein (pro hac vice)
9  stephanie.goldstein@friedfrank.com
   Shahzeb Lari (pro hac vice)
10 shahzeb.lari@friedfrank.com
11 FRIED, FRANK, HARRIS, SHRIVER
   & JACOBSON LLP
12 One New York Plaza
   New York, New York 10004
13 Telephone: (212) 859-8000
   Facsimile: (212) 859-4000
14

15 Attorneys for Banc of America Securities LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

| | |
|---|---|
| In Re WELLS FARGO MORTGAGE-BACKED CERTIFICATES LITIGATION | Case No. 09-CV-01376 (LHK)<br><br>**CONSOLIDATED CLASS ACTION ECF**<br><br>DECLARATION OF STEPHANIE J. GOLDSTEIN IN SUPPORT OF CONTINUED SEALING OF EXHIBITS CONTAINING CUSTOMER AND OTHER CONFIDENTIAL INFORMATION ON BEHALF OF BANC OF AMERICA SECURITIES LLC |

I, Stephanie J. Goldstein, declare:

1. I am a partner in the New York office of Fried, Frank, Harris, Shriver & Jacobson LLP ("Fried Frank"), counsel of record in the above-captioned action for Banc of America Securities LLC ("BAS"), a third party recipient of a subpoena from Plaintiffs in the above-captioned matter. I am admitted to practice law in the state of New York and am admitted to practice law in the state of California *pro hac vice*. I have personal knowledge of the facts stated in this declaration and could testify to them competently if called upon to do so.

BACKGROUND:

2. On February 11, 2011, Plaintiffs' counsel filed an administrative motion to file under seal certain documents attached to Plaintiffs' Motion for Class Certification. One of these documents, Exhibit 19, had been attached to the Declaration of David Stickney (the "Stickney Declaration"), and had been produced by non-party BAS as part of a document production in this case. This document had been marked "Confidential Treatment Requested" by BAS pursuant to a confidentiality stipulation that the parties had submitted for approval by the Court. Even though the proposed confidentiality/protective order has not yet been entered by the Court, the parties agreed to be bound by its terms prior to entry, so as not to hold up document production.

3. On March 10, 2011, counsel for BAS received ECF notice of an order from Judge Koh addressing Plaintiffs' February 11 administrative application to seal documents that had been attached to the Stickney Declaration and produced by the Wells Fargo Defendants, Underwriter Defendants and third party subpoena recipients and designated as Confidential or Sensitive Highly Confidential. Judge Koh's Order gave the producing parties until March 17 to submit declarations to support the continued sealing of the documents filed under seal.

EXHIBIT 19: A "CONFIDENTIAL" DOCUMENT:

4. Exhibit 19 attached to the Stickney Declaration consists of a spreadsheet that contains sensitive and confidential financial information about securities transactions involving BAS, including the names of customers that BAS has sold securities to or purchased securities from, as well as other identifying information such as the date of those transactions, the settlement amount and the CUSIP numbers for the securities at issue. This information is proprietary to BAS and its customers, and is not publicly available or accessible. BAS's continued business success depends on its ability to maintain relationships with its customers by upholding its customers' expectations of discretion and confidentiality. As such, to disclose such sensitive and confidential commercial information would harm BAS's customer relations and its standing within the industry.

5. This type of data constitutes private customer identification, and/or other confidential or sensitive information which, if not kept confidential, could be injurious to the interests of BAS's customers or others. This document also includes information protected from disclosure under federal and/or state law, including the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 et seq., (stating that "It is the policy of the Congress that each financial institution has an affirmative and continuing obligation to respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic personal information," and setting forth safeguards for financial institutions to abide by in protecting customers' financial information).

6. If Exhibit 19 were to be unsealed and filed in the public record, it would deprive BAS of its ability to maintain the confidentiality of its customer's private financial information. On the other hand, no parties' interests would be prejudiced by maintaining the confidentiality, through sealing, of this sensitive customer information.

7. Courts may seal information so "that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way." Fed. R. Civ. P. 26(c)(7). Allowing Exhibit 19 to be filed in the public record would give an unfair

advantage to BAS's competitors by providing them with information about how and when BAS engages in trading activity of mortgage-backed securities, and at what price, as well as publicly providing a list of BAS's customers in this market. *Cf. Consumers Union of United States, Inc. v. Heimann*, 589 F.2d 531, 534 (D.C. Cir. 1978) (citing Congressional concern that indiscriminate disclosure of financial records regarding the loan policies of banks "might undermine public confidence and cause unwarranted runs on banks" and recognizing a compelling government interest in preserving the secrecy of personal financial records).

8. By contrast, the public has a minimal interest in the disclosure of the internal business operations of BAS and its customers. *See Fitzgerald v. Cantor*, 2001 WL 422633, at *2 (Del. Ch. Apr. 17, 2001). (in determining "good cause," a court is to "balance the general [principle] that items filed in this Court become a part of the public record with the need to protect the sensitive information of parties to litigation.").

AUTHORITY AND CASE LAW:

9. In order to seal documents produced in discovery, a showing of "good cause" is sufficient. Fed. R.Civ.P. 26(c) states that if "good cause" is shown in discovery, a district court may issue "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." A "good cause" standard, as opposed to the higher, "compelling reason" standard, applies to the sealed filing of documents attached to non-dispositive motions because those documents are often "'unrelated, or only tangentially related, to the underlying cause of action.'" *Phillips v. G.M. Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984)); *Nygren v. Hewlett-Packard Co.*, 2010 WL 2107434, *2, Case No. C07-05793 JW HRL (N.D. Cal. May, 25, 2010) (stating "that a class certification motion is not dispositive in the context of a motion to seal because it involves procedural requirements, rather than the merits of the underlying claim"). Trial courts have been afforded the power to seal their records when, as here, interests of privacy outweigh the public's right to know. *Brown & Williamson*, 710 F.2d 1165, 1179 (6th Cir. 1983); *Nygren*, 2010 WL 2017434 at *3.

10.     Good cause exists here for the continued sealing of Exhibit 19, designated as "Confidential Treatment Requested," because that exhibit contains commercially sensitive and private customer information, and prejudice to these innocent third parties as well as BAS will result if such information is released to the public.  Conversely, the public has no interest in the internal operations and trading records of BAS and its customers.  Under these circumstances, courts have routinely permitted confidential financial information to be filed under seal.  *See, e.g., Foltz v. States Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1130 n.4 (9th Cir. 2003) (financial information about third parties satisfies the "good cause" standard to justify protection from disclosure); *Labrador v. Seattle Mortg. Co.*, 2010 WL 3768378, *7 n.7, Case No. 08-2270 SC (N.D. Cal. Sept. 22, 2010) (noting that court had granted motion to file confidential financial information under seal); *Patriot Rail Corp. v. Sierra R. Co.*, 2010 WL 2179499, *1 n.2, Case No. CIV S-09-0009 MCE EFB (E.D. Cal. May 26, 2010) (granting motion to seal because exhibit contains confidential financial information).

ALTERNATIVE RELIEF:

11.     If the Court is not inclined to permit the continued sealing of Exhibit 19, BAS respectfully requests that Exhibit 19 be returned to the submitting party, as set forth in N.D. Cal. Local Rule 79-5(e) ("If a request to file under seal is denied in part or in full, neither the lodged document nor any proposed redacted version will be filed.  The clerk will notify the submitting party, hold the lodged document for three days for the submitting party to retrieve it ...").

12.     If the Court is not inclined to allow the continued sealing of Exhibit 19 or permit its return to the submitting party (Lead Plaintiffs here), BAS respectfully requests that Exhibit 19 be expunged and removed from the docket so as to protect the interests of the many customers whose confidential financial information is at stake.  This remedy has been allowed in other cases involving bank customers' information that was included in litigation filings not involving those customers.  *See In re Knoxville News-Sentinel Co., Inc.*, 723 F. 2d 470, 476 (6th Cir. 1983) ("[A]llowing removal of Exhibits 3 and 4 from [the Court's] file properly protected the identity and privacy of customers of the bank whose names were included in the two exhibits.").

I declare under penalty of perjury that the forgoing is true and correct, and that this declaration was executed on March 17, 2011 in New York, New York.

*/s/ Stephanie J. Goldstein*
Stephanie J. Goldstein

8029214

Filer's Attestation

I, Bruce A. Ericson, am the ECF user whose identification and password are being used to file this **DECLARATION OF STEPHANIE J. GOLDSTEIN IN SUPPORT OF CONTINUED SEALING OF EXHIBITS CONTAINING CUSTOMER AND OTHER CONFIDENTIAL INFORMATION ON BEHALF OF BANC OF AMERICA SECURITIES LLC**. In compliance with General Order 45.X.B, I hereby attest that Stephanie J. Goldstein concurs in this filing.

Dated: March 17, 2011

                    ____/s/ Bruce A. Ericson_____
                      Bruce A. Ericson