1   MARC T.G. DWORSKY (SBN 157413)
    Marc.Dworsky@mto.com
2   KATHLEEN M. McDOWELL
    kathleen.mcdowell@mto.com
3   MUNGER, TOLLES & OLSON LLP
    355 South Grand Avenue, 35th floor
4   Los Angeles, CA  90071-1560
    Telephone:     (213) 683-9100
5   Facsimile:     (213) 687-3702

6   DAVID H. FRY (SBN 189276)
    David.Fry@mto.com
7   JENNY H. HONG (SBN 251751)
    Jenny.Hong@mto.com
8   CAROLYN V. ZABRYCKI (SBN 263541)
    Carolyn.Zabrycki@mto.com
9   MUNGER, TOLLES & OLSON LLP
    560 Mission Street, 27th floor
10  San Francisco, CA 94105-2907
    Telephone:     (415) 512-4000
11  Facsimile:     (415) 512-4077

12  Attorneys for Defendants
    WELLS FARGO DEFENDANTS AND THE
13  INDIVIDUAL DEFENDANTS

14

15                    UNITED STATES DISTRICT COURT

16                  NORTHERN DISTRICT OF CALIFORNIA

17                          SAN JOSE DIVISION

18  IN RE WELLS FARGO MORTGAGE-        Civil Action No. 09-01376-LHK (PSG)
    BACKED CERTIFICATES LITIGATION
19                                     **CONSOLIDATED CLASS ACTION ECF**

20                                     **STIPULATED**
                                       **PROTECTIVE ORDER GOVERNING**
21                                     **CONFIDENTIAL AND SENSITIVE**
                                       **HIGHLY CONFIDENTIAL**
22                                     **INFORMATION**

23                                     [BASED ON MODEL PROTECTIVE
                                       ORDER, as modified]

24                                     Judge:       Hon. Lucy H. Koh

25

26

27

28

1   1.      PURPOSES AND LIMITATIONS

2           Disclosure and discovery activity in this action are likely to involve production of

3   confidential, proprietary, or private information for which special protection from public

4   disclosure and from use for any purpose other than prosecuting or defending this litigation may be

5   warranted, including, in particular, confidential or sensitive information which, if not kept

6   confidential, could be injurious to the interests of the affected persons, and which may comprise or

7   include information protected from disclosure under federal and/or state law, including, but not

8   limited to, the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. and the Gramm-Leach-Bliley

9   Act, 15 U.S.C. § 6801 et seq.  Accordingly, the parties hereby stipulate to and petition the court to

10  enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not

11  confer blanket protections on all disclosures or responses to discovery but rather only those

12  documents and information entitled to confidential treatment under the applicable legal

13  principles.  The parties further acknowledge, as set forth in Section 14.4 below, that this

14  Stipulated Protective Order does not entitle them to file confidential information under seal; Civil

15  Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be

16  applied when a Party seeks permission from the court to file material under seal.

17  2.      DEFINITIONS

18          2.1     Challenging Party:  a Party or Non-Party that challenges the designation of

19  information or items under this Order.

20          2.2     "CONFIDENTIAL" Information or Items:  information (regardless of how

21  it is generated, stored or maintained) or tangible things that qualify for protection under Federal

22  Rule of Civil Procedure 26(c).

23          2.3     Counsel (without qualifier):  Outside Counsel of Record and House

24  Counsel (as well as their support staff).

25          2.4     [Not used]

26          2.5     Designating Party:  a Party or Non-Party that designates information or

27  items produced in disclosures or in responses to discovery as "CONFIDENTIAL" or

28  "SENSITIVE HIGHLY CONFIDENTIAL."

STIPULATION AND
PROTECTIVE ORDER
CASE NO. 09-1376-LHK

2.6     Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7     Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor; and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.8     "SENSITIVE HIGHLY CONFIDENTIAL" Information or Items: extremely sensitive, non-public personal information relating to borrowers, consumers and/or other persons, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9     "Personally Identifiable Information" (PII):  personally identifiable information, as defined in 16 C.F.R. § 313.3(o) and/or documents or data which may constitute "consumer reports," as defined in the Fair Credit Reporting Act, 15 U.S.C. § 1681, etc.

2.10    House Counsel:  attorneys who are employees of a Party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11    Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12    Outside Counsel of Record:  attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that Party.

2.13    Party:  any party to this action, including those officers, directors, or other employees of the party responsible for overseeing this action and Outside Counsel of Record (and their support staffs).

2.14    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or  medium) and their employees and subcontractors.

2.16    Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "SENSITIVE HIGHLY CONFIDENTIAL."

2.17    Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

3.1    The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.  However, the protections conferred by this Stipulated Protective Order do not cover the following information:  (1) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (2) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

3.2    All non-public Disclosure or Discovery Material shall be used solely for purposes of conducting this action and not for any other purpose whatsoever.

3.3    The Court shall retain jurisdiction over this Stipulated Protective Order after the conclusion of the action, and any persons to whom Protected Material is disclosed shall

be subject to the jurisdiction of this Court concerning any issue relating to this Stipulated

Protective Order.

4.      DURATION

        Even after final disposition of this litigation, the confidentiality obligations

imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing

or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1)

dismissal of all claims and defenses in this action, with or without prejudice; and (2) final

judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or

reviews of this action, including the time limits for filing any motions or applications for

extension of time pursuant to applicable law.

5.      DESIGNATING PROTECTED MATERIAL

        5.1     Exercise of Restraint and Care in Designating Material for Production.  Each Party

or Non-Party that designates information or items for protection under this Order must take

appropriate measures to limit such designation to specific material that qualifies under the

appropriate standards.  To the extent it is reasonably practical to do so, the Designating Party

must designate for protection only those parts of material, documents, items, or oral or written

communications that qualify -- so that other portions of the material, documents, items, or

communications for which protection is not warranted are not swept unjustifiably within the

ambit of this Order.

        Mass, indiscriminate, or routinized designations are prohibited unless justified by

specific circumstances.  Designations that are shown to be clearly unjustified under the specific

circumstances or that have been made for an improper purpose (e.g., to unnecessarily encumber

or retard the case development process or to impose unnecessary expenses and burdens on other

parties) expose the Designating Party to sanctions.  If a Party intends to submit to or file with the

Court a document that has been designated Confidential or Sensitive Highly Confidential, the

Party may seek permission reasonably in advance of the proposed filing date from the

Designating Party to submit or file in the public record, and not under seal, a version of the

document that redacts the Confidential or Sensitive Highly Confidential information, or

1   specifically identified portions of the document that the Party believes does not contain

2   Confidential or Sensitive Highly Confidential information.  The Designating Party or Non-Party

3   shall, within a reasonable time frame, cooperate in reviewing, de-designating, and/or approving or

4   counter-proposing the proposed redactions and/or non-confidential excerpts to be submitted or

5   filed.

6          If it comes to a Designating Party's attention that information or items that it

7   designated for protection do not qualify for protection at all or do not qualify for the level of

8   protection initially asserted, that Designating Party must promptly notify all other parties that it is

9   withdrawing the mistaken designation.

10          5.2      Manner and Timing of Designations.  Except as otherwise provided in this

11   Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for

12   protection under this Order must be clearly so designated before the material is disclosed or

13   produced unless otherwise agreed.

14          Designation in conformity with this Order requires:

15          (a)  for information in documentary form (other than transcripts of testimony) that

16   the Producing Party affix the legend "CONFIDENTIAL" OR "SENSITIVE HIGHLY

17   CONFIDENTIAL" to each page that contains protected material.

18          A Party or Non-Party that makes original documents or materials available for

19   inspection need not designate them for protection until after the inspecting Party has indicated

20   which material it would like copied and produced.  During the inspection and before the

21   designation, all of the material made available for inspection shall be deemed "SENSITIVE

22   HIGHLY CONFIDENTIAL."  After the inspecting Party has identified the documents it wants

23   copied and produced, the Producing Party must determine which documents qualify for protection

24   under this Order.  Then, before producing the specified documents, the Producing Party must

25   designate the specified documents in accordance with this Stipulated Protective Order.

26          (b)  for testimony given in deposition or other pretrial proceedings that the

27   Designating Party identify on the record, before the close of the deposition, hearing or other

28   proceeding all protected testimony and specify the level of protection being asserted, or by

STIPULATION AND
PROTECTIVE ORDER
CASE NO. 09-1376-LHK

1   written notice, sent by counsel to all parties and the witness within twenty-one (21) days after

2   receiving a copy of the final transcript thereof, unless counsel consent to a shorter reasonable time

3   period within which to designate and such consent shall not be unreasonably withheld in light of

4   impending filing deadlines.  Transcripts of all testimony shall be treated as "CONFIDENTIAL"

5   until expiration of this designated time frame.  Only those portions of the testimony that are

6   appropriately designated for protection within this designated time frame shall be covered by the

7   provisions of this Stipulated Protective Order, and shall be marked as "CONFIDENTIAL" or

8   "SENSITIVE HIGHLY CONFIDENTIAL" by the court reporter (if designation is made on the

9   record) or by counsel (if designation is made after receipt of the transcript).

10          (c)  for information produced in some form other than documentary and for any

11   other tangible items, that the Producing Party affix in a prominent place on the exterior of the

12   container or containers in which the information or item is stored the legend "CONFIDENTIAL"

13   or 'SENSITIVE HIGHLY CONFIDENTIAL."  If only some of the information or items warrant

14   protection, the producing party shall, to the extent it is reasonably practical to do so, identify the

15   protected portions and specify the level of protection being asserted.

16          5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent

17   failure to designate qualified information or items does not, standing alone, waive the Designating

18   Party's right to secure protection under this Order for such material.  Upon timely correction of a

19   designation, the Receiving Party must make reasonable efforts to assure that the material is

20   treated in accordance with the provisions of this Order.

21   6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

22          6.1    Timing of Challenges.  Any Party or Non-Party may challenge a

23   designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's

24   confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary

25   economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its

26   right to challenge a confidentiality designation by electing not to mount a challenge promptly

27   after the original designation is disclosed.

28

STIPULATION AND
PROTECTIVE ORDER
CASE NO. 09-1376-LHK

6.2     <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with the specific paragraph of the Stipulated Protective Order.  The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within fourteen (14) days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     <u>Judicial Intervention</u>.   If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rules 7 and 37 (and in compliance with Local Rule 79-5, if applicable) within fourteen (14) days of the Parties agreeing that the meet and confer process will not resolve their dispute.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.  In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portion thereof.  Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens) may expose a Party to sanctions.  Any protected

1   material as to which such an application is made shall continue to be treated as

2   "CONFIDENTIAL" or "SENSITIVE HIGHLY CONFIDENTIAL" until the Court's decision on

3   such an application is issued.

4   7.      ACCESS TO AND USE OF PROTECTED MATERIAL

5            7.1      Basic Principles.  A Receiving Party may use Protected Material that is

6   disclosed or produced by another Party or by a Non-Party in connection with this case only for

7   prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be

8   disclosed only to the categories of persons and under the conditions described in this Order.

9   When the litigation has been terminated, a Receiving Party must comply with the provisions of

10  section 15 below (FINAL DISPOSITION).

11           Protected Material must be stored and maintained by a Receiving Party at a

12  location and in a secure manner that ensures that access is limited to the persons authorized under

13  this Order.

14           7.2      Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise

15  ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

16  disclose any information or item designated "CONFIDENTIAL" only to:

17           (a)  the Receiving Party's Outside  Counsel of Record in this action, as well as

18  employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

19  information for this action;

20           (b)  named individual Parties and representatives of the named entity Parties

21  responsible for overseeing the action to whom disclosure is reasonably necessary for this

22  litigation;

23           (c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is

24  reasonably necessary for this litigation;

25           (d)  the court and its personnel, including mediators and special masters;

26           (e)  court reporters and their staff, professional jury or trial consultants, and

27  Professional Vendors to whom disclosure is reasonably necessary for this litigation;

28

1          (f)  any person whose deposition is noticed to be taken in the action and any

2  deponent during a deposition to whom disclosure is reasonably necessary;

3          (g)  any person who is identified, by the disclosure or discovery material itself,

4  testimony, metadata, or otherwise, as the author or recipient of the "CONFIDENTIAL" or

5  "SENSITIVE HIGHLY CONFIDENTIAL" material or who is referred to in the

6  "CONFIDENTIAL" or "SENSITIVE HIGHLY CONFIDENTIAL" material to be disclosed to

7  that person.

8          7.3    Disclosure of "SENSITIVE HIGHLY CONFIDENTIAL" Information or

9  Items (without acknowledgment).  Unless otherwise ordered by the court or permitted in writing

10  by the Designating Party, a Receiving Party may disclose any information or item designated

11  "SENSITIVE HIGHLY CONFIDENTIAL" only to:

12          (a)  the Receiving Party's Outside Counsel of Record in this action, as well as

13  employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

14  information for this litigation;

15          (b)  the court and its personnel, including mediators and special masters;

16          7.3.1   Disclosure of "SENSITIVE HIGHLY CONFIDENTIAL" Information or

17  Items (with acknowledgment).  Outside Counsel for the Receiving Party may disclose

18  "SENSITIVE HIGHLY CONFIDENTIAL" material to the following persons only as reasonably

19  necessary to the conduct of the action and only if:  1) Outside Counsel for the Receiving Party has

20  redacted from the "SENSITIVE HIGHLY CONFIDENTIAL" material what it believes in good

21  faith constitutes PII, or 2) Outside Counsel for the Receiving Party has a good faith basis to

22  believe that the PII itself is material and necessary to the resolution of a disputed issue in the

23  action ("Relevant PII Information"):

24          (c)  named individual Parties and representatives of the named entity Parties

25  responsible for overseeing the action to whom disclosure is reasonably necessary for this

26  litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is

27  attached hereto as Exhibit A;

28          (d)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is

STIPULATION AND
PROTECTIVE ORDER
CASE NO. 09-1376-LHK

1   reasonably necessary for this litigation and who have signed the "Acknowledgment and

2   Agreement to Be Bound" that is attached hereto as Exhibit A;

3             (e)  court reporters and their staff, professional jury or trial consultants, and

4   Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have

5   signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

6             (f)  any person whose deposition is noticed to be taken in the action and any

7   deponent during a deposition to whom disclosure is reasonably necessary and who have signed

8   the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

9             (g)  any person who is identified, by the disclosure or discovery material itself,

10  testimony, metadata, or otherwise, as the author or recipient of the "CONFIDENTIAL" or

11  "SENSITIVE HIGHLY CONFIDENTIAL" material or who is referred to in the

12  "CONFIDENTIAL" or "SENSITIVE HIGHLY CONFIDENTIAL" material to be disclosed to

13  that person.

14            7.3.2   Secondary Recipients.  All Parties and persons or entities receiving

15  "SENSITIVE HIGHLY CONFIDENTIAL" material through Outside Counsel under paragraph

16  7.3.1. ("Secondary Recipients") shall be provided with a copy of this Stipulated Protective Order,

17  shall hold "SENSITIVE HIGHLY CONFIDENTIAL" material in strict compliance with this

18  Stipulated Protective Order, and shall take appropriate measures to control and restrict access to

19  and/or use of such "SENSITIVE HIGHLY CONFIDENTIAL" material so as to limit the use

20  and/or disclosure of such "SENSITIVE HIGHLY CONFIDENTIAL" material in this action to

21  those situations authorized in this Stipulated Protective Order and to prevent the unauthorized

22  disclosure of such "SENSITIVE HIGHLY CONFIDENTIAL" material.

23            7.4, 8-9.  [Not used]

24  10.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER

25  LITIGATION

26            If a Receiving Party or a Secondary Recipient is served with a subpoena, discovery

27  request, or a court ordered issued in another proceeding that seeks disclosure of any protected

28  Material, that Receiving Party or Secondary Recipient must:

- 11 -

1          (a)  notify in writing the Designating Party, as promptly as reasonably possible

2    and, absent exceptional circumstances, within seven (7) days after receipt of the subpoena, but in

3    any event such notice shall be given prior to any voluntary production of protected material.

4    Such notification shall include a copy of the subpoena or court order;

5          (b)  notify in writing the party who caused the subpoena, discovery request, or

6    order to issue in the other proceeding that some or all of the material covered by the subpoena,

7    discovery request, or order is subject to this Stipulated Protective Order, as promptly as

8    reasonably possible and, absent exceptional circumstances, within seven (7) days after receipt of

9    the subpoena, but in any event such notice shall be given prior to any voluntary production of

10   Protected Material;

11         (c)  cooperate with respect to all reasonable procedures sought to be pursued by

12   the Designating Party whose Protected Material may be affected.

13         If the Designating Party timely seeks a protective order, the Party served with the

14   subpoena, discovery request, or court order shall not produce any information designated in this

15   action as "CONFIDENTIAL" or "SENSITIVE HIGHLY CONFIDENTIAL" before a

16   determination by the court from which the subpoena or order issued, unless the Party has obtained

17   the Designating Party's permission.  The Designating Party shall bear the burden and expense of

18   seeking protection in that forum of the Protected Material -- and nothing in these provisions

19   should be construed as authorizing or encouraging a Receiving Party or Secondary Recipient in

20   this action to disobey a lawful directive from another court.

21   11.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS

22   LITIGATION

23         (a)  The terms of this Stipulated Protective Order are applicable to information

24   produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "SENSITIVE

25   HIGHLY CONFIDENTIAL" by the Non-Party or a Party.  A Party may designate such Protected

26   Material as "CONFIDENTIAL" or "SENSITIVE HIGHLY CONFIDENTIAL" for purposes of

27   this Stipulated Protective Order by delivering written notice of such designation to the Parties

28   within thirty (30) days of receipt by counsel for the Designating Party of the Non-Party's

STIPULATION AND
PROTECTIVE ORDER
CASE NO. 09-1376-LHK

production of such Protected Material.  All documents produced by a Non-Party in the action shall be treated as "SENSITIVE HIGHLY CONFIDENTIAL" material until the expiration of the thirtieth day after receipt of that production by counsel for the Party making the designation. Information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's "CONFIDENTIAL" or "SENSITIVE HIGHLY CONFIDENTIAL" information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the "CONFIDENTIAL" or "SENSITIVE HIGHLY CONFIDENTIAL" information, then the Party shall:

1.  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.  promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested, and

3.  make the information requested available for inspection by the Non-Party.

(c)  If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

12.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

STIPULATION AND
PROTECTIVE ORDER
CASE NO. 09-1376-LHK

12.1     If Protected Material is disclosed to or comes into the possession of any person other than in a manner authorized in this Stipulated Protected Order, whether intentionally, negligently, or inadvertently ("Unauthorized Disclosure"), the Receiving Party or Secondary Recipient from whose possession, custody or control the Protected Material was obtained shall, upon discovery of any Unauthorized Disclosure, immediately inform the Producing Party of all pertinent facts relating to the Unauthorized Disclosure and the nature and extent of the Protected Material involved.  If an Unauthorized Disclosure occurs, the Receiving Party and Secondary Recipient(s) shall take all necessary and appropriate actions to retrieve physically or otherwise control all Protected Material that was part of the Unauthorized Disclosure and to prevent further disclosure by each and every unauthorized person who may have received such Protected Material.

12.2     If an Unauthorized Disclosure of "SENSITIVE HIGHLY CONFIDENTIAL" material occurs, the Producing Party shall be responsible for determining, within its sole discretion, whether notification of law enforcement and/or regulatory authorities is appropriate and for providing any such notification.  At the request of the Producing Party, the Receiving Party and Secondary Recipient(s) shall cooperate and provide information so that the Producing Party can make such determination, provide such notice, and comply with the Producing Party's obligations following such notice.

13.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

13.1     The Parties agree that Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rules of Evidence 502(b) apply with respect to inadvertent production and claims of privilege.  Upon written request of a Producing Party made within fourteen (14) days of discovery that an inadvertent or mistaken production of information subject to a claim of privilege has occurred, the 1) Receiving Party shall, within fourteen (14) days after receipt of the written request, 1) return, sequester, or destroy the specified information and any copies it has, 2) not use or disclose the information until the claim is resolved; 3) take reasonable steps to retrieve the information from any Secondary Recipients who were sent such information or notify any

- 14 -

Secondary Recipients of their obligation to return, sequester, or destroy all such documents; and 4) may promptly present the information to the Court under seal for a determination of the claim.

13.2    If a Producing Party inadvertently produces Protected Material without being marked as such, the Producing Party or a Designating Party may designate such material as "CONFIDENTIAL" or "SENSITIVE HIGHLY CONFIDENTIAL" by delivering written notice of such designation and properly marked copies of such Protected Material to the Receiving Parties promptly after discovering that the Protected Material was inadvertently produced without the "CONFIDENTIAL" or "SENSITIVE HIGHLY CONFIDENTIAL" marking.  Such Protected Material will thereafter be treated as "CONFIDENTIAL" or "SENSITIVE HIGHLY CONFIDENTIAL."

14.    <u>MISCELLANEOUS</u>

14.1    <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the court in the future, or prevents the parties from agreeing or seeking to waive the provisions or protections of this Stipulated Protective Order with respect to any particular Protected Material.

14.2    <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Stipulated Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

14.3    [Not used]

14.4    <u>Filing Protected Material</u>.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a

1    trade secret, or otherwise entitled to protection under the law.  The Parties agree to consent to the

2    filing of any application or motion to file documents under seal concerning any Protected

3    Material, without waiving any objections to the relevance, admissibility or designation of such

4    material.  The Court shall allow the parties to file an application or motion to file documents

5    under seal simultaneously with the filing of motions, memoranda, or affidavits containing

6    Protected Material.

7             14.5    Use In Open Court.  "CONFIDENTIAL" or "SENSITIVE HIGHLY

8    CONFIDENTIAL" material may be used in any court proceeding in this action as evidence, if

9    otherwise permissible, at any hearing or on appeal, without violation of this Stipulated Protective

10   Order, but only if counsel has a good faith basis to believe that such Protected Material is relevant

11   to a disputed issue before the Court.  Protected Material shall not lose its status as

12   "CONFIDENTIAL" or "SENSITIVE HIGHLY CONFIDENTIAL" material through such use,

13   and nothing in this Stipulated Protective Order precludes a Party from seeking relief or an

14   appropriate protective order from the Court to maintain the confidentiality of Protected Material

15   used in open court.

16            14.6    Effect of Entry of Order.  The Court's "so ordering" of this Stipulated

17   Protective Order shall mean that 1) the Court has found that the need for discovery in this case

18   outweighs affected individuals' privacy interests, such that good cause exists to disclose

19   "SENSITIVE HIGHLY CONFIDENTIAL" material as set forth in this Stipulation; 2) the

20   Producing Party's compliance with this Stipulated Protective Order shall satisfy and shall

21   constitute compliance with the Producing Party's obligations under the Gramm-Leach-Bliley Act

22   and the Fair Credit Reporting Act, including any rules or regulations promulgated thereunder, and

23   3) the disclosure of any "SENSITIVE HIGHLY CONFIDENTIAL" material in this action

24   pursuant to this Stipulated Protective Order shall constitute disclosure pursuant to 15 U.S.C.

25   § 6802(e)(8), 16 C.F.R. § 313.15(a)(7)(iii), and 15 U.S.C. § 1681b(a)(1).

26            14.7    Future Production.  The Parties agree that Lead Plaintiffs' First Request for

27   Production of Documents directed to the Wells Fargo Defendants shall be deemed not to include

28   a request to produce or identify any responsive material or information that is arguably prohibited

1   by law from being disclosed or identified under 31 U.S.C. § 5318(g), 31 CFR § 103.18(e), 12

2   CFR § 4.37(b) or any similar law, regulation, rule or court order.  Lead Plaintiffs reserve their

3   rights to seek the identification of such material or information and to include and/or move to

4   compel production of such material or information in the future.

5   15.   <u>FINAL DISPOSITION</u>

6           Within 60 days after the final disposition of this action, as defined in paragraph 4,

7   each Receiving Party and Secondary Recipient shall use commercially reasonable efforts to return

8   or destroy (at the option of the person in receipt of the Protected Material), and certify that fact to

9   Counsel for the Producing Party.  To the extent that Counsel for a Receiving Party has provided

10  "SENSITIVE HIGHLY CONFIDENTIAL" material to Secondary Recipients, such Counsel shall

11  direct those Secondary Recipients to destroy all such material in those Secondary Recipients'

12  possession, custody or control, such Secondary Recipients shall certify to Counsel for that

13  Receiving Party that such material has been destroyed, and Counsel for the Receiving Party shall

14  confirm that receipt to Outside Counsel for the Producing Party.  Notwithstanding this provision,

15  Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition,

16  and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert

17  reports, attorney work product, and consultant and expert work product, even if such materials

18  contain Protected Material.  Any such archival copies that contain or constitute Protected Material

19  remain subject to this Stipulated Protective Order as set forth in Section 4 (DURATION).

20

21  Dated:  December 1, 2010                    MUNGER, TOLLES & OLSON LLP
                                                MARC T.G. DWORSKY
22                                              Marc.Dworsky@mto.com
                                                355 South Grand Avenue, 35th Floor
23                                              Los Angeles, CA 90071-1560
                                                Tel:    (213) 683-9100
24                                              Fax:    (213) 687-3702

25                                              JEROME C. ROTH
                                                Jerome.Roth@mto.com
26                                              DAVID H. FRY
                                                David.Fry@mto.com
27                                              JENNY H. HONG
                                                Jenny.Hong@mto.com
28                                              CAROLYN V. ZABRYCKI
                                                Carolyn.Zabrycki@mto.com

                            - 17 -                  STIPULATION AND
                                                    PROTECTIVE ORDER
                                                    CASE NO. 09-1376-LHK

560 Mission Street, 27th Floor
San Francisco, CA 94105-2907
Tel:    (415) 512-4000
Fax:   (415) 512-4077

_____
                /s/ Jenny H. Hong
                JENNY H. HONG

*Attorneys for the Wells Fargo Defendants and the
Individual Defendants*

Dated:  December 1, 2010

PILLSBURY WINTHROP SHAW PITTMAN LLP
BRUCE A. ERICSON
bruce.ericson@pillsburylaw.com
ANDREW J. LANPHERE
andrew.lanphere@pillsburylaw.com
50 Fremont Street
Post Office Box 2880
San Francisco, CA 94120-7880
Tel:    (415) 983-1560
Fax:   (415) 983-1200

_____
                /s/ Bruce A. Ericson
                BRUCE A. ERICSON

*Attorneys for the Underwriter Defendants*

Dated:  December 1, 2010

FRIED, FRANK, HARRIS, SHRIVER
   & JACOBSON LLP
William G. McGuinness (*pro hac vice*)
william.mcguinness@friedfrank.com
Stephanie J. Goldstein (*pro hac vice*)
stephanie.goldstein@friedfrank.com
Shahzeb Lari (*pro hac vice*)
Shahzeb.Lari@friedfrank.com
One New York Plaza
New York, New York 10004
Telephone:     (212) 859-8000
Facsimile:      (212) 859-4000

_____
                /s/ Shahzeb Lari
                SHAHZEB LARI

*Attorneys for the Underwriter Defendants*

Dated:  December 1, 2010

BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP

- 18 -

DAVID R. STICKNEY
TIMOTHY A. DeLANGE
MATTHEW P. JUBENVILLE
TAKEO A. KELLAR
JONATHAN D. USLANER
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:    (858) 793-0070
Fax:    (858) 793-0323

_____/s/ Timothy A. DeLange_____
TIMOTHY A. DeLANGE

*Lead Counsel for the Class*

Filer's Attestation: Pursuant to General Order No. 45, Section X(B), regarding

signatures, I attest under penalty of perjury that concurrence in the filing of the document has

been obtained from each of the other signatories listed above.

_____/s/ Jenny H. Hong_____
JENNY H. HONG

## ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: April 20, 2011

THE HONORABLE PAUL S. GREWAL
United States District Court Magistrate Judge

- 19 -

**Exhibit A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of

_____ [print or type full address], declare that I have read in its

entirety and understand the Stipulated Protective Order that was issued by the United States

District Court for the Northern District of California on December __, 2010 in the case of *In re*

*Wells Fargo Mortgage-Backed Certificates Litigation*, Civil Action No. 09-01376-LHK (CVT).  I

agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I

understand and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Stipulated Protective Order to any person or entity

except in strict compliance with the provision of this Order.  I acknowledge that federal and/or

state laws may prohibit the disclosure of personally identifiable information and other protected

"SENSITIVE HIGHLY CONFIDENTIAL" MATERIAL.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

I declare under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct.

Executed this ___ day of _____ at _____ [location].

Signature: _____

Name:      _____

STIPULATION AND
PROTECTIVE ORDER
CASE NO. 09-1376-LHK