MARC T.G. DWORSKY (SBN 157413)
Marc.Dworsky@mto.com
KATHLEEN M. McDOWELL (SBN 115976)
Kathleen.McDowell@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, 25th floor
Los Angeles, CA  90071-1560
Telephone:     (213) 683-9100
Facsimile:     (213) 687-3702

DAVID H. FRY (SBN 189276)
David.Fry@mto.com
CAROLYN V. ZABRYCKI (SBN 263541)
Carolyn.Zabrycki@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street,  27th floor
San Francisco, CA 94105-2907
Telephone:     (415) 512-4000
Facsimile:     (415) 512-4077

Attorneys for Defendants
WELLS FARGO DEFENDANTS AND THE
INDIVIDUAL DEFENDANTS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE WELLS FARGO MORTGAGE-BACKED CERTIFICATES LITIGATION | Civil Action No. 09-01376 (LHK)<br><br>**CONSOLIDATED CLASS ACTION ECF**<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' STATEMENT OF RECENT DECISION FILED MAY 9, 2011**<br><br>Judge:     Hon. Paul S. Grewal |

Defendant Wells Fargo Bank, N.A. ("Wells Fargo") respectfully submits this response to Plaintiffs' Statement of Recent Decision filed May 9, 2011.

Plaintiffs submit a decision from the Western District of Washington granting a protective order concerning 12 subpoenas issued to large financial institutions. *In re Washington Mutual Mortgage Backed Securities Litigation*, Case No. C09-37 MJP (W.D. Wash. May 9, 2011) ("*WaMu*"). The court's opinion states that the defendants failed to explain the relevance of the information sought by the subpoenas. *Slip op.* at 2. Whether the defendants did so or not, it is apparent that the court did not understand the issues posed or why the information sought clearly was relevant.

*First*, the court misapprehended the aspect of the claim that was at issue. The court "divine[d]" that "Defendants' theory is that these 'sophisticated investors' had more knowledge about the mortgage-backed securities market and therefore Plaintiffs cannot rely on the fraud on the market presumption." *Id.* at 2-3. That is incorrect. MBS cases are not fraud-on-the-market cases. Rather, the knowledge of members of the putative class is relevant because Section 11 of the Securities Act of 1933 expressly provides that a plaintiff who "knew of [the alleged] untruth or omission" has no claim. 15 U.S.C. § 77k(a); *see also In re IPO Sec. Litig.*, 471 F.3d 24, 43 (2d Cir. 2006) ("*In re IPO*"). At class certification, the issue is whether there are individualized questions of *knowledge* that will predominate over any common issues.[1] *In re IPO*, 471 F.3d at 44.

*Second*, starting from the faulty premise that the question is whether the fraud-on-the-market theory applies, the *WaMu* court erroneously infers that the issue is one of reliance and then asserts that "non-reliance is not generally an issue for class certification." *Slip op.* at 3. In addition to being inapposite (because the issue is knowledge under Section 11, not reliance under Section 10(b)), this assertion is simply wrong. Where the fraud-on-the-market presumption does

---

[1] In arguing against class certification in another MBS case, Plaintiffs' counsel notably do not argue that the issue is one of reliance. Ex. A. Rather, they contend that the defendants "provide[d] no evidence that any class member knew of the untrue statements and omissions." *Id.* at 6. Their strategy is clear—try to prevent defendants in these cases from getting discovery from class members on the issue of knowledge, and then argue that defendants have failed to provide evidence of knowledge.

1 | not apply, individualized questions of reliance will defeat class certification in a 10(b) case.
*Desai v. Deutsche Bank Sec. Ltd.*, 573 F.3d 931, 942 (9th Cir. 2009); *see also Basic Inc. v. Levinson*, 485 U.S. 224, 242 (1988) (absent fraud-on-the-market presumption, case could not proceed as class action "since individual issues would have overwhelmed the common ones").

*Third*, the court goes on to criticize the denial of class certification in the *New Jersey Carpenters Health Fund v. Residential Capital, LLC* case, suggesting that Judge Baer "nowhere explain[ed] why this individualized knowledge rendered class certification improper." *Slip op.* at 3. Again, the court's statement is incorrect. Judge Baer explained that knowledge of the alleged wrongful conduct in the "community of market participants" would "precipitate individual inquiries as to the knowledge of each member of the class" and therefore "defeat the predominance of common issues under Rule 23(b)(3)." *New Jersey Carpenters Health Fund v. Residential Capital, LLC*, 272 F.R.D. 160, 168 (S.D.N.Y. 2011) (internal quotations omitted).

*Fourth*, the *WaMu* court then reverts to its erroneous understanding of the issue and Ninth Circuit authority, suggesting that such a finding by Judge Baer would be contrary to Ninth Circuit law, which the court contends "defers questions about non-reliance to trial." *Slip op.* at 3. Judge Baer's decision does not concern reliance and, if it did, it would not be contrary to Ninth Circuit authority, which unquestionably permits consideration of issues of reliance at the class certification stage. *See, e.g.*, *Desai*, 573 F.3d at 942; *Binder v. Gillespie*, 184 F.3d 1059, 1065 (9th Cir. 1999) (affirming decertification of class where plaintiffs could not rely on any presumption of reliance); *see also In re LDK Solar Sec. Litig.*, 255 F.R.D. 519, 526 (N.D. Cal. 2009) (noting that, without fraud-on-the-market presumption, "class certification would be virtually impossible as individual questions regarding reliance would predominate over common questions"). Even the Ninth Circuit case cited by the *WaMu* court, *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 509 (9th Cir. 1992), considered reliance in affirming denial of class certification. Specifically, the court found that the claims of the named plaintiff posed particularized issues relating to reliance and therefore the named plaintiff was an inadequate representative under Rule 23. *Id.*

1       *Finally*, the *WaMu* court asserts that it is "not clear what relevance these twelve absent class members have to the question of what all the plaintiffs in the class knew." *Slip op.* at 4. This assertion completely misapprehends the predominance issue under Rule 23. The very point is that the level of knowledge of different putative class members may be *different*. It is unnecessary that the whole class had knowledge—a class cannot be certified if individualized inquiry will be needed to determine which class members did and which did not. *In re IPO Sec. Litig.*, 471 F.3d 24, 44 (2d Cir. 2006) (finding that attempt to exclude investors with knowledge from class definition did not ameliorate predominance problem because it would still require individualized inquiry regarding who possessed that knowledge and was therefore excluded).

      In short, the order in the *WaMu* case is premised on a failure to grasp the legal issue presented, an erroneous understanding of the law, and a misreading of Judge Baer's opinion in the *New Jersey Carpenters* case. For these reasons, the decision is not persuasive and should not be followed.

Dated: May 17, 2011                             MUNGER, TOLLES & OLSON LLP

                                                 /s/ *David H. Fry*
                                                 DAVID H. FRY

                                                 Attorneys for the Wells Fargo Defendants and the Individual Defendants