United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

|  |  |  |
|---|---|---|
| IN RE WELLS FARGO MORTGAGE-BACKED CERTIFICATES LITIGATION | ) ) ) ) ) | Case No.: 09-CV-01376-LHK<br><br>ORDER REGARDING REQUESTS TO SEAL |

On May 5, 2011, defendants in this case filed two Administrative Motions to File Under Seal (Dkt. Nos. 400 and 405). In the first-filed motion, Defendant Wells Fargo requests sealing of certain documents that were designated Confidential or Highly Confidential by other defendants (Credit Suisse Securities (USA) LLC and UBS Securities, LLC). In the second-filed motion, all defendants in this action request sealing of information including some information designated Confidential or Highly Confidential by plaintiffs. As the Court has previously held, pursuant to Local Rule 79-5(d), when a party moves to seal documents designated as sealable by another party, the designating party must file a supporting declaration within 7 days, or the sealing motion will be denied. No supporting declaration was filed by any party in response to either of the sealing motions referenced above.[1]

---

[1] However, defendants did submit supporting declarations regarding sealing of documents designated by defendants as Confidential or Highly Confidential and referenced in Dkt. No. 405. Accordingly, the Court will grant the request to seal as to defendants' designated information for which defendants request sealing in Dkt. No. 405.

1

Case No.: 09-CV-01376-LHK
ORDER REGARDING REQUESTS TO SEAL

1   If any party objects to the public filing of the documents identified in the above-referenced Administrative Motions to Seal, they shall file a declaration stating the basis for asserting confidentiality of each exhibit defendants seek to seal. This declaration must be filed **by May 31, 2011.** If no declaration is received, the Court will deny the sealing request as to the relevant documents.

The parties are cautioned that designation of documents as Confidential or Highly Confidential under the Protective Order does not make the documents sealable. To be sealed, information must be "privileged or protectable as a trade secret or otherwise entitled to protection under the law," and the party designating the information as confidential must establish that the information is sealable.

This is the second time that the Court has had to deny a request for sealing due to the failure of a party to submit a supporting declaration. Perhaps the parties designating the information as confidential have withdrawn the designation, and their failure to submit supporting declarations was intentional. If so, the designating parties should file a statement indicating this so that the parties requesting sealing can amend their sealing requests appropriately. If not, however, the Court notes that failure to submit supporting declarations impedes the Court's consideration of sealing requests and burdens the Court.

In the future, if any party fails to timely submit a supporting declaration in response to another party's administrative motion to seal information, the Court will simply deny sealing of information, and it will be made part of the public record per Civil Local Rule 79-5(d).

In addition, the Court would appreciate if both parties would indicate proposed redactions with highlighting (so that proposed redacted text is visible) rather than with marks completely obscuring the text. This will aid the Court's review of proposed redactions.

**IT IS SO ORDERED.**

Dated: May 24, 2011

_____
LUCY H. KOH
United States District Judge

2

Case No.: 09-CV-01376-LHK
ORDER REGARDING REQUESTS TO SEAL