| | |
|---|---|
| 1 | PILLSBURY WINTHROP SHAW PITTMAN LLP |
| 2 | BRUCE A. ERICSON (SBN 76342)<br>bruce.ericson@pillsburylaw.com |
| 3 | ANDREW D. LANPHERE (SBN 191479)<br>andrew.lanphere@pillsburylaw.com |
| 4 | 50 Fremont Street<br>Post Office Box 7880 |
| 5 | San Francisco, California 94120-7880<br>Telephone: (415) 983-1000 |
| 6 | Facsimile: (415) 983-1200 |
| 7 | |
| 8 | William G. McGuinness (pro hac vice)<br>william.mcguinness@friedfrank.com |
| 9 | Stephanie J. Goldstein (pro hac vice)<br>stephanie.goldstein@friedfrank.com |
| 10 | Shahzeb Lari (pro hac vice)<br>shahzeb.lari@friedfrank.com |
| 11 | FRIED, FRANK, HARRIS, SHRIVER<br>& JACOBSON LLP |
| 12 | One New York Plaza<br>New York, New York 10004 |
| 13 | Telephone: (212) 859-8000<br>Facsimile: (212) 859-4000 |
| 14 | |
| 15 | Attorneys for Defendants Goldman, Sachs & Co., JP Morgan Securities LLC, Bear, Stearns & Co., Inc., |
| 16 | Deutsche Bank Securities, Inc., UBS Securities, LLC, Credit Suisse Securities (USA) LLC, RBS Securities, |
| 17 | Inc. and Citigroup Global Markets, Inc. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

| | |
|---|---|
| In Re WELLS FARGO MORTGAGE-BACKED CERTIFICATES LITIGATION | Case No. 09-CV-01376 (LHK)<br><br>**CONSOLIDATED CLASS ACTION ECF**<br><br>**DECLARATION OF SHAHZEB LARI IN SUPPORT OF ADMINISTRATIVE MOTIONS TO SEAL CONFIDENTIAL MATERIAL (DOCS. 400, 422) AND IN COMPLIANCE WITH ORDER REGARDING REQUESTS TO SEAL (DOC. 421)** |

I, Shahzeb Lari, declare:

1. I am a partner in the New York office of Fried, Frank, Harris, Shriver & Jacobson LLP ("Fried Frank"), counsel of record in the above-captioned action for Goldman, Sachs & Co. ("Goldman Sachs"), J.P. Morgan Securities LLC ("J.P. Morgan"), Bear, Stearns & Co. ("Bear Stearns"), Deutsche Bank Securities, Inc. ("Deutsche Bank"), UBS Securities, LLC ("UBS"), Credit Suisse Securities (USA), LLC ("Credit Suisse"), RBS Securities, Inc. ("RBS") and Citigroup Global Markets, Inc. ("Citigroup") (collectively, the "Underwriter Defendants," and each an "Underwriter Defendant"). I am admitted to practice law in the state of New York and am admitted to practice law in the state of California *pro hac vice*. I have personal knowledge of the facts stated in this declaration and could testify to them competently if called upon to do so.

2. I make this declaration in compliance with the Court's Order Regarding Requests to Seal, filed May 24, 2011 (Doc. 421).

BACKGROUND:

3. On May 5, 2011, the Wells Fargo Defendants and Individual Defendants filed an administrative motion to seal confidential material (Docs. 400-401, the "Administrative Motion") in support of their Motion for Judgment on the Pleadings and Partial Summary Judgment (Doc. 402, the "Motion"). Exhibits 1, 2 and 3 of the Declaration of David H. Fry in Support of the Motion (Doc. 403, "Fry Declaration") consist of documents that have been marked by Credit Suisse and UBS as "Confidential" or "Highly Sensitive Confidential," and references to those Exhibits in the unredacted version of the Motion include information derived from documents that have been marked as "Confidential" or "Highly Sensitive Confidential," specifically the dates of certain transactions.

4. On May 26, 2011, Lead Plaintiffs filed an administrative motion (Doc. 422) to seal confidential material in connection with Lead Plaintiffs' Opposition to the Motion (Doc. 423, the "Opposition"), to the extent that (i) the Opposition refers to the same materials that Credit Suisse and

UBS had designated as "Confidential" or "Highly Sensitive Confidential" and that Wells Fargo had moved to file under seal; and (ii) Exhibit 3 of the Opposition refers to trading data designated by Bear Stearns as "Sensitive Highly Confidential." The documents referenced in the Motion and the Opposition and their respective Exhibits all include or refer to transaction records that are sensitive and highly confidential.

"SENSITIVE HIGHLY CONFIDENTIAL" DOCUMENTS:

5. Exhibit 1 of the Fry Declaration contains transaction records for the Wells Fargo Mortgage-Backed Securities 2006-AR8 Trust, which have been designated as "Sensitive Highly Confidential" by Credit Suisse. The underlying document contains confidential business information about the trading patterns of Credit Suisse in the mortgage-backed securities market, as well as private information such as names of Credit Suisse's customers and other identifying information. Therefore, Exhibit 1 should be maintained under seal.

6. Exhibits 2 and 3 of the Fry Declaration contain transaction records for the Wells Fargo Mortgage-Backed Securities 2006-6 and 2006-AR14 Trusts, which have been designated as "Sensitive Highly Confidential" by UBS. The underlying document contains confidential business information about the trading patterns of UBS in the mortgage-backed securities market, as well as private information such as names of UBS's customers and other identifying information. Therefore, Exhibits 2 and 3 should be maintained under seal.

7. Exhibit 3 to the Opposition consists of a transcript of the deposition of Bradford Cornell, in which Mr. Cornell refers to trading data from a document produced by Bear Stearns not attached to any filing as an exhibit, but which has been designated as "Sensitive Highly Confidential" (Cornell Transcript, 110:18-25, BS0000000023).

8. The information contained in Exhibits 1, 2 and 3 of the Fry Declaration and Exhibit 3 to the Opposition is proprietary to Credit Suisse, UBS and JP Morgan (as successor-in-interest to Bear Stearns) and their customers, and is not publicly available or accessible. The continued

business success of Credit Suisse, UBS and JP Morgan depends on their ability to maintain relationships with their customers by upholding their customers' expectations of discretion and confidentiality. As such, to disclose such sensitive and confidential commercial information would harm Credit Suisse, UBS and JP Morgan's customer relations and their standing in the industry. This type of data constitutes private customer identification, and/or other confidential or sensitive information which, if not kept confidential, could be injurious to the interests of Credit Suisse, UBS and JP Morgan's customers or others. This underlying document includes information protected from disclosure under federal and/or state law including the Gramm-Leach-Bliley Act, 15 U.S.C. §§ 6801 *et seq.*

AUTHORITY AND CASE LAW:

9. Compelling reason exists here for the continued sealing of Exhibits 1, 2 and 3 of the Fry Declaration, which contain documents designated as "Sensitive Highly Confidential," as well as the continued sealing of the unredacted version of the Motion, the Opposition and Exhibit 3 of the Opposition, which all contain references to documents marked "Sensitive Highly Confidential." *See Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010)(documents submitted in connection with a dispositive motion may be sealed if "a compelling reason" exists for the documents to be sealed). Those exhibits contain private customer information and confidential and highly sensitive business information, and prejudice to innocent third parties will result if such information is released to the public. Credit Suisse, UBS and JP Morgan's standing in the investment banking community would be harmed if they disclosed their proprietary trading practices and released customer names, in violation of their long held practices of protecting customer confidentiality and acting with discretion in sensitive business dealings. Conversely, the public has no interest in the internal business records of Credit Suisse, UBS or Bear Stearns/JP Morgan or the identity and trading activities of their customers.

10. Under these circumstances, courts, including the United States Supreme Court, have routinely permitted private financial information to be filed under seal. *See, e.g.*, *Nixon v. Warner Comm. Inc*., 435 U.S. 589, 597 (1978) (applying the compelling reason standard and granting petitioner's motion to seal, holding that "courts have refused to permit their files to serve as … sources of business information that might harm a litigant's competitive standing.") (internal citations omitted); *Network Appliance, Inc., v. Sun Microsystems Inc.,* 2010 WL 841274, *2 (N.D. Cal. March 10, 2010) (finding compelling reasons for sealing exhibits to a dispositive motion due to the confidential nature of the proprietary business information at issue and the competitive harm to third parties if that information were disclosed); *Sullivan v. Deutsche Bank Americas Holding Corp*., 2010 WL 3448608, *2 (S.D. Cal. Aug. 31, 2010) (finding that compelling reasons existed to seal documents based on "the likelihood of improper use by competitors and the proprietary nature of the confidential information," which was "not otherwise available to the public or their competitors," and which had "significant economic value to the petitioner); *Golden Boy Promotions, Inc. v. Top Rank, Inc.,* 2011 WL 686362, *2 (D. Nev. Feb. 17, 2011) (granting motion to seal because publication of a Term Sheet containing details of petitioner's "confidential business dealings could cause harm to the litigants' business and therefore constitutes a compelling reason to seal the details of the Term Sheet.").

ALTERNATIVE RELIEF:

11. If the Court is not inclined to permit the continued sealing of Exhibits 1, 2 and 3 of the Fry Declaration, the unredacted versions of the Motion and Opposition, and Exhibit 3 of the Opposition, Credit Suisse, UBS and JP Morgan respectfully request that Exhibits 1, 2 and 3 of the Fry Declaration and Exhibit 3 of the Opposition be returned to the submitting party, as set forth in N.D. Cal. Local Rule 79-5(e) ("If a request to file under seal is denied in part or in full, neither the lodged document nor any proposed redacted version will be filed. The clerk will notify the submitting party, hold the lodged document for three days for the submitting party to retrieve it ...").

09-cv-01376-[LHK] DECLARATION IN SUPPORT OF ADMINISTRATIVE MOTIONS   4

12. If the Court is not inclined to allow the continued sealing of Exhibits 1, 2 and 3 of the Fry Declaration, the unredacted versions of the Motion and the Opposition, and Exhibit 3 of the Opposition, or permit the return of Exhibits 1, 2 and 3 of the Fry Declaration and Exhibit 3 of the Opposition to the submitting parties, Credit Suisse, UBS and JP Morgan respectfully request that Exhibits 1, 2 and 3 of the Fry Declaration and Exhibit 3 of the Opposition be expunged and removed from the docket so as to protect the interests of the Credit Suisse, UBS and JP Morgan customers whose financial information is at stake. This remedy has been allowed in other cases involving bank customers' information that was included in litigation filings not involving those customers. *See In re Knoxville News-Sentinel Co., Inc.*, 723 F. 2d 470, 476 (6th Cir. 1983) ("[A]llowing removal of Exhibits 3 and 4 from [the Court's] file properly protected the identity and privacy of customers of the bank whose names were included in the two exhibits.").

I declare under penalty of perjury that the forgoing is true and correct, and that this declaration was executed on May 31, 2011 in New York, New York.

                                              ___*/s/ Shahzeb Lari*_____
                                                Shahzeb Lari

8147385