
BERNSTEIN LITOWITZ BERGER
   & GROSSMANN LLP
DAVID R. STICKNEY (Bar No. 188574)
TIMOTHY A. DeLANGE (Bar No. 190768)
MATTHEW P. JUBENVILLE (Bar No. 228464)
TAKEO A. KELLAR (Bar No. 234470)
JONATHAN D. USLANER  (Bar No. 256898)
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:    (858) 793-0070
Fax:   (858) 793-0323
davids@blbglaw.com
timothyd@blbglaw.com
matthewj@blbglaw.com
takeok@blbglaw.com
jonathanu@blbglaw.com

*Attorneys for Lead Plaintiffs Alameda County Employees' Retirement Association, Government of Guam Retirement Fund, Louisiana Sheriffs' Pension and Relief Fund, and New Orleans Employees' Retirement System*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

| | |
|---|---|
| IN RE WELLS FARGO MORTGAGE-BACKED CERTIFICATES LITIGATION | Civil Action No. 09-cv-01376-LHK(PSG)<br><br>CONSOLIDATED CLASS ACTION<br>ECF<br><br>**DECLARATION OF TIMOTHY A. DELANGE IN FURTHER SUPPORT OF LEAD PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>Judge:     Hon. Lucy H. Koh<br>Date:      June 23, 2011<br>Time      2:00 p.m.<br>Courtroom:  4, 5th Floor |

**REDACTED PUBLIC VERSION**

I, TIMOTHY A. DELANGE, declare as follows:

1. I am a partner with the law firm of Bernstein Litowitz Berger & Grossmann LLP ("BLB&G"), counsel for Alameda County Employees' Retirement Association, Government of Guam Retirement Fund, Louisiana Sheriffs' Pension and Relief Fund and New Orleans Employees' Retirement System (collectively, "Lead Plaintiffs"). I am licensed to practice law in the State of California and before this Court. I have personal knowledge of the facts stated in this declaration and could testify to them competently if called upon to do so.

2. I submit this Declaration in further support of Lead Plaintiffs' Motion for certification of this Action as a class action, and for the appointment of Lead Plaintiffs as Class Representatives and appointment of BLB&G as Class Counsel [ECF No. 348].

I. **SECURITIZATION**

3. Defendants' expert, Bradford Cornell, Ph.D., testified as follows at his May 20, 2011 deposition in this action:



A true and correct copy of the above excerpt of the transcript of Dr. Cornell's May 20, 2011 deposition is attached hereto as Exhibit 25 at 157:10-20.

4. Dr. Cornell further testified at his deposition as follows:



A true and correct copy of the above excerpt is attached hereto as Exhibit 25 at 109:20-110:3.

---

DECLARATION OF TIMOTHY A. DELANGE -1-
Case No. CV-09-01376-LHK (PSG)

## II. PURPORTED KNOWLEDGE

5. In Wells Fargo Defendants' Responses To Lead Plaintiffs' First Set Of Requests For Admission, Wells Fargo admitted each of the following:

- "[The Wells Fargo Defendants] have never told any of the Lead Plaintiffs that any statement in the Prospectuses or Prospectus Supplements was untrue" (RFA No. 59);

- "[The Wells Fargo Defendants] have never told any member of the proposed class that any statement in the Prospectuses or Prospectus Supplements was untrue" (RFA No. 60);

- "[The Wells Fargo Defendants] have never told any of the Lead Plaintiffs that the Originators failed to conform with their underwriting standards in originating the Loans" (RFA No. 61); and

- "[The Wells Fargo Defendants] have never told any member of the proposed class that the Originators failed to conform with their underwriting standards in originating the Loans" (RFA No. 62).

A true and correct copy of the Wells Fargo Defendants' Responses To Lead Plaintiffs' First Set of Requests For Admissions was submitted as Exhibit 9 to the February 11, 2011 Declaration of David R. Stickney [ECF No. 349].

6. Wells Fargo Defendants' Amended Response to Lead Plaintiffs' Interrogatory No. 7 provided, in relevant part, as follows:



A true and correct copy of Wells Fargo's Amended Response to Lead Plaintiffs' Second Set of Interrogatories is attached hereto as Exhibit 23.

7. Defendants' expert, Stephen Prowse, Ph.D., provided the following testimony at his May 12, 2011 deposition:



1  ███████████████████████████████████████████
2

3 A true and correct copy of the above excerpt of the transcript from Dr. Prowse's deposition is attached
4 hereto as Exhibit 24 at 58:14-59:4; *see also* 52:18-23.

5     8.     Dr. Prowse further testified concerning the information cited in his expert report
6 relating to investor knowledge as follows:



15 A true and correct copy of the above excerpts of the transcript from Dr. Prowse's deposition is attached
16 hereto as Exhibit 24 at 20:24-21:10 and 59:10-16.

17     9.     Defendants did not take the depositions of any of the Lead Plaintiffs' money managers
18 or investment advisors.

19 **III.**    **VALUATION & NEGATIVE CAUSATION**

20     10.    In Wells Fargo Defendants' Responses To Lead Plaintiffs' First Set of Requests For
21 Admission, Wells Fargo admitted each of the following:

22 - "[The] Certificates can be valued" (RFA No. 47); and
23 - "Wells Fargo has documents that reflect information provided by third party vendors
24    concerning their views regarding market pricing of some of the Certificates" (RFA Nos.
25    51-52).

26 A true and correct copy of the Wells Fargo Defendants' Responses To Lead Plaintiffs' First Set of
27 Requests For Admissions was submitted as Exhibit 9 to the February 11, 2011 Declaration of David R.
28 Stickney [ECF No. 349].

1    11.  In Wells Fargo's Amended Response to Lead Plaintiffs' Interrogatory No. 4, Wells Fargo stated, among other things, that ███████████████████████████████████████████████████████████████████████████████████ A true and correct copy of Wells Fargo's Amended Response to Lead Plaintiffs' Interrogatory No. 4, without Appendix A, is attached hereto as Exhibit 30.

12.  The 2007 Wells Fargo & Company Annual Report, at page 93, states the following:

> We also retained some AAA-rated floating-rate mortgage-backed securities. The fair value at the date of securitization was determined using quoted market prices.

A true and correct copy of Wells Fargo's 2007 Annual Report was submitted as Exhibit 2 to the February 11, 2011 Declaration of David R. Stickney [ECF No. 349].

13.  Dr. Cornell testified at his deposition that ████████████████████████████. A true and correct copy of Dr. Cornell's testimony in this regard is attached hereto as Exhibit 25 at 130:24-131:5.

14.  As to those Certificates that do not have IDC pricing data, Dr. Cornell testified as follows:



A true and correct copy of the above excerpt of the transcript of Dr. Cornell's deposition is attached hereto as Exhibit 25 at 166:15-167:11.

15.  Dr. Cornell testified that ████████████████████████████████████████

DECLARATION OF TIMOTHY A. DELANGE                                                        -4-
Case No. CV-09-01376-LHK (PSG)



A true and correct copy of the above excerpt of the transcript of Dr. Cornell's deposition is attached hereto as Exhibit 25 at 131:9-21.

16. Dr. Cornell testified that ███████████████████████████. He testified:



A true and correct copy of the above excerpt of the transcript of Dr. Cornell's deposition is attached hereto as Exhibit 25 at 57:16-58:5.

## IV. **ADEQUACY**

17. On July 16, 2009, the Honorable Susan Illston selected New Orleans Employees' Retirement System, Louisiana Sheriffs' Pension and Relief Fund, Government of Guam Retirement Fund, and Alameda County Employees' Retirement Association to serve as Lead Plaintiffs. *See* ECF No. 124.

18. In their PSLRA Certifications, Lead Plaintiffs each averred that they were "willing to serve as a representative party on behalf of the Class, including providing testimony at deposition and trial." True and correct copies of Lead Plaintiffs' PSLRA Certifications were submitted as Exhibit 13 to the February 11, 2011 Declaration of David R. Stickney [ECF No. 349].

19. In a Joint Declaration submitted in this Action, Lead Plaintiffs further averred, at Paragraphs 7 and 9, as follows:

> The Public Funds are each dedicated to maximizing the recovery to members of the class in this action. In accordance with the mandate of the PSLRA, it is an important function of public pension funds to serve the public interest as Lead Plaintiffs in securities class actions. We have, therefore, based upon our significant financial interest,

> unity of interest and purchases of differing certificates, agreed to jointly prosecute the Wells Fargo mortgage pass-through securities class action if appointed as Lead Plaintiffs by the Court.
>
> \* \* \*
>
> We understand further that it is the obligation of the Lead Plaintiffs and Lead Counsel to vigorously prosecute the action on behalf of all class members and to maximize the recovery obtainable by all class members from all culpable parties.

A true and correct copy of the Joint Declaration of Jerome Davis, Osey McGee, Jr., Joe T. San Agustin, and Robert L. Gaumer In Support Of The Public Funds' Motion For Appointment As Lead Plaintiffs [ECF No. 54] is attached hereto as Exhibit 29.

20. In the course of discovery, Lead Plaintiffs combined have produced over 51,000 pages of documents.

21. Each of the Lead Plaintiffs sat for their depositions in this action. Mr. Robert Gaumer and Ms. Betty Tse, on behalf of Alameda County Employees' Retirement Association, were deposed on April 20, 2011. Mr. Jerome Davis, on behalf New Orleans Employees' Retirement System, was deposed on April 15, 2011. Mr. "Skip" Osey McGee, Jr., on behalf of Louisiana Sheriffs' Pension and Relief Fund, was deposed on April 13, 2011. Mr. Gerard A. Cruz, on behalf of the Government of Guam Retirement Fund, was deposed on April 27, 2011.

22. Each of the Lead Plaintiffs responded to the Wells Fargo Defendants' written discovery requests.

23. Lead Plaintiffs have propounded and obtained discovery from the Defendants relating to all of the Certificates, not merely the ones purchased by Lead Plaintiffs.

## V. SUPERIORITY

24. Since the Court's October 19, 2010 Order denying Defendants' motion to dismiss, in part, the parties have engaged in extensive discovery, including 15 depositions and the production and review of over 4.25 million pages of documents.

25. Mr. Jerome Davis, the 30(b)(6) representative for Lead Plaintiff New Orleans Employees' Retirement System, testified at his deposition as follows:

> Q. And so I am asking you if, in fact, this is not at least an overstatement, it would be impossible for members of the class to individually redress the wrongs done to them?
> **A. I think we are almost dealing with semantics in there. Because members of the class in the aggregate, probably 99 percent of them would be unable to pursue litigation on their own. It is that one percent that, the Warren Buffets of the world,**

DECLARATION OF TIMOTHY A. DELANGE -6-
Case No. CV-09-01376-LHK (PSG)

**the Kluge family, the others who literally have billions in the marketplace, clearly they can do whatever they wish to do financially on their own behalf.**

A true and correct copy of the above excerpt of the transcript of Mr. Davis' April 15, 2011 deposition is attached hereto as Exhibit 28 at 161:8-24.

26. Mr. Gerard Cruz, the 30(b)(6) representative for the Government of Guam Retirement Fund, testified that "the decision to go forward as a class seemed to be the most efficient means to go about this for us" and that "legal fees, if we had to go it alone and bear the full cost of it alone, would have been extraordinarily high." A true and correct copy of the excerpts containing such testimony from the transcript of Mr. Cruz's April 27, 2011 deposition is attached hereto as Exhibit 27 at 323:13-19 and 322:5-14.

## VI. NUMEROSITY

27. At his deposition, Defendants' expert, Dr. Prowse, testified as follows:



A true and correct copy of the above excerpt of the transcript of Mr. Prowse's May 12, 2011 deposition is attached hereto as Exhibit 24 at 77:22-78:14.

28. Attached hereto as Exhibit 26 is a true and correct copy of an Order of the Second Circuit Court of Appeals, dated April 28, 2011, granting a petition pursuant to Fed. R. Civ. P. 23(f) for leave to appeal the District Court's Order denying Petitioners' motion for class certification in *New Jersey Carpenters Health Fund, et al. v. HarborView Mortgage Loan Trust 2006-4, et al.,* No. 08-CV-5093(HB) (S.D.N.Y.).

I declare under penalty of perjury that the foregoing facts are true and correct and that this declaration was executed on June 2, 2011, in San Diego, California.

                                                */s/ Timothy A. DeLange*
                                                TIMOTHY A. DELANGE