PILLSBURY WINTHROP SHAW PITTMAN LLP
BRUCE A. ERICSON (SBN 76342)
bruce.ericson@pillsburylaw.com
ANDREW D. LANPHERE (SBN 191479)
andrew.lanphere@pillsburylaw.com
50 Fremont Street
Post Office Box 7880
San Francisco, California 94120-7880
Telephone: (415) 983-1000
Facsimile: (415) 983-1200

William G. McGuinness (pro hac vice)
william.mcguinness@friedfrank.com
Stephanie J. Goldstein (pro hac vice)
stephanie.goldstein@friedfrank.com
Shahzeb Lari (pro hac vice)
shahzeb.lari@friedfrank.com
FRIED, FRANK, HARRIS, SHRIVER
& JACOBSON LLP
One New York Plaza
New York, New York 10004
Telephone: (212) 859-8000
Facsimile: (212) 859-4000

Attorneys for Defendants Goldman, Sachs & Co., JP Morgan Securities LLC, Bear, Stearns & Co., Inc., Deutsche Bank Securities, Inc., UBS Securities, LLC, Credit Suisse Securities (USA) LLC, RBS Securities, Inc. and Citigroup Global Markets, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

| | |
|---|---|
| In Re WELLS FARGO MORTGAGE-BACKED CERTIFICATES LITIGATION | Case No. 09-CV-01376 (LHK)<br><br>**CONSOLIDATED CLASS ACTION ECF**<br><br>**DECLARATION OF SHAHZEB LARI IN SUPPORT OF ADMINISTRATIVE MOTION TO FILE UNDER SEAL MATERIALS IN CONNECTION WITH LEAD PLAINTIFFS' REPLY IN FURTHER SUPPORT OF MOTION FOR CLASS CERTIFICATION (DOC. 430)** |

I, Shahzeb Lari, declare:

1. I am a partner in the New York office of Fried, Frank, Harris, Shriver & Jacobson LLP ("Fried Frank"), counsel of record in the above-captioned action for Goldman, Sachs & Co. ("Goldman Sachs"), J.P. Morgan Securities LLC ("J.P. Morgan"), Bear, Stearns & Co. ("Bear Stearns"), Deutsche Bank Securities, Inc. ("Deutsche Bank"), UBS Securities, LLC ("UBS"), Credit Suisse Securities (USA), LLC ("Credit Suisse"), RBS Securities, Inc. ("RBS") and Citigroup Global Markets, Inc. ("Citigroup") (collectively, the "Underwriter Defendants," and each an "Underwriter Defendant"). I am admitted to practice law in the state of New York and am admitted to practice law in the state of California *pro hac vice*. I have personal knowledge of the facts stated in this declaration and could testify to them competently if called upon to do so.

BACKGROUND:

2. On June 2, 2011, the Lead Plaintiffs filed an Administrative Motion to Seal Materials (Doc. 430, the "Administrative Motion") in Connection with Lead Plaintiffs' Reply in Further Support of Motion for Class Certification (Doc. 431, the "Reply"). Exhibit 25 of the Declaration of Timothy A. DeLange in Support of the Reply (Doc. 431-1, "June 2 DeLange Declaration") consists of a transcript of the May 20, 2011 deposition of Dr. Bradford Cornell (the "Cornell Transcript"). Portions of the Cornell Transcript refer to data contained in trading records designated by Bear Stearns and J.P. Morgan, as successor-in-interest to Bear Stearns, as "Sensitive Highly Confidential."

3. On May 31, 2011, I filed a Declaration in support of sealing the same passages of the Cornell Transcript, as a copy of the deposition transcript was also attached as Exhibit 3 to the Declaration of Timothy A. DeLange ("May 26 DeLange Declaration") in Support of Lead Plaintiffs' Opposition to the Wells Fargo and Individual Defendants' Motion for Judgment on the Pleadings and Partial Summary Judgment (the "Opposition") (Dkt. No. 423-1), which contained the same

references to "Sensitive Highly Confidential" information. The document contained in these Exhibits refers to data obtained from transaction records that are sensitive and highly confidential.

EXHIBIT 25: A "SENSITIVE HIGHLY CONFIDENTIAL" DOCUMENT

4. Exhibit 25 to the June 2 DeLange Declaration consists of a transcript of the May 20, 2011 deposition of expert witness Bradford Cornell, in which Mr. Cornell refers to footnote 7 of his expert report, which in turn refers to trading data from a document produced by Bear Stearns not attached to any filing as an exhibit, but which has been designated as "Sensitive Highly Confidential" (Cornell Transcript, 110:18-25, BS0000000023).

5. The information contained in Exhibit 25 reveals the identities of purchasers in the WFMBS 2006-AR4 Trust, which was underwritten by Bear Stearns. This information is proprietary to J.P. Morgan (as successor-in-interest to Bear Stearns) and their customers, and is not publicly available or accessible. The continued business success of J.P. Morgan depends on its ability to maintain relationships with its customers by upholding its customers' expectations of discretion and confidentiality. As such, to disclose such sensitive and confidential commercial information would harm J.P. Morgan's customer relations and their standing in the industry. This type of data constitutes private customer identification, and/or other confidential or sensitive information which, if not kept confidential, could be injurious to the interests of J.P. Morgan's customers or others. This underlying document includes information protected from disclosure under federal and/or state law including the Gramm-Leach-Bliley Act, 15 U.S.C. §§ 6801 *et seq.*

6. Lines 18-25 on page 110 of the Cornell Transcript should thus be redacted in any publicly filed version of Exhibit 25, and the unredacted version of Exhibit 25 should remain under seal.

AUTHORITY AND CASE LAW:

7. In order to seal documents filed as exhibits in connection with a non-dispositive motion such as class certification, a showing of "good cause" is sufficient. Fed. R.Civ.P. 26(c) states that if "good cause" is shown in discovery, a district court may issue "any order which justice

1  requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden
2  or expense." A "good cause" standard, as opposed to the higher, "compelling reason" standard,
3  applies to the sealed filing of documents attached to non-dispositive motions because those
4  documents are often "'unrelated, or only tangentially related, to the underlying cause of action.'"
5  *Phillips v. G.M. Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002) (quoting *Seattle Times Co. v. Rhinehart*,
6  467 U.S. 20, 33 (1984)); *Nygren v. Hewlett-Packard Co.*, 2010 WL 2107434, *2, Case No. C07-
7  05793 JW HRL (N.D. Cal. May, 25, 2010) ("a class certification motion is not dispositive in the
8  context of a motion to seal because it involves procedural requirements, rather than the merits of the
9  underlying claim"). Trial courts have been afforded the power to seal their records when, as here,
10 interests of privacy outweigh the public's right to know. *Brown & Williamson*, 710 F.2d 1165, 1179
11 (6th Cir. 1983); *Nygren*, 2010 WL 2017434 at *3.

    8.    Good cause exists here for the continued sealing of Exhibit 25, which refers to material designated as "Sensitive Highly Confidential," because that Exhibit contains identifying customer information, and prejudice to innocent third parties will result if such information is released to the public. Conversely, the public has no interest in the identity of Bear Stearns's customers in the specific transaction referred to in Exhibit 25. Under these circumstances, courts have routinely permitted private financial information to be filed under seal. *See, e.g., Foltz v. States Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1130 n.4 (9th Cir. 2003) (financial information about third parties satisfies the "good cause" standard to justify protection from disclosure); *Labrador v. Seattle Mortg. Co.*, 2010 WL 3768378, *7 n.7, Case No. 08-2270 SC (N.D. Cal. Sept. 22, 2010) (noting that court had granted motion to file confidential financial information under seal); *Patriot Rail Corp. v. Sierra R. Co.*, 2010 WL 2179499, *1 n.2, Case No. CIV S-09-0009 MCE EFB (E.D. Cal. May 26, 2010) (granting motion to seal because exhibit contains confidential financial information).

ALTERNATIVE RELIEF:

1. If the Court is not inclined to permit the continued sealing of the portions of Exhibit 25 that contain references to Sensitive Highly Confidential Information, J.P. Morgan respectfully request that Exhibit 25 be returned to the submitting party, as set forth in N.D. Cal. Local Rule 79-5(e) ("If a request to file under seal is denied in part or in full, neither the lodged document nor any proposed redacted version will be filed. The clerk will notify the submitting party, hold the lodged document for three days for the submitting party to retrieve it ...").

2. If the Court is not inclined to allow the continued sealing of Exhibit 25, or permit the return of Exhibit 25 to the submitting parties, J.P. Morgan respectfully requests that Exhibit 25 be expunged and removed from the docket so as to protect the interests of the J.P. Morgan customer whose financial information is at stake. This remedy has been allowed in other cases involving bank customers' information that was included in litigation filings not involving those customers. *See In re Knoxville News-Sentinel Co., Inc.*, 723 F. 2d 470, 476 (6th Cir. 1983) ("[A]llowing removal of Exhibits 3 and 4 from [the Court's] file properly protected the identity and privacy of customers of the bank whose names were included in the two exhibits.").

I declare under penalty of perjury that the forgoing is true and correct, and that this declaration was executed on June 9, 2011 in New York, New York.

                                               ___*/s/ Shahzeb Lari*___
                                                     Shahzeb Lari

8157982