BERNSTEIN LITOWITZ BERGER
   & GROSSMANN LLP
DAVID R. STICKNEY (Bar No. 188574)
TIMOTHY A. DeLANGE (Bar No. 190768)
MATTHEW P. JUBENVILLE (Bar No. 228464)
TAKEO A. KELLAR (Bar No. 234470)
JONATHAN D. USLANER (Bar No. 256898)
PAUL M. JONNA (Bar No. 265389)
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:    (858) 793-0070
Fax:   (858) 793-0323
davids@blbglaw.com
timothyd@blbglaw.com
matthewj@blbglaw.com
takeok@blbglaw.com
jonathanu@blbglaw.com
paulj@blbglaw.com

*Attorneys for Lead Plaintiffs Alameda County Employees' Retirement Association, Government of Guam Retirement Fund, New Orleans Employees' Retirement System and Louisiana Sheriffs' Pension and Relief Fund*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

| | |
|---|---|
| IN RE WELLS FARGO MORTGAGE-BACKED CERTIFICATES LITIGATION | Civil Action No. 09-cv-01376-LHK (PSG)<br><br>CONSOLIDATED CLASS ACTION<br>ECF<br><br>**DECLARATION OF TIMOTHY A. DeLANGE IN SUPPORT OF LEAD PLAINTIFFS' OPPOSITION TO THE WELLS FARGO DEFENDANTS' AND INDIVIDUAL DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AND PARTIAL SUMMARY JUDGMENT**<br><br>Judge:     Hon. Lucy H. Koh<br>Date:      July 21, 2011<br>Time:     1:30 p.m.<br>Courtroom:  4, 5th Floor |

1  I, Timothy A. DeLange, do hereby declare as follows:

2      1.    I am a partner with the law firm of Bernstein Litowitz Berger & Grossmann LLP, counsel for New Orleans Employees' Retirement System ("New Orleans"), Louisiana Sheriffs' Pension and Relief Fund ("Louisiana"), Government of Guam Retirement Fund ("Guam"), and Alameda County Employees' Retirement Association ("Alameda") (collectively, "Lead Plaintiffs"). I submit this declaration in support of Lead Plaintiffs' Opposition To Wells Fargo Defendants' And Individual Defendants' Motion For Judgment On The Pleadings and Partial Summary Judgment. I am familiar with the facts set forth below and am able to testify to them. Pursuant to the Court's Order Regarding Requests to Seal dated June 10, 2011 [ECF No. 435], this declaration includes Exhibit 3, in which the information cited at page 110, lines 18-25, only, is redacted.

    2.    On January 29, 2009, the first class action complaint asserting Securities Act of 1933 ("Securities Act") claims related to Wells Fargo mortgage-backed securities was filed in the Southern District of New York. *Boilermaker-Blacksmith Nat'l Pension Trust v. Wells Fargo Mortg.-Backed Sec. 2006-AR1 Trust, et al.*, No. 09-cv-0833 ("Boilermaker Action"). Attached hereto as Exhibit 1 is a true and correct copy of the complaint in the Boilermaker Action. On February 3, 2009, the Boilermakers published notice of the commencement of the Boilermaker Action pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"). Attached hereto as Exhibit 2 is a true and correct copy of the February 3, 2009 PSLRA notice issued in the Boilermaker Action.

    3.    Attached hereto as Exhibit 3 is a true and correct copy of excerpts from the deposition transcript of Wells Fargo's expert witness, Bradford Cornell, Ph.D., dated May 20, 2011.

    4.    On March 27, 2009, the General Retirement System of the City of Detroit filed a complaint in the Northern District of California asserting claims relating to 22 Wells Fargo Offerings. Attached hereto as Exhibit 4 is a true and correct copy of the March 31, 2009 PSLRA notice issued in the Detroit Action.

    5.    Discovery is this action was stayed in accordance with the PSLRA until after the issuance of the October 19 Order regarding Defendants' Motion to Dismiss. Since the October 19 Order, the parties have engaged in extensive discovery, including 15 depositions and the production and review of millions of pages of documents. Discovery is ongoing and far from complete. The date

1  for substantial completion of document production is currently June 15, 2011. Minute Order and Case Management Order, ECF No. 301. The fact discovery cut-off is currently September 15, 2011. *Id.*

6. On May 5, 2011, Wells Fargo filed the Motion Of Wells Fargo Defendants And Individual Defendants For Judgment On The Pleadings And Partial Summary Judgment. In its motion, Wells Fargo contends that "contracts of sale" existed more than three years before claims related to certain Offerings were first asserted. In support of its motion, Wells Fargo submitted certain spreadsheets summarizing securities transactions, claiming they constitute "contracts of sale."

7. Pursuant to Federal Rule of Civil Procedure 56(d), I submit the following specified reasons why Lead Plaintiffs cannot currently present facts relating to these spreadsheets to justify their opposition to this portion of Wells Fargo's motion. As detailed in Lead Plaintiffs' Memorandum In Opposition To Wells Fargo's Motion, Lead Plaintiffs' claims on each of the 17 Offerings are timely, irrespective of the dates of the purported "contracts of sale." Accordingly, Lead Plaintiffs have not conducted extensive and compete discovery into these spreadsheets.

8. If afforded the opportunity, however, Lead Plaintiffs are prepared to conduct discovery regarding these three spreadsheets. For example, Wells Fargo does not submit the actual contracts or agreements related to the sale of the securities at issue. Lead Plaintiffs are prepared to serve document requests seeking all documents and communications related to the sale of the securities in the challenged Offerings, including all documents and communications relating to the purported contracts of sale represented in the three spreadsheets. Such documents and communications that have not yet been produced in this litigation likely include, but are not limited to, actual agreements or contracts, sales presentations, communications and negotiations regarding the purchase and sale of the securities, trade tickets, trade confirmations and closing documents. Additionally, Lead Plaintiffs are prepared to conduct depositions of persons familiar with the sale process for these securities including current and/or former employees of Wells Fargo and the Underwriter Defendants. Depositions would likely provide testimony regarding the information in the spreadsheets and the purported "contracts of sale," including the process by which the Defendants sold the securities, the marketing of the securities to investors, sales presentations, negotiation of the structure of the securities and negotiations and communications regarding the agreements or contracts to purchase the securities.

1  I declare under penalty of perjury that the foregoing facts are true and correct and that this
2  declaration was executed this 14th day of June, 2011.

>  /s/ *Timothy A. DeLange*
>  TIMOTHY A. DeLANGE