UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| IN RE WELLS FARGO MORTGAGE-BACKED CERTIFICATES LITIGATION | Civil Action No. 09-cv-01376-LHK<br><br>CONSOLIDATED CLASS ACTION - ECF<br><br>**STIPULATION OF SETTLEMENT** |

1    Subject to the approval of the Court, this Stipulation of Settlement (the "Stipulation" or the

2 "Settlement") is entered in the above-captioned consolidated class action (the "Action") between and

3 among the Alameda County Employees' Retirement Association, Government of Guam Retirement

4 Fund, New Orleans Employees' Retirement System and Louisiana Sheriffs' Pension and Relief Fund

5 (collectively, "Lead Plaintiffs"), on behalf of themselves and the Settlement Class (as hereinafter

6 defined); General Retirement System of the City of Detroit, Vermont Pension Investment Committee,

7 Public Employees' Retirement System of Mississippi, Policemen's Annuity & Benefit Fund of the City

8 of Chicago, Southeastern Pennsylvania Transportation Authority, Plumbers & Steamfitters Local 60

9 Pension Plan, and First Star Bank; and Wells Fargo Bank, N.A. and Wells Fargo Asset Securities

10 Corporation (together, "Wells Fargo"), Goldman, Sachs & Co., Bear Stearns & Co., Inc. (including J.P.

11 Morgan Securities LLC, as successor-in-interest), Deutsche Bank Securities, Inc., UBS Securities,

12 LLC, Credit Suisse Securities (USA) LLC, RBS Securities Inc., f.k.a. Greenwich Capital Markets, Inc.,

13 Banc of America Securities, LLC, Citigroup Global Markets, Inc., Merrill Lynch, Pierce, Fenner &

14 Smith Incorporated, David Moskowitz Franklin Codel, Douglas K. Johnson, Thomas Neary, and the

15 Wells Fargo Mortgage Backed Securities 2006-AR15 Trust (hereinafter referred to collectively as the

16 "Settling Parties"). The Settlement is intended to fully, finally and forever resolve, discharge and settle

17 the Settled Claims (defined below) on the terms set forth herein.

18    WHEREAS:

19    A.    All terms with initial capitalization shall have the meanings ascribed to them in

20 paragraph 1 below.

21    B.    On March 27, 2009, plaintiff General Retirement System of Detroit ("Detroit General")

22 filed a complaint against Wells Fargo and certain other defendants in the United States District Court

23 for the Northern District of California, Case No. 09-CV-01376-SI (N.D. Cal.) ("Detroit Action"),

24 asserting claims under §§ 11, 12 and 15 of the Securities Act of 1933 (the "Securities Act"). On

25 March 31, 2009, pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"),

26 Detroit General published a notice of its action to investors, which provided a deadline to seek lead

27 plaintiff appointment by June 1, 2009.

28

1    C.    On April 13, 2009, plaintiff New Orleans Employees' Retirement System ("New

2    Orleans") filed a related action in the Northern District of California, Case No. 09-CV-01620 (CRB)

3    (N.D. Cal.) ("New Orleans Action"), alleging violations of Sections 11, 12(a)(2) and 15 of the

4    Securities Act.  On April 14, 2009, New Orleans published notice of its action, and informed investors

5    of the June 1, 2009 deadline to file a motion for lead plaintiff appointment.

6    D.    By Order dated July 16, 2009, the Court appointed Lead Plaintiffs as lead plaintiffs, and

7    Bernstein Litowitz Berger & Grossmann LLP as lead counsel, and consolidated the Detroit Action and

8    New Orleans Action into this Action.

9    E.    On April 22, 2010, the Court granted in part and denied in part defendants' motions to

10   dismiss Lead Plaintiffs' initial Consolidated Class Action Complaint, granting the rating agencies'

11   motion to dismiss and granting in part and denying in part other defendants' motions to dismiss.

12   F.    Thereafter, on May 28, 2010, Lead Plaintiffs filed the operative complaint in the Action,

13   the Amended Consolidated Class Action Complaint (the "Complaint"), which added five additional

14   named plaintiffs that purchased in ten offerings previously dismissed by the Court.  The additional

15   named plaintiffs are Vermont Pension Investment Committee, the Public Employees' Retirement

16   System of Mississippi, the Policemen's Annuity & Benefit Fund of the City of Chicago, the

17   Southeastern Pennsylvania Transportation Authority, and the Plumbers & Steamfitters Local 60

18   Pension Plan.  The Complaint asserts claims under Sections 11, 12(a)(2) and 15 of the Securities Act on

19   behalf of persons or entities who purchased or otherwise acquired mortgage pass-through certificates in

20   certain offerings pursuant or traceable to Wells Fargo Asset Securities Corporation's July 29, 2005

21   Registration Statement, as amended; October 20, 2005 Registration Statement, as amended; or

22   September 27, 2006 Registration Statement, as amended, and the accompanying prospectuses and

23   prospectus supplements.  Defendants named in the Complaint are Wells Fargo Asset Securities

24   Corporation; Wells Fargo Bank, N.A.; Goldman, Sachs & Co.; Bear Stearns & Co., Inc. (of which J.P.

25   Morgan Securities LLC is the successor-in-interest); Deutsche Bank Securities, Inc.; UBS Securities,

26   LLC; Credit Suisse Securities (USA) LLC; RBS Securities Inc., f.k.a.  Greenwich Capital Markets,

27   Inc.; Banc of America Securities, LLC; Citigroup Global Markets, Inc.; Merrill Lynch, Pierce, Fenner

28

1  & Smith Incorporated; and David Moskowitz, Franklin Codel, Douglas K. Johnson, and Thomas

2  Neary.

3          G.      On June 25, 2010, Defendants filed motions to dismiss the Complaint.

4          H.      On August 13, 2010, Detroit General filed a motion to intervene as a representative

5  plaintiff in the Action to pursue claims on behalf of investors who purchased securities in the Wells

6  Fargo Mortgage Backed Securities 2006-AR15 Trust.  On September 16, 2010, Lead Plaintiffs filed a

7  statement of non-opposition to the motion to intervene, and defendants and non-party First Star Bank

8  filed oppositions to the motion.

9          I.      On October 5, 2010, the Court granted the Wells Fargo Defendants' motion to dismiss

10  as to certain claims and denied the motion with respect to other claims.

11          J.      On October 19, 2010, the Court granted the motion to dismiss with prejudice of certain

12  underwriter defendants in the Action.  It held, *inter alia*, that the claims pursued by the additional

13  plaintiffs based on ten offerings (WFMBS 2007-10, 2007-13, 2007-AR4, 2006-7, 2006-10, 2006-

14  AR16, 2006-AR19, 2006-18, 2006-20 Trusts and the Wells Fargo Alternative Loan 2007-PA1 Trust)

15  were untimely.  In the same order, the Court dismissed on the same grounds the claims based on

16  WFMBS 2006-AR15 Trust pursued by proposed intervener Detroit General.  The additional plaintiffs,

17  First Star Bank, and Detroit General have appealed the dismissal to the United States Court of Appeals

18  for the Ninth Circuit.

19          K.      On November 23, 2010, defendants filed Answers to the Complaint.

20          L.      On February 11, 2011, Lead Plaintiffs filed a Motion for Class Certification, including

21  an expert report and other supporting material (the "Class Certification Motion").  On May 5, 2011,

22  Wells Fargo and the Individual Defendants filed an opposition to the Class Certification Motion, in

23  which the other defendants joined.  Lead Plaintiffs filed their reply brief on June 2, 2011.

24          M.      On May 5, 2011, Wells Fargo and the Individual Defendants filed a motion for judgment

25  on the pleadings and partial summary judgment, which Lead Plaintiffs opposed on May 26, 2011.

26  Wells Fargo and the Individual Defendants filed a reply brief on June 2, 2011.

27          N.      On June 1, 2011, at the request of counsel for Lead Plaintiffs and counsel for Wells

28  Fargo and the Individual Defendants, the Court held a telephonic conference wherein the parties

represented that after extensive negotiations they had reached an agreement in principle to settle the Action.  On June 2, 2011, counsel for Lead Plaintiffs and counsel for Wells Fargo and the Individual Defendants executed a Confidential Term Sheet to Settle Class Action reflecting an agreement in principle to settle the Action for $125 million.

O.     Defendants expressly deny any and all allegations of wrongdoing, fault, liability or damages whatsoever, deny that they committed any violation of law and believe that the Action has no merit.  This Stipulation shall in no way be construed or deemed to be evidence of, or an admission or concession on the part of any of the Defendants with respect to, any claim of fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted.  This Stipulation shall not be construed or deemed to be a concession by Lead Plaintiffs of any infirmity in the claims asserted in the Action.

P.     Lead Counsel has conducted extensive discovery relating to the claims and the underlying events and transactions alleged in the Complaint.  Lead Counsel has analyzed evidence adduced in discovery, including analyzing a substantial volume of documents from Defendants and third parties and examining witnesses, and has researched the applicable law with respect to the claims of Lead Plaintiffs and the Settlement Class against Defendants, as well as the potential defenses thereto.

Q.     Based upon its investigation, Lead Counsel has concluded that the terms and conditions of this Stipulation are fair, reasonable and adequate to Lead Plaintiffs and the Settlement Class, and in their best interests, and have agreed to settle the claims raised in the Action pursuant to the terms and provisions of this Stipulation, after considering (i) the substantial benefits that Lead Plaintiffs and the members of the Settlement Class will receive from resolution of the Action as against the Defendants, (ii) the attendant risks of litigation, and (iii) the desirability of permitting the Settlement to be consummated as provided by the terms of this Stipulation.

R.     The Settling Parties agree that certification of a class, for settlement purposes only, is appropriate in the Action.  For purposes of this Settlement only, the Settlement Class comprises all members of the Settlement Class, as defined in paragraph 1(nn) below.  Nothing in this Stipulation shall serve in any fashion, either directly or indirectly, as evidence or support for certification of a class other than for settlement purposes, and the Settling Parties intend that the provisions herein concerning

certification of the Settlement Class shall have no effect whatsoever in the event the Settlement does not become Final.

NOW THEREFORE, without any admission or concession on the part of Lead Plaintiffs of any lack of merit of the Action whatsoever, and without any admission or concession of any liability or wrongdoing or lack of merit in the defenses whatsoever by Defendants, it is hereby STIPULATED AND AGREED, by and among Lead Plaintiffs and Defendants, through their respective attorneys, subject to approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the parties hereto from the Settlement, that all Settled Claims as against the Released Parties and all Released Parties' Claims shall be fully, finally and forever compromised, settled, released, discharged and dismissed with prejudice, upon and subject to the following terms and conditions:

**DEFINITIONS**

1.      As used in this Stipulation, the following terms shall have the meanings specified below.

(a)      "Authorized Claimant" means a Class Member who submits a timely and valid Proof of Claim Form to the Claims Administrator (in accordance with the requirements established by the Court) that is approved for payment from the Net Settlement Fund.

(b)      "Claim" means a completed and signed Proof of Claim Form submitted to the Claims Administrator in accordance with the instructions on the Proof of Claim Form.

(c)      "Claim Form" or "Proof of Claim Form" means the Proof of Claim Form and Release (substantially in the form attached hereto as Exhibit A-2 to Exhibit A) that a Claimant or Class Member must complete if that Claimant or Class Member seeks to be eligible to share in a distribution of the Net Settlement Fund.

(d)      "Claimant" means a person or entity that submits a Claim Form to the Claims Administrator seeking to be eligible to share in the proceeds of the Net Settlement Fund.

(e)      "Claims Administrator" means The Garden City Group, Inc., or other claims administrator selected by Lead Counsel.

(f)      "Class Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

(g)    "Class Member" or "Settlement Class Member" means a person or entity that is a member of the Settlement Class and that does not exclude himself, herself or itself by timely filing a request for exclusion in accordance with the requirements set forth in the Notice.

(h)    "Class Representatives" means Alameda County Employees' Retirement Association, Government of Guam Retirement Fund, New Orleans Employees' Retirement System, Louisiana Sheriffs' Pension and Relief Fund, General Retirement System of the City of Detroit, Vermont Pension Investment Committee, Public Employees' Retirement System of Mississippi, Policemen's Annuity & Benefit Fund of the City of Chicago, Southeastern Pennsylvania Transportation Authority, and Plumbers & Steamfitters Local 60 Pension Plan.

(i)    "Complaint" means the Amended Consolidated Class Action Complaint filed by Lead Plaintiffs in the Action on May 28, 2010.

(j)    "Court" means the United States District Court for the Northern District of California.

(k)    "Defendants" means Wells Fargo, the Individual Defendants, and the Underwriter Defendants.

(l)    "Defendants' Counsel" means the law firms of Munger, Tolles & Olson LLP; Pillsbury Winthrop Shaw Pittman LLP; and Fried, Frank, Harris, Shriver & Jacobson LLP.

(m)    "Dismissal Order(s)" means the notices of voluntary dismissal to be entered in the following appellate proceedings upon all other conditions to the Effective Date having occurred: *General Retirement System of the City of Detroit v. Goldman Sachs & Co.,* Case No. 10-17647 (9th Cir.); *Vermont Pension Investment Committee v. Goldman Sachs & Co.*, Case No. 11-15087 (9th Cir.); and *First Star Bank v. Wells Fargo Mortgage Backed Securities 2006-AR15 Trust*, Case No. 10-17470 (9th Cir.).

(n)    "Effective Date" means the date on which all of the following shall have occurred: (i) Defendants no longer have any right under paragraph 33 below to terminate this Settlement, or if Defendants do have such right, they have given written notice to Lead Counsel that they will not exercise such right; (ii) the Court has entered the Preliminary Approval Order; (iii) the Court has approved the Settlement, following notice to the Settlement Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure; (iv) the Court has approved the Settlement and entered the

1  Judgment, substantially in the form annexed hereto as Exhibit B, or the Court enters an order and final
2  judgment in a form other than that provided above ("Alternative Judgment") and neither Plaintiffs nor
3  any Defendant elects to terminate this Settlement; (v) the Judgment or Alternative Judgment has
4  become Final (as defined in paragraph 1(r) below); and (vi) the Dismissal Orders have been granted by
5  the Ninth Circuit Court of Appeals.

6       (o)     "Escrow Account" means an interest-bearing escrow account maintained at the Escrow
7  Agent, which account shall be under the exclusive control of Lead Counsel.

8       (p)     "Escrow Agent" means a financial services company designated by Lead Counsel.

9       (q)     "Escrow Agreement" means the agreement between Lead Counsel and the Escrow
10  Agent setting forth the terms under which the Escrow Agent shall maintain the Escrow Account.

11      (r)     "Final" means, with respect to any order of court, including, without limitation, the
12  Judgment, that such order represents a final and binding determination of all issues within its scope and
13  is not subject to further review on appeal or otherwise.  Without limitation, an order becomes "Final"
14  when:  (i) no appeal has been filed and the prescribed time for commencing any appeal has expired; or
15  (ii) an appeal has been filed and either (a) the appeal has been dismissed and the prescribed time, if any,
16  for commencing any further appeal has expired, or (b) the order has been affirmed in all material
17  respects and the prescribed time, if any, for commencing any further appeal has expired.  For purposes
18  of this paragraph, an "appeal" includes appeals as of right, discretionary appeals, interlocutory appeals,
19  proceedings involving writs of certiorari or mandamus, and any other proceedings of like kind.  Any
20  appeal or other proceeding pertaining solely to an order solely adopting or approving a Plan of
21  Allocation or solely to any order issued with respect to an application for attorneys' fees and expenses
22  pursuant to paragraphs 16-18 below, shall not in any way delay or preclude the Judgment from
23  becoming Final.

24      (s)     "Final Approval Hearing" means the hearing set by the Court under Rule 23(e) of the
25  Federal Rules of Civil Procedure to consider final approval of the Settlement.

26      (t)     "Individual Defendants" means David Moskowitz, Franklin Codel, Douglas K. Johnson,
27  and Thomas Neary.

28

1    (u)    "Investment Vehicle" means any investment company or pooled investment fund

2    (including but not limited to, mutual fund families, exchange-traded funds, fund of funds and hedge

3    funds) in which any Underwriter Defendant has or may have a direct or indirect interest, or as to which

4    its affiliates may act as investment advisors, but in which the Underwriter Defendant or any of its

5    respective affiliates is not a majority owner or does not hold a majority beneficial interest.

6    (v)    "Judgment" means an order of judgment and dismissal approving the Settlement to be

7    rendered by the Court substantially in the form attached hereto as Exhibit B.

8    (w)    "Lead Counsel" means the law firm of Bernstein Litowitz Berger & Grossmann LLP.

9    (x)    "Lead Plaintiffs" means the Alameda County Employees' Retirement Association,

10   Government of Guam Retirement Fund, New Orleans Employees' Retirement System and Louisiana

11   Sheriffs' Pension and Relief Fund.

12   (y)    "Litigation Expenses" means the reasonable costs and expenses incurred by Plaintiffs'

13   Counsel in connection with commencing and prosecuting the Action, for which Lead Counsel intends

14   to apply to the Court for reimbursement from the Settlement Fund.  Litigation Expenses may also

15   include reimbursement of the expenses of Plaintiffs in accordance with 15 U.S.C. § 78u-4(a)(4).

16   (z)    "Net Settlement Fund" means the Settlement Fund less:  (i) any Taxes; (ii) any Notice

17   and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees

18   awarded by the Court; and (v) other costs, expenses, or amounts as may be approved by the Court.

19   (aa)   "Notice" means the Notice of Pendency of Class Action and Proposed Settlement, Final

20   Approval Hearing, and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses

21   (substantially in the form attached hereto as Exhibit A-1 to Exhibit A), which is to be sent to members

22   of the Settlement Class.

23   (bb)   "Notice and Administration Costs" means the costs, fees and expenses that are incurred

24   by the Claims Administrator in connection with (i) providing notice to the Settlement Class; and

25   (ii) administering the Claims process.

26   (cc)   "Offerings" means the following 28 offerings of mortgage pass-through certificates:

27   WFMBS 2006-1, WFMBS 2006-2, WFMBS 2006-3, WFMBS 2006-4, WFMBS 2006-6, WFMBS

28   2006-AR1, WFMBS 2006-AR2, WFMBS 2006-AR4, WFMBS 2006-AR5, WFMBS 2006-AR6,

1  WFMBS 2006-AR8, WFMBS 2006-AR10, WFMBS 2006-AR11, WFMBS 2006-AR12, WFMBS

2  2006-AR14, WFMBS 2006-AR17, WFMBS 2007-11, WFMBS 2006-7, WFMBS 2006-10, WFMBS

3  2006-AR16, WFMBS 2006-18, WFMBS 2006-AR19, WFMBS 2006-20, WFALT 2007-PA1, WFMBS

4  2007-AR4, WFMBS 2007-10, WFMBS 2007-13, and WFMBS 2006-AR15.

5           (dd)    "Plaintiffs" means the Class Representatives and First Star Bank.

6           (ee)    "Plaintiffs' Counsel" means Lead Counsel and other counsel who represent Plaintiffs in

7  this Settlement.

8           (ff)    "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund

9  set forth in the Notice, or such other plan of allocation as the Court shall approve.

10          (gg)    "Preliminary Approval Order" means the order (substantially in the form attached hereto

11  as Exhibit A) to be entered by the Court preliminarily approving the Settlement and directing that

12  Notice be provided to the Settlement Class.

13          (hh)    "Publication Notice" or "Summary Notice" means the Summary Notice, substantially in

14  the form attached hereto as Exhibit A-3 to Exhibit A, to be published as set forth in the Preliminary

15  Approval Order.

16          (ii)    "Related Parties" means the Defendants' respective past or present heirs, executors,

17  estates, administrators, predecessors, successors, assigns, attorneys, parents, subsidiaries, affiliates,

18  insurers and reinsurers, employers, employees, members, directors, managing directors and officers,

19  but this term shall not include any Investment Vehicle.  This term specifically includes, but is not

20  limited to, the WFMBS 2006-1, WFMBS 2006-2, WFMBS 2006-3, WFMBS 2006-4, WFMBS 2006-6,

21  WFMBS 2006-7, WFMBS 2006-10, WFMBS 2006-18, WFMBS 2006-20, WFMBS 2006-AR1,

22  WFMBS 2006-AR2, WFMBS 2006-AR4, WFMBS 2006-AR5, WFMBS 2006-AR6, WFMBS 2006-

23  AR8, WFMBS 2006-AR10, WFMBS 2006-AR11, WFMBS 2006-AR12, WFMBS 2006-AR14,

24  WFMBS 2006-AR15, WFMBS 2006-AR16, WFMBS 2006-AR17, WFMBS 2006-AR19, WFMBS

25  2007-10, WFMBS 2007-11, WFMBS 2007-13, and WFMBS 2007-AR4 Trusts and the Wells Fargo

26  Alternative Loan 2007-PA1 Trust.

27          (jj)    "Released Parties" means Defendants and their Related Parties.

28

(kk)   "Released Parties' Claims" means any and all claims and causes of action of every nature and description, whether known or Unknown, whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against the Defendants, except for claims relating to the enforcement of the settlement, against Plaintiffs, and their respective attorneys, or any other Class Member.

(ll)   "Settled Claims" means, to the fullest extent permitted by law or equity, any and all claims and causes of action of every nature and description, whether known or Unknown, whether arising under federal, state, common or foreign law, or any other law, rule, or regulation, that were asserted, could have been asserted, or that arise out of the same transactions or occurrences as the claims that were asserted, in the Action.

(mm)   "Settlement" means this Stipulation of Settlement and the settlement contained herein.

(nn)   "Settlement Class" or "Class" means all persons or entities who purchased or otherwise acquired mortgage pass-through certificates pursuant or traceable to Wells Fargo Asset Securities Corporation's July 29, 2005 Registration Statement, October 20, 2005 Registration Statement, or September 27, 2006 Registration Statement, and the accompanying prospectuses and prospectus supplements in the following 28 offerings and who were damaged thereby:  The WFMBS 2006-1 offering, WFMBS 2006-2 offering, WFMBS 2006-3 offering, WFMBS 2006-4 offering, WFMBS 2006-6 offering, WFMBS 2006-AR1 offering, WFMBS 2006-AR2 offering, WFMBS 2006-AR4 offering, WFMBS 2006-AR5 offering, WFMBS 2006-AR6 offering, WFMBS 2006-AR8 offering, WFMBS 2006-AR10 offering, WFMBS 2006-AR11 offering, WFMBS 2006-AR12 offering, WFMBS 2006-AR14 offering, WFMBS 2006-AR17 offering, WFMBS 2007-11 offering, WFMBS 2006-7 offering, WFMBS 2006-10 offering, WFMBS 2006-AR16 offering, WFMBS 2006-18 offering, WFMBS 2006-AR19 offering, WFMBS 2006-20 offering, WFALT 2007-PA1 offering, WFMBS 2007-AR4 offering, WFMBS 2007-10 offering, WFMBS 2007-13 offering, and WFMBS 2006-AR15 offering.  Excluded from the Class are Defendants and their respective officers, affiliates and directors at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which any Defendant has or had a controlling interest, except that Investment Vehicles shall not be excluded from the Class. Also excluded from the Class are any

persons or entities who exclude themselves by filing a valid request for exclusion in accordance with the requirements set forth in the Notice.

(oo)   "Settlement Fund" means the sum of $125 million in United States dollars, which Wells Fargo shall cause to be deposited into the Escrow Account within ten (10) business days of entry of the Preliminary Approval Order.

(pp)   "Settling Parties" means (i) Wells Fargo, (ii) Individual Defendants, (iii) Underwriter Defendants, (iv) the Wells Fargo Mortgage Backed Securities 2006-AR15 Trust, (v) the Lead Plaintiffs on behalf of themselves and the Class Members, (vi) the other Class Representatives, and (viii) First Star Bank.

(qq)   "Stipulation" means this Stipulation of Settlement.

(rr)   "Taxes" means:  (i) all federal, state and/or local taxes of any kind on any income earned by the Settlement Fund; and (ii) the reasonable expenses and costs incurred by Lead Counsel in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, reasonable expenses of tax attorneys and accountants).

(ss)   "Underwriter Defendants" means Goldman, Sachs & Co.; Bear Stearns & Co., Inc. (including J.P. Morgan Securities LLC, as successor-in-interest); Deutsche Bank Securities, Inc.; UBS Securities, LLC; Credit Suisse Securities (USA) LLC; RBS Securities Inc., f.k.a. Greenwich Capital Markets, Inc.; Banc of America Securities, LLC; Citigroup Global Markets, Inc.; and Merrill Lynch, Pierce, Fenner & Smith Incorporated.

(tt)   "Unknown Claims" means any and all Settled Claims that any Lead Plaintiff and/or Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties, and any Released Parties' Claims that the Released Parties do not know or suspect to exist in his, her or its favor, which if known by him, her or it might have affected his, her or its settlement with and release of the Released Parties (or Lead Plaintiffs, as appropriate), or might have affected his, her or its decision not to object to this Settlement or not exclude himself, herself or itself from the Settlement Class.  With respect to any and all Settled Claims and Released Parties' Claims, the parties stipulate and agree that, upon the Effective Date, Lead Plaintiffs and Wells Fargo shall expressly waive, and each Class Member and Released Party shall be deemed to have waived, and by

operation of the Judgment shall have expressly waived, to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by Cal. Civ. Code § 1542, and any law of any state or territory of the United States, or principle of common law, or the law of any foreign jurisdiction, that is similar, comparable or equivalent to Cal. Civ. Code § 1542, which provides:

**A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Lead Plaintiffs and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Settled Claims, but each Lead Plaintiff shall expressly – and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have – fully, finally and forever settled and released any and all Settled Claims, known or Unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.   Lead Plaintiffs and Defendants acknowledge, and Class Members by law and operation of the Judgment shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Settled Claims and Released Parties' Claims was separately bargained for and was a material element of the Settlement.

(uu)   "Wells Fargo" means Wells Fargo Bank, N.A. and Wells Fargo Asset Securities Corporation.

(vv)   "Wells Fargo's Counsel" means Munger, Tolles & Olson LLP.

(ww)   "Wells Fargo Defendants" means Wells Fargo and the Individual Defendants.

## STIPULATION OF CLASS CERTIFICATION

2.   The parties hereto stipulate to:  (i) the certification, for settlement purposes only, of a Settlement Class (as defined above), pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure;  (ii) the appointment of Lead Plaintiffs and Class Representatives as the class

1   representatives; and (iii) the appointment of Lead Counsel as class counsel.  The certification of the

2   Settlement Class shall be binding only with respect to the Settlement of the Action and only if the

3   Judgment contemplated by this Stipulation becomes Final and the Effective Date occurs.

4                                          **RELEASE OF CLAIMS**

5          3.     The obligations incurred pursuant to this Stipulation shall be in full and final disposition

6   of the Action as against Defendants, and shall fully and finally release any and all Settled Claims as

7   against all Released Parties and shall also release as against Plaintiffs, and their respective attorneys,

8   and all other Class Members any and all Released Parties' Claims.

9          4.     Pursuant to the Judgment, upon the Effective Date, Lead Plaintiffs and each of the Class

10  Members, on behalf of themselves and any of their personal representatives, spouses, domestic

11  partners, trustees, heirs, executors, administrators, successors or assigns shall be deemed by operation

12  of law to have fully, finally and forever released, relinquished, waived, discharged and dismissed each

13  and every Settled Claim, and shall forever be enjoined from pursuing any or all Settled Claims against

14  any Released Party, whether directly or indirectly, whether on their own behalf or otherwise, and

15  regardless of whether or not such Class Member executes and delivers a Proof of Claim Form (except

16  that the foregoing provision shall not apply to any such representative, spouse, domestic partner,

17  trustee, heir, executor, administrator, successor or assign who independently would be a member of the

18  Settlement Class and timely excludes himself, herself or itself).  By entering into this Settlement

19  Agreement, Plaintiffs represent and warrant that they have not assigned, hypothecated, conveyed,

20  transferred or otherwise granted or given any interest in the Settled Claims, or any of them, to any other

21  person or entity.

22         5.     Pursuant to the Judgment, upon the Effective Date, Defendants and each of the other

23  Released Parties, on behalf of themselves, their heirs, executors, administrators, predecessors,

24  successors and assigns, shall be deemed by operation of law to have released, waived, discharged and

25  dismissed each and every of the Released Parties' Claims, and shall forever be enjoined from

26  prosecuting any or all of the Released Parties' Claims, against Plaintiffs, and their respective attorneys,

27  and all other Class Members.

28

**THE SETTLEMENT CONSIDERATION**

6.      In consideration of the Settlement of the Settled Claims against Defendants and the other Released Parties, Wells Fargo shall cause to be paid the total sum of $125 million to be deposited into the Escrow Account no later than ten (10) business days after entry of the Preliminary Approval Order. Other than the obligation of Wells Fargo to cause to be paid this amount to the Escrow Agent, no Defendant shall have any obligation to make any payment into the Escrow Account pursuant to this Stipulation.  The interest earned on the Settlement Fund shall be for the benefit of the Settlement Class if the Settlement becomes Final.  If the Settlement does not become Final and the Settlement is terminated, the interest earned on the Settlement Fund shall be for the benefit of Wells Fargo and paragraph 34 below shall govern.  If the $125 million is not deposited into the Escrow Account no later than ten (10) business days after entry of the Preliminary Approval Order, Lead Plaintiffs reserve the right to either:  (i) move to enforce the Settlement, including seeking interest on any unpaid amount; or (ii) terminate the Settlement, in which case paragraph 34 below shall govern.

**USE OF SETTLEMENT FUND**

7.      The Settlement Fund shall be used to pay any:  (i) Taxes; (ii) Notice and Administration Costs pursuant to paragraph 14 below and as otherwise approved by the Court; (iii) attorneys' fees awarded by the Court; (iv) Litigation Expenses awarded by the Court; and (v) other costs, expenses, or amounts as may be approved by the Court.  The balance remaining in the Settlement Fund shall be distributed to Authorized Claimants as provided below.

8.      The Net Settlement Fund shall be distributed to Authorized Claimants as provided herein.  Defendants shall have no responsibility or liability for the maintenance or distribution of the Net Settlement Fund pursuant to this Settlement.  Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date.  All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court.  The Escrow Agent shall invest any funds in excess of U.S. $250,000 in United States Treasury Bills having maturities of 180 days or less, or money market mutual funds comprised of investments secured by the full faith and

credit of the United States Government, or an account fully insured by the United States Government

Federal Deposit Insurance Corporation (FDIC).  Any funds held in escrow in an amount of less than

U.S. $250,000 may be held in an interest-bearing account insured by the FDIC or money market mutual

funds comprised of investments secured by the full faith and credit of the United States Government or

fully insured by the United States Government.  All risks related to the investment of the Settlement

Fund shall be borne by the Settlement Fund.

9.     The parties hereto agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund.  Such returns shall be consistent with this paragraph and in all events shall reflect that all taxes on the income earned on the Settlement Fund shall be paid out of the Settlement Fund as provided by paragraph 10 below.  Lead Counsel shall also be solely responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund.  Upon written request, Defendants will provide promptly to Lead Counsel the statement described in Treasury Regulation § 1.468B-3(e).  Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation §1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

10.    All Taxes shall be paid out of the Settlement Fund, and shall be timely paid by the Escrow Agent pursuant to the disbursement instructions to be set forth in the Escrow Agreement, and without prior Order of the Court.  Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes (including any interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein.  The Settlement Fund shall indemnify and hold all

Released Parties harmless for any Taxes and related expenses of any kind whatsoever (including without limitation, taxes payable by reason of any such indemnification). Defendants shall notify the Escrow Agent promptly if Defendants receive any notice of any claim for Taxes relating to the Settlement Fund.

11. This is not a claims-made settlement; there will be no reversion. Upon the occurrence of the Effective Date, Defendants shall not have any right to the return of the Settlement Fund or any portion thereof irrespective of the number of Claims filed, the collective amount of losses of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund. If any portion of the Net Settlement Fund remains following distribution pursuant to Paragraph 8 above and is of such an amount that in the discretion of Lead Counsel it is not cost effective or efficient to redistribute the amount to the Settlement Class, then such remaining funds, after payment of any further Notice and Administration Costs and Taxes, shall be donated to a non-profit charitable organization selected by Lead Plaintiffs and approved by the Court.

12. The Claims Administrator shall discharge its duties under Lead Counsel's supervision and subject to the jurisdiction of the Court. Except as otherwise expressly provided herein, the Released Parties shall have no responsibility whatsoever for the administration of the Settlement, and shall have no liability whatsoever to any person, including, but not limited to, the Class Members, in connection with any such administration.

13. Lead Counsel shall cause the Claims Administrator to mail the Notice and Proof of Claim to those members of the Settlement Class who may be identified through reasonable effort, including through the cooperation of Wells Fargo and/or its agents and the Underwriter Defendants. Lead Counsel will cause to be published the Summary Notice pursuant to the terms of the Preliminary Approval Order or whatever other form or manner might be ordered by the Court. For the purpose of identifying and providing notice to the Settlement Class, within five (5) business days of the date of entry of the Preliminary Approval Order, Wells Fargo shall provide or cause to be provided to the Claims Administrator (at no cost to the Settlement Fund, Lead Counsel or the Claims Administrator) any lists it or its agent(s) has that identify potential Class Members (including names and addresses), in

electronic form.  To the extent such lists have already been produced to Lead Plaintiffs, they need not be provided again.

14.     Lead Counsel may pay from the Escrow Account, without further approval from Defendants or further order of the Court, all reasonable Notice and Administration Costs in an amount not to exceed $600,000.00.  If any greater amount is required, Lead Counsel may apply to the Court for leave to pay such additional amount.  Such costs and expenses shall include, without limitation, the actual costs of publication, printing and mailing the Notice, reimbursements to nominee owners for forwarding the Notice to their beneficial owners, the administrative expenses actually incurred and fees reasonably charged by the Claims Administrator in connection with searching for Class Members and providing Notice and processing the submitted claims, and the reasonable fees, if any, of the Escrow Agent.  In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Costs properly paid or incurred, including any related fees, shall not be returned or repaid to Defendants, their insurance carriers or any person or entity who or which paid any portion of the Settlement Fund.

15.     The Released Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the maintenance, investment or distribution of the Settlement Fund, the establishment or maintenance of the Escrow Account, the establishment or administration of the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes, the distribution of the Net Settlement Fund, the administration of the Settlement, or any losses incurred in connection with such matters.  Defendants take no position with respect to the provisions of this Stipulation governing those issues.  The Released Parties shall have no further or other liability or obligations to Lead Plaintiffs, Lead Counsel or any member of the Settlement Class with respect to the Settled Claims, except as expressly stated in this Stipulation.

## ATTORNEYS' FEES AND LITIGATION EXPENSES

16.     Lead Counsel will apply to the Court for a collective award of attorneys' fees to Plaintiffs' Counsel.  Lead Counsel also will apply to the Court for reimbursement of Litigation Expenses, which will include reimbursement of the expenses of Plaintiffs in accordance with 15 U.S.C. § 78u-4(a)(4).  Defendants shall not take any position with respect to Lead Counsel's applications or

STIPULATION OF SETTLEMENT                                                                    -17-
CASE NO. 09-CV-01376-LHK

1    awards discussed in this paragraph.  Such matters are not the subject of any agreement between

2    Defendants and Lead Plaintiffs other than what is set forth in this Stipulation.

3        17.    Any attorneys' fees and Litigation Expenses that are awarded by the Court shall be paid

4    to Lead Counsel, with the Court's approval, immediately upon award, notwithstanding the existence of

5    any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the

6    Settlement or any part thereof, subject to Lead Counsel's contractual undertaking to repay all such

7    amounts, and interest thereon at the rate earned by the funds in the Escrow Account, if the Settlement is

8    terminated for any reason, or if, as a result of any appeal or further proceedings on remand, or

9    successful collateral attack, the award of attorneys' fees and/or Litigation Expenses is reduced or

10   reversed.  Lead Counsel shall make the appropriate refund or repayment no later than ten (10) business

11   days after receiving from Wells Fargo's Counsel or from a court of appropriate jurisdiction notice of

12   the termination of the Settlement or notice of any reduction of the award of attorneys' fees and/or

13   Litigation Expenses.  An award of attorneys' fees and/or Litigation Expenses is not a necessary term of

14   this Stipulation and is not a condition of this Stipulation.  Lead Plaintiffs and Lead Counsel may not

15   cancel or terminate the Stipulation or the Settlement based on this Court's or any appellate court's

16   ruling with respect to attorneys' fees and/or Litigation Expenses.

17       18.    Subject to any limits imposed by the Court and/or as a matter of law, Lead Counsel shall

18   have the sole authority to allocate the Court-awarded attorneys' fees and Litigation Expenses amongst

19   Plaintiffs' Counsel in a manner which Lead Counsel, in good faith, believe reflects the contributions of

20   such counsel to the prosecution and settlement of the Action.  Defendants and the other Released

21   Parties shall have no responsibility for the allocation among Plaintiffs' Counsel, and/or any other

22   person or entity who may assert some claim thereto, of any award of attorneys' fees or Litigation

23   Expenses that the Court may make in the Action, and Defendants take no position with respect to such

24   matters.

25                        **CLAIMS ADMINISTRATOR**

26       19.    The Claims Administrator shall administer the process of receiving, reviewing and

27   approving or denying claims under Lead Counsel's supervision and subject to the jurisdiction of the

28   Court.   Other than Wells Fargo's obligation to provide potential Class Member information, as

1    provided herein, none of the Released Parties shall have any responsibility for the administration of the

2    Settlement or the claims process.  Defendants' Counsel shall cooperate in the administration of the

3    Settlement to the extent reasonably necessary to effectuate its terms.

4         20.    The Claims Administrator shall receive Claims and administer them according to the

5    Plan of Allocation, as proposed by Lead Plaintiffs and approved by the Court, or according to such

6    other Plan of Allocation as the Court approves.  The proposed Plan of Allocation is set forth in the

7    Notice attached hereto as Exhibit A-1 to Exhibit A.

8         21.    The allocation of the Net Settlement Fund among Authorized Claimants is a matter

9    separate and apart from the proposed Settlement between Defendants and Lead Plaintiffs, and any

10   decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the

11   proposed Settlement.  The Plan of Allocation proposed in the Notice is not a necessary term of this

12   Stipulation, and it is not a condition of this Stipulation that any particular plan of allocation be

13   approved by the Court.  Lead Plaintiffs and Lead Counsel may not cancel or terminate the Stipulation

14   or the Settlement based on this Court's or any appellate court's ruling with respect to the Plan of

15   Allocation or any plan of allocation in this Action.  Neither Defendants nor any other Released Party

16   shall have any responsibility or liability whatsoever for allocation of the Net Settlement Fund, nor shall

17   Defendants object to the Plan of Allocation proposed by Lead Plaintiffs.

18        22.    Any Class Member who does not timely submit a valid Claim Form will not be entitled

19   to receive any distribution from the Net Settlement Fund but will nevertheless be bound by all of the

20   terms of the Settlement, including the terms of the Judgment to be entered in the Action and the

21   releases provided for herein, and will be permanently barred and enjoined from bringing any action,

22   claim or other proceeding of any kind against any Released Party concerning any Settled Claim.

23        23.    Lead Counsel shall be responsible for supervising the administration of the Settlement

24   and disbursement of the Net Settlement Fund.  Neither Defendants nor any other Released Party shall

25   have any liability, obligation or responsibility whatsoever for the administration of the Settlement or

26   disbursement of the Net Settlement Fund.  Neither Defendants nor any other Released Party shall be

27   permitted to review, contest or object to any Claim Form or any decision of the Claims Administrator

28

1 | or Lead Counsel with respect to accepting or rejecting any Claim Form or Claim for payment by a

2 | Class Member.

3 |      24.    All Claim Forms must be submitted by the date set by the Court in the Preliminary

4 | Approval Order and specified in the Notice, unless such deadline is extended by Order of the Court.

5 | Any Class Member who fails to submit a Claim Form by such date shall be forever barred from

6 | receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation

7 | (unless, by Order of the Court, late-filed Claim Forms are accepted), but shall in all other respects be

8 | bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment

9 | and the releases provided for herein, and will be permanently barred and enjoined from bringing any

10 | action, claim or other proceeding of any kind against any Released Party concerning any Settled Claim.

11 | A Claim Form shall be deemed to be submitted when posted, if received with a postmark indicated on

12 | the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon.

13 |      25.    Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with

14 | respect to the Claimant's Claim, including, but not limited to, the releases provided for in the Judgment,

15 | and the Claim will be subject to investigation and discovery under the Federal Rules of Civil

16 | Procedure, provided that such investigation and discovery shall be limited to that Claimant's status as a

17 | Class Member and the validity and amount of the Claimant's Claim. No discovery shall be allowed on

18 | the merits of this Action or this Settlement in connection with the processing of Claim Forms.

19 |      26.    Lead Counsel will apply to the Court, with reasonable advance notice to Defendants, for

20 | a Class Distribution Order: (i) approving the Claims Administrator's administrative determinations

21 | concerning the acceptance and rejection of the Claims submitted; (ii) approving payment of any

22 | outstanding administration fees and expenses associated with the administration of the Settlement from

23 | the Escrow Account; and (iii) if the Effective Date has occurred, directing payment of the Net

24 | Settlement Fund to Authorized Claimants from the Escrow Account.

25 |      27.    Payment pursuant to the Class Distribution Order shall be final and conclusive against

26 | any and all Class Members. All Class Members whose Claims are not approved by the Court shall be

27 | barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound

28 | by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment to be

1  entered in this Action and the releases provided for therein, and will be permanently barred and

2  enjoined from bringing any action against any and all Released Parties concerning any and all of the

3  Settled Claims.

4      28.    All proceedings with respect to the administration, processing and determination of

5  Claims and the determination of all controversies relating thereto, including disputed questions of law

6  and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court.

7  **REQUESTS FOR EXCLUSION**

8      29.    Putative Class Members requesting exclusion from the Settlement Class shall be

9  requested to provide the following information to the Administrator:   (i) name, (ii) address,

10  (iii) telephone number, (iv) number and type of mortgage pass-through certificates traceable to the

11  Offerings purchased (or otherwise acquired) or sold, (v) prices or other consideration paid or received

12  for such mortgage pass-through certificates, (vi) the date of each purchase or sale transaction, and (vii)

13  a statement that the person or entity wishes to be excluded from the Settlement Class.  Unless otherwise

14  ordered by the Court, any Class Member who does not submit a timely written request for exclusion as

15  provided by this section shall be bound by the Agreement.  The deadline for submitting requests for

16  exclusion shall be 21 days prior to the Final Approval Hearing.

17      30.    The Claims Administrator shall scan and send electronically copies of all requests for

18  exclusion in PDF format (or such other format as shall be agreed) to Wells Fargo's Counsel and to

19  Lead Plaintiffs' Counsel expeditiously (and not more than three (3) business days) after the Claims

20  Administrator receives such a request.  As part of the motion papers in support of the settlement of the

21  Action, Lead Plaintiffs' counsel will cause to be provided a list of all the persons who have requested

22  exclusion from the Settlement Class, and shall cause to be certified that all requests for exclusion

23  received by the Claims Administrator have been copied and provided to Wells Fargo's Counsel.

24  **TERMS OF THE JUDGMENT**

25      31.    If the Settlement contemplated by this Stipulation is approved by the Court, Lead

26  Counsel and Defendants' Counsel shall request that the Court enter a Judgment, substantially in the

27  form annexed hereto as Exhibit B, including, among other things, the releases provided for therein.

28

## WAIVER OR TERMINATION

32.     Within thirty (30) days after the latest of:  (a) the Court's entry of an order expressly declining to enter the Preliminary Approval Order in any material respect without reasonable leave to amend; (b) the Court's refusal to approve this Stipulation or any material part of it without reasonable leave to amend; (c) the Court's declining to enter the Judgment in any material respect; or (d) the date upon which the Judgment is modified or reversed in any material respect and represents a Final decision on the matter, Wells Fargo and Lead Plaintiffs each shall have the right to terminate the Settlement and this Stipulation, by providing written notice to the other of an election to do so. However, any decision with respect to an application for attorneys' fees or Litigation Expenses, or with respect to any plan of allocation, shall not be considered material to the Settlement and shall not be grounds for termination.

33.     In addition, if more than an agreed-upon portion of the Settlement Class elects to exclude themselves from the Settlement Class, as set forth in a separate supplemental agreement between Lead Plaintiffs and Wells Fargo (the "Supplemental Agreement"), Wells Fargo shall have, in its sole and absolute discretion, the option to terminate this Stipulation in accordance with the procedures set forth in the Supplemental Agreement.  The Supplemental Agreement is confidential and shall not be filed with the Court, but may be examined in camera, if so requested by the Court (unless otherwise required by court rule, or unless and until a dispute as between the Lead Plaintiffs and Wells Fargo concerning its interpretation or application arises).  If the threshold is reached, Wells Fargo shall have until five (5) business days prior to the Final Approval Hearing to inform Lead Counsel, in writing, that Wells Fargo elects to exercise its option to terminate the Settlement.  Lead Counsel shall have the right to communicate with the persons or entities requesting exclusion and, if, prior to the Final Approval Hearing, a sufficient number of them withdraw in writing their requests for exclusion such that the total portion of the Settlement Class represented by the remaining "opt outs" represents less than the threshold, the notice of termination shall be deemed withdrawn.

34.     Except as otherwise provided herein, in the event the Settlement is terminated, the Settlement termination shall be without prejudice, and none of the terms shall be effective or enforceable and the facts of the Settlement shall not be admissible for any purpose, and the Settling

Parties shall be deemed to have reverted to their respective status in this Action as of June 2, 2011, and, except as otherwise expressly provided, this Stipulation shall be null and void and shall have no further force or effect, the Settling Parties shall proceed in all respects as if this Stipulation and any related orders had not been entered, and any portion of the Settlement consideration previously paid or caused to be paid by Wells Fargo, including, but not limited to, any funds disbursed in payment of Litigation Expenses and attorneys' fees, together with any interest earned or appreciation thereon, less any Taxes paid or due with respect to such income, and less Notice and Administration Costs incurred and paid or payable, shall be returned to Wells Fargo within ten (10) business days after written notification of such event by Lead Counsel to the Escrow Agent, with a copy of such notice to Wells Fargo's Counsel, pursuant to the terms of the Escrow Agreement.

## NO ADMISSION OF WRONGDOING

35.     Whether or not the Settlement is approved by the Court, and whether or not the Settlement is consummated, the fact and terms of this Stipulation, including exhibits, all negotiations, discussions, drafts and proceedings in connection with the Settlement, and any act performed or document signed in connection with the Settlement:

(a)     shall not be offered or received against any of the Released Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Released Parties with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that was or could have been asserted against any of the Released Parties in this Action or in any litigation, in this or any other court, administrative agency, arbitration forum or other tribunal, or of any liability, negligence, fault or other wrongdoing of any kind of any of the Released Parties to Lead Plaintiffs, the Settlement Class or anyone else;

(b)     shall not be offered or received against any of the Released Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any of the Released Parties, or against the Released Parties, Lead Plaintiffs or any Class Member(s) as evidence of any infirmity in the claims or defenses that have been or could have been asserted in the Action;

(c)     shall not be offered or received against any of the Released Parties, or against the Lead Plaintiffs or any other Class Member(s), as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason or purpose as against any of the Released Parties, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if this Stipulation is approved by the Court, Wells Fargo or any other Released Party may file this Stipulation and/or the Judgment in any action for any purpose, including, but not limited to, in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release and discharge, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim;

(d)     shall not be construed against any of the Released Parties, Lead Plaintiffs or any other Class Member(s) as an admission, concession or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

(e)     shall not be construed against Lead Plaintiffs or any other Class Member(s) as an admission, concession or presumption that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the amount of the Settlement Fund.

## MISCELLANEOUS PROVISIONS

36.     All of the following exhibits attached hereto are hereby incorporated by reference as though fully set forth herein: proposed Preliminary Approval Order, Notice, Proof of Claim Form, Summary Notice and proposed Judgment.

37.     If a trustee, receiver, conservator or other fiduciary is appointed under any law similar to Title 11 of the United States Code (Bankruptcy), and in the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of Wells Fargo or an insurer to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited to the Settlement Fund by others, then, at the election of Lead Counsel, the Settling Parties shall jointly move the Court to vacate and set aside the releases given and the Judgment entered

1  in favor of Wells Fargo and the other Released Parties pursuant to this Stipulation, which releases and

2  Judgment shall be null and void, and the Settling Parties shall be restored to their respective positions in

3  the litigation as of June 2, 2011, and any cash amounts in the Settlement Fund or paid to Lead Counsel

4  shall be returned as provided in paragraph 34 above.

5        38.    Wells Fargo warrants as to itself that, as to the payments made by or on behalf of it, at

6  the time of such payment made pursuant to paragraph 6 above, it was not insolvent, nor will the

7  payment required to be made by or on behalf of it render it insolvent, within the meaning of and/or for

8  the purposes of the United States Bankruptcy Code, including §§ 101 and 547 thereof. This

9  representation is made by Wells Fargo and not by Wells Fargo's Counsel.

10        39.    The Settling Parties intend this Settlement to be a final and complete resolution of all

11  disputes asserted or that could be asserted by the Plaintiffs or any other Class Member(s) against all

12  Released Parties with respect to all Settled Claims. Promptly upon execution of this Stipulation, the

13  Settling Parties will jointly file motions in the Court under Federal Rule of Civil Procedure 62.1

14  requesting that the Court issue an "indicative ruling" regarding potential approval of the Settlement

15  stating "either that it would grant the motion if the court of appeals remands for that purpose or that the

16  motion raises a substantial issue." Once the Court issues its indicative rulings, the Settling Parties will

17  promptly file a joint motion in the Ninth Circuit Court of Appeals under Federal Rule of Appellate

18  Procedure 12.1 notifying the Ninth Circuit Court of Appeals of the indicative rulings and requesting a

19  limited remand of the claims in the following pending appeals for the limited purpose of permitting

20  consideration of the Settlement by the District Court: *General Retirement System of the City of Detroit*

21  *v. Goldman Sachs & Co.,* Case No. 10-17647 (9th Cir.), *Vermont Pension Investment Committee v.*

22  *Goldman Sachs & Co.,* Case No. 11-15087 (9th Cir.), and *First Star Bank v. Wells Fargo Mortgage*

23  *Backed Securities 2006-AR15 Trust,* Case No. 10-17470 (9th Cir.). If and when the Settlement Class is

24  certified and Judgment is entered, plaintiffs in the above appeals will request that the Ninth Circuit

25  Court of Appeals dismiss the appeals. If the Settlement fails for any reason, the parties to the appeals

26  will notify the Ninth Circuit Court of Appeals and resume the appeals.

27        40.    Lead Plaintiffs and Defendants agree not to assert in any forum that this Action was

28  brought by Lead Plaintiffs or Lead Counsel, or defended by Defendants or Defendants' Counsel, in bad

faith or without a reasonable basis.  For the purpose of the Court's findings and conclusions pursuant to Section 21D(c)(1) of the Exchange Act, as amended by the PSLRA, 15 U.S.C. § 78u-4(c)(1), Lead Plaintiffs and Defendants shall assert no claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the prosecution, defense or settlement of this Action.  The Settling Parties agree that the amount paid and the other terms of this Settlement were negotiated at arm's length and in good faith, including in connection with a mediation conducted by a professional mediator, and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel.

41.  This Stipulation, including the exhibits to this Stipulation and the Supplemental Agreement referred to in paragraph 33 above, may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by all signatories hereto or their successors-in-interest.  Any condition in this Stipulation may be waived by the party entitled to enforce the condition in a writing signed by that party or its counsel.  The waiver by any party of any breach of this Stipulation by any other party shall not be deemed a waiver of the breach by any other party, or a waiver of any other prior or subsequent breach of this Stipulation by that party or any other party.  Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation.

42.  The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

43.  The administration and consummation of this Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of, *inter alia*, entering orders providing for the enforcement of the terms of this Stipulation, including, but not limited to, the releases provided for herein, and awards of attorneys' fees and Litigation Expenses to Lead Counsel.

44.  Lead Plaintiffs and the Wells Fargo Defendants agree that, prior to final approval of the Settlement, the Hon. Layn R. Phillips (Ret.) will continue to serve as a mediator for any disputes between them arising out of the Settlement.  The Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation.

45.     This Stipulation, its exhibits and the Supplemental Agreement constitute the entire agreement among the Settling Parties concerning this Settlement, and no representations, warranties or inducements have been made by any Settling Party concerning this Stipulation and its exhibits other than those contained and memorialized in such documents.  This Stipulation and the Supplemental Agreement supersede any and all prior statements, representations, promises or other agreements, written or oral, with respect to the subject matter of this Stipulation and the Supplemental Agreement.

46.     This Stipulation may be executed in one or more original, e-mailed and/or faxed counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.

47.     This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.

48.     All agreements made and orders entered during the course of the Action relating to the confidentiality of information shall survive this Stipulation.

49.     The construction, interpretation, operation, effect and validity of this Stipulation, and all documents necessary to effectuate it, shall be governed by the laws of the State of California without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

50.     This Stipulation shall not be construed more strictly against one Settling Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations among the Settling Parties and all Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

51.     All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

52.     Plaintiffs represent and warrant that they have not assigned, transferred, or otherwise disposed of the claims that are the subject of this Agreement.

53.     Lead Counsel and Defendants' Counsel agree to cooperate fully in seeking Court approval of the Preliminary Approval Order and the Settlement, and to use reasonable efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

54.     If any party is required to give notice to the other parties under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt by hand delivery, facsimile transmission or electronic mail.  Notice shall be provided to the counsel indicated on the signature block below.

IN WITNESS WHEREOF, the parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys as of July 5, 2011.

> BERNSTEIN LITOWITZ BERGER
> & GROSSMANN LLP
>
> DAVID R. STICKNEY
>
> DAVID R. STICKNEY
> TIMOTHY A. DeLANGE
> NIKI L. MENDOZA
> MATTHEW P. JUBENVILLE
> TAKEO A. KELLAR
> JONATHAN D. USLANER
> PAUL M. JONNA
> 12481 High Bluff Drive, Suite 300
> San Diego, CA 92130
> Tel:    (858) 793-0070
> Fax:    (858) 793-0323
>
> *Counsel for Lead Plaintiffs Alameda County Employees'*
> *Retirement Association, Government of Guam Retirement*
> *Fund, New Orleans Employees' Retirement System,*
> *Louisiana Sheriffs' Pension and Relief Fund, and the*
> *Class, and for additional Plaintiffs Public Employees'*
> *Retirement System of Mississippi, and Vermont Pension*
> *Investment Committee*

STIPULATION OF SETTLEMENT                                        -28-
CASE NO. 09-CV-01376-LHK

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KLAUSNER & KAUFMAN, P.A.
ROBERT D. KLAUSNER
STUART A. KAUFMAN
10059 Northwest 1st Court
Plantation, FL 33324
Tel:    (954) 916-1202
Fax:    (954) 916-1232

*Additional Counsel for Lead Plaintiff Louisiana Sheriffs'*
*Pension and Relief Fund*

MUNGER, TOLLES, & OLSON LLP

MARC T.G. DWORSKY

355 South Grand Avenue, 35th Floor
Los Angeles, CA 90071
Tel:    (213) 683-9100
Fax:    (213) 687-3702
        -and-
DAVID H. FRY
560 Mission Street, 27th Floor
San Francisco, CA 94105
Tel:    (415) 512-4000
Fax:    (415) 512-4077

*Attorneys for Defendants Wells Fargo Bank, N.A., Wells
Fargo Asset Securities Corporation, the Individual
Defendants, and the Wells Fargo Mortgage Backed
Securities 2006-AR15 Trust*


WELLS FARGO & CO.




THOMAS O. JACOB

Office of General Counsel
MAC A0194-266
45 Fremont Street, 26th floor
San Francisco, CA  94105
Tel:    (415) 396-4425
Fax:    (415) 975-7864

*Attorney Defendants Wells Fargo Bank, N.A., Wells
Fargo Asset Securities Corporation, and the Wells Fargo
Mortgage Backed Securities 2006-AR15 Trust*

MUNGER, TOLLES, & OLSON LLP

_____

MARC T.G. DWORSKY

355 South Grand Avenue, 35th Floor
Los Angeles, CA 90071
Tel:    (213) 683-9100
Fax:    (213) 687-3702
         -and-
DAVID H. FRY
560 Mission Street, 27th Floor
San Francisco, CA 94105
Tel:    (415) 512-4000
Fax:    (415) 512-4077

*Attorneys for Defendants Wells Fargo Bank, N.A., Wells
Fargo Asset Securities Corporation, the Individual
Defendants, and the Wells Fargo Mortgage Backed
Securities 2006-AR15 Trust*

WELLS FARGO & CO.


_____
THOMAS O. JACOB

Office of General Counsel
MAC A0194-266
45 Fremont Street, 26th floor
San Francisco, CA  94105
Tel:    (415) 396-4425
Fax:    (415) 975-7864

*Attorney Defendants Wells Fargo Bank, N.A., Wells
Fargo Asset Securities Corporation, and the Wells Fargo
Mortgage Backed Securities 2006-AR15 Trust*

COHEN MILSTEIN SELLERS & TOLL PLLC

*Carol V. Gilden*
CAROL V. GILDEN

190 South LaSalle Street, Suite 1705
Chicago, IL 60603
Tel:    (312) 357-0370
Fax:    (312) 357-0369
        -and-
STEVEN J. TOLL
1100 New York Avenue, NW
Suite 500 West
Washington, DC 20005
Tel:    (202) 408-4600
Fax:    (202) 408-4699

*Plaintiffs' Counsel to proposed Class Representative the Policemen's Annuity and Benefit Fund of the City of Chicago*

CHIMICLES & TIKELLIS LLP

KIMBERLY DONALDSON SMITH

361 West Lancaster Avenue
Haverford, PA  19041
Tel:    (610) 642-8500
Fax:    (610) 649-3633

*Plaintiffs' Counsel to proposed Class Representative Southeastern Pennsylvania Transportation Authority*

LABATON SUCHAROW LLP

CHRISTOPHER J. KELLER

140 Broadway
New York, NY 10005
Tel:    (212) 907-0700
Fax:    (212) 818-0477

*Plaintiffs' Counsel to proposed Class Representative Plumbers & Steamfitters Local 60 Pension Plan*

COHEN MILSTEIN SELLERS & TOLL PLLC

1

2

3                                   _____
                                              CAROL V. GILDEN

4                                   190 South LaSalle Street, Suite 1705
                                    Chicago, IL 60603
5                                   Tel:    (312) 357-0370
                                    Fax:    (312) 357-0369
6                                              -and-
                                    STEVEN J. TOLL
7                                   1100 New York Avenue, NW
                                    Suite 500 West
8                                   Washington, DC 20005
                                    Tel:    (202) 408-4600
9                                   Fax:    (202) 408-4699

10                                  *Plaintiffs' Counsel to proposed Class Representative the
                                    Policemen's Annuity and Benefit Fund of the City of
11                                  Chicago*

12

13                                  CHIMICLES & TIKELLIS LLP

14                                  _____
                                           KIMBERLY DONALDSON SMITH
15

16                                  361 West Lancaster Avenue
                                    Haverford, PA 19041
17                                  Tel:    (610) 642-8500
                                    Fax:    (610) 649-3633
18
                                    *Plaintiffs' Counsel to proposed Class Representative
19                                  Southeastern Pennsylvania Transportation Authority*

20

21                                  LABATON SUCHAROW LLP

22

23                                  _____
                                           CHRISTOPHER J. KELLER
24

25                                  140 Broadway
                                    New York, NY 10005
                                    Tel:    (212) 907-0700
26                                  Fax:    (212) 818-0477

27                                  *Plaintiffs' Counsel to proposed Class Representative
                                    Plumbers & Steamfitters Local 60 Pension Plan*

28

STIPULATION OF SETTLEMENT                                                          -31-
CASE NO. 09-CV-01376-LHK

COHEN MILSTEIN SELLERS & TOLL PLLC


_____

CAROL V. GILDEN

190 South LaSalle Street, Suite 1705
Chicago, IL 60603
Tel:    (312) 357-0370
Fax:    (312) 357-0369
        -and-
STEVEN J. TOLL
1100 New York Avenue, NW
Suite 500 West
Washington, DC 20005
Tel:    (202) 408-4600
Fax:    (202) 408-4699

*Plaintiffs' Counsel to proposed Class Representative the
Policemen's Annuity and Benefit Fund of the City of
Chicago*


CHIMICLES & TIKELLIS LLP


_____

KIMBERLY DONALDSON SMITH

361 West Lancaster Avenue
Haverford, PA  19041
Tel:    (610) 642-8500
Fax:    (610) 649-3633

*Plaintiffs' Counsel to proposed Class Representative
Southeastern Pennsylvania Transportation Authority*


LABATON SUCHAROW LLP


_____
Jonathan Gardner /with permission
CHRISTOPHER J. KELLER
JONATHAN GARDNER
140 Broadway
New York, NY 10005
Tel:    (212) 907-0700
Fax:    (212) 818-0477

*Plaintiffs' Counsel to proposed Class Representative
Plumbers & Steamfitters Local 60 Pension Plan*

ZWERLING, SCHACHTER & ZWERLING, LLP

_Robin F. Zwerling_
ROBIN ZWERLING

JUSTIN M. TARSHIS
41 Madison Avenue, 32nd Floor
New York, NY 10010
Tel: (212) 223-3900
                    -and-
DAN DRACHLER
1904 Third Avenue
Seattle, WA 98101
Tel: (206) 223-2053

*Plaintiffs' Counsel to proposed Class Representative*
*General Retirement System of the City of Detroit*


HAGENS BERMAN SOBOL SHAPIRO LLP


_____

STEVE BERMAN

SEAN MATT
KARL BARTH
ERIN K. FLORY
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Tel:  (206) 623-7292
                    -and-
REED R. KATHREIN
PETER E. BORKON
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Tel:  (510) 725-3000

*Plaintiffs' Counsel to Plaintiff First Star Bank*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ZWERLING, SCHACHTER & ZWERLING, LLP

_____

ROBIN ZWERLING

JUSTIN M. TARSHIS
41 Madison Avenue, 32nd Floor
New York, NY 10010
Tel: (212) 223-3900
-and-
DAN DRACHLER
1904 Third Avenue
Seattle, WA 98101
Tel: (206) 223-2053

*Plaintiffs' Counsel to proposed Class Representative
General Retirement System of the City of Detroit*

HAGENS BERMAN SOBOL SHAPIRO LLP

_____
STEVE BERMAN

SEAN MATT
KARL BARTH
ERIN K. FLORY
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Tel:  (206) 623-7292
-and-
REED R. KATHREIN
PETER E. BORKON
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Tel:  (510) 725-3000

*Plaintiffs' Counsel to Plaintiff First Star Bank*

FRIED, FRANK, HARRIS, SHRIVER
& JACOBSON LLP

_W — G. McG_ /byDH

WILLIAM G. McGUINNESS

WILLIAM G. McGUINNESS
One New York Plaza
New York, New NY 10004
Tel: (212) 859-8000

*Counsel for the Underwriter Defendants*