1  BERNSTEIN LITOWITZ BERGER
      & GROSSMANN LLP
2  DAVID R. STICKNEY  (Bar No. 188574)
3  TIMOTHY A. DeLANGE  (Bar No. 190768)
   NIKI L. MENDOZA (Bar No. 214646)
4  MATTHEW P. JUBENVILLE (Bar No. 228464)
   JONATHAN D. USLANER (Bar No. 256898)
5  PAUL M. JONNA (Bar No. 265389)
   12481 High Bluff Drive, Suite 300
6  San Diego, CA 92130
7  Tel:    (858) 793-0070
   Fax:    (858) 793-0323
8  davids@blbglaw.com
   timothyd@blbglaw.com
9  nikim@blbglaw.com
   matthewj@blbglaw.com
10 jonathanu@blbglaw.com
   paulj@blbglaw.com
11

12 *Counsel for Lead Plaintiffs Alameda County*
   *Employees' Retirement Association, Government of*
13 *Guam Retirement Fund, New Orleans Employees'*
   *Retirement System, Louisiana Sheriffs' Pension and*
14 *Relief Fund, and the Class, and for additional*
   *Plaintiffs Public Employees' Retirement System*
15 *of Mississippi, and Vermont Pension Investment Committee*

16                   UNITED STATES DISTRICT COURT

17          NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

18
   | IN RE WELLS FARGO MORTGAGE- | Case No. 09-CV-1376-LHK (PSG) |
19 | BACKED CERTIFICATES LITIGATION | |
20 | | CONSOLIDATED CLASS ACTION |
   | | ECF |
21 | | **LEAD PLAINTIFFS' REPLY IN** |
22 | | **FURTHER SUPPORT OF MOTION** |
   | | **FOR FINAL APPROVAL OF CLASS** |
23 | | **ACTION SETTLEMENT** |
24 | | Date:   October 27, 2011 |
   | | Time:  1:30 p.m. |
25 | | Courtroom:    4, 5th Floor |
   | | Judge: Lucy H. Koh |
26

27

28

1   The Court-appointed Lead Plaintiffs, the Alameda County Employees' Retirement Association,

2   Government of Guam Retirement Fund, New Orleans Employees' Retirement System and Louisiana

3   Sheriffs Pension and Relief Fund ("Lead Plaintiffs"), respectfully submit this Reply in further support

4   of final approval of the proposed Settlement, the Plan of Allocation, and the motion for attorneys' fees

5   and reimbursement of litigation expenses.  *See* ECF Nos. 451, 452.

6   **I.      PRELIMINARY STATEMENT**

7           As detailed in Lead Plaintiffs' opening papers, the $125 million Settlement, plus accrued

8   interest, was achieved for the benefit of the Settlement Class after more than two years of extensive

9   litigation, document and deposition discovery and arm's-length settlement negotiations overseen by an

10  experienced and highly-respected mediator, the Honorable Layn R. Phillips (Ret.).   Following an

11  extensive and Court-approved notice program – including the mailing of the Court-approved Class

12  Notice to over 9,000 potential Class Members and nominees – not a single Class Member objected to

13  the fairness, reasonableness and adequacy of the Settlement Amount, the Plan of Allocation, or the

14  request for attorneys' fees and reimbursement of litigation expenses.

15          The lone "objection" to the Settlement (the "Obj.," ECF No. 460) does not challenge the

16  fairness, reasonableness and adequacy of the Settlement.   Rather, it was filed "in an abundance of

17  caution" solely seeking clarification that the Settlement's release language (the "Release") does not

18  compromise any hypothetical contract claims belonging to the Offerings' trusts (the "Trusts") based on

19  unidentified breaches of unidentified representations and warranties.  *See* Obj. at 3-4.  As the Objection

20  correctly notes, the Trusts are not members of the Settlement Class, and therefore, the Trusts are not

21  releasing any claims.  Only members of the Settlement Class are releasing their Settled Claims.

22          As set forth below, the Release is consistent with language regularly approved by the Ninth

23  Circuit and courts in this District.  The Release is expressly limited to claims "that were asserted, could

24  have been asserted, or that arise out of the same transactions or occurrences as the claims that were

25  asserted, in the Action."   *See* Stipulation of Settlement (ECF No. 440, "Stip.") ¶1(ll) (definition of

26  "Settled Claims").  In overruling similar objections to release provisions when an objector characterizes

27  a release as "vague," courts have observed that the addition of requested "clarifying" language is

28  "unnecessary and redundant [because it] is, after all, a given that the Release will only be applied

---

1   insofar as its application conforms to the law." *In re WorldCom, Inc. Sec. Litig.*, 388 F. Supp. 2d 319,

2   342 n.36 (S.D.N.Y. 2005). These courts have further overruled similar objections seeking an "advisory

3   opinion" on whether a settlement's release would release an objector's hypothetical claims. Consistent

4   with these authorities, the Court should overrule the Objection, which calls for an advisory opinion

5   based on, as the Objection says, "potential" claims belonging to the Trusts.

6   ## II.   THE SETTLEMENT IS FAIR,
          <u>REASONABLE AND ADEQUATE</u>

7

8        As detailed in Lead Plaintiffs' opening papers, each of the factors considered by courts within

9   the Ninth Circuit favors approval of the Settlement. *See* Mot. (ECF No. 451) at 10 (citing, *inter alia*,

10  *In re Rambus Inc. Deriv. Litig.,* 2009 WL 166689, at *2 (N.D. Cal. Jan. 20, 2009)). The $125 million

11  cash Settlement provides a meaningful recovery for the Settlement Class and was reached at a time

12  when the parties understood the strengths and weaknesses of their claims and defenses. *See* Mot. at 11-

13  13; *see also* Stickney Decl. (ECF No. 453) ¶81. Prior to reaching the Settlement, Lead Counsel

14  reviewed and analyzed a substantial volume of documents obtained through discovery; conducted

15  depositions of Wells Fargo employees and defense experts; interviewed numerous witnesses; conferred

16  with their own experts and consultants; and researched and briefed the core legal issues in the case. *See*

17  Mot. at 16-17; *see also* Stickney Decl. ¶¶15-70. The Settlement was achieved only after the parties

18  participated in multiple, arm's-length mediation sessions and, after an impasse was reached, a

19  mediator's recommendation, which both parties ultimately accepted. *See* Mot. at 8-9; *see also* Phillips

20  Decl. (ECF No. 453-1) ¶¶4-7; Stickney Decl. ¶76.

21       The Class Members' response to the Settlement further confirms its fairness, reasonableness

22  and adequacy. The Court-approved Class Notice was mailed beginning on August 9, 2011, to over

23  9,000 potential Class Members, the Summary Notice was published in *The Investor's Business Daily*,

24  and the Settlement documents were posted on a website specifically created for this Settlement.[1] There

25

26  _____

27  [1]  As explained in the October 20, 2011 Supplemental Declaration of Jennifer M. Keough Re Notice
    and Dissemination and Publication ("Keough Supp. Decl."), ¶6, attached as Exhibit 1 hereto, Lead

28  Counsel has become aware of two minor discrepancies in Table A to the Plan of Allocation, and
    submits a corrected Table A to be substituted in the Plan of Allocation. *See* Ex. C to Keough Supp.

are *no* objections to the fairness, reasonableness or adequacy of the Settlement.  The only "objection" was made out of "an abundance of caution" and does not challenge the fairness or adequacy of the Settlement Amount, Plan of Allocation or request for attorneys' fees or expenses.  *See* Obj. at 4.

Consistent with Ninth Circuit law favoring the settlement of securities class actions, the Settlement should be approved as fair, reasonable, and adequate.  *See* Mot. at 10; *see also Garner v. State Farm Mut. Auto. Ins. Co.*, 2010 WL 1687832, at *7 (N.D. Cal. Apr. 22, 2010) ("The law favors the compromise and settlement of class action suits.").

### III.   THE SETTLEMENT'S RELEASE COMPORTS WITH NINTH CIRCUIT LAW, AND THE OBJECTION PROVIDES NO BASIS TO REJECT THE SETTLEMENT

The Settlement contains accepted release language that does not detract from the Settlement's fairness, reasonableness, or adequacy.  The Release applies only to Class Members (which the Trusts are not) and releases only their "Settled Claims," which, pursuant to paragraph 1(ll) of the Stipulation, are limited to claims "that were asserted, could have been asserted, or that arise out of the same transactions or occurrences as the claims that were asserted, in the Action."  *See* Stip. ¶1(ll).  Moreover, the scope of the Release is further limited to the "extent permitted by law or equity."[2]

The Ninth Circuit and courts in this District have repeatedly approved class action settlements with similar releases.  *See, e.g., Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1287 (9th Cir. 1992) ("The weight of authority holds that a federal court may release not only those claims alleged in the

_____

Decl.  As set forth in the Notice (¶51), the Court may modify the proposed Plan of Allocation without further notice to the Settlement Class.

[2] *Id.*  Courts, for example, deny attempts to enforce releases to the extent that they are impermissible.  *See, e.g., Hesse v. Sprint Corp.*, 598 F.3d 581, 590 (9th Cir. 2010) (refusing to apply class action settlement release to claims that were not based on identical factual predicate as claims asserted in class action, and which were brought to remedy different injury); *In re Conseco Life Ins. Co. Cost of Ins. Litig.*, 2005 WL 5678842, at *7 (C.D. Cal. Apr. 26, 2005) (finding that a class action release in a prior case would not bar claims that were not based on the identical factual predicate as the class action claims); *see also In re Digital Music Antitrust Litig.*, 2011 WL 2848195, at *4 (S.D.N.Y. July 18, 2011) (holding that prior class action settlement release did not bar subsequent claims where the source of the subsequent claims was different from the source of previously alleged class action claims); *cf. Stephenson v. Dow Chem. Co.,* 273 F.3d 249 (2d Cir. 2001) (refusing to apply release in prior class action to bar claims in subsequent action), *vacated in part on other grounds*, 539 U.S. 111 (2003).

complaint, but also a claim 'based on the identical factual predicate as that underlying the claims in the settled class action even though the claim was not presented and might not have been presentable in the class action.'") (emphasis omitted); *In re Connetics Corp. Sec. Litig.,* Case No. C 07-02940 SI (N.D. Cal.) (Final Judgment and Order of Dismissal with Prejudice dated October 9, 2009), ECF No. 199 (approving similar release language); *In re Maxim Integrated Prods., Inc., Sec. Litig.,* Case No. C-08-00832-JW (N.D. Cal.) (Final Judgment and Order of Dismissal With Prejudice dated Sept. 29, 2010), ECF No. 294 (approving similar release language).[3]

     A release, no matter how worded, only compromises claims that are based on the same transactions or occurrences. As the Ninth Circuit explained in *Williams v. Boeing Co.*, "[w]hile [Defendant] may have drafted the settlement agreement to include as broad a release as possible, the release would have only been *enforceable* as to subsequent 'claims relying upon a legal theory different from that relied upon in the class action complaint, but depending upon the same set of facts.'" 517 F.3d 1120, 1134 (9th Cir. 2008) (emphasis in original); *see also WorldCom,* 388 F. Supp. 2d at 341-42 at n.36 (same).

     Consistent with these authorities, courts reject objections, such as the one here, that "out of an abundance of caution" seek "clarification" that a release does not extinguish their claims. As these

---

[3] In *Connetics,* Judge Illston approved a class action release of "any and all claims and causes of action of every nature and description, whether known or Unknown, fixed or contingent, whether arising under federal, state, common or foreign law, that Lead Plaintiff or any other member of the Class (a) asserted in the Litigation or (b) could have asserted in any forum, that arise out of, are based upon or in any manner relate to the allegations, transactions, facts, matters or occurrences, statements, representations or omissions involved, set forth, or referred to in the Complaint that relate to the purchase or acquisition of the Company's publicly traded securities during the Class Period or to the adequacy of any disclosures during the Class Period or that could have been asserted in the Litigation." In *Maxim,* Judge Ware approved a class action release of "any and all claims, rights, causes of action, liabilities or any other matters, whether known or Unknown, foreseen or unforeseen, whether arising under federal, state, common or foreign law, that (a) Lead Plaintiffs or any other member of the Class asserted in the Action or could have asserted in any forum, that arise out of, are based upon or relate in any way to the allegations, transactions, facts, matters or occurrences, disclosures, representations or omissions involved, set forth or referred to in the Action; or (b) relate in any way to any violation of state, federal or any foreign jurisdiction's securities or other laws, any misstatement, omission or disclosure (including in financial statements), any breach of duty, any negligence or fraud, or any other alleged wrongdoing or misconduct by the Released Parties relating in any way to the purchase or other acquisition of shares of Maxim common stock by members of the Class during the Class Period."

---

1   courts have explained, the addition of clarifying language that the settlement releases only "claims

2   'arising from the same facts,' or similar formulations, would be unnecessary and redundant [because it]

3   is, after all, a given that the Release will only be applied insofar as its application conforms to the law."

4   *WorldCom*, 388 F. Supp. 2d at 342 n.36; *see also Brent v. Midland Funding, LLC*, 2011 WL 3862363,

5   at *13 (N.D. Ohio Sept. 1, 2011) ("The fact that the release does not include language specifically

6   stating that it will only apply in cases sharing the same factual predicate as those released does ***not***

7   render it overbroad, nor does the potential that [Defendant] may in some future case urge a broader

8   interpretation of the release.") (emphasis added); *In re Global Crossing Sec. Litig.,* 2005 WL 1668532,

9   at *2-3 (S.D.N.Y. July 12, 2005) (finding objection ill-founded because the release could only extend to

10  claims that depended "on the very same set of facts").

11        In addition, courts routinely reject objections that, as here, require the court to "render[] an

12  advisory opinion" whether "the release … bar[s] any of [the objector's] claims."   *See Cicero v.*

13  *DirecTV, Inc.*, 2010 WL 2991486, at *7-8 (C.D. Cal. July 27, 2010); *see also In re AOL Time Warner*

14  *ERISA Litig.*, 2006 WL 2789862, at *12 (S.D.N.Y. Sept. 27, 2006) ("The facts necessary for a

15  resolution of this question [whether the settlement releases the objector's claims] are not before the

16  Court, nor does the Court have jurisdiction to formally dispose of the action."); *Larson v. Sprint Nextel*

17  *Corp.*, 2010 WL 234934, at *15-16 (D.N.J. Jan. 15, 2010) (rejecting objection seeking to have court

18  declare release ineffective as to certain potential claims, explaining that "such matters are not presently

19  before this Court and, therefore, will not be addressed at this juncture"); *cf. Hillblom v. U.S.,* 896 F.2d

20  426, 431 (9th Cir. 1990) (holding action not ripe for review because seeks advisory opinion).  These

21  courts have observed that whether a release extinguishes a particular claim requires a "fact-intensive

22  inquiry" that depends on the particulars of the allegations in the subsequent complaint.  *See WorldCom,*

23  388 F. Supp. 2d at 342 n.36.

24        Here, the Objection seeks precisely such an advisory opinion as to whether the Release would

25  bar the Trusts' hypothetical breach of contract claims based on unidentified representations and

26  warranties and unidentified breaches.  These hypothetical breach of contract claims are only cursorily

27  described in the Objection, with no identification of what specific representations and warranties were

28  purportedly breached.  The hypothetical claims have never been asserted in any action and may never

be asserted.  Likewise, while the Objection indicates that holders of the certificates may "under certain circumstances and after certain contractual prerequisites are met," bring derivative claims (Obj. at 3), missing are the conditions and prerequisites themselves and whether they have been satisfied.

The Court need not "clarify" the Release with an advisory opinion for such purely hypothetical claims.  *If* such claims are ever asserted and *if* a defendant attempts to invoke the Release, there will be a factual record for the deciding court at that time.  The Objection does not indicate how – given that the Trusts are not members of the Settlement Class, that only Class Members are releasing their Settled Claims, that substantial factual differences exist between the Trusts' contract claims and the claims asserted in this Action, and that the injuries are different – the Release could be enforceable against their hypothetical claims.

Moreover, as discussed above, to the extent that a subsequent court were to find that the Release somehow extends beyond what is permitted by law or equity – which it does not – it would not be enforceable as to such claims, rendering any additional "clarifying" language "unnecessary and redundant." *WorldCom,* 388 F. Supp. 2d at 342 n.36.  Accordingly, the Objection's speculative concerns about the impact on hypothetical claims belonging to the Trusts are premature and misplaced, and the Objection should be overruled.

## IV.   **CONCLUSION**

Based on the foregoing and the entire record herein, the Court should approve the Settlement and the Plan of Allocation as fair, reasonable and adequate and in the best interests of the Class.  The proposed Judgment, in the form agreed to by the parties, the proposed Order approving the Plan of Allocation, and the proposed Order approving the request for attorneys' fees and reimbursement of expenses, are submitted concurrently with this Memorandum.

Dated:  October 20, 2011                    Respectfully submitted,

                                            BERNSTEIN LITOWITZ BERGER
                                              & GROSSMANN LLP


                                                 */s/ David R. Stickney*
                                            DAVID R. STICKNEY

                                            DAVID R. STICKNEY
                                            TIMOTHY A. DeLANGE
                                            NIKI L. MENDOZA

1                                                      MATTHEW P. JUBENVILLE

JONATHAN D. USLANER

PAUL M. JONNA

12481 High Bluff Drive, Suite 300

San Diego, CA 92130

Tel:    (858) 793-0070

Fax:   (858) 793-0323

*Counsel for Lead Plaintiffs Alameda County Employees' Retirement Association, Government of Guam Retirement Fund, New Orleans Employees' Retirement System, Louisiana Sheriffs' Pension and Relief Fund, and the Class, and for additional Plaintiffs Public Employees' Retirement System of Mississippi, and Vermont Pension Investment Committee*

KLAUSNER & KAUFMAN, P.A.

ROBERT D. KLAUSNER

STUART A. KAUFMAN

10059 Northwest 1st Court

Plantation, FL 33324

Tel:    (954) 916-1202

Fax:   (954) 916-1232

*Additional Counsel for Lead Plaintiff Louisiana Sheriffs' Pension and Relief Fund*

COHEN MILSTEIN SELLERS & TOLL PLLC

CAROL V. GILDEN

190 South LaSalle Street, Suite 1705

Chicago, IL 60603

Tel:    (312) 357-0370

Fax:   (312) 357-0369

          -and-

STEVEN J. TOLL

1100 New York Avenue, NW

Suite 500 West

Washington, DC 20005

Tel:    (202) 408-4600

Fax:   (202) 408-4699

*Plaintiffs' Counsel to Class Representative the Policemen's Annuity and Benefit Fund of the City of Chicago*

CHIMICLES & TIKELLIS LLP

KIMBERLY DONALDSON SMITH

361 West Lancaster Avenue

Haverford, PA 19041

Tel:    (610) 642-8500

Fax:   (610) 649-3633

*Plaintiffs' Counsel to Class Representative Southeastern Pennsylvania Transportation Authority*

LABATON SUCHAROW LLP
CHRISTOPHER J. KELLER
140 Broadway
New York, NY 10005
Tel:     (212) 907-0700
Fax:     (212) 818-0477

*Plaintiffs' Counsel to Class Representative Plumbers &
Steamfitters Local 60 Pension Plan*

ZWERLING, SCHACHTER & ZWERLING, LLP
ROBIN ZWERLING
JUSTIN M. TARSHIS
41 Madison Avenue, 32nd Floor
New York, NY 10010
Tel:     (212) 223-3900
          -and-
DAN DRACHLER
1904 Third Avenue
Seattle, WA 98101
Tel:     (206) 223-2053

*Plaintiffs' Counsel to Class Representative General
Retirement System of the City of Detroit with respect to the
Wells Fargo 2006-AR15 Trust Certificates*

KOHN, SWIFT & GRAF, P.C.
DENIS F. SHEILS
One South Broad Street, Suite 2100
Philadelphia, PA 19107
Tel:  (215) 238-1700

*Additional Counsel to General Retirement System of the
City of Detroit*