BERNSTEIN LITOWITZ BERGER
   & GROSSMANN LLP
DAVID R. STICKNEY  (Bar No. 188574)
TIMOTHY A. DeLANGE  (Bar No. 190768)
NIKI L. MENDOZA (Bar No. 214646)
MATTHEW P. JUBENVILLE (Bar No. 228464)
TAKEO A. KELLAR (Bar No. 234470)
JONATHAN D. USLANER (Bar No. 256898)
PAUL M. JONNA (Bar No. 265389)
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:    (858) 793-0070
Fax:   (858) 793-0323
davids@blbglaw.com
timothyd@blbglaw.com
nikim@blbglaw.com
matthewj@blbglaw.com
takeok@blbglaw.com
jonathanu@blbglaw.com
paulj@blbglaw.com

*Counsel for Lead Plaintiffs Alameda County Employees' Retirement Association, Government of Guam Retirement Fund, New Orleans Employees' Retirement System, Louisiana Sheriffs' Pension and Relief Fund, and the Class, and for additional Plaintiffs Public Employees' Retirement System of Mississippi, and Vermont Pension Investment Committee*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| IN RE WELLS FARGO MORTGAGE-BACKED CERTIFICATES LITIGATION | Case No. 09-CV-1376-LHK (PSG)<br><br>CONSOLIDATED CLASS ACTION<br>ECF<br><br>**[PROPOSED] ORDER AWARDING ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES** |

Lead Counsel's Motion for Attorneys' Fees and Reimbursement of Litigation Expenses ("Fee Motion") duly came before the Court for hearing on October 27, 2011. The Court has considered the Fee Motion and all supporting and other related materials, and all matters presented at the October 27, 2011 hearing. Due and adequate notice having been given to the Class as required by the Court's Order Preliminarily Approving Settlement, Providing For Notice And Scheduling Hearing ("Preliminary Approval Order," ECF No. 447), and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the proceedings and good cause appearing therefor;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Order incorporates by reference the definitions in the Stipulation of Settlement dated as of July 5, 2011 ("Stipulation"), and all capitalized terms used, but not defined herein, shall have the same meanings as in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Action and all parties to the Action, including all members of the Settlement Class.

3. The Fee Motion filed in connection with the Settlement is hereby GRANTED.

4. The Court hereby awards attorneys' fees of $24,509,772.56 (19.75% of the $125 million Settlement Fund net of Plaintiffs' Counsel's Court-approved litigation expenses), payable to Lead Counsel.

5. The Court grants Lead Counsel's request for reimbursement of Plaintiffs' Counsel's litigation expenses in the amount of $899,885.77, payable to Lead Counsel.

6. The Court awards interest on the attorneys' fees and expenses payable to Lead Counsel calculated for the same time period and at the same rate as that earned on the Settlement Fund.

7. Pursuant to ¶18 of the Stipulation, Lead Counsel shall have the sole authority to allocate the Court-awarded attorneys' fees and expenses amongst Plaintiffs' Counsel in a manner which Lead Counsel, in good faith, believes reflects the contributions of such counsel to the prosecution and settlement of the Action.

8. The Court awards Lead Plaintiffs reimbursement of a total of $17,700 for their costs directly relating to their representation of the Settlement Class, as requested.

9. The awarded attorneys' fees and expenses and interest earned thereon may be paid immediately upon entry of this Order, subject to the terms, conditions and obligations of the Stipulation.

10. The Court finds that an award of attorneys' fees of 19.75% of the net Settlement Fund is lower than the Ninth Circuit's "benchmark," and is fair and reasonable in light of the following factors, among others: the contingent nature of the case; the risks of litigation; the quality of the legal services rendered; the benefits derived by the Settlement Class; awards made in similar cases; the lodestar cross-check; and the reaction of the Class.

11. The Court further finds that the request for reimbursement of litigation expenses is reasonable in light of Plaintiffs' Counsel's prosecution of this Action against the Defendants on behalf of the Settlement Class.

12. There is no just reason for delay in the entry of this Order, and immediate entry of this Order by the Clerk of the Court is expressly directed.

IT IS SO ORDERED.

DATED: _____    _____
　　　　　　　　　　　　　　THE HONORABLE LUCY H. KOH
　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT JUDGE