
Case5:09-cv-01376-LHK   Document468   Filed10/20/11   Page1 of 10

MUNGER, TOLLES & OLSON LLP
Marc T.G. Dworsky (SB# 157413)
Kathleen M. McDowell (SB# 115976)
James C. Rutten (SB# 201791)
Erin J. Cox (SB# 267954)
355 South Grand Avenue, 35th Floor
Los Angeles, California 90071-1560
(213) 683-9100; (213) 687-3702 (fax)
marc.dworsky@mto.com, kathleen.mcdowell@mto.com,
james.rutten@mto.com, erin.cox@mto.com

MUNGER, TOLLES & OLSON LLP
David H. Fry (SB# 189276)
560 Mission Street, 27th Floor
San Francisco, California 94105-2907
(415) 512-4000; (415) 512-4077 (fax)
david.fry@mto.com

Attorneys for Defendants WELLS FARGO BANK, N.A.,
WELLS FARGO ASSET SECURITIES
CORPORATION, FRANKLIN CODEL, DOUGLAS
JOHNSON, DAVID MOSKOWITZ, and THOMAS
NEARY

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| IN RE WELLS FARGO MORTGAGE-BACKED CERTIFICATES LITIGATION | Civil Action No. 09-01376 (LHK)<br><br>CONSOLIDATED CLASS ACTION - ECF<br><br>**WELLS FARGO'S RESPONSE TO OBJECTION OF NEUBERGER BERMAN EUROPE, LTD. AND BAYERISCHE LANDESBANK**<br><br>Judge:     Hon. Lucy H. Koh<br>Date:      October 27, 2011<br>Time:      1:30 p.m.<br>Courtroom: 8, 4th Floor |

## I. INTRODUCTION

In a testament to the reasonableness of the proposed Settlement, only one objection was submitted (the "Objection"). The Objection, moreover, does not actually contend that any term of the Settlement is unfair or improper. Rather, it asks the Court to issue an advisory opinion concerning the potential effect of the release on the rights of persons *other* than the objectors, based on an incomplete hypothetical. The Court should decline that invitation.

Objectors Neuberger Berman Europe, Ltd. and Bayerische Landesbank ("Objectors") assert that the trusts that hold the mortgages underlying the Certificates at issue in this case are formed under Pooling and Servicing Agreements ("PSAs") that include representations and warranties concerning the loans. Objectors assert, without any basis, that the representations and warranties were not accurate and that the trusts possess claims for breach of contract, which Objectors contend are not released by the settlement because the trusts are not plaintiffs here.

Objectors are not trustees and have no standing to assert the rights of the trustees—indeed they are prohibited from doing so by the PSAs. This alone is sufficient reason to disregard the Objection. Moreover, the Objection does not even purport to identify a defect in the Settlement. It is undisputed that the scope of the release is permissible. Rather than arguing against approval of the Settlement, the Objectors are asking the Court to opine on how it would apply in an ill-defined hypothetical scenario that is not currently presented and may never be presented. This too justifies rejecting the Objection.

Even if the Objectors were able to overcome these threshold defects, their Objection would fail on its merits. *First*, Objectors make an unwarranted logical leap from the premise that the trusts are not Class Members to the conclusion that representation and warranty claims are necessarily unaffected by the Settlement. The Settlement could affect the Class Members' rights with respect to representation and warranty claims (depending on what the claims are and how they arise—circumstances that cannot be known at this time), even if it does not bind the trusts. *Second*, Objectors provide no evidence whatsoever that the trusts have any

- 1 -

representation and warranty claims. They note that Wells Fargo has taken a reserve in its accounts, but they do not and cannot connect that reserve to these trusts and they offer no evidence that any representations and warranties in the relevant PSAs were false. Indeed, they do not even identify the representations and warranties that they contend might be false.

In short, the Objection has no merit and Final Approval of the Settlement should be granted.

## II. ARGUMENT

### A. Objectors May Not Assert Rights Under the PSAs.

The Objection should not even be considered because the Objectors have no standing to assert this particular objection and, indeed, are prohibited from doing so.

The Objectors contend that the *trusts* were given representations and warranties and that the *trusts* are not part of the Settlement and are not bound thereby, but neither of the Objectors is a trustee and neither establishes any legal basis to act on behalf of any of the trusts. Accordingly, they lack standing to assert the purported rights of the trust. *See International Ass'n of Fire Fighters, Local 2665 v. City of Clayton*, 320 F.3d 849, 851 (8th Cir. 2003) ("As a general rule, a beneficiary may not bring an action at law on behalf of a trust against a third party.") (internal quotation marks omitted); Restatement (Second) of Trusts § 281(1).

In addition, the Objectors are affirmatively forbidden by the PSAs from pursuing this Objection. The PSAs prohibit individual Certificateholders from either (i) prejudicing the rights of other Certificateholders or (2) taking any action to enforce the agreement, except as provided for in the agreement:

> it being understood and intended, and being expressly covenanted by each Certificateholder with every other Certificateholder and the Trustee, that *no one or more Holders of Certificates shall have any right in any manner whatever by virtue or by availing of any provision of this Agreement to affect, disturb or prejudice the rights of the Holders of any other of such Certificates . . . or to enforce any right under this Agreement except in the manner herein provided . . .*"

Declaration of David H. Fry ("Fry Decl.") Ex. 1 at § 10.03 (emphasis added); *accord* Ex. 2 at § 10.03, Ex. 3 at § 10.03. The agreements further provide that the only manner in which a

1  Certificateholder can enforce any right under the agreement is by making a written demand on the
2  Trustee on behalf of at least 25% of the Certificateholders (measured by voting rights), which
3  Objectors have not done. Fry Decl. Ex. 1 at § 10.03, Ex. 2 at § 10.03, Ex. 3 at § 10.03. These
4  provisions are meant to prevent individual Certificateholders from misusing the PSA, either to
5  cause detriment to the other Certificateholders, or to pursue issues that cannot command the
6  support of at least 25% of their number. The Objection directly violates these restrictions. By
7  "availing" themselves of the provisions of the PSA, the Objectors seek to "affect, disturb, [and]
8  prejudice" the rights of other Certificateholders—indeed, they threaten to prevent the payment of
9  millions of dollars to the other Certificateholders under the Settlement. Moreover, Objectors are
10 at least arguably purporting to enforce the PSA. Accordingly, Objectors not only lack standing to
11 pursue the trustees' rights under the PSAs, they are affirmatively barred from doing so.

### B. Objectors Seek an Advisory Opinion Concerning Hypothetical Claims By Absent Parties.

The Objectors do not actually contend that the scope of the release is improper, nor could they. The release extends to any and all claims "that were asserted, could have been asserted, or that arise out of the same transactions or occurrences as the claims that were asserted, in the Action." Dkt. No. 440 at 10. As a matter of law, a class action release may extend beyond the claims that were actually asserted and reach other claims that arise out of the same transactions or occurrences. *Williams v. Boeing Co.*, 517 F.3d 1120, 1134 (9th Cir. 2008) (class action release enforceable as to claims relying on a different legal theory by depending on the same facts).

Rather than challenging the scope of the release, Objectors request a restrictive interpretation of it based on an incomplete hypothetical. Objectors do not contend that any trustee has asserted a claim (and none has) or even that one will assert a claim. Because there is no pending claim made by the trustee of any of the trusts, the claims theorized by Objectors are purely hypothetical. Moreover, Objectors do not specify many of the key factors in assessing whether the theorized claim might fall within the release, such as: (a) who would be the plaintiff (a trustee or a Certificateholder, a Class Member or a non-Class Member); (b) what representation

or warranty would allegedly have been false; or (c) what circumstances allegedly rendered the representation or warranty false. The Court cannot reasonably assess whether a hypothetical claim falls within the release in the absence of such basic information concerning the claim. *Cicero v. DirectTV, Inc.*, 2010 WL 2991486, at *8 (C.D. Cal. July 27, 2010) (refusing to address whether particular claims fell within release on ground that to do so would involve "rendering an advisory opinion"); *In re AOL Time Warner ERISA Litig.*, 2006 WL 2789862, at *12 (S.D.N.Y. Sept. 27, 2006) (declining to rule on whether objector's state court claims would be released by class settlement because, *inter alia*, the "facts necessary for a resolution of this question are not before the Court").

### C. The Objection Is Substantively Without Merit.

#### 1. If the Trusts Held Claims, Those Claims Might Be Affected.

The only rationale offered by Objectors for why the release would not reach representation and warranty claims is that those claims belong to the trust and the trust is not a Class Member. Of course, the settlement does not release claims of persons who are not Class Members (or their personal representatives, spouses, domestic partners, trustees, heirs, executors, administrators, successors or assigns) and the trusts are not members of the class.[1] But the Objection makes a more sweeping claim. Objectors contend that the settlement "does not compromise in any fashion" any potential claims by the trusts. That assertion is vague, but could be construed in ways that would be incorrect.

Under the proposed final approval order, Class Members are enjoined from prosecuting Settled Claims, "whether directly or indirectly, whether on their own behalf or otherwise." Dkt. No. 440-1 at 82. If a trust holds claims that fall within the scope of the Settled Claims, therefore, no Class Member may prosecute those either directly or indirectly. Accordingly, the Class Member itself could not file suit on those claims, nor could it direct the trustee to do so.

---

[1] Contrary to Objectors' assertion, the *trustees* may be Class Members—albeit due to their actions in some capacity other than as trustee of one of these trusts.

In addition, the scope of available relief on a claim by the trustee may be affected. The alleged damages being compromised in this Settlement are for the diminution in the value of the Certificates. 15 U.S.C. § 77k(e). The value of the Certificates is driven by the performance of the underlying loans and, if Wells Fargo is forced to repurchase non-performing loans, then the value of the Certificates will rise and the Certificateholders might obtain an improper double recovery. *See Foster v. Financial Technology Inc.*, 517 F.2d 1068, 1072 (9th Cir. 1975) (plaintiffs should not receive double recovery on 1933 Act claim).

### 2. Objectors Have Provided No Evidence that the Trustees Possess Any Claims.

Finally, the Objection also rests on a false factual premise. Objectors claim that there is "substantial evidence" that the representations and warranties in the PSAs were false, but they fail to cite any support for this proposition or even to explain it. They do not identify the representations and warranties that they contend were false. They do not put forth any evidence those unidentified representations and warranties were false. They do not contend that any trustee for any of the trusts has *ever* made a repurchase demand with respect to any loan in any of the 28 trusts at issue in this Settlement.

The only "evidence" Objectors point to in support of their claim that the representations in these PSAs were false is the reserve Wells Fargo has taken for repurchases, as set forth in its Second Quarter Form 10-Q. Nothing in the 10-Q suggests, however, that any part of that reserve is for loans in these trusts. On the contrary, the disclosure shows that 90% of the pending repurchase demands are from Fannie Mae and Freddie Mac. Fry Decl. Ex. 4 at 41. Plaintiffs do not, and cannot, show that the representations and warranties made in the PSAs for these trusts are the same as those made to Fannie Mae and Freddie Mac, or even the same as those made to other private investors. Plaintiffs have not provided any evidence whatsoever that any of the trustees for these trusts has ever, will ever, or ever could assert repurchase claims with respect to the loans in these trusts. There is no reason, therefore, for the Court to wade into what affect the Settlement would have if such a claim were asserted.

### III. CONCLUSION

For the foregoing reasons, the Objection should be rejected, the Motion for Final Approval should be granted, and final judgment should be entered in the form agreed to by the parties.

DATED: October 20, 2011

MUNGER, TOLLES & OLSON LLP
Marc T.G. Dworsky
Kathleen M. McDowell
David H. Fry
James C. Rutten
Erin J. Cox


By: _____/s/ David H. Fry_____
          DAVID H. FRY

Attorneys for Defendants
WELLS FARGO BANK, N.A., WELLS FARGO ASSET SECURITIES CORPORATION, FRANKLIN CODEL, DOUGLAS JOHNSON, DAVID MOSKOWITZ, and THOMAS NEARY

| | |
|---|---|
| 1 | MARC T.G. DWORSKY (SBN 157413) |
| | Marc.Dworsky@mto.com |
| 2 | KATHLEEN M. McDOWELL (SBN 115976) |
| | Kathleen.McDowell@mto.com |
| 3 | MUNGER, TOLLES & OLSON LLP |
| | 355 South Grand Avenue, 35th floor |
| 4 | Los Angeles, CA 90071-1560 |
| | Telephone: (213) 683-9100 |
| 5 | Facsimile: (213) 687-3702 |
| 6 | DAVID H. FRY (SBN 189276) |
| | David.Fry@mto.com |
| 7 | CAROLYN V. ZABRYCKI (SBN 263541) |
| | Carolyn.Zabrycki@mto.com |
| 8 | MUNGER, TOLLES & OLSON LLP |
| | 560 Mission Street, 27th floor |
| 9 | San Francisco, CA 94105-2907 |
| | Telephone: (415) 512-4000 |
| 10 | Facsimile: (415) 512-4077 |
| 11 | Attorneys for Defendants WELLS FARGO BANK, |
| | N.A., WELLS FARGO ASSET SECURITIES |
| 12 | CORPORATION, FRANKLIN CODEL, DOUGLAS |
| | JOHNSON, DAVID MOSKOWITZ, and THOMAS |
| 13 | NEARY |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE WELLS FARGO MORTGAGE-BACKED CERTIFICATES LITIGATION | Civil Action No. 09-01376 (LHK) (PSG)<br><br>**PROOF OF SERVICE** |

**PROOF OF SERVICE**

I, Glenda Hunt, declare:

I am employed in the City and County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 355 S. Grand Avenue, Suite 3500, Los Angeles, CA 90071. On October 20, 2011, I served the foregoing document described as:

**WELL FARGO'S RESPONSE TO OBJECTION OF NEUBERGER BERMAN EUROPE, LTD. AND BAYERISCHE LANDESBANK**

on the interested parties in this action by e-filing the documents electronically with the Court. Those attorneys who are registered with the Electronic Case Filing ("ECF") System may access this filing through the Court's ECF System. Attorneys not registered with the Court's ECF System will be duly and properly served in accordance with the Federal Rules of Civil Procedure and the Court's Local Rules **(SEE ATTACHED SERVICE LIST).**

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct. Executed on October 20, 2011, at Los Angeles, California.

*[signature]*

Glenda Hunt

| | |
|---|---|
| 1 | **SERVICE LIST** |

| | |
|---|---|
| ***Counsel for Underwriter Defendants*** | |
| William G. McGuinness<br>Stephanie J. Goldstein<br>Shahzeb Lari<br>**Fried Frank Harris Shriver & Jacobson LLP**<br>One New York Plaza<br>New York, NY 10004-1980<br>Tel: (212) 859-8000<br>Fax: (212) 859-4000<br>Email: william.mcguinness@friedfrank.com<br>stephanie.goldstein@friedfrank.com<br>shahzeb.lari@friedfrank.com<br><br>Served via U.S. Mail | |

14016880.1

- 2 -

PROOF OF SERVICE;
09-01376 (LHK)(PSG)