UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In Re WELLS FARGO MORTGAGE-BACKED CERTIFICATES LITIGATION | ) Case No.: 09-CV-01376-LHK )  ) ) ORDER DENYING OBJECTORS' ) ORAL MOTION FOR LEAVE TO SEEK ) DISCOVERY ) ) ) ) ) |

Pursuant to the Court's July 26, 2011 Order Preliminarily Approving Settlement, Providing for Notice and Scheduling Hearing ("Preliminary Approval Order," ECF No. 447), the Court held a fairness hearing ("Final Approval Hearing") on October 27, 2011 on Lead Plaintiffs' Motion for Final Approval of Class Action Settlement (ECF No. 451) and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses (ECF No. 452). The Preliminary Approval Order provided that any Class Member who timely served proper written objections would be given the opportunity to be heard at the Final Approval Hearing and to show cause why the proposed Settlement should or should not be approved as fair, reasonable, adequate, and in the best interests of the Settlement Class, or why Judgment should or should not be entered thereon. *See* ECF No. 447 ¶ 13; *see also* Fed. R. Civ. P. 23(e)(5).

Only two Class Members filed an objection to the Settlement. Neuberger Berman Europe, Ltd., as Agent for Sealink Funding, Ltd., and Bayerische Landesbank ("Objectors") object solely on grounds that the Settlement's release is vague and does not clearly disavow release of

1

contractual representation and warranty claims allegedly held by the Offerings' trusts—which are indisputably not Class Members—against various affiliates of Wells Fargo, and which are allegedly worth up to $1.2 billion. Objectors do not contend that these claims are unfairly released by the Settlement; rather, "in an abundance of caution," they seek an order "clarifying that the Settlement does not intend to, and does not, compromise in any fashion the potential contractual representation and warranty claims belonging to the Offerings' trusts." ECF No. 460 at 4. Objectors were given the opportunity to be heard at the Final Approval Hearing.

The Court declines to require additional "clarifying" language. Objectors have not identified what specific representations and warranties were purportedly breached, and to the Court's knowledge, no such claims have yet been asserted. In the face of nothing more than unidentified and purely hypothetical "potential" claims held by the Offerings' trusts, such clarifying language would amount to an advisory opinion, which is generally disfavored. *See, e.g.*, *Cicero v. DirecTV, Inc.*, 2010 WL 2991486, at *7-8 (C.D. Cal. July 27, 2010) (refusing to address whether particular claims fell within the release because to do so would involve "rendering an advisory opinion"); *Larson v. Sprint Nextel Corp.*, 2010 WL 234934, at *15-16 (D.N.J. Jan 15, 2010) (rejecting objection seeking to have court declare release ineffective as to certain potential claims, explaining that "such matters are not presently before this Court and, therefore, will not be addressed at this juncture"); *In re AOL Time Warner ERISA Litig.*, 2006 WL 2789862, at *12 (S.D.N.Y. Sep. 27, 2006) (declining to rule on whether objector's state court claims would be released by the settlement because the "facts necessary for a resolution of this question are not before the Court").

Moreover, the Court finds the scope of the Settlement's release language proper. The Release applies only to Class Members, which both Objectors and the Parties alike agree the Trusts are not, and releases only Class Members' "Settled Claims," which are limited to claims "that were asserted, could have been asserted, or that arise out of the same transactions or occurrences as the claims that were asserted, in the action." *See* Stip. ¶ 1(ll). The Settlement's release language is similar to language previously approved by the Ninth Circuit and by other courts in this District. *See, e.g.*, *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1287 (9th Cir. 1992) ("The weight of

2
Case No.: 09-CV-01376-LHK
ORDER DENYING OBJECTORS' ORAL MOTION FOR LEAVE TO SEEK DISCOVERY

authority holds that a federal court may release not only those claims alleged in the complaint, but also a claim based on the identical factual predicate as that underlying the claims in the settled class action even though the claim was not presented and might not have been presentable in the class action." (internal quotation marks omitted)); *In re Connetics Corp. Sec. Litig.*, Case No. 07-02940-SI (N.D. Cal.) (Final Judgment and Order of Dismissal with Prejudice dated Oct. 9, 2009), ECF No. 199 (approving similar release language, *see* ECF No. 190-2); *In re Maxim Integrated Prods., Inc. Sec. Litig.*, Case No. C-08-00832-JW (N.D. Cal.) (Final Judgment and Order of Dismissal with Prejudice dated Sep. 29, 2010), ECF No. 294 (same, *see* ECF No. 271). The Court therefore does not find Objectors' objection to be a proper basis for withholding final approval of the Settlement.

Objectors were given the opportunity to be heard at the Final Approval Hearing, and at the end of the hearing, orally moved for leave to seek discovery from the parties relating to the content of their settlement negotiations for the purpose of proving that the alleged contractual representation and warranty claims belonging to the Offerings' trusts were not contemplated as part of this suit or its settlement.

At the outset, the Court notes that Objectors waived their discovery request by failing to raise it at the time they filed their objection. However, even if Objectors had timely filed their request, the Court does not find that they are entitled to the discovery they seek. "Class members who object to a class action settlement do not have an absolute right to discovery." *Jaffe v. Morgan Stanley & Co.*, 2008 WL 346417 at *2 (N.D. Cal. Feb. 7, 2008) (Henderson, J.); *accord Wixon v. Wyndham Resort Dev. Corp.*, 2011 WL 3443650 at *2 (N.D. Cal. Aug. 8, 2011) (White, J.); *Hemphill v. San Diego Ass'n of Realtors, Inc.*, 225 F.R.D. 616, 619 (S.D. Cal. 2004). "While objectors are entitled to meaningful participation in the settlement proceedings, and leave to be heard, they are not automatically entitled to discovery," particularly not when discovery would unduly burden the parties or cause unnecessary delay. *Jaffe*, 2008 WL 346417 at *2. In determining whether to grant an objector's request for discovery, courts generally consider three factors: (1) the nature and amount of previous discovery; (2) whether there is a reasonable basis for

the discovery requests; and (3) the number and interests of objectors. *See Wixon*, 2011 WL 3443650 at *2 (citing *Hemphill*, 225 F.R.D. at 620 (internal citations omitted)).

Here, all three factors weigh against granting Objectors leave to seek discovery. First, the parties engaged in extensive discovery in an adversarial setting before reaching the proposed Settlement. Second, Objectors fail to identify a reasonable basis for requiring the parties to disclose the highly sensitive contents of their settlement negotiations. "Settlement negotiations involve sensitive matters," and therefore "discovery of settlement negotiations is proper only where the party seeking it lays a foundation by adducing from other sources evidence indicating that the settlement may be collusive." *Lobatz v. U.S. W. Cellular of Cal., Inc.*, 222 F.3d 1142, 1148 (9th Cir. 2000) (internal quotation marks, citations, and alterations omitted); *see also Hemphill*, 225 F.R.D. at 620 ("[D]iscovery of evidence pertaining to settlement negotiations is appropriate only in rare circumstances."). This Settlement was the product of a hard-fought case litigated for over two years. Objectors have made no allegation of suspected collusion between the parties. Finally, only two Class Members of the more than 7,000 that received Court-approved notices filed an objection, and their objection asserts not their *own* interests as Class Members, but rather the interests of the Offerings' trusts, which, as previously discussed, both Objectors and the Parties agree are not members of the Settlement Class.

The Court finds that Objectors have had a meaningful opportunity to be heard, the Court has sufficient facts before it to evaluate the Settlement, and discovery would unduly burden the parties and cause unnecessary delay. Accordingly, Objectors' requests for clarifying language in the Settlement release terms and for leave to seek discovery regarding the Parties' settlement negotiations are DENIED.

**IT IS SO ORDERED.**

Dated: November 14, 2011

_Lucy H. Koh_
LUCY H. KOH
United States District Judge