UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

| | |
|---|---|
| IN RE WELLS FARGO MORTGAGE-BACKED CERTIFICATES LITIGATION | Civil Action No. 09-cv-01376-LHK |
| | CONSOLIDATED CLASS ACTION ECF |
| | **ORDER APPROVING DISTRIBUTION PLAN** |

ORDER APPROVING DISTRIBUTION PLAN
Case No. 09-cv-01376-LHK

Lead Plaintiffs the Alameda County Employees' Retirement Association, Government of Guam Retirement Fund, New Orleans Employees' Retirement System and Louisiana Sheriff's Pension and Relief Fund (collectively, "Lead Plaintiffs"), on notice to Defendants' Counsel, moved this Court for an order approving the distribution plan for the Net Settlement Fund in the above-captioned class action (the "Action"), and the Court having considered all the materials and arguments submitted in support of the motion, including the Declaration of Jennifer M. Keough in Support of Motion for Approval of Distribution Plan (the "Keough Declaration") and Lead Plaintiffs' Notice of Unopposed Motion and Motion for Approval of Distribution Plan; Memorandum of Points and Authorities in Support Thereof, submitted therewith;

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. This Order incorporates by reference the definitions in the Stipulation of Settlement dated July 5, 2011 (the "Stipulation," ECF No. 440), and all terms used herein shall have the same meanings as set forth in the Stipulation and the Keough Declaration.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Class Members.

3. The administrative recommendations to accept claims, including the otherwise valid claims filed after the original December 7, 2011 deadline ("Late Claims") but before November 27, 2012, and to reject wholly ineligible or otherwise deficient claim, as recommended by the Claims Administrator, The Garden City Group, Inc. ("GCG"), as stated in the Keough Declaration, are adopted;

4. Lead Plaintiffs' plan for distribution of the Net Settlement Fund to Authorized Claimants is **APPROVED**.  Accordingly,

   a. GCG will calculate award amounts to all Authorized Claimants as if the entire Net Settlement Fund was to be distributed now by calculating their *pro rata* share of the fund in accordance with the Court-approved Plan of Allocation (the Claimant's "Distribution Amount").

   b. GCG will, pursuant to the terms of the Court-approved Plan of Allocation, eliminate from the distribution list any Authorized Claimant whose Distribution

ORDER APPROVING DISTRIBUTION PLAN
Case No. 09-cv-01376-LHK

Amount calculates to less than $10.00. Such Claimants will not receive any distribution from the Net Settlement Fund.

c.  After eliminating Claimants who would have received less than $10.00 from the distribution list, GCG will recalculate the distribution amounts for Authorized Claimants who would have received $10.00 or more pursuant to the calculations described in subparagraph b. above.

d.  GCG will then conduct an Initial Distribution of the Net Settlement Fund as follows:

   i.  With respect to Authorized Claimants whose distribution amount calculates to less than $100 pursuant to subparagraph c. above, GCG will distribute to such Claimants their full distribution amount ("Claims Paid in Full"). These Claimants will get no additional funds in subsequent distributions.

   ii.  With respect to Authorized Claimants whose distribution amount calculates to $100 or more pursuant to subparagraph c. above, GCG will distribute to such Claimants 95% of their distribution amounts. The remaining 5% of their payments will be held in reserve (the "Reserve") to address any claims that ultimately are determined to be eligible to participate in the Settlement, and for any other contingencies that may arise. To the extent the Reserve is not depleted, the remainder will be distributed in subsequent distributions as ordered by the Court.

e.  In order to encourage Authorized Claimants to promptly cash their Distribution checks, and to avoid or reduce future expenses relating to unpaid Distribution checks, all Distribution checks will bear a notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT CASHED BY [DATE 90 DAYS AFTER ISSUE DATE]."

f.  So that as many Authorized Claimants as possible cash their checks, GCG will perform extensive follow-up with those Authorized Claimants whose checks are initially uncashed, either because they are returned as undeliverable or because the

-2-

Authorized Claimant simply did not cash the check after a period of time elapses. For Authorized Claimants whose checks are returned as undeliverable, GCG will endeavor to locate new addresses by running the undeliverable addresses through the USPS National Change of Address database and, where appropriate, via Internet search techniques and by calling the Authorized Claimants. Where a new address is located, GCG will update the database accordingly and re-issue a distribution check to the Authorized Claimant at the new address. For any Authorized Claimants whose distributions are not returned, but who simply do not cash their checks, beginning 30 days after the checks are distributed and continuing through the 90th day, GCG will use a mix of automated and personalized telephone calls to urge such Authorized Claimants to cash their distribution checks. Authorized Claimants will be informed that, if they do not cash their checks within 90 days from the mail date, their payment check will lapse, their entitlement to recovery will be irrevocably forfeited, and the funds will be re-allocated to other Authorized Claimants. In the event an Authorized Claimant loses or damages his, her or its check, or otherwise requires a new check, GCG will issue replacements. Distribution re-issues will be undertaken only upon written instructions from the Authorized Claimant, provided that the Authorized Claimant returns the first check, where appropriate. If a distribution is deemed lost, GCG will void the initial payment check prior to re-issuing a payment.

g. Authorized Claimants who do not cash their Initial Distribution checks within the time allotted will irrevocably forfeit all recovery from the Settlement. The funds allocated to all such stale-dated checks will be available in the re-distribution to other Authorized Claimants. Similarly, Authorized Claimants who do not cash subsequent distributions within the time allotted will irrevocably forfeit any further recovery from the Settlement.

h. GCG will conduct a second distribution of the Net Settlement Fund (the "Second Distribution"), pursuant to which any amount remaining in the Net Settlement

ORDER APPROVING DISTRIBUTION PLAN
Case No. 09-cv-01376-LHK

Fund, after the Initial Distribution (including the Reserve and the funds for all void stale-dated or returned checks), after deducting GCG's reasonable fees expected to be incurred in connection with the Second Distribution and the expenses incurred in connection with administering the Settlement for which GCG has not yet been paid, and after the payment of any estimated escrow fees and taxes and the costs of preparing appropriate tax returns, will be distributed to all Authorized Claimants from the Initial Distribution who (1) were not Claims Paid in Full, (2) cashed their distribution payment, and (3) are entitled to at least $10 from the redistribution based on their *pro rata* share of the remaining fund.

i.  In order to allow a final distribution of any remaining funds in the Net Settlement Fund after completion of the Second Distribution, whether by reason of returned funds, tax refunds, interest, uncashed checks, or otherwise:

    i.  If cost effective, not less than six months after the Second Distribution is conducted, GCG will conduct a further distribution of the Net Settlement Fund, pursuant to which all funds remaining in the Net Settlement Fund, after payment of any unpaid expenses or fees incurred or to be incurred in connection with administering the subsequent distributions from the Net Settlement Fund, and after the payment of any estimated escrow fees or taxes and the costs of preparing appropriate tax returns, shall be distributed to Authorized Claimants who cashed their Second Distribution checks and who would receive at least $10 in such further distribution, with additional redistributions thereafter to be conducted on the same terms in six-month intervals until GCG and Lead Counsel determine that further redistribution is not cost-effective; and

    ii.  At such time as GCG and Lead Counsel determine that further redistribution is not cost-effective, Lead Counsel shall seek direction from the Court with respect to the disposition of the balance of the Net Settlement Fund, after payment of any unpaid expenses or fees incurred in

ORDER APPROVING DISTRIBUTION PLAN
Case No. 09-cv-01376-LHK

connection with administering the Net Settlement Fund and after the payment of any estimated escrow fees and taxes and the costs of preparing appropriate tax returns.

j.  All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Proofs of Claim submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, are released and discharged from any and all claims arising out of such involvement, and all Class Members, whether or not they receive payment from the Net Settlement Fund, are barred from making any further claims against the Net Settlement Fund, Lead Plaintiffs, Lead Counsel, the Claims Administrator, the Escrow Agent or any other agent retained by Lead Plaintiffs or Lead Counsel in connection with the administration or taxation of the Settlement Fund or the Net Settlement Fund beyond the amount allocated to Authorized Claimants.

k.  Unless otherwise ordered by the Court, no Proof of Claim received after November 27, 2012, may be accepted for payment, and no further adjustments to Proofs of Claim received may be made after November 27, 2012.

l.  Unless otherwise ordered by the Court, one year after the Initial Distribution, GCG will destroy the paper copies of the Proofs of Claim and all supporting documentation, and three years after the final distribution, GCG will destroy electronic copies of the same.

5.  All of the fees and expenses incurred by GCG in connection with its administration of the Settlement and to be incurred in connection with the Initial Distribution are approved; accordingly, Lead Counsel shall direct payment of $240,895.63 out of the Settlement Fund to GCG for such remaining unpaid fees and expenses; and

6.  The Court retains jurisdiction to consider any further applications concerning the administration of the Settlement, and such other and further relief as this Court deems appropriate.

ORDER APPROVING DISTRIBUTION PLAN
Case No. 09-cv-01376-LHK

**IT IS SO ORDERED**

Dated: May 30, 2013

_____
HONORABLE LUCY H. KOH
UNITED STATES DISTRICT JUDGE

ORDER APPROVING DISTRIBUTION PLAN
Case No. 09-cv-01376-LHK