1
2
3
4
5
6
7

8 UNITED STATES DISTRICT COURT

9 NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

| | |
|---|---|
| 10  IN RE WELLS FARGO MORTGAGE-<br>BACKED CERTIFICATES<br>11  LITIGATION | Civil Action No. 09-cv-01376-LHK<br><br>CONSOLIDATED CLASS ACTION<br>ECF<br><br>**[PROPOSED] ORDER APPROVING FINAL**<br>**DISTRIBUTION PLAN** |

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1  Lead Plaintiffs the Alameda County Employees' Retirement Association, Government of
2  Guam Retirement Fund, New Orleans Employees' Retirement System and Louisiana Sheriff's
3  Pension and Relief Fund (collectively, "Lead Plaintiffs"), on notice to Defendants' Counsel, moved
4  this Court for an order approving the final distribution plan for the Net Settlement Fund in the above-
5  captioned class action (the "Action"), and the Court having considered all the materials and
6  arguments submitted in support of the motion, including the Declaration of Jennifer M. Veitengruber
7  in Support of Motion for Final Distribution Plan (the "Veitengruber Declaration") and Lead
8  Plaintiffs' Notice of Unopposed Motion and Motion for Approval of Final Distribution Plan;
9  Memorandum of Points and Authorities in Support Thereof, submitted therewith;

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. This Order incorporates by reference the definitions in the Stipulation of Settlement dated July 5, 2011 (the "Stipulation," ECF No. 440), and all terms used herein shall have the same meanings as set forth in the Stipulation and the Veitengruber Declaration.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Class Members.

3. The Court approves of the administrative recommendations of the Claims Administrator, The Garden City Group, LLC ("GCG"), and agreed with by Lead Counsel, to:

    a. Accept the one Late Adjusted Claim that has cured the deficiencies in the claim, and make a supplemental payment in accordance with the Distribution Plan as set forth in Paragraphs 8 and 9 of the Veitengruber Declaration;

    b. Accept the 22 Post Declaration Claims that are acceptable in whole or in part, and make payments to them in accordance with the Distribution Plan, to bring them into parity with other Authorized Claimants, as set forth in Paragraphs 10-13 of the Veitengruber Declaration;

    c. Reject as deficient or ineligible those 31 Post Declaration Claims that are either ineligible, wholly deficient, or have no Recognized Claim, as set forth in Paragraphs 10-11 of the Veitengruber Declaration;

    d. Make payments to the Authorized Claimants from the Initial Distribution who cashed or negotiated their checks or wires who were not Claims Paid in Full, to bring them into parity with the Claims Paid in Full in the Initial Distribution, as set forth in Paragraphs 14 and 15 of the Veitengruber Declaration;

    e. Pay the amount remaining in the Net Settlement Fund, after the payments stated above, and after payment of any additional reasonable unpaid claims administration expenses or fees, escrow fees, or taxes or costs of preparing appropriate tax returns, on a *pro rata* basis among all Authorized Claimants who will receive a distribution pursuant to this Order, as set forth in Paragraph 16 of the Veitengruber Declaration;

    f. If cost effective, not less than six months after the above distributions are made, after the payment of any additional reasonable unpaid claims administration expenses or fees, escrow fees, or taxes or costs of preparing appropriate tax returns in connection with administering the Net Settlement Fund, conduct subsequent distributions of remaining funds to all Authorized Claimants who cashed their Second Distribution checks and would be entitled to at least $10.00 from the redistribution based on their *pro rata* share of the remaining fund until it becomes no longer economically feasible to redistribute to Authorized Claimants, as set forth in Paragraph 17 of the Veitengruber Declaration; and

    g. Once Lead Counsel and GCG determine that it is no longer economically feasible to distribute the remainder of the Net Settlement Fund to Authorized Claimants (*e.g.,* anticipated to be an amount less than $75,000.00), and after payment of any additional reasonable unpaid claims administration expenses or fees, escrow fees, or taxes or costs of preparing appropriate tax returns, distribute the remainder to the Institute for Law and Economic Policy, pursuant to Paragraph 11 of the Stipulation and Paragraph 18 of the Veitengruber Declaration.

1   This Court retains jurisdiction to consider any further applications concerning the
2   administration of the Settlement, and such other and further relief as this Court deems appropriate.

4   Dated:        San Jose, California
5                 _____ July 28,    2016

            _____
            HONORABLE LUCY H. KOH
            UNITED STATES DISTRICT JUDGE